DANIEL G. BOGDEN
United States Attorney
STEVEN W. MYHRE
NICHOLAS D. DICKINSON
Assistant United States Attorneys
NADIA J. AHMED
ERIN M. CREEGAN
Special Assistant United States Attorneys
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada  89101
PHONE: (702) 388-6336
FAX: (702) 388-6698

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) )  **2:16-CR-00046-GMN-PAL** |
| v. | ) **GOVERNMENT'S   MOTION   TO** ) **VACATE DETENTION HEARING** |
| CLIVEN D. BUNDY, | ) ) |
| Defendant. | ) ) ) |

The United States, by and through the undersigned, respectfully moves to vacate the detention hearing presently set for March 17, 2016.  Under the Bail Reform Act, defendant Bundy is entitled to one detention hearing on the instant charges – a hearing already afforded to him in the District of Oregon on February 16, 2016, and which hearing resulted in an Order of Detention.  To the extent Bundy objects to that Order, his recourse is to appeal to the District Court – not to have another hearing before the United States Magistrate Judge in the charging district. Accordingly, the Court should vacate the present setting for another detention hearing for defendant Bundy.

/////

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.   FACTS.**

Defendant Cliven D. Bundy ("Bundy") was arrested in the District of Oregon on February 10, 2016, pursuant to a warrant issued from a Complaint filed in the District of Nevada on February 11, 2016.  The Complaint charged six felony counts arising from events that occurred at or near Bunkerville, Nevada, between March 2014 and the date of the Complaint.  On February 11, 2016, and pursuant to Rule 5, Fed.R.Crim.P., Bundy made his initial appearance on the Complaint in the District of Oregon (the district of arrest) before United States Magistrate Judge Janice M. Stewart.

On February 16, 2016, Judge Stewart held a detention hearing pursuant to the Bail Reform Act, Title 18, United States Code, Sections 3142-3156. Represented by counsel, Bundy elected to proceed with the detention hearing in Oregon and proffered evidence and argued in support of his release prior to trial. *See* C.R. 24, p. 3, Docket Entry 7 (Minutes of Proceedings).  Thereafter, and after considering the information presented by both Bundy and the government, Judge Stewart entered an Order of Detention, ordering Bundy detained prior to trial, finding that Bundy failed to rebut the presumption of detention under Title 18, United States Code, Section 3142(e) – Bundy having been charged by Complaint with two felony counts in violation of Title 18, United States Code, Section 924(c) – and that no conditions or combination of conditions could either assure his appearance at trial (citing Bundy's previous failures to follow court orders) or reasonably assure the safety of other persons or the community (citing the nature

of the offense conduct, Bundy's public statements and threats, and Bundy's use of armed body guards). *See* Order of Detention After Hearing (18 USC § 3142(i)) (C.R. 24, p. 75) (Attached at Exhibit 1) (hereinafter "Order" or "Detention Order"). Bundy did not appeal from the Detention Order.

On February 17, 2016, Bundy was charged in a sixteen-count Indictment arising from the events in and around Bunkerville, Nevada that were the subject of the Complaint. The Indictment included the Section 924(c) counts charged in the initial Complaint. On February 18, 2016, Magistrate Judge Stewart vacated Bundy's Preliminary Hearing on the Complaint and entered an Order committing him to the District of Nevada to stand trial on the Indictment.

Bundy was transferred to the District of Nevada. On March 2, 2016, Bundy was charged in a sixteen-count Superseding Criminal Indictment, charging him with violations of Title 18, United States Code, Section 371 (Conspiracy to Commit an Offense Against the United States), 372 (Conspiracy to Impeded and Injure a Federal Officer), 111 (a) and (b) (Assault on a Federal Officer); 115(a)(1)(B) (Threat Against a Federal Officer); 924(c) (Use and Carry of a Firearm in Relation to a Crime of Violence); 1503 (Obstruction of Justice); 1951 (Interference with Interstate Commerce by Threat); and 1952 (Interstate Travel in Aid of Racketeering). On March 10, 2016, the Court arraigned Bundy on the charges in the Superseding Indictment and entered a plea of Not Guilty on all counts.

Following Bundy's arraignment, the Court asked the government for its position regarding the continued detention of Bundy. The government represented to the Court that Bundy already had a detention hearing on this

matter in the District of Oregon and the United States Magistrate Judge there had entered an Order of Detention.  The government further represented that Bundy had neither moved to reopen the hearing nor filed an appeal from the Detention Order and therefore the Detention Order remained in effect. Bundy then requested a continuance to conduct a detention hearing before the United States Magistrate in Nevada and the Court set the matter for a hearing to commence on March 17.

