**JOEL F. HANSEN, ESQ.**
Nevada Bar No. 1876
**HANSEN RASMUSSEN, LLC**
1835 Village Center Circle
Las Vegas, Nevada  89134
(702) 385-5533
Attorney for Defendant

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CLIVEN D. BUNDY, et al,<br><br>Defendants | CASE NO.    2:16-cr-00046–GMN-PAL |

**MEMORANDUM IN SUPPORT OF PRETRIAL RELEASE OF CLIVEN BUNDY**

**I.    INTRODUCTION**

As shown below, there is no good reason to keep Cliven Bundy in detention until the time of trial.  The Court will remember that the tradition of federal law is that one arrested for a noncapital offense shall be admitted to bail and only in rare circumstances should release be denied, and that doubts regarding propriety of pretrial release should be resolved in favor of the defendant**.**  Fifth and Eighth Amendments' prohibitions of deprivation of liberty without due process and of excessive bail require careful review of pretrial detention orders to ensure that mandate of Bail Reform Act of 1984 for release under the least restrictive conditions that will reasonably assure appearance has been respected.  Pretrial release should be denied only for the strongest of reasons.  ***United States v. Motamedi,*** 767 F.2d 1403 (9th Cir. 1985*).*  In that case, the Court ruled against the government, because the determination that the defendant possessed a serious risk of flight, warranting denial of pretrial bail, was not established by preponderance of the evidence, notwithstanding that the defendant, an Iranian citizen, was charged with exporting military items without a license and after being warned that it was illegal to do so, where the defendant had been admitted for permanent residence, the defendant had been living in Los Angeles area since 1976 and had applied for citizenship, defendant had approximately 85

relatives in Los Angeles area, many of whom were citizens, his immediate family all resided in the area, the defendant's parents had posted their residence as security on a bond and the defendant had no prior criminal record and no history of alcohol or drug abuse. *Id*. at

## II.  MR. BUNDY MEETS ALL OF THE CRITERIA IN ORDER TO GRANT A RELEASE PENDING TRIAL

The Government has made a lot of accusations about Cliven Bundy having engaged in violent activity. But the only physical violence which occurred during the standoff was tazing a man, knocking a woman to the ground, and stomping on another man's head after he was knocked to the ground.  All of these depredations were committed by the government.  By contrast, during the standoff Mr. Bundy was never present on the scene of any confrontation.  He stayed in his house.  He never brandished a weapon at any federal officer.  He never stood in the way of any federal officer.  He never supplied any weapons to any of the people who had voluntarily come to his ranch.  He never directed anyone to assault a federal officer.  He never ordered or advised anyone to do anything during the standoff. He never assaulted a federal officer himself.  He has never assaulted anyone in his life nor has he ever committed a battery on anyone.  He has no criminal history.  He has no felonies and no misdemeanors except traffic offenses on his record.  He never asked anyone to come there and when they did he told them that they were their own agent. He has never pointed a gun at any federal officer.  During the standoff he never physically committed any battery on any federal officer.  He never told anyone to point a gun at any federal officer.   He has never ever been accused of or committed any crime of violence in the past.

As far as his activities in Oregon, he advised the Hammonds to check themselves into the Harney County Jail. He did not advise them to do anything violent.  He never advised them to do violence to any federal officers.  He just advised them to keep the peace by checking themselves into the jail there.

When he is released he is going to go back to the ranch and take care of his chores there.  He has no plans after he is released to organize any armed resistance to the BLM or any other federal officers.  If he is released, he will go peacefully back to his ranch house and he will not try to flee and/or hide.  It has been nearly two years since the standoff, and Cliven Bundy has simply stayed at

his ranch. He is not a flight risk. If he were, he would have fled already. He has not. And he will not.

He has no plans to run away and leave Clark County if he is released. He will show up whenever there is a hearing before this court. He does not intend to hurt anyone in Bunkerville or its environs. He will comply with a Court Order to have no firearms in his ranch house and he will not carry a firearm himself.

> The Government's burden of proof in establishing a risk of flight is by clear preponderance of the evidence; and although the defendant was charged with unlawful exportation of arms and was an Iranian citizen, the Government failed to meet its burden of showing a risk of flight.

*United States v. Motamedi*, 767 F.2d 1403 (9th Cir. 1985).[1]  That **Motamedi** is still good law is shown by this quotation from a 2015 case: "Only in rare cases should release be denied, and doubts regarding the propriety of release are to be resolved in favor of the defendant." Citing *United States v. Motamedi,* 767 F.2d 1403, 1405 (9th Cir.1985).   *United States v. Santos Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015).

