**JOEL F. HANSEN, ESQ.**
Nevada Bar No. 1876
**HANSEN RASMUSSEN, LLC**
1835 Village Center Circle
Las Vegas, Nevada  89134
(702) 385-5533
Attorney for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CLIVEN D. BUNDY, et al,<br><br>　　　　　Defendants | CASE NO.   2:16-cr-00046–GMN-PAL |

### DEFENDANT CLIVEN BUNDY'S OPPOSITION TO GOVERNMENT'S LAST MINUTE MOTION TO VACATE THE DETENTION HEARING; AND DEFENDANT'S COUNTERMOTION AND/OR APPEAL TO THE DISTRICT COURT TO REVOKE THE DETENTION ORDER

　　　COMES NOW, CLIVEN BUNDY, BY AND THROUGH HIS ATTORNEY, JOEL F. HANSEN, AND files with the Court his Opposition to the Government's Last Minute Motion to Vacate the Detention Hearing.  Defendant also moves this Court, or the District Court, to Revoke the Detention Order entered in Oregon, because Mr. Bundy was given no proper opportunity to present his reasons for release pending trial in the Court in Oregon.  All that the Judge in Oregon considered was the government's detention memo and the government's arguments in the hearing.  The following declaration by Carol Bundy, his wife, regarding her conversation with the CJA attorney appointed to represent Mr. Bundy, shows the total lack of due process of law in the hearing in Oregon:

### DECLARATION OF CAROL BUNDY

　　　I, Carol Bundy, make this Declaration to the Court regarding the detention hearing in Oregon regarding my husband, Cliven Bundy:

　　　"Mr. Grefenson, the lawyer assigned to represent Cliven, called me after the Detention Hearing in Federal Court in Oregon.  He said he was very frustrated because it appeared that the judge had already made up her mind before the hearing.  She didn't give him a chance to defend his client.  He was not allowed to submit any written opposition to the government's memorandum

in support of detention. The government gave him very short notice of the date and time of the hearing. He was simply a CJA attorney that got pulled in at the last moment and he did not have sufficient time to prepare. He had no time to get any character letters or to submit a written memorandum in opposition to the government's memorandum. He tried to present an oral argument in Court and was not allowed to say almost anything. They didn't give him time in Court. He said he had never been treated like this in federal court in the 20 years he has been practicing in federal court. He was very apologetic and frustrated when he called me because he said he was prevented from properly presenting any argument to the Court and was prevented from properly representing his client. It appeared to him that the Judge had already made up her mind before the hearing."

The Court administrator called me, Joel Hansen, up to her station and told me, when I first came in to the Court, that I could have a detention hearing on behalf of Cliven Bundy in five days. I took her at her word, and I took the Court at his word, and prepared a memorandum in support of the Defendant's Release, which has been filed with the Court. We gathered 33 letters from family, friends, and neighbors, people who have known Mr. Bundy for many years, in support of his release. It appears that now that the government has seen that there is very good reason to release Mr. Bundy, and so the government doesn't want to give this Court a chance to finally hear some good, prepared, and persuasive arguments on his behalf.

Due process of law is probably the most basic principle in Anglo-American law. It was guaranteed in the Magna Carta, and has developed since then into a bulwark of freedom under the American Constitution, guaranteed by the Fifth Amendment from the very founding of the United States. The behavior of the Court in Oregon and of the Prosecutors seems to have been a shameful denial of due process of law to the Defendant, Mr. Bundy. Due process of law requires a fair hearing before an impartial judge. Mr. Bundy received neither. He was not given a fair hearing, because his attorney was not given sufficient time to prepare, was not able to submit a memorandum to the Court, or if he was, it was ignored, and his attorney was not given a fair opportunity to argue Mr. Bundy's case before the Court. It was a "snow job"– not due process.

Wherefore, Mr. Bundy moves this Court to deny the government's Motion to Vacate, and/or, in the alternative, to revoke the detention order of the Court in Oregon, due to the reasons stated above, and give Mr. Bundy a chance to exercise his right to due process of law.

/ / /

/ / /

1    In addition, if the Court deems it necessary, Mr. Bundy hereby appeals the finding of the
2 magistrate in Oregon to the District Court here in Nevada and asks the District Court to revoke and over
3 turn the Oregon order because of the blatant lack of due process given to Mr. Bundy.

4    Mr. Bundy has never hurt a fly in his life. He has never assaulted or battered anyone. He has
5 shown no propensity to flee, since the stand off occurred almost 2 years ago and he has lived openly in
6 Nevada at his residence ever since. But the government chose to arrest him in Oregon and bring him
7 before a magistrate there, without giving his last-minute-appointed CJA attorney sufficient time to
8 prepare or to argue at the hearing. Such treatment makes a shambles of the Fifth Amendment guaranty
9 of due process of law, and has denied him the effective assistance of counsel for his defense, as
10 guaranteed by the Sixth Amendment, and thus should not be upheld by this Court.

**CONCLUSION**

12    For the reasons stated above, the government's Motion to Vacate should be denied, and, if
13 necessary, this Court or the District Court should revoke the detention ordered issued by the Magistrate
14 in Oregon.

15    DATED this 16th day of March, 2016.

Respectfully submitted,

BY: /s/ Joel F. Hansen
JOEL F. HANSEN, ESQ.
Nevada Bar # 1876
1835 Village Center Circle
Las Vegas, NV 89134
Attorney for Defendant

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5 (b), I hereby certify that on this 16th day of March, 2016, I served a copy of the foregoing **DEFENDANT CLIVEN BUNDY'S OPPOSITION TO GOVERNMENT'S LAST MINUTE MOTION TO VACATE THE DETENTION HEARING; AND DEFENDANT'S COUNTERMOTION AND/OR APPEAL TO THE DISTRICT COURT TO REVOKE THE DETENTION ORDER** as follows:

X   Electronic Service - via the Court's electronic service system; and/or

☐   U.S. Mail – By depositing a true copy thereof in the U.S. mail, first class postage prepaid and addressed as listed below; and/or

☐   Facsimile – By facsimile transmission pursuant to EDCR 7.26 to the facsimile number(s) shown below and in the confirmation sheet filed herewith. Consent to service under NRCP 5(b)(2)(D) shall be assumed unless an objection to service by facsimile transmission is made in writing and sent to the sender via facsimile within 24 hours of receipt of this Certificate of Service; and/or

☐   Hand Delivery – By hand - delivery to the address listed below.

DANIEL G. BOGDEN
United States Attorney
STEVEN W. MYHRE
NICHOLAS D. DICKINSON
Assistant United States Attorneys
NADIA J. AHMED
ERIN M. CREEGAH
Special Assistant United States Attorneys
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, NV 89101

/s/ Lisa M. Sabin
An Employee of HANSEN ◊ RASMUSSEN