TERRENCE M. JACKSON, ESQ.
Nevada Bar No. 00854
Law Office of Terrence M. Jackson
624 South Ninth Street
Las Vegas, NV 89101
T: 702-386-0001 / F: 702-386-0085
Terry.jackson.esq@gmail.com

*Counsel for Defendant, Gregory P. Burleson*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO.: 2:16-CR-00046-3-GMN-PAL |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| GREGORY P. BURLESON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

MOTION TO RECONSIDER MAGISTRATE'S DECISION TO DENY PRETRIAL RELEASE

COMES NOW Defendant, GREGORY P. BURLESON, by and through counsel, TERRENCE M. JACKSON, ESQ., and moves this Court pursuant to 18 U.S.C. § 3145(b), to reconsider the decision of the Magistrate on March 25, 2016, (Dkt. 196) to deny Gregory Burleson pretrial release.

This Motion is based upon the accompanying Points and Authorities incorporated herein, and such facts as will come before this Honorable Court on an evidentiary hearing of this Motion. *See, United States v. Koenig,* 912 F.2d 1190 (9th Cir.1990). At such an evidentiary hearing, the Defendant will establish that he is neither a risk to flee, not is he a risk of harm to anyone. The Defendant will also establish that there exists a combination of conditions that will ensure his appearance and guarantee he does not present even a remote or theoretical risk of harm to society at this time.

## POINTS AND AUTHORITIES

I. WEIGHING ALL THE FACTORS OF 18 U.S.C. § 3142 IT IS CLEAR THAT THE DEFENDANT MUST BE RELEASED BECAUSE HE IS EXTREMELY UNLIKELY TO FLEE OR TO PRESENT ANY DANGER TO THE COMMUNITY.

1  § 3142 lists the factors a court should consider in deciding the question of pretrial release:
2  (1) the nature and circumstances of the offense charged, including whether the offense
3  is a crime of violence or involves a narcotic drug;
4  (2) the weight of the evidence against the person;
5  (3) the history and characteristics of the person including-
6  (A) the person's character, <u>physical and mental condition</u>, financial resources, length
7  of residence in the community, community ties, past conduct, history relating to drug
8  or alcohol abuse, criminal history, record of appearances in court proceedings, and
9  (B) whether at the time of the current offense or arrest the person was a probationer,
10  on parole, or on other release pending trial, sentencing, appeal, or completion of
11  sentence for an offense under Federal, State, or local law, and
12  (4) the nature and seriousness of the danger to any person or the community that would
13  be posed by the persons release, 18 U.S.C. § 3142(g).

The Ninth Circuit Court of Appeals has expressly found that <u>the least important</u> of the four factors is the <u>weight of the evidence</u> against the defendant in determining a defendant's future for pretrial release. *United States v. Gebro,* 948 F.2d 1118, 1121 (9th Cir.1991), *United States v. Winsor,* 785 F.2d 755, 757 (9th Cir.1986), *United States v. Motamedi,* 767 F.2d 1403, 1408 (9th Cir.1985).

Defendant submits the weight of the evidence against him and his role in the alleged conspiracy has been greatly exaggerated by the government. However, even if the government has in fact gathered and prepared voluminous evidence suggesting the Defendant's guilt, that should not preclude his release from custody. In this case the Defendant, because of his total blindness, is totally incapable of inflicting physical harm on others. Other serious health problems including a longtime seizure disorder plague the Defendant and make him physically incapable of inflicting any harm on the public. It is the Defendant, who has been denied many of his necessary medicines, who is the individual suffering great physical harm from the denial of pretrial release.

II. <u>THE GOVERNMENT CANNOT SHOW BY A PREPONDERANCE OF EVIDENCE THAT GREGORY BURLESON IS A FLIGHT RISK</u>.

There has been no showing Defendant has shown any intent or done any overt actions

