JOEL F. HANSEN, ESQ.
Nevada Bar No. 1876
HANSEN RASMUSSEN, LLC
1835 Village Center Circle
Las Vegas, Nevada 89134
Telephone: (702) 385-5533
Facsimile: (702) 382-8891
joelh@hrnvlaw.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.   2:16-cr-00046–GMN-PAL |
| Plaintiff, | |
| vs. | |
| CLIVEN D. BUNDY, et al, | |
| Defendants | |

**PRO HAC VICE PETITIONER'S AND APPLICANT'S COMPLIANCE WITH COURT ORDER OF APRIL 2, 2016 AND SUPPLEMENT TO AND RENEWED VERIFIED PETITION FOR PERMISSION TO PRACTICE IN THIS CASE ONLY BY ATTORNEY NOT ADMITTED TO THE BAR OF THIS COURT AND DESIGNATION OF LOCAL COUNSEL PREVIOUSLY FILED ON MARCH 22, 2016**

The pro hac vice petitioner and applicant Larry Klayman, by and through the undersigned counsel of record, hereby responds and complies with the court's order of April 2, 2016, by incorporating the foregoing into his pro hac vice application as follows:

First, the Court appears to have misunderstood the nature and current posture of the disciplinary proceeding underway, after ten years of inexcusable inaction by Bar Counsel and the District of Columbia Board of Professional Responsibility ("Board"). In this regard, the prior attempted negotiated discipline never entered into effect and Mr. Klayman never chose to pursue any further proposed negotiated discipline as he, as set forth by renowned ethics expert and Professor Ronald Rotunda, did not violate any ethical provision of the District of Columbia Code of Professional Responsibility. Bar Counsel and Mr. Klayman had attempted to resolve the matter by agreement, but Mr. Klayman later thought the better of having signed the affidavit and agreeing to negotiated discipline it since he feels

strongly that he acted ethically at all times. Exhibit 9 (Affidavit). Attached as Exhibit 1 is a post-hearing brief, which Mr. Klayman recently submitted to the Board attesting to his ethical behavior.

Mr. Klayman is confident of ultimately prevailing and he was entitled to express his reasoned opinion in this regard. Moreover, since the ultimate finding of the Committee which heard the evidence is simply a recommendation which must then go through other stages of review, including the Board itself and if an appeal is taken by either party the Court of Appeals for the District of Columbia, this matter is far from resolved. This will take several more years if litigated to a final conclusion to the appeals court. Mr. Klayman's comments were not a misrepresentation particularly in light of expert and Professor Rotunda's sworn testimony to the Committee that Mr. Klayman should ultimately prevail as he committed no ethical violations. Attached as Exhibit 2 is Professor Rotunda's initial opinion letter, which was later followed up by his sworn testimony as set forth in the brief, along with his distinguished curriculum vitae and expertise. Simply put, Professor Rotunda is one of, if not the top, legal ethics experts in the nation and his opinion must carry great weight. Thus, it is not just Mr. Klayman's opinion that he will ultimately prevail.

Importantly, Rule 17.10 of the District of Columbia Board of Professional Responsibility (Exhibit 10) provides that a previously entered into negotiated discipline is of no force or effect if it is rejected or withdrawn. Thus, the Court inadvertently did not take into consideration this rule and the full record of the disciplinary proceeding in writing and issuing its order. This Rule provides unequivocally:

> Admissions made by a respondent in the petition for negotiated discipline, the accompanying affidavit, or the limited hearing may not be used as evidence against respondent in a contested disciplinary proceeding under Chapter 7 of these Rules, except for purposes of impeachment at any subsequent hearing in a contested matter.

District of Columbia Board of Professional Responsibility, Rule 17.10.

Moreover, the affidavit of which this Court refers in its order, *see* Exhibit 9, was not even entered into evidence at the hearing before the Committee, because it was of no force or effect. It is thus not evidence. Attached as Exhibit 3 is Bar Counsel's Exhibit List. The reason for this, the hearing before the Committee was a *de no*vo proceeding.

In sum, the Court inadvertently misconstrued the disciplinary proceeding, which is on-going before the Board. Mr. Klayman thus made no misrepresentations to the Court, contrary to the media reports which have been disseminated in this regard.

Second, Mr. Klayman is also supplementing this response with his most recent certificates of good standing of the Supreme Court of Florida and the Court of Appeals of the District of Columbia. Previously, certificates were also provided showing that he has been a member in good standing continuously of the bars in both jurisdictions. He has never been suspended for even a day. Exhibits 5 and 6.

Third, attached as Exhibit 7 is the Consent Judgment that Mr. Klayman voluntarily entered into years ago with The Florida Bar. It shows that he did not engage in any dishonesty and in fact the subsequent legal counsel for the client, Ms. Natalia Humm, who was charged and later, after Mr. Klayman ceased representation, was later convicted of performing fraudulent marriages, did not even think that Mr. Klayman need have agreed to pay anything to his then client. Mr. Klayman settled the matter just to get it behind him as he was going through difficult personal and professional period, and the world economy and his finances were also affected. The fact that he took more time to pay the limited amount that he agreed to pay to the client to settle the matter, was the result of him nearly going bankrupt during this period. In short, in retrospect, Mr. Klayman should not have even agreed to a reprimand, which carried no suspension in any event. He did so just to end the matter and buy his peace.

