KRISTINE M. KUZEMKA, ESQ.
Nevada Bar No. 8836
KUZEMKA LAW GROUP
9345 W. Sunset Road, Suite 100
Las Vegas, Nevada 89148
(702) 949-9990
Email: kristine@kuzemkalaw.com
Attorney for Defendant, Jason Woods

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) 2:16-CR-00046-GMN-PAL |
| v. | ) DEFENDANT'S REPLY TO THE ) GOVERNMENT'S RESPONSE IN |
| JASON WOODS, | ) OPPOSITION TO DEFENDANT'S ) MOTION FOR REVOCATION OF |
| Defendant. | ) DETENTION ORDER ) |

The Defendant, Jason Woods, by and through his attorney, Kristine M. Kuzemka, Esq., hereby files this Reply to the Government's Response in Opposition to Defendant's Motion to Revoke Pretrial Detention Order.

### ARGUMENT

Pursuant to 18 U.S.C § 3145, the defendant is entitled to file a motion for revocation of the detention order. The Court reviews the detention order de novo, with no deference to the Magistrate Judge's decision. United States v. Koenig, 912 F.2d 1190, 1191 (9th Cir. 1990). This Court can review the evidence presented to the magistrate judge and makes its own independent determination. Koenig, 912 F2d at 1193. This Court can also hear additional evidence and argument. Id.

Under the Bail Reform Act, a charge of a violation of Title 18, United States Code, § 924(c), provides a presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required, and the safety of the community. See 18 U.S.C. § 3142€(3)(B). Once the presumption is invoked, the defendant need only produce "some evidence" to rebut it. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991) (citing United

States v. Jessup, 757 F2d 378, 384 (1st Cir. 1985)). After the defendant has rebutted the presumption, *the burden of persuasion remains with the Government* [emphasis added]. Dillon, 938 F.2d at 1416. Mr. Woods has produced significant evidence to rebut the presumption both in his extremely limited involvement with Mr. Bundy's 20-year history of defiance of federal court orders on April 12, 2014, and zero involvement after April 12, 2014 up to the day of his arrest, approximately two years later. Further, his character, personal history, and reputation weigh heavily toward granting pre-trial release with stringent conditions.

The Government has not justified further pre-trial detention for Mr. Woods in consideration of stringent release conditions this Court may impose on Mr. Woods to ensure his appearance and to ensure the safety of the community. In addition to the conditions cited in Defendant's motion, Mr. Woods' parents, David and Tammy Woods are ready, willing, and able to serve as third-party custodians as one of the conditions the Court can impose if Mr. Woods is granted pre-trial release.

### A. Mr. Woods Does Not Pose a Significant Danger to the Community

In the Government's Opposition, ("Opp.") it claims that Mr. Woods is part of an on-going conspiracy because he did not affirmatively withdraw. Opp at p. 7. Mr. Woods' voluntary and affirmative withdrawal from the Arizona Militia and zero further involvement with Bundy or any of the other co-defendants[1] certainly does work as an affirmative withdrawal from the alleged conspiracy and illustrates he is not at all inclined to answer any call to action by Bundy or anyone else embroiled in the dispute between Bundy and the Government.

The Governments best piece of "evidence" against Mr. Woods in claiming that he has never disavowed or expressed regret for his actions at Bundy Ranch in April, 2014 is a Facebook posting of his truck with a graphic on the tail-gate (III%) and his license plate that depicts (HGHCLBR). On March 24, 2016, at a meet and confer, the Government advised those in attendance that it possessed 1.4 Terabytes of data in this matter, which roughly translates to

---

[1] Counsel was informed on March 23, 2016 that co-defendant Micah McGuire was placed in the same cell as Mr. Woods at the Nevada Southern Detention Center, (NSDC) in Pahrump, Nevada. Counsel forwarded Power of Attorney documents from Mr. Woods' family that had to be notarized for his personal effects and financial responsibilities to be handled. When counsel received the paperwork back from NSDC, counsel observed that Micah McGuire signed the documents as a witness that were then notarized by a staff person at NSDC. This contact and subsequent involvement with Micah McGuire was not at the behest of Mr. Woods.

approximately 84,480,000 pages[2] of discovery. Of the approximately 84,480,000 pages of discovery, the Government proffers one (1) photograph taken on December 24, 2015 of Mr. Woods' truck tail-gate, and claims this is evidence of his belief that it is appropriate to use force against federal government officers when he dons not agree with the rulings of a court. Opp., pp.5-6. Although not clairvoyant, the Government maintains, "He has never disavowed his beliefs, beliefs he maintains so strongly that he branded his vehicle with them and publically posted them to Facebook for the world to see as recently as a few months ago."[3] Opp. at p. 6. It is a remarkable leap for the Government to claim that Mr. Woods' truck graphic and license plate evidence his mental impressions, beliefs, and state of mind, such that this photo is evidence that he is a danger to the community.

