**MOT**
**HOFLAND & TOMSHECK**
Joshua Tomsheck, Esq.
Nevada State Bar No. 9210
**JOSHT@HOFLANDLAW.COM**
228 S. 4th Street, 1st Floor
Las Vegas, Nevada 89101
Telephone:   (702) 895-6760
Facsimile:    (702) 731-6910
*Attorney for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PETER T. SANTILLI, JUNIOR<br>                                        Defendant. | CASE NO: 2:16-cr-00046-GMN-PAL<br><br>**EMERGENCY MOTION TO WITHDRAW AS APPOINTED COUNSEL**<br>**(Request for Expedited Hearing)** |

COMES NOW, JOSHUA TOMSHECK, ESQ. of the Law Firm of HOFLAND AND TOMSHECK, counsel for Defendant, PETER T. SANTILLI, JR., and moves this Honorable Court pursuant to local rule IA 1-6 for permission to withdraw as CJA Appointed Counsel in the above-captioned case.

As the Defendant remains in pre-Trial confinement and is under Order of the Federal District Court for the District of Oregon to return to that jurisdiction to face separate charges there, this is a request that this Motion be heard on an expedited basis.

This Motion is based on the enclosed affidavit of counsel, accompanying points and authorities, all pleadings and papers on file herein and any argument requested by this Court at the time of hearing.

///
///

**POINTS AND AUTHORITIES**

**STATEMENT OF FACTS**

The government charged Peter T. Santilli, Junior (hereinafter "Santilli") on February 7, 2016 by way of Indictment with One (1) Count of Conspiracy to Impede or Injure a Federal Officer (Title 18, United States Code, Section 372), One (1) Count of Conspiracy to Commit an Offense Against the United States (Title 18, United States Code, Section 371), One (1) Count of Interstate Travel in Aid of Extortion (Title 18, Untied States Code, Section 1952), Two (2) Counts of Interference with Interstate Commerce by Extortion (Title 18, Untied States Code, Section 1951), Two (2) Counts of Threatening a Federal Law Enforcement Officer (Title 18, Untied States Code, Section 115(a)(1)(B)), Two (2) Counts of Assault on a Federal Officer (Title 18, United States Code, Sections 111(a)(1),(b) and (2)), Three (3) Counts of Obstruction of the Due Administration of Justice (Title 18, United States Code, Section 1503), and Four (4) Counts of Use and Carry of a Firearm In Relation to a Crime of Violence (Title 18, United States Code, Section 924(c)).

Santilli was arraigned on these charges on March 30, 2016, at which time the undersigned counsel was appointed to represent Santilli. This matter was declared a complex case and the discovery related to this case, which is believed to be voluminous, has not yet been received by the defense.

Counsel has worked diligently on this case. However, the undersigned and Santilli have fundamental differences of opinion related to numerous issues in this matter which make continued representation of Santilli impossible for the undersigned.

The withdrawal of the undersigned counsel would not have an adverse effect on the case and Santilli does not object to this request. Conversely, Santilli joins in this request to the Court. Therefore, Counsel respectfully requests this Honorable Court to set a hearing as soon as possible or to grant this Motion to Withdraw as Counsel of Record and appoint new counsel for Santilli.

## LEGAL AUTHORITY

The Local Rules of the United States District Court for the District of Nevada LR IA 10-6(b) states: "No attorney may withdraw after appearing in a case except by leave of court after notice served on the affected client and opposing counsel."

The Model Rules of Professional Conduct Rule 1.16 which governs declining or termination representation of a client state, in pertinent part:

(a) Except as states in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

(1) The representation will result in violation of the rules of professional conduct or other law;

(2) The lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or

(3) The lawyer is discharged.

(b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:

    (1) Withdraw can be accomplished without material adverse effect on the interest of the client;

    (2) The client persist in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

    (3) The client has used the lawyer's services to perpetrate a crime or fraud;

    (4) The client insist upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

(5) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7) Other good cause for withdrawal exists.

### AFFIDAVIT AND DECLARATION OF COUNSEL IN SUPPORT OF MOTION TO WITHDRAW

I, JOSHUA TOMSHECK, ESQ., hereby state on on oath:

1. That I am a duly qualified, practicing and licensed attorney in the State of Nevada and the United States District Court for the District of Nevada.

2. That I am the CJA appointed counsel for Defendant Peter T. Santilli in the above entitled matter, so appointed on March 30, 2016.

3. That I, and my office staff, have been in telephonic contact with Mr. Santilli as recently as the date of this filing.

4. That I, along with my investigator, met with Mr. Santilli where he is housed in the Henderson Detention Center, on more than one occasion, including the day before this filing.

5. That there has been a breakdown in the attorney-client relationship between counsel and Mr. Santilli such that it is clear that I can no longer effectively communicate, or work with, Mr. Santilli in order to prepare his defense in this matter.

6. That I believe this breakdown is permanent in nature and my further representation of Mr. Santilli would be impossible.

7. That based on my communications with Mr. Santilli he would join in this

1 request.

2     8. That, if this Court deems it necessary, further particulars of the breakdown of the attorney-client relationship can be disclosed to the Court in a sealed/closed hearing.

    9. That this motion is not being made for purposes of delay, but is a direct result of recent communications between myself and Mr. Santilli, such that it is clear that I must make this motion in the best interest of Mr. Santilli.

    10. That my representation of Mr. Santilli is early on such that withdraw can be accomplished and new counsel appointed without material adverse effect on the interest of Mr. Santilli.

    11. That, as Mr. Santilli remains in pre-Trial confinement and is under Order of the Federal District Court for the District of Oregon to return to that jurisdiction to face separate charges there, this is a request that this Motion be heard on an expedited basis.

## CONCLUSION

Defendant's CJA appointed attorney of record, Joshua Tomsheck, Esq., of the law firm of Hofland and Tomsheck, respectfully requests this Honorable Court to grant this Emergency Motion to Withdraw as Appointed Counsel for Defendant.

DATED this 14th day of April, 2016.

**HOFLAND AND TOMSHECK**

    */s/ J. Tomsheck*
JOSHUA TOMSHECK, ESQ.
Nevada Bar No. 9210
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of April, 2016 a true and correct copy of the EMERGENCY MOTION TO WITHDRAW AS APPOINTED COUNSEL was sent via CM/ECF filing system.

                                        */s/ O. Campbell*
                                   An Employee of HOFLAND AND TOMSHECK