# UNITED STATES DISTRICT COURT

for the

_____ District of  NEVADA

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No.   2:16-CR-046-GMN-PAL |
| JASON D. WOODS ) | |
| *Defendant* ) | |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted

of   ☐ a federal offense    ☐ a state or local offense that would have been a federal offense if federal

jurisdiction had existed - that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

☐ an offense for which a maximum prison term of ten years or more is prescribed in _____ .*

☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

☐ any felony that is not a crime of violence but involves:

☐ a minor victim

☐ the possession or use of a firearm or destructive device or any other dangerous weapon

☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the    ☐ date of conviction    ☐ the defendant's release

from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum prison term of ten years or more is prescribed in _____ .

X under 18 U.S.C. § 924(c).

---

\*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# UNITED STATES DISTRICT COURT

for the

_____ District of   NEVADA   

X (2)   The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

**Alternative Findings (B)**

X (1)   There is a serious risk that the defendant will not appear.

X (2)   There is a serious risk that the defendant will endanger the safety of another person or the community.

<u>The defendant is ordered detained as a serious risk that he will not appear for the following reasons:</u>
The defendant traveled to Nevada to support the efforts to thwart the BLM officers' enforcement of multiple legitimate federal court orders on April 12, 2014.  Further, the defendant was indicted on 11 charges, including four 18 U.S.C. § 924(c) counts that alone present a mandatory minimum of 82 years incarceration if he is found guilty.  This lengthy possible sentence provides the defendant with a strong incentive to flee.  Lastly, the defendant lacks any significant contacts or ties with Nevada.
<u>The defendant is ordered detained as a danger to the community as that term is defined by the Bail Reform</u> <u>Act for the following reasons:</u>  The defendant is charged with crimes of violence involving the use of weapons, for which the law creates a rebuttable presumption that he should be detained.  In this case, the weight of the evidence against the defendant is very strong.  Photographic evidence depicts the defendant's armed participation on April 12, 2014.  The defendant does not dispute his identity in the majority of the photographs, which show him fully clothed in camoflauge military gear, standing in formation with others in matching gear, armed with a sidearm and radio.  He is shown at the staging area and appears to be acting as a bodyguard when Cliven Bundy issued his ultimatum to the BLM officers.  From the photographs, the defendant then drove himself and other gunman in his truck to the wash near the BLM site at the request of Cliven Bundy.  The defendant retrieved an assault rifle from his vehicle, donned a vest that he was not wearing in prior pictures, and took a tactical position at the skirt of the bridge near the BLM impoundment site.  The defendant's possession and brandishing of an assault rifle from this tactical position communicated the threat and fear of immediate bodily injury or death to the federal officers.  The photographs demonstrate the defendant's willingness and intent to shoot if necessary.  This April 12, 2014 incident was a planned assault on federal law enforcement officers with the express purpose of interfering with a federal court order.  It is unclear whether the defendant has disavowed membership with the Arizona Militia, but the defendant has not disavowed his affiliation with the "III%" movement.  The "III%" movement espouses the belief that only 3% of the population supported the American Revolution, and likewise, a small, dedicated community must be available to oppose further perceived federal government tyranny by force of arms if necessary.  The defendant recently posted a photograph on Facebook on December 24, 2015, depicting a large "III%" decal on the back of his truck.  This picture endorses his allegiance to the "III%" movement.  There is no evidence that the defendant has disavowed his belief that it is appropriate to use force against federal officers to prevent the execution of a federal court order, and inaction is not withdrawal from the conspiracy.  The defendant therefore did not provide sufficient evidence to rebut the presumption of detention.

Because pretrial release, even with strict conditions, depends on the defendant's good-faith compliance with a federal court order, there are no conditions or set of conditions that reasonably assure the defendant's appearance and the safety of the community.

\*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# UNITED STATES DISTRICT COURT

for the

_____ District of  NEVADA

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by   X  clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons or the community  and    X  a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the person as required.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance.

Date:  April 14, 2016

_____
*Judge's Signature*

GLORIA M. NAVARRO, U.S. Chief District Judge
*Name and Title*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).