1  DANIEL J. HILL, ESQ.
   NV Bar # 12773
2  WOLF, RIFKIN, SHAPIRO,
   SCHULMAN & RABKIN LLP
3  3556 East Russell Road, 2nd Floor
4  Las Vegas, Nevada 89120
   Tel:  (702) 341-5200
5  Fax:  (702) 341-5300
   DHill@wrslawyers.com
6  *Attorney for Defendant Ammon E. Bundy*

7

8                    **UNITED STATES DISTRICT COURT**

9
                        **DISTRICT OF NEVADA**
10

11 UNITED STATES OF AMERICA,            **CASE NO.: 2:16-cr-00046-GMN-PAL**

12            Plaintiff,                **DEFENDANT AMMON E. BUNDY'S**
                                        **EMERGENCY MOTION TO CONTINUE**
13       vs.                            **DETENTION HEARING**

14 AMMON E. BUNDY, *et al.*,
                                        **Detention Hearing Date: 4/20/16**
15            Defendants.               **Detention Hearing Time: 1:30 p.m.**

16

17       This is defendant Ammon E. Bundy's ("Ammon") EMERGENCY MOTION TO CONTINUE

18 DETENTION HEARING. Ammon's detention hearing is currently scheduled for **April 20, 2016** at

19 **1:30 p.m.** This motion is being filed on an emergency basis because the current detention hearing date

20 does not allow for full briefing. For the following reasons, Ammon requests a five-day continuance of

21 his detention hearing.

22                **MEMORANDUM OF POINTS AND AUTHORITIES**

23 **I.    ARGUMENT**

24       Under the Bail Reform Act, a defendant may request a continuance of his detention hearing

25 beyond his first appearance. *See* 18 U.S.C. § 3142(f)(2)(B). Typically, "a continuance on motion of

26 such person may not exceed five days (*not including* any intermediate Saturday, Sunday, or legal

27 holiday)," but the continuance may be longer "for good cause." *Id.* (emphasis supplied). Of

28 importance to this motion, when considering the propriety of release, one factor courts consider is "the

1  weight of the evidence against the defendant." *United State v. Gerbo*, 948 F.2d 1118, 1121 (9th Cir.

2  1991). Of course, although the Court considers the weight of evidence, the Bail Reform Act does not

3  "modify[] or limit[] the presumption of innocence." 18 U.S.C. § 3142(j).

4      Here, Ammon's ability to convey to this Court the exculpatory nature of much of the available

5  evidence is hampered by a number of factors. First, although the government has been in possession

6  of, as it represents, over a terabyte of discovery for presumably over a year, no portion of it has yet

7  been produced. Still, Ammon is aware of material—such as photographs and videos—and how, with

8  adequate time, his counsel can obtain it. Second, many of the eyewitnesses and character witnesses,

9  and the material they have for review, are a significant distance from the undersigned, either in

10  outlying cities or other states. Neither Ammon's counsel nor his investigators can collect this material

11  by Wednesday, April 20, 2016.

12      Ammon expects this material to demonstrate, among other things, that the law enforcement

13  officers in this case built militarized compounds, complete with sniper towers, barricades, and

14  floodlights, from the get go, well before any contact with Ammon or the protestors that began trickling

15  in days later. The material is also expected to show that, while the law enforcement officers arrived at

16  the ranch with weapons and ammunition, Ammon arrived later with food and water and plans to cook

17  for any protestors who might show up. In fact, Ammon will show the Court that he even prominently

18  displayed a sign declaring "Family Friendly—No Alcohol or Guns!" at the main protest site,

19  illustrating the peacefulness of the protest. If there was any actual display of weapons, it was only in

20  self-defense after the militarized escalation by the agents, which, information indicates, included

21  snipers who landed laser sights on women and children. With adequate time to assemble these

22  materials, Ammon intends to argue that, in light of the materials, he will run to—not from—this case.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

## II.   CONCLUSION

Good cause exists for an additional continuance of Ammon's detention hearing. It should be noted that Ammon has only received a three-day continuance so far, because the Bail Reform Act excludes weekends. For the foregoing reasons, then, Ammon respectfully requests that this Court continue his detention hearing an additional five days from its current setting.

Respectfully submitted this 19th day of April 2016.

**WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP**

By: */s/ Daniel J. Hill*
DANIEL HILL, ESQ.
Nevada Bar No. 12773
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
*Attorney for Defendant, Ammon E. Bundy*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of April 2016, a true and correct copy of **DEFENDANT AMMON E. BUNDY'S EMERGENCY MOTION TO CONTINUE DETENTION HEARING** was served via the United States District Court CM/ECF system on all parties or persons requiring notice

By  */s/ Jennifer Finley*
      Jennifer Finley, an Employee of
      WOLF, RIFKIN, SHAPIRO, SCHULMAN &
      RABKIN, LLP