CAL J. POTTER, III, ESQ.
Nevada Bar No. 1988
C. J. POTTER, IV, ESQ.
Nevada Bar No. 13225
POTTER LAW OFFICES
1125 Shadow Lane
Las Vegas, NV 89102
Ph:  (702) 385-1954
Fax: (702) 385-9081
*Attorneys for Defendant David H. Bundy*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>DAVE H. BUNDY, erroneously referred to as DAVID H. BUNDY, et. al.<br><br>  Defendants.<br>_____/ | CASE NO.:   2:16-CR-00046-GMN-PAL<br><br>DEFENDANT DAVID H. BUNDY'S MOTION TO REOPEN DETENTION HEARING |

Comes now the Defendant, DAVE H. BUNDY, erroneously named as DAVID H. BUNDY by and through his attorneys, CAL J. POTTER, III, ESQ. and C.J. POTTER, IV, ESQ, and respectfully moves this Court to reopen the detention hearing pursuant to 18 U.S.C. §3142(F), and to order the release of Mr. Bundy with the necessary conditions as articulated in 18 U.S.C. §3142(B).

This motion is based upon discovery received, the following analysis, all papers and pleadings on file herein, as well as the representation of Sheriff Robert A. Dekker of Millard County, Utah, together with arguments of counsel at the time of the hearing in this matter.

DATED this 21st day of April, 2016

/s/ Cal J. Potter, III, Esq.
CAL J. POTTER, III, ESQ.
Nevada Bar No. 1988
C.J. POTTER, IV, ESQ.
Nevada Bar No. 13225
POTTER LAW OFFICES
1125 Shadow Lane
Las Vegas, Nevada 89102

**PROCEDURAL HISTORY**

On March 2, 2016, a federal grand jury, convened in the District of Nevada, returned a Superseding Indictment naming Dave Bundy (Mr. D. Bundy) and 18 other individuals for multiple offenses in violation of Title 18 of the United States Code, including Sections 371; 111(a) and (b); 1503; 1951 and 924(c). An arrest warrant was issued from the Superseding Indictment. On March 3, 2016, Mr. D. Bundy was arrested in Delta, Utah and, thereafter, scheduled to appear in the U.S. District Court for the Central District of Utah, Case Number 2:16-MJ-130-PMW.

On March 9, 2016, a Detention Hearing was held before Magistrate Judge Brooke C. Wells (Judge Wells). Mr. D. Bundy was present and represented by Assistant Federal Defender, Vanessa Ramos. A Transcript of the Electronically-Recorded Detention Hearing indicates that, after hearing oral argument and reviewing exhibits, despite the very high standard, Judge Wells found by clear and convincing evidence that Mr. D. Bundy posed a danger to the community. Further Judge Wells found by a preponderance of the evidence that Mr. Bundy presented a risk of nonappearance. Accordingly, Mr. D. Bundy was ordered detained and transported in the U.S. Marshals custody to the District of Nevada. (See Exhibit A, Transcript of Electronically-Recorded Detention Hearing, pgs. 40-42).

On March 21, 2016, Mr. D. Bundy had his Initial Appearance before Magistrate Judge C. Ferenbach (Judge Ferenbach) in Las Vegas, Nevada. Mr. D. Bundy entered a plea of not guilty and he was joined for trial with other defendant's named in the superseding indictment. Judge Ferenbach ordered that Mr. D. Bundy remain detained and the matter was scheduled for trial on May 2, 2016. (Doc. No. 167).  Mr. D. Bundy's present Motion to Reopen the Pretrial Detention Hearing is filed pursuant to 18 U.S.C. §3145.

**FACTS JUSTIFYING PRETRIAL RELEASE**

Mr. Bundy has lived in Delta, Utah for the past three years and is presently in the process of building a home for his family in Delta, Utah. He has made Delta, Utah his home for the past three years and intends to remain there to raise his family. He has been married to his wife Mary Lynn since 1999. Mr. D. Bundy is a devoted family man and a loyal American with

a strong sense of responsibility to his wife and six children and lives with his in laws Steven and Ann Stoddard. His children range in age from one to fifteen years. Thus, Mr. D. Bundy's ties to Delta, Utah go well beyond his immediate family and include his wife's extended family who have lived in Delta for more than forty years. In addition to his deep roots in Utah, the following factors highlight his character and assurance of appearance and safety to the community:

