# UNITED STATES DISTRICT COURT
for the

District of Nevada

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. 2:16-cr-46-GMN-PAL |
| RYAN C. BUNDY ) | |
| *Defendant* ) | |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted

of   ☐ a federal   ☐ a state or local offense that would have been a federal offense if federal

jurisdiction had existed  - that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

☐ an offense for which a maximum prison term of ten years or more is prescribed in _____ .*

☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

☐ any felony that is not a crime of violence but involves:

☐ a minor victim

☐ the possession or use of a firearm or destructive device or any other dangerous weapon

☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the   ☐ date of conviction   ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community.  I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum prison term of ten years or more is prescribed in _____ .

☐ under 18 U.S.C. § 924(c).

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# UNITED STATES DISTRICT COURT
for the

District of Nevada

☐ (2)   The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

**Alternative Findings (B)**

x (1)   There is a serious risk that the defendant will not appear.

x (2)   There is a serious risk that the defendant will endanger the safety of another person or the community.

Based on the allegations in the Superseding Indictment, there is a rebuttable presumption that the defendant poses a substantial risk of nonappearance and a danger to the community. Based on the allegation in the Superceding Indictment, the information set forth in the government's proffer, and the information provided by Pretrial Services, the Court finds by clear and convincing evidence that defendant poses a substantial risk of danger to community and that he also poses a substantial risk of nonappearance. The Superseding Indictment alleges that defendant was an organizer and leader of an armed confrontation with federal law enforcement officers. Together with members of his family and other persons, including militias members who assembled in the Bunkerville area in April 2014, defendant resisted the efforts of the Bureau of Land Management to enforce court orders relating to the removal of cattle from federal land. That resistance allegedly culminated in an armed confrontation between supporters of the defendant and the Bundy Family and federal law enforcement officers at the cattle impound site during which firearms were displayed and/or pointed at federal law enforcement officers. The federal law enforcement officers were allegedly forced to surrender the cattle and leave the impound site to avoid a fire fight. As alleged in government's proffer, defendant subsequently traveled with other co-defendants in this case to the District of Oregon where they unlawfully occupied a federal national refuge area. It is further alleged that the defendant transported firearms to Oregon for purposes of carrying out the occupation of the federal property in that state. Defendant was subsequently taken into custody and charged with criminal offenses relating to the events in Oregon. Defendant has significant family and community ties in Nevada. He has a history of employment. Although he has a prior criminal record, that record by itself would not support a finding that Defendant poses a substantial risk of danger to the community. It does indicate, however, that Defendant will not obey court orders. Based on the nature and character of the offenses charged in the Superceding Indictment, the weight of the evidence against the Defendant, and the subsequent alleged events in Oregon, the Court finds that there are no conditions or combination of conditions that the Court can fashion to reasonably assure the defendant's future appearance in Court or to protect the community against the risk of danger posed by the defendant. The Court therefore orders that defendant be detained pending trial. Defendant represented to the Court that he has not had sufficient time to assemble evidence or information to dispute the allegations in the Superceding Indictment and the government's proffer, and to show that conditions of pretrial release can be fashioned. This order of detention is therefore without prejudice to Defendant's right to move to reopen the detention hearing based on material facts or information that was not available to him at the time of the detention hearing.

**Part II— Statement of the Reasons for Detention**

I find that the credible testimony and information submitted at the hearing established by clear and convincing evidence that the defendant is a danger to the community and by a preponderance of the evidence that the defendant is a risk of flight and no condition or combination of conditions will reasonably assure the safety of the community or the appearance of the Defendant.

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# UNITED STATES DISTRICT COURT
for the

District of Nevada

Date: April 20, 2016

*Judge's Signature*

GEORGE FOLEY, JR., U.S. Magistrate Judge
*Name and Title*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).