# UNITED STATES DISTRICT COURT
for the

District of Nevada

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. 2:16-cr-46-GMN-PAL |
| AMMON E. BUNDY ) | |
| *Defendant* ) | |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of ☐ a federal ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed - that is

    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

    ☐ an offense for which the maximum sentence is death or life imprisonment.

    ☐ an offense for which a maximum prison term of ten years or more is prescribed in _____.*

    ☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

    ☐ any felony that is not a crime of violence but involves:

        ☐ a minor victim

        ☐ the possession or use of a firearm or destructive device or any other dangerous weapon

        ☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the ☐ date of conviction ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

    ☐ for which a maximum prison term of ten years or more is prescribed in _____.

    ☐ under 18 U.S.C. § 924(c).

---

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# UNITED STATES DISTRICT COURT
for the

District of Nevada

☐ (2)  The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

**Alternative Findings (B)**

x (1)  There is a serious risk that the defendant will not appear.

x (2)  There is a serious risk that the defendant will endanger the safety of another person or the community.

Based on the charges in the Superseding Indictment, there is a rebuttable presumption that the defendant poses a substantial risk of nonappearance and a danger to the community. Based on the allegations in the Superceding Indictment, the information set forth in the government's proffer, and the information provided by Pretrial Services, the Court finds by clear and convincing evidence that Defendant poses substantial risk of danger to the community. The Court also finds that he poses a substantial risk of nonappearance. The Superseding Indictment alleges that defendant was one of the leaders involved in the armed confrontation between supporters of the defendant and the Bundy Family, and federal law enforcement agencies at the BLM cattle impound site on April 12, 2014. The Government alleges that Defendant, together with militia members who had been summonsed by the Bundy Family and who were armed with assault rifles and other firearms, confronted and aimed firearms at federal law enforcement officers who were ultimately forced to surrender the cattle and exit the area in order to avoid a potentially deadly fire fight. Defendant is alleged to have subsequently participated in the occupation of a federal wildlife refuge in Oregon by individuals opposed to the actions of the federal government. Defendant was arrested and taken into custody with respect to that incident and is facing criminal charges in the District of Oregon. Defendant has significant family ties in Nevada and elsewhere. He also has a history of regular employment and involvement in business. Other than the charges discussed above, he does not have a significant prior criminal record. Based on the nature and character of the charges in the Superceding Indictment, and the weight of the evidence against Defendant, as well has his alleged involvement in the subsequent events in Oregon, the Court finds that there are no conditions or combination of conditions that can be fashioned to protect the community against the risk of danger posed by the defendant, or to reasonably assure the defendant's future appearance in Court. The Court therefore orders that defendant be detained pending trial. Defendant represented to the Court that he has not had sufficient time to assemble evidence and information to dispute the allegations in the Superceding Indictment or in the Government's proffer at the detention hearing. The order of detention is therefore without prejudice to Defendant's right to move to reopen the detention hearing based on material evidence or information that was not reasonably available to him at the time of the hearing.

**Part II— Statement of the Reasons for Detention**

I find that the credible testimony and information submitted at the hearing established by clear and convincing evidence that the defendant is a danger to the community and by a preponderance of the evidence that the defendant is a risk of flight and no condition or combination of conditions will reasonably assure the safety of the community or the appearance of the Defendant.

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:    April 20, 2016

*GEORGE FOLEY, JR. U.S. Magistrate Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).