MACE J. YAMPOLSKY, LTD.
MACE J. YAMPOLSKY
Nevada Bar No. 01945
Email: mace@macelaw.com
JASON R. MARGOLIS
Nevada Bar No. 12439
Email: jason@macelaw.com
625 South Sixth Street
Las Vegas, Nevada 89101
(702) 385-9777
Fax: (702) 385-3001
Attorneys for **BRIAN D. CAVALIER**

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>BRIAN D. CAVALIER,<br><br>　　　　　　　Defendant. | CASE NO.: 2:16-cr-00046-GMN-PAL<br><br>**DEFENDANT BRIAN D. CAVALIER'S OBJECTION TO MAGISTRATE'S ORDER (#310)** |

**CERTIFICATION**: This Objection is timely filed.

TO: UNITED STATES OF AMERICA, PLAINTIFF; and DANIEL BOGDEN, UNITED STATES ATTORNEY; and STEVE MYRHE, ASSISTANT UNITED STATES ATTORNEY

**COMES NOW**, Defendant BRIAN D. CAVALIER, by and through his counsel of record, MACE J. YAMPOLSKY, ESQ., and objects to the Order (#310) issued by United States Magistrate Judge Peggy Leen following a lengthy hearing held on the morning of Friday, April 22, 2016. This Order declared this case complex, resulting in the continuation of the scheduled Calendar Call and Trial dates, in violation of Defendant Brian D. Cavalier's right to a speedy trial, as protected by the 6th Amendment to the United States Constitution. Defendant Brian D. Cavalier strenuously objects to this order, to the continuation of the trial in this matter, and to his and his fellow defendants' transport out of the jurisdiction of the District of Nevada back to the jurisdiction of the District of Oregon.

The United States' Attorney consciously chose to prosecute this matter in two jurisdictions simultaneously with utter disregard for the rights of these defendants and Defendant

1

Brian J. Cavalier objects strongly to their conduct of this case. The fact that the discovery in this matter has not been turned over to defendants and their counsel is not the fault of the defendants—their rights to a speedy trial and/or a full and vigorous defense ought not to be mutually exclusive. The conduct of the United States in indicting these defendants in the manner that it did—in two jurisdictions simultaneously whilst the voluminous discovery in each matter was ill-prepared for production to the defense—is being rewarded and sanctioned by the Magistrate's order permitting violation of defendants' constitutionally-protected speedy trial right.

This Objection is made and based on all the pleadings and papers filed herein, the Memorandum of Points and Authorities attached hereto, and any argument adduced at the time of hearing.

DATED this 25th day of April, 2016.

MACE J. YAMPOLSKY, LTD.

/s/
_____

MACE J. YAMPOLSKY, ESQ.
625 S. Sixth Street
Las Vegas, Nevada 89101
**Counsel for Defendant BRIAN D. CAVALIER**

### Statement of Facts

On April 22, 2016, the Court held a hearing on the designation of this case as complex, the setting of a discovery schedule acceptable to all parties, and the related issue of transport of the multiple defendants of this matter outside the District of Nevada back to the District of Oregon, where a similarly large case involving many of these same defendants is currently pending. Later that same day, United States Magistrate Judge Leen issued an order vacating the currently scheduled Calendar Call (Monday, April 25, 2016) and Trial (Monday, May 2, 2016) dates and ordering the transport of the defendants back to the District of Oregon for proceedings therein.

While Judge Leen notes in the Court's Order that thirteen of the nineteen defendants initially agreed to the complex case designation, Defendant Brian D. Cavalier would like to note

for the record that he decidedly was not among this group of thirteen defendants. Defendant Brian D. Cavalier took no position until his initial appearance in this matter, on April 15, 2016, at which time he indicated his intention to object to any designation of this case as complex or to any continuation of the calendar call and trial dates in violation of his 6th Amendment right to a speedy trial. Defendant reiterated his objection to the case being declared complex and any continuance of the trial during the hearing conducted on this matter on Friday, April 22, 2016.

Once again, Defendant Brian D. Cavalier would like to register a formal objection to the complex case designation, the continuance of the calendar call and trial dates herein, and to the perceived continued rewarding of the United States Attorney for running roughshod over these indicted defendants constitutional rights. This Objection is based on the foregoing pleading, the following memorandum of points and authorities, the 6th Amendment to the United States Constitution and all other applicable constitutional, statutory, and case authority, and any such evidence and argument as may be heard at any subsequent hearing on this motion.

## ARGUMENT

Defendant Brian D. Cavalier made his initial appearance and was arraigned in this case on April 15, 2016. Defendant was not among the thirteen defendants who initially agreed to a complex case designation and correlated discovery production schedule, which was filed with the Court on April 18, 2016. Defendant would like to address the fact that the United States' inability to produce discovery to he and other defendants in a timely fashion in line with its legal obligations is not in any way attributable to he and the other defendants.

