BRIAN J. SMITH, ESQ.
Nevada Bar Number 11279
LAW OFFICE OF BRIAN J. SMITH, LTD.
9525 Hillwood Drive, Suite 190
Las Vegas, Nevada 89134
Phone: (702) 380-8248
Fax: (702) 868-5778
Attorney for DELEMUS

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 2:16-CR-00046-GMN-PAL |
| | ) | |
| vs. | ) | |
| | ) | MOTION TO REVIEW DETENTION |
| GERALD DELEMUS, | ) | ORDER PURSUANT TO 18 U.S.C. § |
| | ) | 3145(b) |
| Defendant. | ) | |
| _____ | ) | [Expedited treatment requested] |

**I.**
**STATEMENT OF FACTS**

On March 2, 2016 a sixteen-count Indictment was filed against DELEMUS and eighteen other co-defendants relating to an incident that allegedly occurred on or about April 12th, 2014 in Bunkerville, Nevada. DELEMUS was charged with eleven counts in a sixteen count indictment alleging various conspiracy and firearms offenses.

**II.**
**PROCEDURAL HISTORY**

DELEMUS was arrested in the District of New Hampshire pursuant to a warrant issued out of the District of Nevada. On March 4, 2016, he made an initial appearance in New Hampshire. He was held in continuous custody through March 7, 2016, the day of his detention hearing.

On March 9, 2016 the Honorable Andrea K. Johnstone issued an Order of

Detention. A copy of that Order is annexed hereto as **Attachment A**. The Court found that (1) DELEMUS did rebut the presumption per 18 U.S.C § 3142 that "no condition or combination of conditions will reasonably assure the safety of any other person and the community… " and (2) that the government did not show that DELEMUS presents a flight risk. (Order of Detention, Dkt#8, p. 8).

The Court did find by clear and convincing evidence that there were no conditions that could reasonably assure the safety of any person or the community. *Id*. Although the Court recognized that "his ties to [New Hampshire] and his lack of criminal history, substance abuse, or mental health issues" weighed in the favor of his release, the Court found that "the nature of the offenses charged" along with the "demonstrated seriousness of danger" to the community that would be posed by release ultimately swayed the determination of detention.

In looking at the seriousness of the offenses charged, the Court looked at the fact that (1) DELEMUS traveled with firearms to Nevada "with the intent to use them against federal law enforcement officers," and (2) DELEMUS remained at the ranch, in some sort of leadership position, for an extended period of time, allegedly recruiting other armed Bundy supporters to travel to the ranch. (Order of Detention, Dkt#8, p. 9). Moreover, the Court noted that although DELEMUS has proven peaceful over the ensuing two years since April of 2014, the Court nonetheless "has no evidence that in that time the defendant has abandoned his beliefs with regard to his willingness to engage in armed confrontation with government officers." *Id.*

DELEMUS had several witnesses testify on his behalf as to his peaceful nature, patriotism, and respected stature in the community. Still, the Court found that DELEMUS has shown a "willingness to use lethal force against federal officers, and recruit others to

2

participate, without regard to lawful court orders." *Id* at 11. The Court notes DELEMUS'

attitude of resistance towards the federal government, citing a possible issue with working

with federal officers within the requirement of pretrial release conditions. Interpreting the

attitude of DELEMUS as a danger to community through willingness towards violence

and disobedience, the Court found that such a position "cannot be mitigated with any

conditions imposed by this court." *Id. at 12.*

### III.
### THE LEGAL STANDARD

18 U.S.C. § 3145(b) provides that a detention order of a magistrate judge can be

reviewed by a court with original jurisdiction over the offense. Jurisdiction is proper in

Nevada as the state in which the alleged crimes occurred and in which charges are

pending. *See* <u>United States vs. Vega</u>, 438 F.3d 801 (7th Cir. 2006). In reviewing the

magistrate's order of detention, a district court is to review the order *de novo*. <u>United</u>

<u>States v. Koenig</u>, 912 F.2d 1190 (9th Cir. 1990).

The nature of the charges against DELEMUS create a rebuttable presumption

pursuant to 18 U.S.C. § 3142 that there are no conditions or combination of conditions

that will reasonably ensure the appearance of the person and safety of the community.

Once this presumption is overcome, the burden is shifted to the government to

demonstrate by clear and convincing evidence that no condition or combination of

conditions will reasonably assure the safety of any other person and the community.

The directive of 18 U.S.C § 3142 centers on whether pretrial release can be

predicated upon a finding that the defendant does not pose a danger to the community

nor is deemed a flight risk. In making this decision a court reviewing the status of pretrial

detention must consider the following:

3

**(g)FACTORS TO BE CONSIDERED.**—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—

    **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

    **(2)** the weight of the evidence against the person;

    **(3)** the history and characteristics of the person, including—

        **(a)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        **(b)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

    18 U.S.C § 3142 (g).

Of the four main factors to be considered under 18 U.S.C § 3142(g), the least important consideration is the weight of the evidence. <u>United States v. Motamedi,</u> 767 F.2d 1403, 1408 (9th Cir. 1985). Although there is a presumption of detention in this case due to the nature of the charges, once this presumption is invoked, the Defendant only need present come credible evidence that he or she is not a flight risk or danger to the community in

4

order to overcome the presumption. *See e.g.* <u>United States v. Dominguez</u>, 783 F.2d 702, 707 (7th Cir. 1986) (Defendant's burden of production is not heavy, but must produce some evidence).

