1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7   UNITED STATES OF AMERICA,                          Case No. 2:16-cr-00046-GMN-PAL

8                                    Plaintiff,        **CASE MANAGEMENT ORDER**

9            v.

10   CLIVEN D. BUNDY, et al.,

11                                    Defendants.

12          The court held a scheduling and case management conference on April 22, 2016, to

13   determine whether this case should be designated as complex within the meaning of 18 U.S.C. §

14   3161(h)(7)(B)(ii), and to consider the parties' proposed case management schedules.  Eighteen of

15   the nineteen Defendants appeared with their counsel.   Defendant Ryan Bundy is representing

16   himself and appeared with his standby counsel, Angela Dows.

17          In an Order (Dkt. #198) entered March 25, 2016, the court directed the parties to meet

18   and confer as required by LCR 16-1 to discuss whether this case should be designated as

19   complex and, if so, to attempt to arrive at an agreed upon complex schedule addressing:

20          1.   The scope, timing, and method of the disclosures required by federal statute, rule, or

21               the United States Constitution, and any additional disclosures that will be made by the

22               government;

23          2.   Whether the disclosures should be conducted in phases, and the timing of such

24               disclosures;

25          3.   Discovery issues and other matters about which the parties agree or disagree, and the

26               anticipated need, if any, for motion practice to resolve discovery disputes;

27          4.   Proposed dates for filing pretrial motions and for trial; and

28

5. Stipulations with regard to exclusion of time for speedy trial purposes under 18 U.S.C. § 3161.

The order gave the parties until April 18, 2016, to file a stipulated proposed complex schedule if all parties were able to agree, or if they were not, to file a proposed schedule with supporting points and authorities stating each party's position with respect to whether or not the case should be designated as complex, a proposed schedule for discovery, pretrial motions, and trial, and any exclusions of time deemed appropriate under 18 U.S.C. § 3161.

## PROPOSED COMPLEX CASE SCHEDULE

### I.    Designation of the Case as Complex.

A Proposed Complex Case Schedule (Dkt. #270) was filed April 18, 2016. In it, the government and thirteen of the nineteen Defendants agreed that the case should be designated as complex. These thirteen Defendants who stipulated to the proposed schedule are: Cliven Bundy, Mel Bundy, Dave Bundy, Blaine Cooper, Gerald Delemus, O. Scott Drexler, Richard Lovelien, Steven Stewart, Todd Engel, Gregory Burleson, Joseph O'Shaughnessy, Micah McGuire and Jason Woods. Three Defendants, Ammon Bundy, Peter Santilli, and Brian Cavalier, indicated that they "defer the decision to agree or disagree, pending further consultation with counsel and/or have taken no position as of the filing of this pleading." Three Defendants, Ryan Bundy, Eric Parker and Ryan Payne, disagreed that the case should be designated as a complex case "to the extent time is excluded under the STA."

### II.    Stipulation to Vacate the May 2, 2016 Trial Date and Reset the Trial in February 2017.

The same thirteen Defendants, Cliven Bundy, Mel Bundy, Dave Bundy, Blaine Cooper, Gerald Delemus, O. Scott Drexler, Richard Lovelien, Steven Stewart, Todd Engel, Gregory Burleson, Joseph O'Shaughnessy, Micah McGuire and Jason Woods, agreed that the trial setting of May 2, 2016, should be vacated and that the trial of this matter should be set on the first available trial track beginning "in or around" February 2017. Three Defendants, Ammon Bundy, Peter Santilli, and Brian Cavalier, "deferred the decision to agree or disagree about a trial date pending further consultation with counsel or have not taken a position."

