CHRIS T. RASMUSSEN, ESQ.
Nevada Bar. No. 7149
RASMUSSEN & KANG, LLC.
330 South Third Suite 1010
Las Vegas, NV 89101
(702) 464-6007
chris@rasmussenkang.com
Counsel for Peter Santilli

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>PETER T. SANTILLI,<br><br>    Defendant,<br>_____ | CASE NO. 2:16-CR-00046-GMN-PAL |

**RESPONSE TO GOVERNMENT MOTION FOR PROTECTIVE ORDER**

Defendant PETER T. SANTILLI, by and through his counsel Chris T. Rasmussen, Esq. submits the following Response to Government Protective Order.[1]

Dated this 3rd day of May, 2016

                              Respectfully Submitted,

                              RASMUSSEN & KANG, LLC.

                              /s/ Chris T. Rasmussen

                              _____

                              Chris T. Rasmussen, Esq.

---

[1] The Government has submitted a Motion for a Protective Order (ECF 354).  This Motion proffers evidence that contains entirely protected speech under Brandenburg v. Ohio, 395 U.S. 444 (1969).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Facts**

The government in their Motion has submitted exhibits and quoted Santilli's statement to his listeners that are protected speech under the First Amendment. In hopes of creating a "security threat", the government slices portions of social media postings in which protesters encourage others to engage the BLM officials into a dialogue about their conduct.

As this Court is aware, the BLM, days prior to the "Stand Off", approached unarmed citizens near the Bundy Ranch with long rifles and police dogs. See: https://www.youtube.com/watch?v=LhJ6H9vlEDA . This incident was incited by the BLM and created the outcry from people around the United States. Santilli recorded this incident which has over 1.6 million views on Youtube. This video played throughout mainstream media was the catalyst for the large numbers of protesters that arrived at Bundy Ranch.

The government in their motion on pages 6-7 cite to Santilli's speech as somehow threatening. Santilli is a radio host who comments on current events. The Bundy Ranch incident involves a movement by a segment of the population that interprets the United States Constitution Article I, Section 8, Clause 17, (also known as the "Enclave Clause"), to allow the federal government to only control land that is a necessity such as military bases, ports, and such. This group of people believe that the law enforcement on these public lands should be conducted by local sheriffs.

Social media has been active and sometimes over the top in anonymous rhetoric. Much of the comments attached in the government's motion is a call for people to complain to different officials. Years have passed since the incident at Bundy Ranch and there has been no credible threats made against any person involved in this case. Therefore we request that you give little weight to the pages of social media posts presented by the government in their attempt to keep this trial out of the public's eye as they are protected speech.

2

**Argument**

**I. The Government's Exhibit Contains Protected Speech**

The government's exhibits highlight the interest that has been drawn toward the public land issue in this case.  Most of the comments are protected speech that have no connection toward an actual threat.  *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969) lays out the standard for whether speech is unprotected.  The four elements that must be met are 1) directed to causing 2) imminent 3) lawless action and 4) the action must be likely to occur.  The key *Brandenburg* factor is timing: The speaker must intend to cause imminent action; advocating for "illegal action at some indefinite future time" is protected speech. *Hess v. Indiana*, 415 U.S. 105, 108 (1973).  Speech that may look like incitement is merely "abstract advocacy" if it is not intended to cause imminent lawless action.  Relatedly, the fact that no one actually took imminent lawless action based on defendant's speech is evidence that the speech was merely abstract advocacy).  *McCoy v. Stewart*, 282 F.3rd 626, 632 n. 6 (9th Cir. 2002).

In this case, none of these so called "threats" ever took place.  No person has been charged or arrested for any speech sent through the vast networks of social media.

**Conclusion**

We hereby request that this Court either disregard the exhibits presented by the government as protected speech.

Dated this 3rd day of May, 2016

                                            Respectfully Submitted,

                                            RASMUSSEN & KANG, LLC.

                                            /s/ Chris T. Rasmussen

                                            _____

                                            Chris T. Rasmussen, Esq.