DANIEL G. BOGDEN
United States Attorney
STEVEN W. MYHRE
NICHOLAS D. DICKINSON
Assistant United States Attorneys
NADIA J. AHMED
ERIN M. CREEGAN
Special Assistant United States Attorneys
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada  89101
PHONE: (702) 388-6336
FAX: (702) 388-6698

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GERALD A. DELEMUS,<br><br>　　　　Defendant. | 2:16-CR-00046-GMN-PAL<br><br>**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO REVIEW DETENTION ORDER PURSUANT TO 18 U.S.C. § 3145(b) (C.R. 319)** |

　　　　The United States, by and through the undersigned, respectfully submits its Response in Opposition to Defendant Gerald A. DeLemus's ("DeLemus") Motion to Review Detention Order Pursuant to 18 U.S.C. § 3145(b) (C.R. 319) (hereinafter "Motion" or "Motion to Revoke").  For the reasons set forth below, the Motion should be denied.  DeLemus cannot rebut the presumption of detention under the Bail Reform Act and the Section 3142(g) factors show that he presents both a risk of non-appearance and a danger to the safety of others and the community.

## BACKGROUND

　　　　On March 2, 2016, a federal grand jury seated in the District of Nevada returned a Superseding Criminal Indictment, charging DeLemus and 18 other

defendants with, among other things, conspiring to assault federal officers, obstruct justice, extort federal officers, and use and brandish a firearm in relation to a crime of violence, and the substantive offenses that comprise the objects of the conspiracy, all in violation of Title 18, United States Code, Sections 371; 372 111(a)(1) and (b); 1503; 1951; and 924(c).

On March 3, 2016, DeLemus was arrested in the District of New Hampshire pursuant to an arrest warrant issued from the Superseding Indictment. DeLemus made his initial appearance in New Hampshire on March 3, 2016, at which time the government moved for detention both as a risk of non-appearance and danger to the community, filing a detailed memorandum in support of detention. Case No. 1:16-mj-24 (District of New Hampshire); C.R. 104-1, at 71-96; Exhibit A (Government's Memorandum in Support of Pretrial Detention (hereinafter "Opening Memorandum").

On March 7, 2016, the Court in New Hampshire held a detention hearing presided over by United States Magistrate Judge ("Magistrate Judge") Andrea K. Johnstone. *See* Exhibit B (Transcript of Detention Hearing of March 7, 2016) ("Tr.") At the detention hearing, both parties proffered evidence and presented argument.

After careful consideration of the evidence and the arguments presented by both parties, Magistrate Judge Johnstone granted the government's motion, entering a 13-page Order of Detention Pending Trial (hereinafter "Detention Order" or "Order"), finding no conditions or combination of conditions that could reasonable assure the safety of any person or the community. C.R.104-1 at 112-124; Exhibit C at 8. The Court, however, did not find that DeLemus presented a

risk of flight. *Id.*

On March 9, 2016, DeLemus moved to stay removal to Nevada in order to appeal his order of detention before a district court judge in New Hampshire. On March 10, 2016, DeLemus, via new counsel, moved for an extension of time to file an appeal of the Magistrate Judge's order. On March 16, 2016, Magistrate Judge Johnstone denied the motion for extension of time without prejudice noting that appeal of the order of detention was properly venued in the District of Nevada.

On April 4, 2014, DeLemus made his initial appearance in the District of Nevada and was arraigned on the Superseding Indictment. He filed this Motion on April 26, 2016, and requested expedited briefing on unspecified grounds. For the reasons explained below, the Court should deny the Motion.

## LEGAL STANDARD

This Court reviews Magistrate Judge Johnstone's Order *de novo*.[1] *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990); *see also United States v. King*, 849 F.2d 485, 491 (11th Cir. 1988); *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (en banc); *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985). This Court can review the evidence presented to the magistrate judge and makes its own independent determination. *Koenig*, 912 F.2d at 1193. "Clearly, the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist…" *Id.* However, this Court can also hear additional evidence and argument. *Id.*

---

[1] Therefore DeLemus's claim that this Court may only consider whether DeLemus presents a danger to the community is wrong. Def. Mot. at 5. It may further consider whether he presents a risk of non-appearance.

