CHRIS T. RASMUSSEN, ESQ.
Nevada Bar 7149
RASMUSSEN & KANG
330 South 3rd Street, Suite 1010
Las Vegas, Nevada 89101
(702) 464-6007
Attorney for Peter Santilli

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:16-cr-00046-GMN-PAL |
| v. | **MOTION FOR BILL OF PARTICULARS** |
| PETER SANTILLI, | |
| Defendant. | |

    Defendant, PETER SANTILLI, by and through his attorney of record, Chris T. Rasmussen, Esq., submits the following Motion For Bill of Particulars.

    DATED this 9th day of May, 20116.

                                                    Respectfully submitted,

                                                  ___/s/_____
                                                  CHRIS T. RASMUSSEN, ESQ.
                                                  Nevada Bar 7149
                                                  330 South 3rd Street, Suite 1010
                                                  Las Vegas, Nevada 89101
                                                  (702) 464-6007

## MEMORANDUM OF POINTS AND AUTHORITIES

**Rule 7(f) Timeliness Statement**

This motion is not brought within the 14 days as set forth in Fed R. Crim. 7 for the following reasons.

Defendants are allowed to submit a request for a bill of particulars at a later time if the court permits.  *See United States v. Brown*, 179 F.Supp. 893 (E.D.N.Y. 1959) (exercising discretion to permit an out of time motion).  Counsel for Santilli was recently appointed.  Second, Discovery has not been produced to the Defendant.  Third, this is an extremely complex case as the amount of discovery is voluminous and the government has prosecuted Santilli in two districts simultaneously.

**Factual Summary**

Santilli was indicted on February 17, 2016, in which he was charged in Count One-Conspiracy in violation of 18 U.S.C. 371, Count Two-Conspiracy to Impede or Injury a Federal Officer in violation of 18 U.S.C. 372, Counts Three, Six, Nine & Fifteen-Use and Carry of a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. 924c, Counts Four & Five-Assault on a Federal Officer in violation of 18 U.S.C. 111, Count Seven & Eight-Threatening a Federal Officer in violation of 18 U.S.C. 115, Counts Ten though Twelve-Obstruction of the Due Administration of Justice in violation of 18 U.S.C. 1503, Counts Thirteen & Fourteen-Interference with Interstate Commerce in violation of 18 U.S.C. 1951 and 2.  Count Sixteen-Interstate Travel in Aid of Extortion-in violation of 18 U.S.C. 1952.

Santilli never possessed or had a firearm in his control.  Santilli is being prosecuted for speech that is protected under the First Amendment.  The Government

concedes that the theory of prosecution is unlawful speech.   It is uncontested that Santilli was not at the wash where the BLM and citizens came together.

**Argument**

The purpose of the indictment is to sufficiently inform the accused of the nature of the charges against him, to enable a defendant to prepare for trial, to prevent surprise and to interpose a plea of double jeopardy

Rule 7(f) of the Federal Rules of Criminal Procedure gives a court the authority to direct the filing of a bill of particulars by the government.  In 1966, Rule 7(f) was amended to eliminate any requirement that the defendant make a showing of cause. *See* Fed. R. Crim. P. 7 advisory committee's note (1966 amendment).  A bill of particulars is "intended to supplement the indictment by providing more detail of the facts upon which the charges are based." *United States v. Inryco, Inc.*, 642 F.2d 290, 295 (9th Cir. 1981).  By providing a defendant with the specifics of the charge, a bill of particulars serves three purposes: (1) to aid a defendant in preparing for trial; (2) to eliminate surprise at trial; and (3) to protect against double jeopardy.  *United States v. Burt*, 765 F.2d 1364, 1367 (9th Cir. 1985).

The indictment in the above case does not satisfy the above standard in that it does not detail all of the speech in which Santilli is on trial.  Additionally, as a person in the media, Santilli was engaged in as a purported co-conspirator, including but not limited to the agreement or the conduct expected from this defendant which would establish his membership in a conspiracy.  Reporting the activities of the BLM or advocating a position on "ThePeteSantilliShow" does not rise to the level necessary to create unlawful speech.

The indictment relies upon generalized statements which does not inform Santilli of the specific conduct alleged.  The conduct of Santilli is not outlined other than the broad statement that he conspired with known and unknown people.

The two questions for the government to respond to are as follows:

1. Detail all of the speech that the Government is claiming is unlawful;

2. Detail how Santilli can be an organizer or support a conspiracy as a member of the media that is recording the events that unfolded on April 9 and 12th of 2014;

3. Which episodes of the Pete Santilli Show contain unlawful speech that is being prosecuted.

We request that the above questions be answered by way of a bill of particulars.

**Conclusion**

It is respectfully submitted that this Court should grant Defendant Santilli's Motion for a Bill of Particulars.

DATED this 9th of May, 2016.

/s/ Chris T. Rasmussen

_____
CHRIS T. RASMUSSEN, ESQ.
Nevada Bar 7149
330 South 3rd Street, Suite 1010
Las Vegas, Nevada 89101