UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br>v.<br>CLIVEN BUNDY, et al.,<br>                                   Defendants. | Case No. 2:16-cr-00046-GMN-PAL<br><br>**TEMPORARY PROTECTIVE ORDER**<br><br>(Mot. Interim Prot. Order – Dkt. #384) |

      This matter is before the Court on the Government's Motion for Interim Protective Order (Dkt. #384), filed May 9, 2016. This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-7 of the Local Rules of Practice. The Court has reviewed the Motion.

      On April 26, 2016, the Court entered a Case Management Order (Dkt. #321) requiring the Government to produce Phases I and II of discovery on or before May 6, 2016. This Order directed the Government to produce discovery to the Federal Public Defender's ("FPD") office, which would serve as a repository for the discovery and make it available to the other defendants' counsel, including standby counsel for Defendant Ryan Bundy. *Id.*

      On April 29, 2016, the Government filed its Motion for Protective Order (Dkt. ##354, 357) pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure. On April 29, 2016, two third party media entities, the Las Vegas Review Journal and Battle Born Media filed a Motion to Intervene (Dkt. ##355, 358) to oppose a protective order in the criminal case. The proposed intervenors filed an Amended Motion to Intervene (Dkt. #358) on May 3, 2016, to which the Government's response is due on May 20, 2016.

      On May 3, 2016, this Court issued an Order (Dkt. #363) appointing a coordinating discovery attorney ("CDA") for 13 of the 19 Defendants. The May 3rd Order directed the

1

Government to provide discovery to the CDA and the CDA to then distribute the government-produced discovery to the 13 Defendants who requested appointment of a CDA. *Id.*

On May 6, 2016, the Government produced the initial discovery to the FPD and also shipped to the CDA, via Federal Express, a hard drive containing the discovery for dissemination to the 13 Defendants named in the May 3rd Order (Dkt. #363).

Briefing related to the protective order and motion to intervene will extend for weeks. To allow full and complete briefing on the motions and to facilitate the prompt dissemination of discovery to defense counsel, the Court will enter a temporary protective order pending a decision on the merits of whether a protective order should or should not be entered.

Accordingly,

**IT IS ORDERED:**

1. The Government's Motion for Interim Protective Order (Dkt. #384) is GRANTED.
2. A Temporary Protective Order is entered pending a decision on the merits of the Government's Motion for Protective Order (Dkt. ##354, 357) and the Motion to Intervene (Dkt. ##355, 358) by Proposed Intervenors Las Vegas Review Journal and Battle Born Media.
3. Defense counsel may provide copies of discovery only to the following individuals:
    a. The Defendants in this case;
    b. Individuals employed by the attorney of record, or standby counsel, who are necessary to assist in preparation for trial or other proceedings in this case; and
    c. Persons who defense counsel deems necessary to further legitimate investigation and preparation of this case.
4. Defense counsel shall provide a copy of this Temporary Protective Order to any individual who receives copies of discovery.
5. Any person above who receives copies of discovery from defense counsel shall use the discovery only to assist the defense in the investigation and preparation of this

///

1  case, and shall not reproduce or disseminate the discovery material to any other person or entity.

6. This Temporary Protective Order applies only to materials and documents created or written by the government, or obtained by the government through warrants or court orders. This Temporary Protective Order does not restrict reproduction or dissemination of discovery materials the defense may otherwise obtain through open sources (*e.g.*, social media posts by the defendants or others, news accounts related to the events in this case, etc.).

7. If there is specific discovery material that Defendants or defense counsel believe should be an exception to this Temporary Protective Order, the parties shall meet and confer prior to seeking relief from this Court in accordance with D. Nev. LR IA 1-3. If the parties agree to any exceptions from this Temporary Protective Order, the parties shall memorialize their agreement in a stipulation and proposed order.

Dated this 10th day of May, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE