# UNITED STATES DISTRICT COURT
for the

_____ District of  NEVADA  

| | |
|---|---|
| United States of America v. <br> GREGORY P. BURLESON <br> *Defendant* | Case No.   2:16-CR-046-GMN-PAL |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of   ☐ a federal offense   ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed - that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

  ☐ an offense for which the maximum sentence is death or life imprisonment.

  ☐ an offense for which a maximum prison term of ten years or more is prescribed in _____.*

  ☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

  ☐ any felony that is not a crime of violence but involves:

    ☐ a minor victim
    ☐ the possession or use of a firearm or destructive device or any other dangerous weapon
    ☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the   ☐ date of conviction   ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community.  I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum prison term of ten years or more is prescribed in _____.

  X under 18 U.S.C. § 924(c).

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# UNITED STATES DISTRICT COURT

for the

_____ District of  NEVADA _____

X  (2)     The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

**Alternative Findings (B)**

X  (1)     There is a serious risk that the defendant will not appear.

X  (2)     There is a serious risk that the defendant will endanger the safety of another person or the community.

<u>The defendant is ordered detained as a serious risk that he will not appear for the following reasons:</u> The defendant traveled to Nevada to support the efforts to thwart the BLM officers' enforcement of multiple legitimate federal court orders on April 12, 2014.  Further, the defendant was indicted on 11 charges, each presenting the possibility of a substantial term of incarceration if he is found guilty, which provides the defendant with a strong incentive to flee.  While the defendant's loss of vision might reduce his ability to flee, it does not render him incapable of flight.  The defendant is a self-proclaimed member of militia organizations that maintain a brotherhood likely willing to assist him in evading apprehension.

<u>The defendant is ordered detained as a danger to the community as that term is defined by the Bail Reform Act for the following reasons:</u>  The defendant is charged with crimes of violence involving the use of weapons, for which the law creates a rebuttable presumption that he should be detained.  The violent nature of the offense is not contested by the defendant, who admitted participating in the stand-off.  The offense included armed individuals pointing their weapons, ready to shoot at law enforcement.  In this case, the weight of the evidence against the defendant is very strong.  Photographic evidence depicts the defendant's armed participation on April 12, 2014.  The defendant has also made admissive remarks regarding the incident.  Regarding the history and characteristics of the defendant, while his loss of vision is a mitigating factor, the defendant still maintains the same irascible character as before.  He has not disavowed his rhetoric or association with the other individuals involved in the April 12, 2014 incident.  The defendant had a leadership position during the incident, and there are still individuals who are willing to listen to him and follow his directions.  The fact that he may not be physically capable of firing a gun at this point does not diminish his willingness to take up arms again.  It is also unclear whether his loss of vision is irreversible.  The seriousness of the defendant's danger to the community is demonstrated by his past willingness to shoot in the head federal officers trying to enforce federal orders.  If released, the defendant presents a clear danger to the federal officers that would be supervising his compliance with release conditions, and the defendant is a danger to the community that includes these federal officers.

Accordingly, the defendant did not provide sufficient evidence to rebut the presumption of detention.  Because pretrial release, even with strict conditions, depends on the defendant's good-faith compliance with a federal court order, there are no conditions or set of conditions that reasonably assure the defendant's appearance and the safety of the community.

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Page 2 of  3

# UNITED STATES DISTRICT COURT

for the

_____ District of  NEVADA

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by   X  clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons or the community  and   X  a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the person as required.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance.

Date:  May 13, 2016

*Judge's Signature*

GLORIA M. NAVARRO, U.S. Chief District Judge

*Name and Title*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).