# UNITED STATES DISTRICT COURT

for the

_____ District of   NEVADA

| | ) | |
|---|---|---|
| United States of America v. | ) | |
| | ) | Case No.   2:16-CR-046-GMN-PAL |
| PETER T. SANTILLI | ) | |
| *Defendant* | ) | |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1)  The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted

of  ☐ a federal offense   ☐ a state or local offense that would have been a federal offense if federal

jurisdiction had existed - that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

☐ an offense for which a maximum prison term of ten years or more is prescribed in _____.*

☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

☐ any felony that is not a crime of violence but involves:

☐ a minor victim

☐ the possession or use of a firearm or destructive device or any other dangerous weapon

☐ a failure to register under 18 U.S.C. § 2250

☐ (2)  The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3)  A period of less than five years has elapsed since the   ☐ date of conviction   ☐ the defendant's release

from prison for the offense described in finding (1).

☐ (4)  Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1)  There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum prison term of ten years or more is prescribed in _____.

X  under 18 U.S.C. § 924(c).

---

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# UNITED STATES DISTRICT COURT

for the

_____ District of  NEVADA     

X  (2)     The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

**Alternative Findings (B)**

X  (1)     There is a serious risk that the defendant will not appear.

X  (2)     There is a serious risk that the defendant will endanger the safety of another person or the community.

<u>The defendant is ordered detained as a serious risk that he will not appear for the following reasons</u>: The defendant has specifically shown that he does not believe in obeying federal court orders.  The defendant traveled to Nevada to support the efforts to thwart the BLM officers' enforcement of multiple legitimate federal court orders on April 12, 2014.  The defendant's own reporting claims that the justification for this confrontation is a corrupt court system.  The defendant left a voicemail for the Special Agent in Charge Daniel P. Love calling federal court orders "stupid court orders" and stating that he does not recognize the Bureau of Land Management (BLM) or the federal court.  The defendant also traveled to Burns, Oregon, to help convince two federal defendants not to self-surrender to serve their federal prison sentences.  He is facing another federal criminal case in the District of Oregon for his involvement with that incident.  Further, in the instant case, the defendant was indicted on 16 charges, each presenting the possibility of a substantial term of incarceration if he is found guilty, which provides the defendant with a strong incentive to flee.  The defendant does not have a stable residence or any verified income.  He additionally lacks any significant ties to Nevada, or any property or financial ties any other community.  There is also unverified information regarding the defendant's use of controlled substances, although he has admitted to using marijuana recently.  Lastly, the defendant's parents and sister have expressed concerns regarding his mental health.

<u>The defendant is ordered detained as a danger to the community as that term is defined by the Bail Reform Act for the following reasons:</u>  The defendant is charged with crimes of violence involving the use of weapons, for which the law creates a rebuttable presumption that he should be detained.  In this case, the weight of the evidence is very strong, including photographs, videos, audio recordings, social media postings, the defendant's own admissions, and witness testimony.  The Government proffered credible evidence that the defendant recruited gunmen, led an assault, threatened violence upon law enforcement, and ambushed a BLM convoy.  The defendant conducted reconnaissance at the hotel where the BLM employees were staying, including asking the hotel receptionist for information about the BLM employees.  There is also evidence of the defendant's early involvement in planning for the April 12, 2014 incident, as early as April 6, 2014, through his podcasts, YouTube station, and blog.  Additionally, there is evidence that his involvement extended beyond the April 12, 2014 incident.  There is no evidence that the defendant's involvement was mere puffery as a sensationalist media outlet or that the defendant exaggerated anything to increase viewership by creating some sense of excitement or drama.  Further, the defendant has not disavowed or expressed embarrassment regarding his statements and actions related to the April 12, 2014 incident.  The defendant made a phone call to 9-1-1 during the April 12, 2014 incident stating that it was a national security emergency.  He demanded that the Sheriff deliver arms to him or provide a report and representative if the Sheriff was not going to send arms.  The defendant also stated during a later voicemail to Agent Love that he is "prepared to die."  Agent Love is one of the victims from

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Page 2 of  3

# UNITED STATES DISTRICT COURT

for the

_____ District of  NEVADA

the April 12, 2014 incident, and one of the persons in the community to whom the defendant is a danger. As explained above under risk of non-appearance, the defendant's family's concerns regarding his mental health, along with the unverified information regarding the defendant's use of controlled substances, further make him a danger to the community. Defendant's mother reports that she believes he is a danger to the community. Lastly, the defendant was involved in the occupation in Oregon, and he also has made threats to arrest Senator McCain in Arizona.

Accordingly, the defendant did not provide sufficient evidence to rebut the presumption of detention. Because pretrial release, even with strict conditions, depends on the defendant's good-faith compliance with a federal court order, there are no conditions or set of conditions that reasonably assure the defendant's appearance and the safety of the community.

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by   X   clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons or the community  and    X   a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the person as required.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance.

Date:  May 12, 2016

_____
*Judge's Signature*

GLORIA M. NAVARRO, U.S. Chief District Judge
*Name and Title*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).