The government now moves to vacate the setting for the detention hearing because Bundy is already subject to a Detention Order that followed a fully-adjudicated detention hearing held in the arresting district; he does not get second hearing to reconsider that Detention Order.

**B.   ARGUMENT.**

The Bail Reform Act of 1984 provides two avenues through which a fully-adjudicated Detention Order may be reconsidered:  (1) reconsideration of the order by the same judicial officer who entered the initial order upon a showing of material new information not known to the movant at the time of the hearing (18 U.S.C. § 342(f)); or (2) a motion for revocation filed "with the court having original jurisdiction over the offense."  18 U.S.C. § 3145 (b).  In the case of a motion for revocation, the district court in the charging district (here, the District of Nevada) reviews the Detention Order.  *United States v. Cisneros*,  328 F.3d 610, 615 (10th Cir. 2003) ("Section 3145(a) authorizes a district judge to review a decision made by a magistrate judge, but it does not confer the same authority upon a magistrate judge in the charging district when the challenged order was issued by a

4

magistrate judge in the arresting district.") (*quoting United States v. Johnson*, 858 F. Supp. 119, 122 (N.D. Ind. 1994)).  Stated another way by another district court, the defendant does not get "three bites at the apple;" i.e., three detention hearings: the initial detention hearing in the district of arrest, a re-opened hearing in the district of arrest, and a detention hearing upon transfer to the charging district. *United States v. Cannon*, 711 F. Supp. 2d 602, 607-608 (E.D.Va. 2010) (holding that reconsideration of a detention order issued from the district of arrest must be heard on a motion for revocation before a district court judge in the charging district and not at another detention hearing before a magistrate judge in the charging district).

Here, Magistrate Judge Stewart conducted a full hearing in the district of arrest where Bundy presented and proffered evidence and argument in support of his release.  Magistrate Judge Stewart carefully and fully considered the matter and entered an Order that Bundy "be detained pending trial."  Her Detention Order did not otherwise hold the matter open for further proceeding in the charging district or grant further time for Bundy to present other matters to the court. Bundy's recourse, therefore, is to move to re-open the matter in the district of arrest based on "new" and "material" evidence not known to him at the time of the hearing, or file a motion to revoke the detention order with the district court in Nevada.

There is a very practical aspect to this as well – serial litigation that re-hashes the same evidence, the same issues, and the same arguments, causes the unnecessary expenditure of scarce judicial resources.  In this case, nineteen

defendants have been joined for trial, eleven of whom (counting Bundy) have had fully-adjudicated detention hearings in districts of arrest other than the District of Nevada.[1] To re-do all of these hearings upon the commitment and transfer of those defendants to the District of Nevada will result in covering ground already fully covered by another United States Magistrate Judge in another district and prolong the time it takes to bring this matter to trial.

Accordingly, the government respectfully requests that the Court vacate the detention hearing currently set for March 17, 2016.  To the extent that the Court deems it appropriate to conduct another detention hearing, the government adopts and incorporates herein by reference all of the evidence it proffered, and all the arguments it advanced, at the hearing before Magistrate Judge Stewart on February 16, 2016, including its Memorandum in Support of Its Motion For Pretrial Detention filed in that proceeding.  (C.R. 24, p. 38-71) (Attached at Exhibit 2).

---

[1]  Three of the defendants waived their detention hearings in their district of arrest, specifically reserving their right to hold their detention hearings in Nevada. Something Bundy could have done as well, but chose not to.

**C.     CONCLUSION**

Wherefore, for all the foregoing reasons, the government respectfully requests that the Court grant its Motion to Vacate and enter an Order, vacating the March 17, 2016, setting for a detention hearing in the instant case.

DATED this 15th day of March, 2016.


Respectfully Submitted,

DANIEL G. BOGDEN
United States Attorney

/s/

_____
STEVEN W. MYHRE
NICHOLAS D. DICKINSON
Assistant United States Attorneys
NADIA J. AHMED
ERIN M. CREEGAN
Special Assistant United States Attorneys

Attorneys for the United States.

7

1
2
3

**Certificate of Service**

4

  A copy of the foregoing Motion to Vacate Detention Hearing was served upon counsel of record, via Electronic Case Filing, on this 15th day of March, 2016.

5
6
7
8

        /s/  Steven W. Myhre
        _____
        STEVEN W. MYHRE
        Assistant United States Attorney

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24