Mr. Bundy is willing to accept as conditions of his release that he will not travel more than 100 miles from his home (i.e. basically to Las Vegas and to St. George). He will not be gone from

---

[1] The Court explained the difference between the burden of proof for danger to the community and for flight risk in this passage:

> Differential treatment comports with the congressional recognition of danger to another or to the community as a discrete, independent basis for the denial of pretrial release. Since bail was determined under the former law by the likelihood of defendant's appearance at trial, and without explicit recognition of the need to protect the community, it is reasonable to subject the Government to a higher standard of proof when the second purpose is added as an explicit statutory category. Further, a finding of danger to the community is likely to involve more specific and quantifiable evidence than is a finding of risk of flight. For instance, prior convictions, police reports, and other investigatory documents are, as a matter of course, used to show past histories of violence. From these objective sources, trial judges may infer a present danger to the community. Such data is not often available regarding the risk of flight. Thus, it is wholly feasible for the Government to satisfy the higher burden in showing danger to the community.
>    In concluding that the Government's burden in denying bail on the basis of flight risk is that of the preponderance of the evidence, we are not unmindful of the presumption of innocence and its corollary that the right to bail should be denied only for the strongest of reasons.
>    *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985)

1  his ranch for more than 24 hours without permission from the Court's designee.  Mr. Bundy is
2  willing to report to any detention officer as often as is required and he is willing to wear a GPS
3  monitor.
4      Attached hereto as are letters from friends, neighbors, and family members with regard to
5  Cliven Bundy's reputation, his integrity, his honesty, his standing in his community as a good
6  citizen, his activity in his church, and other comments about his character  which should help assure
7  the Court of Mr. Bundy's good character and that he does not need to be retained in detention during
8  these proceedings.  See Exhibit A (Doc. Nos. 0001-0033).   He is not a felon and he should be
9  presumed innocent until and unless proven guilty beyond a reasonable doubt.  Furthermore, his wife
10 has volunteered to be the third party custodian.

**III.     CONCLUSION**

    Considering the above, there is absolutely no reason to detain Mr. Bundy pending the trial of this case.  He is a good family man with eleven children who needs to be home with his family and with his wife so he can do his chores and take care of his family.

    DATED this 16th day of March, 2016.

                                Respectfully submitted,

                        BY:     /s/ Joel F. Hansen
                                JOEL F. HANSEN, ESQ.
                                Nevada Bar # 1876
                                1835 Village Center Circle
                                Las Vegas, NV 89134
                                Attorney for Defendant

**DECLARATION OF JOEL F. HANSEN IN SUPPORT OF
THE PRETRIAL RELEASE OF CLIVEN BUNDY**

    As an officer of the court,  I hereby declare and certify that I have gleaned the factual information above in conversations with Mr. Bundy's family members and/or conversations with Mr. Bundy himself.  And being personally acquainted with Mr. Bundy and his family for many years, I believe implicitly in his sincerity and integrity in making these commitments to the Court.

                                /s/ Joel F. Hansen
                                Joel F. Hansen, Esq.

Case 2:16-cr-00046-GMN-PAL   Document 126   Filed 03/16/16   Page 5 of 5

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5 (b), I hereby certify that on this 16th day of March, 2016, I served a copy of the foregoing MEMORANDUM IN SUPPORT OF RELEASE OF CLIVEN BUNDY as follows:

X    Electronic Service - via the Court's electronic service system; and/or

☐    U.S. Mail – By depositing a true copy thereof in the U.S. mail, first class postage prepaid and addressed as listed below; and/or

☐    Facsimile – By facsimile transmission pursuant to EDCR 7.26 to the facsimile number(s) shown below and in the confirmation sheet filed herewith. Consent to service under NRCP 5(b)(2)(D) shall be assumed unless an objection to service by facsimile transmission is made in writing and sent to the sender via facsimile within 24 hours of receipt of this Certificate of Service; and/or

☐    Hand Delivery – By hand - delivery to the address listed below.

DANIEL G. BOGDEN
United States Attorney
STEVEN W. MYHRE
NICHOLAS D. DICKINSON
Assistant United States Attorneys
NADIA J. AHMED
ERIN M. CREEGAH
Special Assistant United States Attorneys
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, NV 89101

/s/ Lisa M. Sabin
An Employee of HANSEN ◊ RASMUSSEN