1  showing that he will not appear or has there been a showing that he will flee if released. In his
2  crippled, blind condition, flight is nearly impossible. It has been held that even the ability to flee does
3  not justify detention. *United States v. Himler,* 797 F.2d 156 (3rd Cir.1986).
4        Gregory Burleson's ability to flee is nonexistent in any practical sense. Condition of release
5  can be fixed to totally eliminate any possibility of his nonappearance.
6  III. <u>THE LIKELY GREAT LENGTH OF TIME BEFORE A TRIAL WILL COMMENCE IN
7      THIS CASE IS A FACTOR WHICH WEIGHS HEAVILY FOR PRETRIAL RELEASE</u>.
8        At the Court ordered discovery conference, counsel for the Government and all defense
9  attorneys present agreed the trial, because of its complexity, cannot begin before early 2017 and will
10 take at least five weeks to complete. It is possible this estimate is conservative and it will likely be
11 more that a year and a half before the trial culminates. In any event, Defendant is facing at minimum
12 upwards to a year in pretrial custody if not granted pretrial release.
13       Numerous case have considered the length of pretrial delay a factor in granting release. See,
14 for example, *United States v. Gelfuso,* 838 F.2d 358 (9th Cir.1988), *United States v. Colombo,* 777
15 F.2d 96 (2nd.Cir. 1985), *United States v. Gatto,* 750 F.Supp. 664 (D. N.J. 1990).
16 IV. <u>THE GOVERNMENT CANNOT ESTABLISH BY CLEAR AND CONVINCING
17     EVIDENCE THERE ARE **NO** CONDITIONS THAT WILL REASONABLY ASSURE
18     THE  SAFETY OF PERSONS OR THE COMMUNITY</u>.
19       18 U.S.C. § 3142(F) puts the burden on the Government to show by <u>clear and convincing</u>
20 evidence there are **no** conditions that will ensure the Defendant will not endanger others. Defendant
21 suggested numerous conditions to this Court that remove any possibility of him harming others:
22     (1)    restrict his access to <u>all</u> weapons;
23     (2)    restrict his access to the internet;
24     (3)    restrict his access to all co-defendants or others who might be engaged in harmful
25           activity by phone, personal contact, or internet.
26       Because the Defendant is <u>totally blind</u>, he cannot physically injure others by his hands, by
27 use of weapons or otherwise because he cannot see them. If he is ordered not to communicate with
28 others who might wish to inflict harm, he cannot in anyway cause harm to specific individuals or

1  general harm to the community. The mere fact in the past he may have committed or threatened
2  violent acts <u>does not</u> make him a <u>danger to the safety of others now</u>. Keeping him locked up pretrial
3  merely violates the Eighth Amendment's ban on pretrial punishment. See, *United States v.*
4  *Kogomadian,* 601 F.Supp. 1501.

## CONCLUSION

There do exist conditions that will prevent Defendant from fleeing and prevent him from being a risk of harm to the community. Keeping him incarcerated would violate his rights under both the Bail Reform Act of 1984 and the Eighth Amendment. It would amount to unnecessary and unwarranted pretrial punishment and this court should deny the prosecutor's request to detain Defendant pretrial but instead release him with reasonable conditions on pretrial release. The Defendant has clearly rebutted the presumption he is a danger to the community because he is charged with a crime of violence. The Magistrate's reliance on this presumption alone ignores the singular facts of the Defendant's current condition.

In *United States v. Leyba,* 104 F.Supp.2d 1182 (S.D. Iowa 2000), the court recognized the rebuttable presumption relied on by the Magistrate should be construed narrowly stating:

> "Thus, when there exists a rebuttable presumption, the burden falls to the defendant to show factual evidence that he will appear for trial and does not pose a threat to the safety of others of the community. <u>However, the ultimate burden remains with the Government to show, by clear and convincing evidence, that there are no conditions of pretrial release which will reasonably assure the defendant's appearance and safety of others and the community when an order of pretrial detention is sought. Absent such a showing by the Government, pretrial release should be granted</u>." *United States v. Leyba,* 104 F.Supp.2d 1182, 1183 (S.D. Iowa 2000) (Emphasis added)

The Government did not meet its burden in this case of clear and convincing danger to the community, and therefore the Defendant should be released.

DATED this 31st day of March, 2016.

      */s/ Terrence M. Jackson*
Terrence M. Jackson, Esquire
Nevada Bar No.: 00854
Law Office of Terrence M. Jackson
624 South Ninth Street
Las Vegas, NV 89101
T: 702-386-0001 / F: 702-386-0085
terry.jackson.esq@gmail.com
Counsel for Defendant, *Gregory P. Burleson*

CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that service of the above entitled <u>MOTION TO RECONSIDER MAGISTRATE'S DECISION TO DENY PRETRIAL RELEASE</u> was made this 31st day of March, 2016, upon the parties in this action by CM/ECF (electronic filing) as follows:

DANIEL G. BOGDEN
United States Attorney
NICHOLAS D. DICKINSON
Assistant United States Attorney
NADIA AHMED
Special Assistant United States Attorney
STEVEN MYHRE
First Assistant United States Attorney


By:       /s/  Ila C. Wills
Legal Assistant to Terrence M. Jackson