Fourth, the orders of the Honorable William D. Keller and Denny Chin, entered about 22 and 18 years ago. The case names and citations for these cases are *MacDraw, Inc. v. CIT Group Equip. Fin.*, 91-cv-05153 (S.D.N.Y 1991), and *Baldwin Hardware Corp. v. Franksu Enterprise Corp.*, 78 F.3d 550 (Fed Cir. 1996), respectively. Adversaries of Mr. Klayman, who is a strong public interest advocate, provided these judges rulings to both the Bars of the District of Columbia and The Florida Bar for coercive tactical reasons, but no disciplinary action was ever taken. Attached as Exhibit 4 is a letter from Bar Counsel in the District of Columbia dismissing the Keller matter and finding no ethical violation with regard to Judge Keller. As for Judge Chin, the judge's order itself says he is informing bar and court authorities with his order. No action was ever taken by either the Bar of the District of Columbia or The Florida Bar, and the Bar's files for these matters are no longer available given the many years ago that this was entered.

Finally, the Court is correct that, particularly in a criminal case of this import and public interest, a client, particularly this one, Cliven Bundy, who faces 17 separate alleged counts of criminality and who now has been denied bail and was placed in and remains to this day in solitary confinement, and who risks being imprisoned for life, has a strong presumptive right to chose his counsel. That this counsel happens to be a distinguished and prominent prior federal prosecutor for the U.S. Department of Justice as well as the founder of legal ethics organizations Judicial Watch and Freedom Watch and in his public interest capacity is a non-partisan conservative oriented attorney having filed successful lawsuits against presidents, much less the National Security Agency under the Obama administration, wherein he obtained preliminary injunctions against illegal and unconstitutional surveillance of hundreds of millions of American citizens, *Klayman v. Obama, et al.* 13-v-00851 (D.D.C. 2013), and has taken legal actions and advocated positions contrary to the expressed interests of a current sitting Senator of Nevada, Minority Leader Harry Reid, among many others, including Republicans, attests to his strong litigation expertise and his history of standing up against government

action perceived to be improper. *See* Exhibit 8. (Biography of Larry Klayman). Coupled with the fact that the current undersigned counsel cannot fully defend Mr. Bundy on his own as he lacks the resources to do so, and given the stakes involved involving potential life imprisonment, he respectfully requests that the Court grant pro hac vice status at this time, as a discovery statement must be prepared and filed by April 18, 2016, and Mr. Klayman should be able to assist Mr. Hansen and Mr. Bundy in this and other regards, as this case is currently on a short time track. Otherwise, Mr. Bundy's important rights could be compromised or lost and he could be irreparably harmed.

Government counsel has advised the undersigned counsel that they do not oppose Mr. Klayman's pro hac vice application and therefore they filed no opposition to the previously filed and served application.

WHEREFORE, it is respectfully requested that Mr. Klayman be granted leave to enter this case pro hac vice at this time marshal evidence and law and to work with the undersigned counsel to wage a full and complete and timely defense for Cliven Bundy whose freedom is in serious jeopardy.

DATED this 7th day of April, 2016.

                                                Respectfully submitted,

BY:   /s/ Joel F. Hansen
         JOEL F. HANSEN, ESQ.
         Nevada Bar # 1876
         1835 Village Center Circle
         Las Vegas, NV 89134
         Attorney for Defendant

Pro se applicant Larry Klayman attests that the foregoing factual recitation is true and correct and pursuant to court order he incorporates them by reference into his pro hac vice application filed by the above local counsel.

_____
LARRY KLAYMAN

STATE OF California )
) ss:
COUNTY OF Los Angeles )

    BEFORE ME, the undersigned authority this day personally appeared Larry Klayman, being by me first duly sworn, deposes and states under oath that he has answered the foregoing and that the facts set forth in the foregoing are true and correct, and who has produced valid Florida Driver's License, No. 455-525-51-260-0, which is current and has been issued within the past five (5) years.
    **SWORN TO AND SUBSCRIBED** before me this ___7___ day of __April__, 2016.

_____
Notary Public, State of CA

KIM PAYTON
Commission # 2053723
Notary Public - California
Los Angeles County
My Comm. Expires Dec 29, 2017

_____
(Printed name of Notary Public)

My Commission Expires: 12-29-2017

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5 (b), I hereby certify that on this 7th day of April, 2016, I served a copy of the foregoing **PRO HAC VICE PETITIONER'S AND APPLICANT'S COMPLIANCE WITH COURT ORDER OF APRIL 2, 2016** as follows:

    X    Electronic Service - via the Court's electronic service system; and/or

    ☐    U.S. Mail – By depositing a true copy thereof in the U.S. mail, first class postage prepaid and addressed as listed below; and/or

    ☐    Facsimile – By facsimile transmission pursuant to EDCR 7.26 to the facsimile number(s) shown below and in the confirmation sheet filed herewith. Consent to service under NRCP 5(b)(2)(D) shall be assumed unless an objection to service by facsimile transmission is made in writing and sent to the sender via facsimile within 24 hours of receipt of this Certificate of Service; and/or

    ☐    Hand Delivery – By hand - delivery to the address listed below.

DANIEL G. BOGDEN
United States Attorney

- 6 -

1  STEVEN W. MYHRE
   NICHOLAS D. DICKINSON
2  Assistant United States Attorneys
   NADIA J. AHMED
3  ERIN M. CREEGAH
   Special Assistant United States Attorneys
4  333 Las Vegas Blvd. South, Suite 5000
   Las Vegas, NV 89101

/s/ Lisa Sabin
An Employee of HANSEN ◊ RASMUSSEN