In its first Opening Memorandum, the Government asserted as relevant, that one officer observed the assault rifle being pointed at him from Woods' general position. Opening Memorandum, p. 5, and now it its Opposition, the Government claims this assertion is now irrelevant and that even if Woods did not raise his weapon at an officer, "[he] knew what he was doing when he took that position – he knew the message he intended to send: you will be shot if you take any law enforcement actions to prevent Bundy's Followers from getting the impounded cattle." Opening Memorandum p. 7. The photo with Woods in the Memorandum shows him sitting in a sand embankment with a long firearm with the muzzle facing downward in the sand. The Government cannot claim to know what Woods intended, and cannot presume he was sending a message that anyone would be shot if law enforcement acted to prevent Bundy's followers from getting the impounded cattle, as stated in its Opp. at p. 7. Mr. Woods never intended to send any member of the community, especially law enforcement agents, a message or threat of impending violence in any situation or circumstance on April 12, 2014 at the Bundy Ranch incident.

///

///

---

[2] Information from www.sdsdiscovery.com/resources/data-conversions, provides estimates for the number of pages in a gigabyte (GB) and the number of gigabytes in a terabyte (TB). In 1GB there are approximately 75,000 pages. In 1 TB, there are 1,024 GB. The conversion of 1.4 TB into pages is approximately 84,480,000.

[3] On April 10th, 2016, counsel received communication from Mr. Woods' mother that Mr. Woods directed her to cancel/revoke the "HGHCLBR" license plate on his truck and also to remove the "III%" logo from his truck.

### B. Additional Evidence of Mr. Woods' Character to Be Considered

On April 3, 2016, Mr. Woods' mother forwarded an email from a co-worker of Mr. Woods to defense counsel. The email is dated April 3, 2016 and was sent in support of Mr. Woods, detailing his work ethic, reputation in the company, and the writer's beliefs as to Mr. Woods' involvement in the April 12, 2014 incident in Nevada. See Attachment A (Email from Mr. Woods' co-worker, dated April 3, 2016).

### CONCLUSION

For the aforementioned reasons, and those outlined in Mr. Woods' Motion for Revocation of Pretrial Detention Order, Mr. Woods will behave in good faith and will follow any directive and/or orders by the court imposing stringent conditions to both ensure his appearance and to reasonably assure the safety of the community including the law enforcement community. Accordingly, Mr. Woods respectfully requests this Honorable Court grant Defendant's Motion for Revocation of Detention Order issued by Judge Willett and release him with any stringent conditions the Court deems necessary.

DATED this 10th day of April, 2016.

Respectfully submitted,

BY: /s/ Kristine M. Kuzemka
KRISTINE M. KUZEMKA, ESQ.

Nevada Bar No.: 8836
Kuzemka Law Group
9345 W. Sunset Road, Suite 100
Las Vegas, Nevada 89148
T: 702-949-9990
kristine@kuzemkalaw.com
Counsel for Defendant, *Jason Woods*

**CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

I hereby certify that service of the above entitled DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR REVOCATOIN OF DETENTION ORDER was made this 10th day of April, 2016, by CM/ECF (Electronic Filing) as follows:

DANIEL G. BOGDEN
United States Attorney
STEVEN MYHRE
First Assistant United States Attorney
NADIA AHMED
Special Assistant United States Attorney
NICHOLAS D. DICKINSON
Assistant United States Attorney

By: /s/ *Kristine M. Kuzemka*
Attorney for Defendant

5

# Attachment A

## Kristine Kuzemka

**From:** Kristine Kuzemka
**Sent:** Friday, April 8, 2016 10:23 AM
**To:** Kristine Kuzemka
**Subject:** FW: Jason

Email from Tammy Woods re Jason Woods' co-worker email.

---

**From:** Terri Cichon []
**Sent:** Sunday, April 03, 2016 5:45 PM
**To:** tswr
**Subject:** Jason

Tammy, I enjoyed working Jason. I was very saddened to learn of his arrest. I have been in Information Technology field for over 20 years and have worked with many desktop technicians and engineers through my career. Jason was the best desktop technician and co-worker I have ever had.

Even though I am located in Fort Worth, Jason and I worked closely together on many projects. The Mesa office and Fort Worth are very similar. Jason was always the first one to jump in and learn new deployments of software, hardware and processes and supported all his co-workers.

One time Jason and I had to set up video conferencing between Mesa and Fort Worth, it was very comprehensive. Jason volunteered to train me. I was stressed and made a comment that learning something new stressed me out. Jason's response was "to me it is not a challenge it is an opportunity to learn something new." That comment as stuck with me for a long time and changed on how I feel about learning something new. As we all know technology is changing everyday so it was nice to have Jason to jump in learn and train all of us. Jason came to Plano Texas to work when we had to move our Plano office to Frisco Texas, he worked tireless and had perfection. I was so happy to meet him in person and work closely with him.

Jason was so dependable, never missed a day of work, never complained, had excellent work ethics, and always stopped what he was doing to help someone. His end users he supported in Mesa loved him. Jason was highly respected at work.

After his arrest and learned what he was arrested for, I believe Jason did not know or have the intent of breaking any law. I believe Jason was just curious with this land stuff and wanted to check it out, not break any law. What they are painted Jason to be is not the Jason I know. I believe he was suckered into something...something horrible. Jason is a law abiding citizen. I am mortified on the picture they are painting of Jason.

We all miss Jason at work, he will be very hard to replace.

If you need any character witness for Jason I will be more than happy to assist.


Terri Cichon
Desktop Support Technician
Information Technology - MLS