(1) Mr. Bundy owns Longview Construction & Development, Inc. and Underground Contractor.  His company is licensed in Arizona, Nevada, and Utah and specializes in excavation, grading, and concrete work. The company has been in business for approximately fifteen years and, during that time that the economy has fluctuated, and has employed from five to sixty-five individuals. Most of the company's work is done in Mesquite, Nevada; St. George, Utah; and Littlefield, Arizona. Mr. D. Bundy also pays his taxes and is a productive member of his community and is active im mainstream polictics as a member of the Republican Party.

(2) Mr. D. Bundy has been a licensed pilot since 1998, with the Federal Government. He has his instrument rating as a fixed wing pilot, licensed with the Federal Aviation Administration. He has flown part-time both commercially and as an instructor. Mr. D. Bundy is also attending College to attain his Bachelor of Science Degree in Aviation Administration.

(3) Mr. D.  Bundy has no criminal history and, until this incident, has had no adverse contact with law enforcement. While Mr. Bundy has provided the court with outstanding references from numerous individuals, most significant to this point are the references from the Millard County Sheriff and Delta City Mayor. Mr. D. Bundy also does not have a legal or financial interest in the "Bundy Ranch".

(4) Mr. D. Bundy also has long standing ties with his church and has a well acknowledged history of assisting friends, neighbors and fellow congregants in

|   |   |   |
|---|---|---|
| 1 |     | the community and in the mission field and served on a two year mission in the |
| 2 |     | Portland, Oregon and Southern Washington area. |
| 3 | (5) | In 2013 Mr. Bundy worked cooperatively with the BLM allowing them access to |
| 4 |     | his Utah property in order to fill their helicopters with water to fight forest fires |
| 5 |     | and does not harbor anti-Federal Government beliefs or anti state government |
| 6 |     | beliefs. |
| 7 | (6) | Mr. D. Bundy did not have a firearm on his person or in his vehicle when he |
| 8 |     | was arrested on April 6, 2014 while parked off road. Similarly, on April 12, |
| 9 |     | 2014, he remained unarmed at all times as he assisted Sheriff Gillespie and then |
| 10 |    | Undersheriff, Joe Lombardo and he negotiated with the FBI Special Agents in |
| 11 |    | Charge for a peaceful de-escalation of the government's standoff in the wash. |
| 12 |    | Indeed, now Sheriff Joe Lombardo complimented Dave Bundy for his assistance |
| 13 |    | with the armed protesters as Dave acted as a peacemaker. |
| 14 | (7) | Mr. D. Bundy provided no opposition to his arrest on March 3, 2016, while at |
| 15 |    | his property in Delta, Utah where he is building his family's home. The FBI |
| 16 |    | arrived with perhaps as many as 20 vehicles, agents dressed in military style |
| 17 |    | gear, each armed with assault rifles. Mr. D. Bundy cooperated fully with the |
| 18 |    | authorities and the arrest was effected without incident. |

**ARGUMENT**

Title 18, United States Code, Section 3142(f) provides for review of a detention hearing. It states that:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing in the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

As outlined in the attached letters, the actual scope of Defendant's, family ties, and financial support, wee not able to be properly considered when assessing Defendant's risk of flight or danger to the community. As such, this is a request to re-open the detention hearing.

4

It is worth noting that of the four overarching factors to be considered under 18 U.S.C. § 3142(g), the weight of the evidence is considered to be the least important factor by courts. *United States v. Motamedi,* 767 F.2d 1403, 1408 (9th Cir. 1985). Further, while there is a presumption of detention in this case given the serious nature of the charges, such presumption is rebuttable. 18 U.S.C. § 3142 (e). Once the presumption is involved, the Defendant only need to present some credible evidence that they are not a flight risk or danger to the community to overcome the presumption of detention. *See e.g. United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). (Defendant's burden of production is not heavy, but must produce some evidence). In this case the attached letters clearly are more than just some credible evidence that Mr. D. Bundy is not a flight risk or danger to the community. According to 18 U.S. C. § 3142 (g), "family ties" are specifically cited as criteria to consider when a court is to assess an individual's history and characteristics.