As such, Defendant feels it is fundamentally unfair that the failures of the United States to adequately prepare to try himself and the other defendants by readying discoverable materials in a timely manner should be condoned and even rewarded. Yet, that is precisely what happens when these defendants are presented with the unenviable Hobson's choice of deciding to invoke their constitutionally protected right to a Speedy Trial without any discovery, or accept the alternative of being forced into a continuance so that their attorneys can be provided with discovery necessary to prepare for trial. What the United States had been permitted to do in this matter is anathema to fair play and justice.

The Speedy Trial Act limits pre-indictment delay by requiring "[a]ny information or indictment charging an individual with the commission of an offense [to] be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). The Act also limits pretrial delay by requiring "the trial of a defendant charged [to] commence within seventy days from the filing date...of the information or indictment," or from the first date or appearance in court, "whichever date last occurs." 18 U.S.C. § 3161(c) (1). If the time limitations of the Act are not satisfied, the charges must be dismissed. 18 U.S.C. § 3162(a).

Certain enumerated types of delays are "excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence." 18 U.S.C. 3161(h). Specifically, Section 3161(h) (7) excludes "[a]ny period of delay resulting from a continuance granted by any judge...at the request of the defendant or his counsel...if the judge granted such continuance on the basis of his/her findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant(s) in a speedy trial." 18 U.S.C. § 3161(h) (7) (A).

The Ninth Circuit has recognized that the discretion granted to the trial court to invoke the "ends of justice" exception is narrow. *United States v. Perez-Reveles*, 715 F.2d 1348, 1351 (9th Cir. 1983) ("Realizing that broad discretion would undermine the mandatory time limits of the Act, Congress intended that the ends of justice continuance be rarely used.") (internal quotations omitted). Moreover, the Ninth Circuit has interpreted Section 3161(h) (7) to impose explicit limitations on a district court's discretion to order continuances to the trial date. *See Id.* at 350.

The ends of justice are not being served by a continuance of the trial date when the United States took two years to indict these defendants, yet apparently made no plans regarding preparing the voluminous discovery for production to the same defendants. The United States cannot be allowed to benefit from its own mistake on the backs of the defendants who should still enjoy the presumption of innocence. If these defendants are to enjoy the presumption of innocence then a year in federal custody while they await discovery underlying their charges

4

1 seems absurd at best.

2     This is patently unfair to these defendants—if they are to be tried here then they should be permitted to remain in the District of Nevada to confer with counsel, prepare for trial, and sift through the reportedly voluminous discovery. The current situation makes adequate preparation for trial nearly impossible, almost without regard to when it is scheduled. Alternatively, if the Oregon case is going to proceed first, as appears plainly the case at this point, then the United States should dismiss the case pending in this jurisdiction until such time as it is ready to proceed without trampling on the constitutional rights of these defendants. The United States must be held to its obligation to respect the rights of defendants it indicts. It cannot be permitted to indict and detain indefinitely as it readies discovery for counsel. The appropriate action would be to dismiss and indict anew when the United States is actually ready to proceed—where ready means prosecute the case in accord with its obligations and while not purposefully disregarding defendant's rights pending trial.

    Moreover, to any observer, it is clear that the Nevada case is a more serious criminal matter. If it was a matter of urgency for the United States to address the criminal conduct which transpired during the standoff near Bunkerville, Nevada, then the United States should have had its proverbial ducks in a row when it came time to indict. The fact that the United States tripped over itself to indict these defendants in two places simultaneously to flummox, frustrate, and hamstring their defense to these charges cannot be rewarded as it continues to be. The Oregon case involving many of these same defendants amounts to an "overblown trespassing case," (to borrow the words a codefendant's counsel used at hearing) whereas the case at bar involves several 924(c) allegations and crimes of violence against federal law enforcement officers. These prosecutions—should they proceed at all—should proceed one at a time in the interests of fairness and transparency.

///
///
///
///

5

## CONCLUSION

Defendant BRIAN D. CAVALIER humbly and respectfully requests that the Objections made herein are acknowledged and prays the Court considers the practical impact of its Order on Mr. Cavalier and the remaining defendants in this matter. Pretrial detention is not to be used as a bludgeon to punish defendants who are presumed innocent. Yet the United States rushed to indict these defendants in two different jurisdictions knowing full well all the while it was ill-equipped to produce discovery to these same defendants in line with its legal obligations. This was deliberate and these tactics ought not be rewarded and legitimized by this Court. Mr. Cavalier respectfully requests that the Order continuing the calendar call and trial dates in this matter be vacated, that the transport of these defendants out of the jurisdiction of the District of Nevada be halted, and that the calendar call and trial dates be reinstated to a time within the 70 day window which is convenient to the Court.

DATED this 25th day of April, 2016.

Respectfully Submitted,

/s/
MACE J. YAMPOLSKY, ESQ.
625 S. Sixth Street
Las Vegas, Nevada 89101
**Counsel for Defendant BRIAN D. CAVALIER**