## IV.

## ARGUMENT

## GERALD DELEMUS IS NOT A DANGER TO THE COMMUNITY

As it has been previously determined that DELEMUS is not  a flight risk, the only issue for this Court to consider is whether or not he presents a danger to the community,

At the outset, It should be noted that the determination of detention should remain fixed upon DELEMUS and his particular role in the events that transpired in Bunkerville. It is critical to the determination that DELEMUS <u>was not present</u> at the incident that occurred on April 12, 2014, as he arrived "shortly thereafter" during the evening hours. (Order of Detention Pending Trial, Dkt#8, p. 2).

In short, the government alleges DELEMUS played a management role in the Cliven Bundy group, tending to cattle, providing transportation, arriving with firearms, and making statements that allegedly support Bundy and his associates. The main focal point of the charges contained within the indictment surround Bundy and other co-defendants being caught in an armed assault with the federal law enforcement officers on April 12, 2016 over the seizure and removal of Bundy's cattle. To be clear, DELEMUS's involvement in the matter would not begin until <u>after the standoff was over</u>, and he was not aware that there had been an armed confrontation (or certainly, the extent to which it had escalated) until he arrived late into the evening.

Following the arrival of DELEMUS, the alleged threatening and violent conduct had come to an end. His role proved to be a primarily a mediator, acting as a conduit between law enforcement and the Bundy group. DELEMUS met with local law enforcement, even

traveling to the Mesquite Police Department to attempt to smooth over their concerns with the Bundy group. As he was not involved in either conduct leading up to April 12, 2014, nor the actual confrontation that took place that day, DELEMUS did not take part in the alleged threatening and impeding of federal or local law enforcement agents.

The government regards his statements as showing a propensity towards violence. This assumption of his propensity comes not from any sort of tangible behavior of DELEMUS, but rather the government's interpretation of statements made in social media such as Facebook. In contrast to this interpretation, DELEMUS's behavior highlights first and foremost, a propensity as a peacemaker.

It should not be overlooked that the events in Bunkerville occurred more than two years ago. Since that time, DELEMUS has not had any adverse contact with law enforcement. In fact, the FBI has contacted DELEMUS in a conduit capacity numerous times during this period. For example, in early 2016 Bundy's associates were involved in another armed standoff with authorities in Harney County Oregon. DELEMUS traveled to Oregon with the intention of "talking down" those who were involved, looking to prevent violence. As such, DELEMUS contacted SA Phillip Christiana of the FBI prior to leaving to explain his intentions and goals in traveling to the Oregon scene. Once he arrived, he met with FBI agents before traveling to the property in issue. Upon meeting with the Bundy associates, he warned them they could disperse from the scene, avoid violence, and not resist. He attempted this again several days later, telling them to leave the area and resolve the matter through the court system. Since that time, DELEMUS has returned to New Hampshire, without incident, before being arrested in relation with the current charges. Since returning home, DELEMUS has made legal purchases of firearms, a fact that undoubtedly has not been overlooked by the FBI. DELEMUS is a collector, and his

firearms have all been legally purchased and used for lawful purposes. However, should the Court decide this motion in his favor, DELEMUS has offered to remove all firearms from his residence as an act of good faith and to assuage any lingering doubts about his potential danger to the community.

DELEMUS is a veteran of the United States Marine Corps, in which he served from 1973 through 1979. He has no history of mental health issues, does not drink or use drugs, and beyond these charges has no criminal history.

His wife, SUSAN DELEMUS, is a member of the New Hampshire legislature. This is essentially a volunteer position that pays $100 per year. DELEMUS usually works as a construction contractor, and his income provides the sole support for himself, Susan, and Susan's mother, who is currently suffering from Stage 5 Alzheimer's disease. Since her husband's arrest and continued detention, Susan has been reduced to selling off items of personal property to make ends meet.

In spite of the present hardship, DELEMUS continues to enjoy an outstanding reputation in his home community, and is held in very high regard by his neighbors. He was a candidate for Sheriff in his home jurisdiction several years ago, but the campaign was not successful. DELEMUS's standing and reputation in his community is evidenced by letters from the following friends, neighbors, and acquaintances, which, for the sake of economy are all annexed hereto as **ATTACHMENT B**:

    1. Hon. Robert J. Giuda

    2. Rep. Frank C, Guinta, Member of Congress

    3. Rep. Warren Groen, New Hampshire

    4. Stephanie Monza

    5. Randall Bowen

6.  Omer C. Ahern, Jr., Esq.

7.  Lyle R. Duell, Minister, Church of Christ

8.  Ken Eyring

9.  Julien Savoie

10. James Breitmaier

11. Jack Kimball

12. Donald and Suzane Medbery

13. Debra Albertelli

14. Brian Albertelli

15. Chris Williams

16. Bernadette Frongillo

17. Keith Mistretta

For all the above-mentioned reasons, Defendant GERALD DELEMUS respectfully asks that this Court review the Detention Order from the District of New Hampshire, and find that there are conditions that can be fashioned to ensure the safety of the community, and that further detention is not warranted.