### III.  Stipulations with Regard to Exclusion of Time Under 18 U.S.C. § 3161.

The same thirteen Defendants who agreed the case should be designated as complex and a trial date set in February 2017, stipulated "that all time from the entry of Defendants' pleas in this case until the trial of this matter is excluded for purposes of the STA pursuant to 18 U.S.C. § 3161(h)(7)(A), as the ends of justice outweigh the interest of the public and the Defendants and the speedy trial."  Ammon Bundy, Peter Santilli and Brian Cavalier "deferred the decision to agree or disagree about the exclusion of time, pending further consultation with counsel, or have taken no position on the matter."  Ryan Bundy stated he disagreed "to the extent any exclusion of time denies him the right to a speedy trial under the STA."  Eric Parker stated he disagreed "with no further position stated."  Ryan Payne stated he disagreed "with the exclusion of time to the extent it denies him the right to a speedy trial under the STA."

### IV.  Stipulation Regarding Pretrial Motions Deadline.

Twelve of the nineteen Defendants agreed to an October 3, 2016 deadline for filing Rule 12 pretrial motions.  Micah McGuire, one of the thirteen agreeing the case should be designated as complex, asked that the court set an October 31, 2016 deadline for pretrial motions.  Ammon Bundy, Peter Santilli and Brian Cavalier stated that they deferred the decision to agree or disagree about the filing of the pretrial motions, pending further consultation with counsel.  Ryan Bundy and Ryan Payne disagreed "to the extent that taking a position waives his right to a speedy trial or results in an exclusion of time under the STA."  Eric Parker disagreed with the deadlines "with no further position stated."

### V.  Stipulation Regarding Appointment of a Discovery Coordinator.

Thirteen of the nineteen Defendants, Cliven Bundy, Mel Bundy, Dave Bundy, Blaine Cooper, Gerald Delemus, O. Scott Drexler, Richard Lovelien, Steven Stewart, Todd Engel, Gregory Burleson, Joseph O'Shaughnessy, Micah McGuire and Jason Woods, agreed that designation of a discovery coordinator would best facilitate the efficient and timely production of discovery.  Ryan Bundy and Ryan Payne disagreed with the appointment of a discovery coordinator "to the extent it deprives him of a right to speedy trial."  Additionally, Ryan Bundy disagreed to the extent it would deprive him of timely disclosure of discovery.  Eric Parker

1   disagreed with no further position taken.  Peter Santilli, Ammon Bundy and Brian Cavalier did

2   not take a position.

3   **RYAN PAYNE'S PROPOSED ALTERNATIVE SCHEDULING STATEMENT**

4   Defendant Ryan Payne filed a Proposed Alternative Scheduling Statement (Dkt. #269).

5   Payne's position was that the court should set a trial date within the standard speedy trial limit, or

6   leave the current date calendared in place.  He argues that the case should not be designated as

7   complex on various grounds.  First, Payne opposed designation of the case as complex asserting

8   the case was being controlled and compelled by the government for its own strategic benefit.

9   Payne argues that the number of Defendants was artificially inflated and that the government

10  cannot hope to try nineteen Defendants together.  Payne suspects that what the government is

11  trying to do is "tune up its prosecution," provoke some pleas and try the top six or seven co-

12  Defendants "who include anyone named Bundy."  Payne also points out that seven of the

13  Defendants charged in this Nevada indictment are also charged in the Oregon case.  At some

14  point the government must consent to trial of non-Oregon Defendants before the prosecution in

15  Oregon is concluded or "confess that the government means to restart trial preparation for all the

16  Defendants in the distant future" when proceedings in Oregon are ultimately concluded.

17  Payne also argues that this case is a "reactionary case."  The gravamen of the accusations

18  in the indictment is that the Defendants conspired to lead a group of men, many armed with

19  guns, to resist the taking of Bundy's cattle and/or their transportation.  The actual events

20  occurred in a compact timeframe.  The only novel question revolves around the propriety of the

21  court permitting two federal cases to be prosecuted simultaneously.  Additionally, Payne

22  anticipates that the primary issue in the defense will be whether the Section 924 counts were

23  properly brought.  Other than this, the case can be handled "within the timeframe of normal case

24  preparation."  Payne requested that the government be ordered to release all available discovery

25  including the index government counsel prepared within the usual timeframe required in this

26  district, May 5, 2016.

27  Payne also argued that he is being held in the Oregon County Jail and unless this court or

28  the Court of Appeals stays his return to Oregon, he will return to conditions that prohibit all

4

1    video and recorded discovery from being examined unless in the presence of defense counsel or

2    a member of defense counsel's staff.