3

Under the Bail Reform Act, a charge of a violation of Title 18, United States Code, Section 924(c), provides a presumption, subject to rebuttal, that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(B). The presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (*quoting United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

The government may proceed in a detention hearing by proffer or hearsay, as a defendant has no right to cross-examine adverse witnesses who have not been called to testify. *See United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986). "Neither the Ninth Circuit nor Congress intends the detention hearing to serve as a mini-trial on the ultimate question of guilt." *United States v. Bibbs*, 488 F. Supp. 925, 926 (N.D.Cal., 2007) (citing *Winsor* and overruling the objection to the government's proffer at detention hearing). Accordingly, the Court may "rely upon investigatory descriptions of evidence (and similar hearsay) where the judicial officer reasonably concludes that those descriptions, reports, and similar evidence, in the particular circumstances of the hearing, are reliable." *United States v. Acevedo-Ramos*, 755 F.2d 203, 207 (9th Cir. 1985).

## ARGUMENT

Given the *de novo* nature of the Court's review, the government adopts and incorporates by reference all of the evidence proffered and arguments advanced in the New Hampshire detention hearing. Specifically, it references its Opening

4

Memorandum (Exhibit A) and the transcript of the March 7 detention hearing in New Hampshire (Exhibit B).

DeLemus having been charged with four counts under Section 924(c), the government showed in its Opening Memorandum and its arguments at the detention hearing that DeLemus cannot rebut the presumption that attaches in this case under the Bail Reform Act. Similarly in the instant Motion, DeLemus proffers nothing new to rebut the presumption.

The Superseding Indictment charges that DeLemus was a mid-level leader and organizer in the conspiracy to assault and extort federal agents, who, among other things: recruited, organized, trained and provided logistical support to gunmen and other Followers of Bundy and organized and led armed patrols and security checkpoints. Superseding Indictment ¶ 68. It further details how he established armed checkpoints and security patrols to prevent and deter law enforcement action against the conspirators, including recovering the extorted cattle. *Id.* at ¶¶ 148-151

The evidence against DeLemus is overwhelming. He image is captured in numerous photographs and video recordings, showing him dressed in tactical gear, carrying firearms, patrolling the Bunkerville area after the assault on and extortion of federal law enforcement officers. He is recorded in interviews with media, providing accounts of his involvement in the conspiracy, including an interview in which he asked for those with military training to come to Bunkerville to aid the conspiracy and "bring [their] gear"—i.e., weapons. He further admits that he traveled over 40 hours-straight to Bunkerville to participate in the

conspiracy, recruiting a friend and his son in the process and bringing numerous weapons.

DeLemus appears to claim that he presents less of risk of danger than others because his role in the conspiracy did not commence until sometime after the assault. Mot. at 5. DeLemus is wrong.

The Superseding Indictment expressly charges that he was a member of the conspiracy from the beginning until the end. The proffered evidence further shows that he intended to join the conspiracy some 40+ hours before the assault when he jumped in his truck, loaded with weapons, son and friend in tow, and headed for Nevada, sighting in his weapons along the way. Whether he was present for the assault or not, the evidence shows that he had the requisite criminal state of mind to join the enterprise.

Moreover, as a matter of law, even if he had joined the conspiracy after the assault – which the evidence shows he did not – once he joined the conspiracy he is criminally liable for all that occurred before and all that occurred after joining: once he's in; he's in. Thus, his actions after the assault demonstrate his intent to join an ongoing criminal enterprise that embraced the use of force and violence as a means to achieve its criminal objectives.

DeLemus further asserts that his role was that of a "mediator" or "peacemaker" as shown by a visit he made to the Mesquite Police Department. Mot. at 5-6. That begs the question of what he was supposedly mediating – he doesn't say. Clearly, he is not mediating a "dispute" because there is no "dispute" to mediate. Bundy, DeLemus, and their co-conspirators broke federal law by using

force and violence to interfere with federal officers carrying out court orders.  They assaulted federal officers with deadly weapons and extorted them by force. DeLemus does not say how or why the Mesquite Police Department is relevant to any of that.