Title 18 U.S.C. §3142, et seq., provides that an individual facing trial should be released with the least restrictive condition or combination of conditions reasonably necessary to ensure the safety of the community and secure the appearance of the defendant throughout the proceedings. 18 U.S.C. §3142(c)."Only in rare circumstances should release be denied, and **doubts regarding the propriety of release should be resolved in the defendant's favor**." *United States v. Gebro,* 948 F.2d 1118, 1121 (9th Cir. 1991) (Emphasis added), citing *United States v. Motamedi,* 767 F.2d 1403 (9th Cir. 1985).

The statute articulates the factors that must be considered in determining whether conditions exist that will address the government's concerns for safety and appearance. The factors include: (1) the nature and circumstances of the offense or offenses charged; (2) the weight of the evidence against the defendant; (3) the defendant's personal characteristics, including but not limited to family ties, employment status, community ties, and criminal history; and (4) the nature and seriousness of the danger to persons or the community that would be present upon release of the individual. 18 U.S.C. §3142(g). Although the nature of the charges may create a presumption that no conditions or combination of conditions will meet the government's regulatory interest in community safety or the defendant's future appearance,

that presumption is **rebuttable.** 18 U.S.C. §3142(e)(2).

In support of their argument to detain Mr. D. Bundy, the government focuses large portions of their memorandum filed with the District Court of Utah describing the beliefs and actions of Mr. D. Bundy's father and co-defendant, Cliven Bundy. (Doc. 10). At the heart of the government's argument is the presumption that Mr. D. Bundy benefits from the actions of the others because he is related to the owner of the ranch where the cattle run and is, therefore, inextricably intertwined with all of the alleged actions that occurred in April, 2014. The facts and exhibits suggest otherwise. Indeed Mr. D. Bundy never was armed and never went to Oregon with his family members.

While Mr. D. Bundy loves his extended family and expresses an understanding of their stated cause, that does not mean that he supports all tactics employed. This was never more evident than when he became the conduit between the Citizen Protesters, the Clark County Sheriff and the Federal agents on April 12, 2014. It is clear from the exhibits, both government and defense, that Mr. D. Bundy was the reason and the means by which the matter was peacefully de-escalated and the people dispersed without any injuries. Significantly, then Assistant Sheriff Lombardo indicated that, although the situation was tense and individuals were angry, Mr. D. Bundy did not yell, use profanity, or point a gun during the negotiations. Mr. D. Bundy adamantly disagrees with the government's allegations and characterizations of the events and statements leading up to these charges. While he will zealously defend against these charges, there can be little disagreement that, at all times relevant to this matter, Mr. D. Bundy remained unarmed and calmly helped bring the protest to a conclusion.

**A.     Mr. Bundy's Devotion to the Care of His Family and Extensive Ties to His Community Demonstrate He is Not a Risk of Non-Appearance.**

Mr. D. Bundy has a wife and family of six young children, well established in Delta, Utah. His construction company, employees, and business associates are in the Mesquite, Nevada and St. George, Utah area. He does not live on or near Cliven Bundy's ranch, nor does he maintain "an active presence" at the ranch as suggested by the government. (Doc. 10, pg. 31). The government's memorandum completely ignores the numerous factors that speak to the

assurance that Mr. D. Bundy will remain in Delta, Utah and meet all court obligations as required. Instead the government relies on the unsupported allegation that "[i]f D. Bundy were released little could be done to prevent his return to Bundy Ranch. …Thus, Bundy would pose a significant risk of non-appearance, allowing him to bunker down at the Bundy Ranch…." (Doc. 10, pg.32).

The government points to no evidence establishing that Mr. D. Bundy has or would barricade or fortify himself at Cliven Bundy's property, thereby abandoning his wife, children, livelihood, church, in-laws, and friends. While disagreeing with BLM's handling of the grazing fees alleged to be owed by his father, Mr. D. Bundy willingly worked with BLM in 2013 to allow helicopters to be filled with water on his property. This is not the expected behavior of someone who supposedly declared war on the Federal Government or manifests an intent to flee his court obligations.