        DATED this 25th day of April, 2016.



                                        _____/s/ Brian J. Smith_____
                                        BRIAN J. SMITH
                                        Nevada Bar No.:  11279
                                        9525 Hillwood Drive, Suite 190
                                        Las Vegas, Nevada 89134

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee of the Law Office of Brian J. Smith, Ltd., and is a person of such age and discretion as to be competent to serve papers. That on April 25, 2016, she served an electronic copy of the above and foregoing **MOTION TO REVIEW DETENTION ORDER PURSUANT TO 18 U.S.C. § 3145(b) [Expedited treatment required]**, by electronic service (ECF) to the persons named below and via United States Postal Service, first class mail, to the defendant:

Daniel G. Bogden, Esq.
NICHOLAS D. DICKINSON
NADIA JANJUA AHMED
STEVEN W. MYHRE
ERIN M. CREEGAN
Attorneys for the United States of America
Via CM/ECF

GERALD DELEMUS
Henderson Detention Center
18 S. Water St.
Henderson, NV  89015
Via USPS

_____
Employee of the
Law Office of Brian J. Smith, Ltd.

# ATTACHMENT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States of America

v.

Case No. 16-mj-24-AJ

Gerald A. Delemus


## ORDER OF DETENTION PENDING TRIAL


In accordance with 18 U.S.C. § 3142(f), a hearing was conducted on March 7, 2016, to determine whether the defendant should be detained.  For the reasons explained below, the government's motion for detention (doc. no. 2) is granted, and the defendant's motion for bail (doc. no. 6) is denied.


### Background[1]

Cliven Bundy is a resident of Nevada living on 160 acres of land known by the government as the "Bundy Ranch."  The ranch is surrounded by thousands of acres of federal land.  The government alleges that Bundy uses that land to unlawfully graze his cattle.

_____

[1] This brief factual background is taken from the government's superseding indictment (doc. no. 1), the government's motion for detention (doc. no. 2), and the defendant's motion for bail (doc. no. 6).

In 1998, the Bureau of Land Management ("BLM"), an agency
within the United States Department of the Interior, sued Bundy
for trespass.  Soon after, a United States District Judge
ordered Bundy to remove his cattle from the public land.  Bundy
ignored the order, and a subsequent order filed in 1999,
contending that the orders were unlawful.  In 2013, the district
court ordered Bundy to remove his cattle within 45 days.  If
Bundy refused, the BLM was authorized to remove and impound his
cattle.

The government alleges that on April 12, 2014, Bundy
mustered more than 60 armed gunmen to assault and intimidate
federal law enforcement officers when they attempted to impound
his cattle.  The government contends that the defendant, Gerald
A. Delemus, was not present during the April 12 incident but
arrived at the ranch shortly thereafter.  To reach the ranch,
the government alleges that the defendant drove to Nevada from
New Hampshire, more than 40 hours, with a brief stop in Utah to
"line" his rifles.  Once the defendant reached the ranch, the
government contends he was placed in charge of "Camp Liberty,"
one of the armed camps in the area.  The government further
alleges that the defendant himself provided an armed escort for
Ryan Bundy, a codefendant in this matter, as he tended to
cattle.  The government also claims that the defendant recruited

gunmen for Cliven Bundy, and, during an interview, asked
veterans to "get out here, come out . . . [b]ut bring your gear,
as much as you possibly can."

While at the ranch, the government alleges that the
defendant gave multiple interviews.  In one such video, which
was videotaped, the government contends that the defendant
stated:

> What we are out here to do is to keep the Federal
> Government, that is acting in a lawless nature, from
> shooting the Bundys or anyone else.  If in fact, the
> Federal Government and their agencies come after the
> Bundys and shoot at them, we will defend the Bundys.
> Absolutely, and we have all the capability in the
> world to do that.  Do we want to do that?  Absolutely
> not.
>
> . . .
>
> what we will do is we will all die right here in place
> to defend the Bundys and the freedom of this country.
> And if nobody else in this country will stand up, by
> god, you can look around here and see what true
> heroism is.

In another videotaped statement, the government alleges
that the defendant acknowledged traveling to the ranch to join
the "offense," with the intention that "we will stand and we
will fight and we will die if the government tries to oppress
the Bundys."  The government also claims that the defendant
stated that "freedom is worth fighting for and worth dying for"
and that he would rather law enforcement "die trying to take it,
but if that sacrifice needs to be made, by God, we'll make it"

and "what we are fighting here is a lawless government." The
defendant remained at the ranch for three weeks after the April
12, 2014, armed standoff.