3    ## AMMON BUNDY'S MEMORANDUM IN OPPOSITION TO
     ## COMPLEX DESIGNATION

4

5    Ammon Bundy's Opposition (Dkt. #290) argues that a generalized exclusion of time

6    under the Speedy Trial Act is inappropriate, and that this case should be set within the Speedy

7    Trial Act 70-day requirement "subject to particularized requests and findings otherwise."  The

8    opposition argues that there is no statutory authority for any broad, preemptive speedy trial-

9    related orders declaring a case "complex" or for blanket exclusions of time.  Rather, the Speedy

10   Trial Act "STA" provides a limited mechanism for the court to exclude specific periods of delay,

11   only after a granting of continuance of some proceeding.  It is only in this context that the

12   question of complexity arises under 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv).  The STA provides a

13   list of non-exclusive factors that the court must consider in determining whether or not to grant a

14   continuance under the provision of the STA.  One of those factors is whether the case is so

15   unusual or complex for the reasons outlined in the statute that it is unreasonable to expect

16   adequate preparation for pretrial proceedings or for the trial itself within the time limits

17   established by the STA.  The opposition contends that the only factor at issue in this case seems

18   to be the government's choice to indict a large number of Defendants.  Unless a specific

19   continuance is at issue, there is no triggering of the provision, and no language in the STA

20   addressing a court's advance, carte blanche determination that any case under any circumstance

21   is, by itself, "complex."

22   Ammon Bundy's opposition also points out that both the United States Supreme Court

23   and Ninth Circuit Court of Appeals have criticized courts for overuse of the "ends of justice"

24   provision of the STA.  Citing *United States v. Clymer*, 25 F.3d 824, 829 (9th Cir. 1994), Ammon

25   Bundy argues that the "ends of justice" exclusion in Section 3161(h)(8) should not be routinely

26   applied and may not be invoked in a way to circumvent the time limitations in the STA.  Ammon

27   Bundy argues that with no specific period of continuance at issue, there is no statutory basis for

28   declaring this case as complex, or for "ends of justice" findings under the STA.  The opposition

cites the four specific, deliberate actions the court must make before excluding time under the ends of justice exclusion articulated by the Ninth Circuit in *Clymer*.

Ammon Bundy's opposition also argues that the government waited years to bring this case and then insisted on arraigning Ammon Bundy despite his appearance in a separate out-of-district case.  The court should not take the government's word that the discovery in this case is voluminous to support its complexity determination to support a complexity determination.  In this case, the government is impermissibly asking for a complexity determination before producing any discovery at all.  He cites *United States v. Koerber*, 2014 WL 2060618 *5 (D. Utah Aug. 14, 2014), *reversed and remanded*, 2016 WL 240537 (10th Cir. Jan. 21, 2016) for the proposition that the court should inquire into the nature and relative importance of the discovery, because without doing so, the government might "bypass speedy trial rights by dumping hundreds of thousands of irrelevant pages of so-called discovery into Defendant's lap and then prolong its investigation, virtually indefinitely."

Ammon Bundy's proposed trial schedule asks that the court set a trial date 70 days after his first appearance on April 15, 2016, "subject to further particularized and proper determinations under the STA."  He also requested a standard motions deadline for the disclosure of all evidence, and Jenks Act disclosure deadline at a time before trial reasonably to allow review.

Ryan Payne, Eric Parker, Peter Santilli and Cliven Bundy filed Joinders (Dkt. ##294, 303, 304 and 307) to Ammon Bundy's Opposition and Memorandum.