Nor does DeLemus explain why as a "peacemaker" and "mediator" he needed to move around Bundy Ranch dressed in military fatigues and brandishing a .50 caliber machinegun.



Nor is DeLemus's role as "peacemaker" explained by his manning of an armed checkpoint at the entrance to Cliven Bundy's Ranch.

////
////
/////
/////
/////
/////



DeLemus does not explain how his conduct comports with that of a "peacemaker" or "mediator" because he cannot. He was there to protect Bundy against what he believed, then, were the imminent federal arrests of the conspirators for their crimes. He was a part of an armed force to provide security for Bundy and the conspirators and to deter law enforcement from enforcing the law, all so Bundy could keep his ill-gotten gains and remain free to continue the criminal enterprise.

DeLemus's involvement in the events in Oregon was scarcely mitigating either, as the government outlined in its Opening Memorandum, DeLemus produced videos sympathetic to the armed occupiers.

DeLemus also contends that others can attest to his good character and reputation in the community, attaching numerous letters of support. Magistrate Judge Johnstone considered evidence substantially similar to the evidence DeLemus offers here, finding that such evidence did not address DeLemus's danger to federal law enforcement officers:

> The court accepts the witnesses' testimony as to their individual experiences with the defendant as true for the purposes of this Order. However, in determining whether the defendant is a danger to the community, the court must consider whether the defendant "would be a danger to any person or subset of the community" – including pretrial officers, federal agents, and United States Marshals. […] Consequently, even if the court in this case could find a condition or a combination of conditions that would reasonably assure the safety of some in the community, no conditions will alleviate the danger to government officers in monitoring and enforcing those conditions. Importantly, the defendant has demonstrated a willingness to use lethal force against federal officers, and recruit others to participate, without regard to lawful court orders.

Order of Detention, Exhibit C, at 11.

As Magistrate Judge Johnstone points out, the community at risk is not the community of those with whom DeLemus regularly associates – it is, rather, the law enforcement community and, specifically the federal law enforcement community. Nor can it be said that everyone otherwise associated with DeLemus believes him to be either peaceful or law abiding. The government stands ready to proffer further evidence regarding the views of a family member regarding DeLemus's temperament.

This Court should also find that DeLemus poses a risk of non-appearance. While he may not flee the country, DeLemus has shown by his words and actions that he does not recognize federal law enforcement authority. Not only does he

question that authority, he is willing to counter it with force. His entire purpose in heading to Bunkerville with recruits, with weapons, giving an interview to obtain more recruits, and organizing patrols was to make the BLM capitulate to that show of force so that they could not execute federal court orders, orders that issued from this very Court.

There is nothing to show that he has had any change of heart about federal courts or federal court orders. Nor does he present anything to show that another order from this Court – an order to appear at a hearing, for example – carries any more weight with DeLemus than the contempt he showed for the previous orders from this Court and for those charged with carrying them out.

The proceeds from the extortion still roam the public lands. As long as the cattle are there, the promise that Bundy and his co-conspirators will "do it again" if the federal government takes law enforcement action remains in place. DeLemus has done nothing to renounce that promise, renounce or disavow the actions of his co-conspirators, or renounce or disavow his own actions.

/////
/////
/////
/////
/////
/////
/////
/////

**WHEREFORE,** for all the foregoing reasons, the government respectfully requests that the Court deny the Motion and enter an Order continuing DeLemus's detention pending trial, both a risk of non-appearance and a danger to the community.

**DATED** this 6th day of May, 2016.

Respectfully,

DANIEL G. BOGDEN
United States Attorney

// s //
_____
STEVEN W. MYHRE
NICHOLAS D. DICKINSON
Assistant United States Attorneys
NADIA J. AHMED
ERIN M. CREEGAN
Special Assistant United States Attorneys

Attorneys for the United States

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the United States Attorney's Office. A copy of the foregoing **Government's Response in Opposition to Defendant's Motion to Review Detention Order Pursuant to 18 U.S.C. § 3145(B) (C.R. 319)** was served upon counsel of record, via Electronic Case Filing (ECF).

Dated this 6th day of May, 2016.

/s/ Mamie A. Ott
MAMIE A. OTT
Legal Assistant