**B.     Mr. Bundy Does Not Pose a Significant Danger to Persons or the Community.**

At no time during Cliven Bundy's dispute with the BLM has Mr. D. Bundy taken up arms against law enforcement on behalf of his father or anyone else. Throughout the subject events Mr. D. Bundy was the person through which the citizens and law enforcement communicated. While he negotiated firmly for a desired result, he at no time carried or advocated pointing a gun at any law enforcement personnel, or in any other way encouraged an assault to achieve a desired resolution. Mr. D. Bundy emphatically denies the allegations, characterizations, and charges leveled by the government. Certainly the Bail Reform Act of 1984 recognizes that all defendants are presumed innocent until proven otherwise.

Significantly, in addition to none of the government exhibits showing Mr. D. Bundy armed or dangerous, the sheriff of Millard County, Robert A. Dekker, submitted a reference letter in anticipation of the detention hearing. Sheriff Dekker reports that Mr. Bundy has been a resident of Millard County for three years and "has been an asset to [the] community."  Most importantly, in addition to being involved in the school system and regularly attending church, Mr. D. Bundy **"has not been arrested or served any civil papers**" from the Sheriff's Office (emphasis added). The Sheriff further indicated his certainty that, not only would Mr. D. Bundy

7

return to Delta, Utah but that there was a great support system for him in the community. It is safe to say that, as a fellow law enforcement officer, the Sheriff would be particularly sensitive to the possibility that an individual might pose a risk of flight or to the safety of the community. That clearly is not his impression of Mr. D. Bundy. (See Exhibit B, Letter from Millard County Sheriff Robert A. Dekker).

Similarly, although not personally acquainted with Mr. D. Bundy, the Mayor of Delta City, Gayle Bunker, wrote a reference letter indicating that the City had not had any adverse situations with Mr. D. Bundy. "He has a clean record with Delta City." Additionally, the Mayor has known Mr. D. Bundy's wife and her family for many years, indicating that they are "very good law abiding people." Again this speaks to Mr. D. Bundy's compliance with city laws, as well as the fine, well established people he surrounds himself with in his town of residence. These are the same people that constitute his support network while he awaits resolution of the pending charges. (See Exhibit C, Letter from the Mayor of Delta City, Gayle Bunker). Mr. D. Bundy has reference letters from work associations (See, Exhibit D, Letter from George P. Timinskas P.E, from Mezona Engineering, Bruce Crouch from Pioneer Storage, Chuck Bentley from Pride Contractors, Rulon Harper from Harper Construction, Matt McDuffie from Harper Construction, Rachel Adams from Aviation Services Group, Trent Reber, Stephen Timinskas, Aaron Waite, and Robert Anderson). Mr. D. Bundy has reference letters from Neighbors and Acquaintances(See Exhibit E, Letter from Lynne Harris, Duke Cox, Troy and Erica Tasker, Debbie Shelley, Pasquale Shaver, Bishop Robert Frisby, Olga Stoddard, Robert Anderson, Andy Nickle, Steve Lester, and Molly Stuart). Also, Mr. D. Bundy has reference letters from family (See, Exhibit F, Letter from Shiree Cox, Westley Stoddard, and Patricia Meyers).

**C.      There Are a Number of Stringent Conditions the Court Can Impose that will Assure the Safety of the Community and Ensure Mr. D. Bundy's Appearance in Court as Required.**

Title 18 U.S.C. §3142(e) provides that the court may fashion a combination of conditions that will assure the appearance of the defendant, as well as the safety of the community upon release pending trial. Mr. D. Bundy proposes the following conditions and

assures the Court that he will comply with all conditions and Court Orders if granted pretrial release. Suggested conditions include:

(1) Mr. D. Bundy will have no weapons or possess any firearms;

(2) Forbidding Mr. Bundy from having contact with all other co-defendants in this indictment unless approved by Pretrial Services for strategy for the criminal case;

(3) Reporting on a regular basis to the Millard County Sheriff;

(4) Prohibiting Mr. Bundy from traveling to the Bundy Ranch unless approval by pretrial services to visit mother, Carol Bundy;

(5) Prohibiting Mr. D. Bundy from piloting a plane except when necessary for employment, ie. Local employment as a flight instructor in the Millard County area of Utah;

(6) Imposing Electronic GPS Monitoring;

(7) Restricting Mr. Bundy's movement to the District of Utah and the District of Nevada, and the strip area of Arizona;

(8) Imposing any other conditions or combination of conditions deemed reasonably necessary to assure Mr. Bundy's appearance and to assure the safety of persons and the community.

. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .

**CONCLUSION**

Based on the reasons stated above, Mr. D. Bundy assures the Court that he will comply with all instructions and orders issued pending the resolution of this matter. Accordingly, Mr. D. Bundy respectfully requests that the Court grant his Motion to Reopen Detention Hearing issued by the Magistrate Judge in the District of Utah and release him pending trial with any conditions the Court deems necessary.

DATED this 21st day of April, 2016.

/s/ Cal J. Potter, III, Esq.
CAL J. POTTER, III, EDQ.
Nevada Bar No. 1988
C.J. POTTER, IV, ESQ.
Nevada Bar No. 13225
POTTER LAW OFFICES
1125 Shadow Lane
Las Vegas, Nevada 89102

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that pursuant to FRCP 5(b), I did serve at Las Vegas, Nevada on this 21st day of April, 2016 a true and correct copy of **DEFENDANT'S DAVID H. BUNDY'S MOTION TO REOPEN DETENTION HEARING PURSUANT TO FRCP 56(d)** on all parties to this action via CM/ECF system addressed as follows:

Joel F. Hansen
Hansen Rasmussen
1835 Village Center Circle
Las Vegas, Nevada 89134
*Attorney for Cliven Bundy*

Ryan Norwood
William C. Carrico
Rene Villadares
Federal Public Defenders Office
411 E. Bonneville Ave.
Las Vegas, Nevada 89101
*Attorneys for Ryan Payne*

Joshua Tomsheck
Hofland & Tomsheck
228 South Fourth Street
Las Vegas, Nevada 89101
*Attorney for Peter T. Santilli, Jr.*

. . .

. . .

1  Lucas Gaffney
   Oronoz, Ericsson & Gaffney LLC
2  1050 Indigo Drive, Suite 120
   Las Vegas, Nevada 89145
3  *Attorney for Melvin Bundy*

4  Brian James Smith
   Law Office of Brian J. Smith, Ltd.
5  9525 Hillwood Drive, Ste. 190
   Las Vegas, Nevada 89134
6  *Attorney for Gerald A. Delemus*

7  Jess R. Marchese
   Law Office of Jess R. Marchese
8  601 South Las Vegas Blvd.
   Las Vegas, Nevada 89101
9  *Attorney for Eric J. Parker*

10 Craig W. Drummond
   Drummond Law Firm
11 228 South Forth Street First Floor
   Las Vegas, Nevada 89101
12 *Attorney for O. Scott Drexler*

13 Shawn R. Perez
   Law Office of Shawn R. Perez
14 626 South Third Street
   Las Vegas, Nevada 89101
15 *Attorney for Richard R. Lovelien*

16 Richard E. Tanasi
   601 South Seventh Street, 2nd Floor
17 Las Vegas, Nevada 89101
   *Attorney for Steven A. Stewart*
18
   Julian R. Gregory
19 Law Office of Julian Gregory
   324 S. 3rd Street, Ste. 200
20 Las Vegas, Nevada 89101
   *Attorney for Todd C. Engel*
21
   Terrence M. Jackson
22 Law Office of Terrence M. Jackson
   624 South Ninth Street
23 Las Vegas, Nevada 89101
   *Attorney for Gregory P. Burleson*
24
   Andrea Lee Luem
25 Law Office of Andrea L. Luem
   499 South 4th Street, Ste. 280
26 Las Vegas, Nevada 89101
   *Attorney for Joseph D. O'Shaughnessy*
27 . . .

28 . . .

Chris Arabia
601 S. 10th Street
Las Vegas, Nevada 89101
*Attorney for Micah L. Mcguire*

Kristine M. Kuzemka
Kuzemka Law Group
9345 W. Sunset Road, Suite 100
Las Vegas, Nevada 89148
*Attorney for Jason D. Woods*

Erin M. Creegan, Esq.
Nadia Janjua Ahmed, Esq.
Nicholas D. Dickinson, Esq.
Daniel Bogden, Esq.
U.S. Attorney's Office
333 Las Vegas Blvd. South Suite 5000
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

          /s/ Stacie Comerio
An Employee of Potter Law Offices