## Legal Standards

Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141-
3156, "does not authorize a detention hearing whenever the
government thinks detention would be desirable, but rather
limits such hearings" to the circumstances listed in 18 U.S.C.
§§ 3142(f)(1) and (f)(2). United States v. Ploof, 851 F.2d 7,
10 (1st Cir. 1988). In this case, the government asserted that
a detention hearing was warranted under the statute.

The defendant has been charged by indictment with the
following offenses:

> Conspiracy to Commit an Offense against the United
> States in violation of 18 U.S.C. § 371 (Count 1);
>
> Conspiracy to Impede or Injure a Federal Officer in
> violation of 18 U.S.C. § 372 (Count 2);
>
> Assault on a Federal Officer in violation of 18 U.S.C.
> § 111(a)(1), (b) and 2 (Count 5);
>
> Use and Carry of a Firearm in Relation to a Crime of
> Violence in violation of 18 U.S.C. § 942(c) and 2
> (Count 6);
>
> Threatening a Federal Law Enforcement Officer in
> violation of 18 U.S.C. § 115(a)(1)(B) and 2 (Count 8);

Use and Carry of a Firearm in Relation to a Crime of
Violence in violation of 18 U.S.C. § 942(c) and 2
(Count 9);

Obstruction of the Due Administration of Justice in
violation of 18 U.S.C. § 1503 and 2 (Count 12);

Interference with Interstate Commerce by Extortion in
violation of 18 U.S.C. § 1951 and 2 (Count 14);

Use and Carry of a Firearm in Relation to a Crime of
Violence in violation of 18 U.S.C. § 942(c) and 2
(Count 15); and

Interstate Travel in Aid of Extortion in violation of
18 U.S.C. § 1952 and 2 (Count 16).

The court finds that charges in this case and the government's
proffer with respect to risk of flight and danger satisfy the
above parameters set in the Bail Reform Act.  Therefore, the
March 7, 2016, detention hearing was authorized.  See 18 U.S.C.
§ 3142(f).

Pursuant to § 3142(f), the court must determine whether any
condition or combination of conditions set forth in § 3142(c)
will reasonably assure the appearance of the defendant ("risk of
flight"), the safety of any other person, and the safety of the
community ("dangerousness") if the defendant is not detained.
See United States v. Patriarca, 948 F.2d 789, 791 (1st Cir.
1991).  In making this determination, the court must consider
the following: (1) the nature and circumstances of the offense
charged; (2) the weight of the evidence as to guilt; (3) the
history and characteristics of the accused, including family

ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release. 18 U.S.C. § 3142(g). The government has the burden to persuade the court that no condition or combination of conditions the court could order will reasonably assure the defendant's presence at trial or the safety of another or the community if the defendant is released. Patriarca, 948 F.2d at 793. The government is required to prove risk of flight by a preponderance of the evidence and to establish dangerousness by clear and convincing evidence. See id. at 792-93.

In some instances, a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community. Among the instances where a presumption arises is the situation where "the judicial officer finds that there is probable cause to believe that the person committed . . . an offense under [18 U.S.C. § 924(c)] . . . . ." 18 U.S.C. § 3142(e)(3)(B). Once the presumption is invoked, the defendant need only produce "some evidence" to rebut it. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991) (citing United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985)). "When a defendant produces such evidence, however, the presumption does not disappear. The

# ATTACHMENT B

# Hon. Robert J. Giuda

660 Beech Hill Rd.
Warren, NH 03279
rjwg75@gmail.com
(603)-764-5869 (Home Office)
(603)-219-9643 (Mobile)

April 7, 2016

Your Honor,

I am writing to ask you to end the pretrial confinement of Jerry DeLemus.

As a graduate of the United States Naval Academy, a former United States Marine Corps officer, a former Special Agent of the FBI, and former State Representative and Deputy Majority Leader of the New Hampshire House, I vouch for the integrity of Jerry DeLemus. It is my strongly held belief that he has been detained and imprisoned unjustly, because he constitutes neither a danger to the community nor a flight risk.

I have known Mr. DeLemus for 15 years, attended and spoken at events he has organized, spent time in his home, stood with him in the open exercise of our rights, ALWAYS AND WITHOUT EXCEPTION within the law and with no implied or overt threat or intimation of violence to himself or anyone else, or to the government or its agents or agencies.