## I.    Dave Bundy's Joinder.

Defendant Dave Bundy filed a Joinder (Dkt. #296) with additional arguments.  Specifically, counsel for Dave Bundy pointed out that he was very recently retained and only received the order approving the substitution and the file the day the memorandum was due.  He therefore asked leave to file an untimely memorandum, which was granted.  Dave Bundy's joinder pointed out that he is a resident of Delta, Utah, who resides with his wife and six young children.  He is gainfully employed, attending college, and licensed by the Federal Aviation Administration as a certified flight instructor.  He previously donated his property and water

resources to the BLM to fight forest fires.  During the events that give rise to the indictment, Sheriff Joe Lombardo referred to him as a peacemaker.  Dave Bundy did not travel to eastern Oregon with some of his co-Defendants.  He is presently detained in the Henderson jail and seeks a speedy trial so that he may be reunited with his family at the first available opportunity. He therefore requested a speedy trial and that the case not be declared complex.

### FINDINGS

Having reviewed and considered the proposed complex schedule, written oppositions, joinders and arguments of counsel and Defendant Ryan Bundy at the April 22, 2016 hearing, the court makes the following findings:

1.  The indictment (Dkt. #5) in this case was returned February 17, 2016.  A Superseding Indictment (Dkt. #27) was returned March 2, 2016.  The Defendants made their initial appearances in this case between March 4, 2016, and April 15, 2016.

2.  At the initial appearance of each Defendant, the government stated its position that this was a complex case that would require special scheduling review.

3.  All nineteen Defendants are currently joined for trial pursuant to the provisions of the Speedy Trial Act.

4.  All nineteen Defendants have been detained pending trial.

5.  On April 18, 2016, thirteen of the nineteen Defendants stipulated that this case was complex for reasons recited in the Proposed Complex Case Schedule (Dkt. #270).

6.  On April 18, 2016, thirteen of the nineteen Defendants also stipulated that the May 2, 2016 trial date should be vacated, and reset in February 2017.

7.  On April 18, 2016, thirteen of the nineteen Defendants stipulated that all of the time from the entry of Defendants' pleas in this case until the proposed February 2017 trial of this matter should be excluded for the purposes of the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) because the ends of justice outweigh the interest of the public and the Defendants in the speedy trial.

8.  On April 18, 2016, twelve of the thirteen Defendants stipulated that Rule 12 pretrial motions should be filed on or before October 3, 2016, with government responses due

7

on or before November 2, 2016, and replies due seven days after the filing of the response.  One Defendant, Micah McGuire, asked for an October 31, 2016 pretrial motions deadline.

9. This case is complex within the meaning of 18 U.S.C. § 3161(h)(7)(B) because:

    a. The indictment charges nineteen Defendants with 16 counts of : conspiracy to commit an offense against the United States in violation of 18 U.S.C. § 371; conspiracy to impede or injure a federal officer in violation of 18 U.S.C. § 372; use and carry of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii); assault on a federal officer in violation of 18 U.S.C. § 111(a)(1) and (b), 1114, and 2; use and carry of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2; threatening a federal law enforcement officer in violation of 18 U.S.C. § 115(a)(1)(B) and 2; use and carry of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2; obstruction of the due administration of justice in violation of 18 U.S.C. § 1503 and 2; interference with interstate commerce by extortion in violation of 18 U.S.C. § 1951(a) and 2; use and carry of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2; interstate travel and aid of extortion in violation of 18 U.S.C. § 1952(a)(2) and 2.  The indictment also contains forfeiture allegations 1-5 in violation of 18 U.S.C. § 924(d)(1), (2)(C), and (3)(A), 18 U.S.C. § 924(c), 371, 372, 111(a)((1), 115(a)(1), 18 U.S.C. § 1503, 1951 and 1952, 28 U.S.C. § 2461(c), 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 853(p) and NRS 205.320.

    b. The discovery in this case is voluminous.

        (i) The government has and will be producing 1.4 terabytes of digital data, consisting of hundreds of hours of video and audio recordings made by law enforcement officers and agents involved in the events

on the date charged in the indictment, April 12, 2014; and audio and video recordings posted on social media and other sources.

(ii)  The government intends to produce all recordings in the format in which it obtained them, acknowledging that some of the recordings are second, third, fourth or greater generation copies of originals.

(iii)  The government has no way of knowing whether a copy of the recording it captured or received from downstream sources was either edited or put into the digital stream in native format.  The government intends to produce recordings in its possession both in their "as-obtained format" and in a converted format if the recording was converted by the government to accommodate a computer program.