Our legal system – and its operatives – are not perfect. As with any system, when a mistake has been made, we are honor-bound to correct it, especially when the consequences of that error are so grave as to cost a person his freedom. The federal magistrate who deemed Mr. DeLemus a threat and a flight risk had no knowledge of the true nature of his actions, his motives and his stature within the community. Never in his life has he behaved in such a way as to warrant revocation of his freedom. He has never demonstrated anything except respect for the law and love for our nation, its Constitution and our Bill of Rights. He has never been charged or convicted of any misdemeanor or felony. That he has been an outspoken critic of certain actions of our state and federal governments – and that he has openly and lawfully exercised those freedoms enumerated within our Bill of Rights – seems to have frightened federal agents and prosecutors into believing that he is a danger to public safety and a flight risk. Yet there is not one shred of evidence to suggest, much less support such a finding. I would submit to you that prevention of such an injustice is precisely the reason that our Founders ESTABLISHED the Bill of Rights. It is tragic irony that the lawful exercise of the very freedoms protected by the Bill of Rights now seems to constitute grounds to revoke them.

Mr. DeLemus has been convicted of NOTHING, ever. He has harmed NOONE, ever. He has never once failed to discharge his responsibilities as a citizen, husband or father. Yet today, he remains incarcerated thousands of miles from his home, kept in isolation, and denied the very freedom for which he was willing to put his life on the line in service to our country.

Jerry DeLemus is a man of peace. He and his wife are leaders within the community. They foster love of freedom, respect for our Constitution, and a healthy scrutiny of the actions of government. To suggest that this constitutes grounds to revoke his freedom is just plain wrong.

You, as a Judge, seek truth supported by evidence – not by hearsay, allegation or insinuation. You are the "balance" in the scales of justice. I entreat you to return Jerry DeLemus to his home, his spouse and the dying mother-in-law for whom they are the caregivers.

Of this I am certain: Should you release him to his own recognizance, Jerry DeLemus, as a man of his word, will appear as ordered to stand trial for the offenses with which he has been charged. But his months-long pretrial confinement is unwarranted, unnecessary and inhumane.

Please reverse this injustice.

Sincerely,

*Robert J. Giuda*

Your Honor:

I submit this letter on behalf of Mr. Jerry DeLemus, a resident of Rochester, New Hampshire known personally to me.

I have known Mr. DeLemus for more than seven years and have found him to be a man of strong passions with a thirst for freedom. He is a man who cares deeply about his community and this country which he served honorably in the United States Marine Corps.

The charges filed against Jerry are serious and his personal freedom is in jeopardy, while the job of determining guilt or innocence ultimately rests with the court, I pray that he is innocent of all charges.

I can truthfully say that although impassioned, I have never known Jerry DeLemus to be a man of violence. I know him only to be a law-abiding member of our society.

Respectfully,

Frank C. Guinta
Member of Congress
Jay Ruais
Chief of Staff
Rep. Frank Guinta
326 Cannon House Office Building
M: 603.475.0332
O: 202.225.5456

Mr, Sisti

I have known Jerry for over 10 years and have been good friends with him for over 8 of those years.

We have worked on projects together as volunteers.

We have done many hours of campaigning for office together.

We have attended worship services together.

We have attended political events together.

My point is that I have seen Jerry operate in many contexts and have observed his life and lifestyle and his behavior in many different situations.

He is a community minded man.

He is service oriented.

He served as a Marine.

He is a faithful man.

He is absolutely not a danger to his community, but rather is an asset to his community

He is not a flight risk, in fact I would put myself up as bail for him. In my 10 years of experience with Jerry I have

found him to be honest and straightforward in every way.

Please pass this information on to those in the Federal government who desire information about Jerry.

Best,

Representative Warren Groen

Strafford District 10

Rochester, New Hampshire

To Whom It May Concern;                                              March 20, 2016

     My name is Stephanie Monza and I have been a neighbor and more importantly a friend of Jerry DeLemus for over thirteen years. Throughout this time I have observed him in various capacities; politically as he ran for both Mayor of the City of Rochester, NH and Strafford County Sheriff.

     Although we are on opposite ends of the spectrum regarding politics (I am a Democrat,) I admire Jerry's ability to get along with others. Regardless of their beliefs I have never witnessed Jerry being disrespectful to anyone in any way.

     Jerry DeLemus is one of the kindest people I have known. Several years ago I was alone for the duration of the winter. Jerry was the person I could count on for supplying power with his generator when the electricity went out…shoveling the snow from the door of my garage so I could drive my car to work; coming over with extra towels when my washer overflowed:  I could go on and on.

     When my mother was dying in Hospice Care and I could not reach my husband, the Delemus' were the ones who came to sit with me, no questions asked. I remember the time that my husband was having trouble installing a screen door and Jerry came over to help him. My husband actually lashed out at Jerry saying "I don't need your help…I can do it myself." Anyone else would have become agitated as well but Jerry calmly turned and walked away. When my husband apologized, Jerry graciously accepted his apology and all was forgiven.

     In the thirteen years I have known Jerry DeLemus I can honestly say I have never heard him raise his voice …not once. He is as honest as they come. If Jerry tells you he will do something, he will get it done. Jerry has completed several projects for us over the years. He was honest with his estimates and finished each job on time while managing to do a few extra things on his own time at no additional cost.