(iv)  In addition to the 1.4 terabytes of digital records, the government has hundreds of thousands of pages of documents and communications produced to the government by Facebook pursuant to court-authorized search warrants relating to various Defendants' and third-party Facebook accounts.

(v)  The government will be producing approximately 23 search warrants, search warrant applications and supporting affidavits which are also voluminous, consisting of 40 to 60 pages on average.

c.  This case involves events occurring on April 12, 2014, in which hundreds of persons were present or participated in the events that give rise to the events charged in the superseding indictment.  At least 100 law enforcement officers and agents from many different law enforcement agencies were involved in the events and investigation.  The government obtained hundreds of hours of recordings from law enforcement officers participating in the events, national media outlets and social media.

d.  In excess of 100 witness interviews were conducted in the investigation which is still ongoing.

e.  The government expects to call 30-45 witnesses in its case in chief.

f.  Counsel for all nineteen Defendants met and conferred with government counsel, as ordered, to discuss whether the case should be designated as complex.  During the meet-and-confer sessions, government counsel outlined the nature and volume of the discovery it intended to produce in this case.

g.  Because of the large volume of digital data and other discovery, thirteen of the nineteen Defendants agreed and stipulated that a discovery coordinator should be appointed to facilitate the efficient production of evidence, assist in resolving accessibility of digitally stored data, and provide expertise in dealing with copying issues or corrupted file issues and the like.

h.  Seven of the nineteen Defendants are also facing criminal prosecution in Oregon.  Ammon Bundy, Ryan Bundy, Ryan Payne, Peter Santilli, Brian Cavalier, Joseph O'Shaughnessy and Blaine Cooper are currently set for trial in the District of Oregon on September 7, 2016.  The Oregon prosecution has been declared complex by the assigned district judge.  Two of the Defendants charged in both cases were arrested in Oregon and released on the Oregon case, then arrested and detained on the Nevada indictment.  Five of the Defendants who were arrested and detained in Oregon were transported to the district of Nevada on writs of habeas corpus ad prosequendum issued out of this district.

i.  The Oregon Defendants objected to removal from the District of Oregon and filed motions challenging the writs of habeas corpus ad prosequendum.  The district judge in Oregon, The Honorable Anna Brown, ultimately entered an order honoring the writs and ordering the transportation of the five Defendants in Oregon custody to Nevada for a twelve-day period between April 13, and

April 25, 2016, to allow their appearance, arraignment and plea, and appointment of counsel in this district.

j. Counsel for the seven Defendants object and continue to object to being subjected to simultaneous prosecution in two districts. Judge Brown's order which required the transportation of the five Oregon Defendants named in the Nevada indictment to Nevada has been appealed to the Ninth Circuit.

k. The Oregon Defendants charged in this indictment applied for a stay of Judge Brown's order of transportation which was denied both by the district court and Ninth Circuit.

l. The seven Oregon Defendants' challenge to the propriety of being required to defend in two simultaneous federal prosecutions is currently fully briefed and under submission to the Ninth Circuit.

m. The Defendants who were transported to Nevada by a writ of habeas corpus ad prosequendum will be returned on April 25, 2016, except for Defendant Santilli. Santilli recently received substitute counsel in this district who intends to challenge his detention in this case. As a result, Oregon counsel and Nevada counsel for Santilli applied to Judge Brown in Oregon who entered an order allowing Santilli to remain in the District of Nevada until May 17, 2016, to allow him to challenge his detention in this case.

n. The district judge in this case, Chief Judge Gloria Navarro, denied an emergency motion filed by Defendant Ryan Payne, joined in by Defendant Ammon Bundy, to stay their transport to Oregon pending adjudication of a Motion to Dismiss (Dkt. #291) filed by Payne. *See* Minute Order (Dkt. #308).