     I have always felt comforted having Jerry as my neighbor .To say that Jerry is a "danger to the community" is the furthest from the truth! I have never seen him threaten anyone or display a temper …ever.
There is a bumper sticker which reads, "Perform Random Acts Of Kindness." This personifies Jerry's character and the way in which he lives his life on a daily basis. I am very proud to call Jerry DeLemus my friend.


Sincerely,

Stephanie Monza
15 Dustin Homestead
Rochester, NH  03867
603-767-7457

Randall Bowen
70 Church Street
Rochester, N.H.
03839
March 20, 2016

To Whom It May Concern,

My name is Randall Bowen. My wife and I own a food vendor stand in front of Home Depot in Rochester, N.H. We have been in business for 14 years.  We met Jerry and Sue through our business 13 years ago, and have been friends since.

Jerry was there for me when my parents passed away. I entrusted my grandchildren to Jerry and Sue on a trip to Washington D.C. without a second thought. Jerry and I have run for local offices as a team and have attended many local meetings and events trying to have a positive impact on our community. Jerry is a rare person that would literally give you the shirt off his back to help you. Just at work alone, I have noticed, more times than not, when he helps people load their cars, especially the elderly.

I credit Jerry to being a major influence in reconnecting me with God. I have witnessed Jerry lifting up lost and depressed souls by open prayer.

The Jerry I know, is honorable, kind, and trustworthy, He has been nothing but a positive impact on my life. He has been and is a blessing to our community.

Sincerely,
Randall Bowen

To Whom it may concern:

Thank you for taking the time to read this letter that I write on behalf of my good friend, **Jerry DeLemus** of Rochester, New Hampshire.

I am a licensed attorney admitted to the Bars of the State of New Hampshire, and to the Supreme Court of the United States. I am the Navigator of my local Fourth Fourth Degree Assembly and the Advocate of my Third Degree Council, both of the Knights of Columbus. I am a member of my local Grange, my local Rotary Club, and the New Hampshire Farm Bureau Federation.. I have served the people of the State of New Hampshire in various elected capacities as a County Commission for two terms in Sullivan County, a State Representative serving Belknap District 8, and as a County Commissioner in Grafton County.

I have known Jerry Delemus for about six (6) years, primarily through our common efforts on behalf of the folks in our local communities advocating for the preservation of our rights for our selves, our children and our grandchildren, as enumerated in our Federal and State Constitutions.

During, and over, these years, I have come to know Jerry as a very passionate and peaceful advocate for our American principles of personal responsibility of and by all Americans in their public and personal affairs, and for the principles of life, liberty, and the pursuit of happiness. Jerry espoused these principles always within the framework of the Constitutional laws of our Nation and State. Jerry never advocated for violence or acting outside of the law in any way, shape, manner or form. In listening to Jerry, on a number of occasions, Jerry would often remind those of us in attendance that the oath he took upon becoming a U.S. Marine was an oath that he took very seriously then and that continued to guide him in the present. I have attended several "public gatherings" with Jerry during these years, and on every occasion, especially where he would be acting in a leadership role, Jerry always showed himself to be a man of peace, honesty and integrity.. At one particular "public gathering", as I recall, a large group of "contrary-minded" folks attempted to disrupt our "legally-permitted" gathering, and Jerry maintained his usual equanimity and reminded our gathering to not become "distracted" by the "other" folks. Jerry is a very community-oriented citizen, constantly making himself available to assist his neighbors and friends in need. On one such occasion, Jerry suffered severe injuries in falling off of a friend's roof while attempting to remove ice and snow therefrom The injuries Jerry suffered, required several operations, and his injuries left Jerry in a wheelchair for several months after the accident. Jerry has never demonstrated to me, or in my presence, any indications that he is a danger to the community in any way.

It is my sincere prayer that my friend, and fellow "laborer in the vineyard of this life", Jerry Delemus, will be accorded the full rights of freedom that a peace-loving American citizen must be allowed to enjoy.

Thank you for your consideration of my letter on behalf of my good friend, Jerry Delemus, and if you have any questions about any of the foregoing, please do not hesitate to contact me at the below address or phone number..

Very truly yours,
Omer C. Ahern, Jr., Esq.
NH Bar # 246
97 Cummings Hill Road
Plymouth, NH  03264
603-536-2224

# CHURCH OF CHRIST

Minister:   LYLE R. DUELL
(207) 457-1416

336 SALMON FALLS ROAD • P. O. BOX 1333
ROCHESTER, NEW HAMPSHIRE 03866-1333

Area Code 603
332-7193

March 15, 2016

To whom my concern;

I am writing as a character witness for Jerry DeLemus

I have known Jerry DeLemus in a number of capacities for eight years. We have been friends and Jerry
has worked for me in the capacity of being a subcontractor. His character is above reproach. He is
honest, hard working and very responsible. He relates to people well and I have observed that he treats
his employees fairly and with respect. Since I've known him, he has demonstrated a willingness to help
anyone who is in need. To think that Jerry could be a danger for the community is unbelievable for those
who know him.