o. Five of the Defendants, Blaine Cooper, Brian Cavalier, Ryan Payne, Ammon Bundy, and Ryan Bundy, made their initial appearance in the District of Nevada on April 15, 2016

p. Although seven of the thirteen Defendants who stipulated to the proposed complex case schedule and a February 2017 trial date changed their positions

between the time the stipulation was filed on April 18, 2016, and the April 22, 2016 hearing, the remaining six Defendants who took a position have stipulated the case is complex and requested a complex case schedule consistent with their stipulation.

q. Of the seven Defendants who changed the position taken in the stipulated proposed complex case schedule, only Defendant, Dave Bundy, provided a rationale for the change in position.  New counsel for Dave Bundy indicated that prior counsel had not conferred with Mr. Dave Bundy, and had not obtained his agreement to the proposed complex case schedule.  Of the remaining seven Defendants, counsel for six of the Defendants represented at the hearing that they had discussed the proposed complex case schedule and proposed trial date with their clients before stipulating, and had received authority from their clients to enter into the stipulated proposed complex case schedule.

r. No Defendant requested that the May 2, 2016 trial date go forward.

s. Requiring any Defendant to go to trial on May 2, 2016, would deny counsel for the Defendants and Defendant Ryan Bundy sufficient time, in light of the nature of the evidence in this case, within which to be able to effectively and thoroughly prepare for trial taking into account the exercise of due diligence.

t. 18 U.S.C. § 3161(h)(3)(A) permits the tolling of the Speedy Trial Act against a Defendant based on an unsevered Defendant's request for a continuance, as long as the request is reasonable.

u. The time between the Defendants' arraignment and pleas in this case until the trial of this matter is excluded for purposes of the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), considering the factors under 18 U.S.C. § 3161(h)(8)(B)(1)(i) and (ii)

v. The ends of justice will be served by granting the majority of the parties' stipulation to vacate the May 2, 2016 trial date, and reset it in February 2017,

1   and outweighs the best interest of the public and the Defendants to a May 2nd

2   trial, because failure to grant the request would likely result in a miscarriage

3   of justice.

4   Having reviewed and considered the parties' proposed complex case schedule,

5   oppositions and competing proposals,

6   **IT IS ORDERED** that:

7   1. This case is designated as a complex case within the meaning of 18 U.S.C. §

8   3161(h)(7)(B).

9   2. Trial is set for **February 6, 2017, at 8:30 a.m.** in Courtroom 7C before the

10  Honorable Gloria M. Navarro.  Calendar call is set for **January 30, 2017, at**

11  **9:00 a.m.** in Courtroom 7C.

12  3. The following pretrial motions deadlines shall apply:

13      a. Deadline for filing severance motions: **May 27, 2016.**

14      b. Deadline for filing responses to severance motions: **June 10, 2016.**

15      c. Deadline for filing replies to severance motions: **June 17, 2016.**

16      d. Deadline for filing pretrial motions and notices required by Rule 12

17         and LR 12(1)(b): **October 3, 2016.**

18      e. Deadline for filing responses to pretrial motions and notices required

19         by Rule 12 and LR 12(1)(b): **November 2, 2016.**

20      f. Deadline for filing replies to pretrial motions and notices required by

21         Rule 12 and LR 12(1)(b): **November 9, 2016**, or seven days after the

22         response, whichever is earlier.

23  4. The government shall have until **May 6, 2016**, to produce discovery described

24     in the proposed complex case schedule as Phase I and Phase II discovery.

25     One copy of the discovery shall be produced to the Federal Public Defender's

26     Office which shall serve as a repository for the discovery and make it

27     available to counsel for the Defendants, and stand-by counsel for Ryan

28

Bundy. The court will enter a separate order appointing a discovery coordinating attorney.

5.  The parties shall meet and confer to determine whether they are able to agree on a proposed form of stipulated protective order governing discovery materials in this case, and if so, to file a proposed stipulated protective order by **April 29, 2016**.  If the parties are unable to agree on a proposed protective order, the parties shall have until **April 29, 2016**, to file their own form of proposed protective order and supporting memorandum of points and authorities, or a memorandum of points and authorities opposing entry of a protective order.

DATED this 26th day of April, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

14