Sincerely,

Lyle Duell
Minister

*"Striving For Unity Among Believers in God"*

My name is Ken Eyring, and I live in Windham, New Hampshire. I am writing on behalf of Mr. Jerry DeLemus because I believe it is important for you to hear from people like me who have gotten to know Jerry, his family and friends over an extended period of time. Jerry is an honorable and peaceful man of character who has a deep love for God, family, friends, community and country. I met him approximately six years ago and have always found him to be a positive, engaging, and warm individual who treats everyone with a high level of respect and integrity. I believe strongly that he is not a danger to the community and he will always be welcome in my house with my family.

Respectfully,
Ken Eyring
3 Locksley Road
Windham, NH  03087
603-434-4836

Julien Savoie
8154 Corky Lane
Jacksonville, FL 32244

March 22, 2016

To Whom It May Concern:

My name is Julien Savoie. I currently reside in Jacksonville, Florida and am a 62 year old gainfully employed American citizen. I have known Gerald "Jerry" Delemus and his wife for approximately ten years. We became acquainted through the 912 organization in Rochester, NH. The 912 organization was established to promote the principles embodied in the United States Constitution and to actively seek adherence to them through involvement in the political process and support of political candidates of a like mind. Our activities and assemblies have been public, peaceful and lawful.

As leader of the Rochester 912, Jerry Delemus has promoted strict adherence to the Constitution and our political process through open demonstrations, assembly at government meetings and support of our chosen candidates through free elections. There has never been an instance of violence on the part of the Rochester 912 nor has Jerry Delemus ever advocated such a course of action at any time. Neither has Jerry Delemus ever issued a threat of violence or illegal conduct or suggested such action either privately or publicly in my presence.

This letter is written at the request of counsel for Jerry Delemus regarding his upcoming detention hearing. It is my understanding the issue at hand is whether Jerry Delemus poses a danger to the community and must therefore be held in a detention facility pending trial. I wish to express in the strongest terms my belief and experience that Jerry Delemus does not, nor ever has, posed an unprovoked threat to anyone. To the contrary, I have found him to be a voice of reason, even during heated debate, and of faith in the rule of law and the promotion of justice. To incarcerate such persons not only does harm to the individual but to the community.

I respectfully urge the court to allow this man his freedom during the pendency of his case.

Sincerely,

Julien Savoie
Tel.: 904-592-7814

To whom it should concern,

My name is James Breitmaier, and with my partner Karen Horne I would like to address the pending hearing of Gerald Delemus.

We live at Dustin Homestead, Rochester NH. I am a sales professional at VW of Rochester, and Karen is a retired Master Teacher, both citizens of the United States.

Gerry has been our neighbor, and friend for over fifteen years. He is Honest, Hard working, and Dedicated to the community and his family.
 He also holds our country, the United States of America, and it's constitution, in the highest regard. As an active serviceman in the Marines he
offered his life to defend same.


We adamantly disagree with anyone who believes him to be a danger to himself, or the community. I have been to many of our Condo meetings with him, that have gotten very "heated", and Gerry has always been the calm voice of reason, never losing his temper, always striving for the solution that works for all of us.

Karen and I would like to see Gerry returned home and allowed to defend himself , and his actions, in the courts, while still being able to care for his family pending those hearing results. We see no reason for him to be detained waiting for his due process.

James D Breitmaier
Karen J Horne
2 Dustin Homestead
Rochester, NH 03867

April 7,2016

Re:  Gerald DeLemus

Your Honor,

My name is Jack Kimball.  I am a New Hampshire Businessman, a prior candidate for
Governor and a prior GOP Chairman in my State.  I am also a U S Navy Veteran.  I
presently live in the Seacoast of New Hampshire where I met and became friends with
Jerry DeLemus over 8 years ago.  During that time I have come to know him as a man of
honor and integrity.  A man who loves his Country and his God and who believes in
Liberty and our Constitution with all his heart.  He has also served his Country as a U S
Marine for 6 years. He is also a man of peace.  Never in the time I have known him have
I seen him seek anything but peaceful resolution to any and all issues that may have
arisen.  Further, he is a hard working man who is the main breadwinner in his family.  He
is also the caregiver, along with his wife Susan, of his Mother in Law, who is dying of
Alzheimer's disease.  His arrest, several weeks ago, was a shock to all of us who know
him since we know he is innocent of the charges levied against him.  I attended both
hearings here in NH and witnessed the reading of those charges and all I could do was
shake my head knowing that none of them were true.  It is now time to let him go
home to help care for his Mother in Law until his trial date is set as Jerry is a danger to
no one and never has been.  To held him any longer would be a travesty of Justice and
should be considered cruel and unusual punishment.  I am confident that the Court will
agree.


Sincerely,

Jack Kimball
24 Isaac Lucas Circle
Dover, NH  03820

We are Donald and Suzanne Medbery of Dover, NH. We met Mr. DeLemus at church some 8+ years ago. He loves this country, as do we. Donald is a veteran and he and Jerry got along very well. As a Marine, Jerry loves this country and he testified to that fact many times. When a dear friend passed away who was very patriotic, we asked Jerry if he would come to the gathering after the funeral and lead the salute to the Flag. He came in full Marine dress with his medals. It was very special to the family and Jerry considered it an honor. Jerry was always there to help people in need, be it need of food or physical help as a carpenter. We know he was badly injured helping another friend remove ice from her roof up north and as a result he was laid up for many months and in serious pain. But, he was never one to complain. Not too many people would volunteer to assist those in need as does Jerry.

He is a straight talker and honest. He always says it like it is and will quote a bible verse to give inspiration to his remarks. He loves The Lord and cares for his fellow man like no one we've ever known. He will sacrifice his time and energy for someone in need and is always ready to serve his community. He is a true American.

My name is Debra Albertelli and I had the privilege of meeting Gerald in 2008 when we started attending 912 (9 Principles, 12 Values) Group Meetings monthly. My first and lasting impression of him is of a kind, caring and loving nature. The meetings are always held with honor and respect for all who attend. We spent a weekend in Washington with him which was a wonderful experience. He also was kind enough to replace our tattered and torn roof at a discounted price, so he spent a lot of time at our home in 2011. He is not, and never will be, a danger to society; on the contrary, he is a positive influence here and numerous surrounding communities. He is always honest and I trust him with everything I have. I've never known such an upstanding citizen and positive supporter of this community and people in general. I am proud and fortunate to say I know him. Sincerely,  Debra  A. Albertelli

Character reference for my friend Jerry

I have known Jerry for 8 years and I consider him a good friend. In the 8 years I have known Jerry he has been an honest, kind, caring, and giving man. Jerry is a very religious man and is the poster child for the old addage of someone who will "give you the shirt off his back" if you need help. I can say without any doubt and will stake my good name and reputation on the fact that my friend Jerry is no danger to anyone in any community. Jerry is a good man and deserves to be free until the time he is judged by a jury of his peers.

Brian Albertelli
Rochester NH

CHRIS WILLIAMS
P.O. BOX 8652
LA CRESCENTA,
CA91024
818.903.7053

**To Whom It May Concern,**

My name is Chris Williams, I am a general contractor in the Los Angeles area, I first met Jerry DeLemus in October of 1984. He gave me my start in the construction business and became a mentor for me. I have always known Jerry to be a gentle, kind and generous man. Never raising his voice to the guys on the job and always helping others in need. I knew Jerry to go out of his way to help others, he cares deeply for the welfare of others and is a very community oriented person. How he could even be considered a danger to anyone is beyond me. We would read the Bible together before work almost every day. I know he served his country, he is a good, honest and very honorable man and I have a great respect for him. I hope this testimony will assist Jerry as he has done a lot for myself.

Sincerely,

Chris Williams

Dear Sir,

I have known Jerry Delemus for many years, I believe it to be over 20 tears. In all those years I have found him to be generous and Kind. He is involved in the Community, willing to lend a hand to those who need it. Jerry is very enthusiastic and passionate in living life and in his beliefs.

it is my belief that Jerry is certainly NOT a danger to the community, perhaps his only fault is being a bit over passionate at times.

I believe To not allow Jerry to be released at this time, would be a miscarriage of justice.

Sincerely,
Bernadette Frongillo, RN
603-833-5242
422 Spring ST
Farmington, NH 03835

To whom it may concern:

My name is Keith Mistretta and I reside in Dover NH.  This message is meant to serve as a character reference for my friend, Jerry Delemus.  I have known Jerry for about eight years.  I have come to appreciate Jerry as a man who passionately loves God, family, and his country.  He proudly served our country in the United States Marine Corps.  Jerry is a leader in his Rochester NH community and a selfless, giving man.  When a neighbor suffered from a heart attack during mid-winter, it was Jerry who stepped forward to shovel deep snow from the neighbor's roof because it risked collapsing.  While shoveling, Jerry lost his footing on the slippery surface and fell to the ground.  He suffered a severely fractured hip as a result of the fall.  Jerry never showed any regret for helping his friend in need.  He didn't whine about his own pain.  This is typical for Jerry.  As I said, he is truly selfless.  He loves others and regularly steps up to the plate to those in need.  He is a Marine, a Good Samaritan, a community leader, and I am proud to call him friend.

Jerry and I last spoke when he learned I was suffering from a complex back surgery in May 2015.  He showed only concern for my recovery.  I found out a few days later (through his loving wife, Sue) the extent of Jerry's own hip injury and ongoing pain.  He never let on in our phone call of his chronic pain.  He extended help to me and offered prayers for my recovery.

Jerry poses absolutely no danger to our community.  On the contrary, our community is much better with him in it.  Please release Jerry now.  He is a man of peace with unending love for God, family, and friends.

If anyone wishes to speak with me directly regarding this generous man, my cell number is 603-469-7569.

Keith Mistretta
Dover NH