RENE L. VALLADARES
Federal Public Defender
State Bar No. 11479
SHARI L. KAUFMAN
Assistant Federal Public Defender
WILLIAM CARRICO
State Bar No. 003042
Assistant Federal Public Defender
RYAN NORWOOD
Assistant Federal Public Defender
411 E. Bonneville Avenue, Suite 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax

Attorneys for Ryan W. Payne

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br> vs.<br><br>RYAN W. PAYNE,<br><br>   Defendant. | 2:16-cr-046-GMN-PAL<br><br>**DEFENDANT RYAN W. PAYNE'S REPLY IN SUPPORT OF MOTION TO DISMISS** |

**Certification**: This Reply is timely filed.

Defendant RYAN W. PAYNE, through his counsel, SHARI L. KAUFMAN, WILLIAM CARRICO, and RYAN NORWOOD, Assistant Federal Public Defenders, respectfully submits the instant Reply in further support of his motion to dismiss based on violations of his Sixth Amendment rights to a speedy trial and to effective assistance of counsel as well as his Fifth Amendment right to due process.

/ / /

DATED this 16th day of May, 2016.

> RENE VALLADARES
> Federal Public Defender
>
> By: */s/ Shari L. Kaufman*
>     SHARI L. KAUFMAN
>     Assistant Federal Public Defender
>
> By: */s/ William Carrico*
>     WILLIAM CARRICO
>     Assistant Federal Public Defender
>
> By: */s/ Ryan Norwood*
>     RYAN NORWOOD
>     Assistant Federal Public Defender

**Reply**

**I.   The Government's Decision to Simultaneously Prosecute Mr. Payne on Criminal Charges in Two Separate Federal District Courts Impermissibly Forces Mr. Payne to Choose Between Guaranteed Constitutional Trial Rights.**

Mr. Payne seeks dismissal as the government's conduct in this case impermissibly forces Mr. Payne to elect between exercising his constitutional rights under the Fifth and Sixth Amendment in the Oregon case or in the Nevada case. CR #291. The government's claims to the contrary lack merit. CR #414.

Notably, the government does not address Supreme Court precedent supporting Mr. Payne's claim that the government cannot force him to choose which case he will exercise his Fifth and Sixth Amendment rights in—the Oregon case or the instant case. *See* CR #291, pp. 9-13. The government does not address *United States v. Simmons*, 390 U.S. 377, 394 (1969), wherein the Supreme Court found "it intolerable that one constitutional right should have to be surrendered in order to assert another." *Compare* CR #414 with CR #291, p. 13. The government also does not address *United States v. Jackson*, 390 U.S. 570, 582 (1968), wherein the Supreme Court found it constitutionally impermissible to force a defendant to choose between the exercise of basic constitutional rights. *Compare* CR #414 with CR #291, p. 13. The government's failure to address this pivotal constitutional issue demonstrates its continued refusal to acknowledge: (1) the practical impossibility of Mr. Payne exercising his Fifth and Sixth Amendment rights in the Oregon and Nevada cases simultaneously; and (2) the constitutional impropriety of forcing Mr. Payne to choose between exercising his Fifth and Sixth Amendment rights in the Oregon case or in the Nevada case.

The government also attempts to avoid Mr. Payne's constitutional claims by claiming it has discretion to decide who it may prosecute and when. CR #414, pp. 7-8. "While prosecutorial

discretion is broad, it is not 'unfettered,' and is subject to constitutional constraints." *United States v. Doe*, 125 F.3d at 1249, 1254 (9th Cir. 1997) (quoting *Wayte v. United States*, 470 U.S. 598, 608 (1985) (internal quotation marks and citation omitted)). Mr. Payne very clearly voiced his objection to the government's attempt to simultaneously pursue two parallel criminal prosecutions against him and warned of the constitutional violations that would result therefrom. *United States v. Payne*, D. Or., Case No. 3:16-cr-00051-BR-4, CR #340, pp. 33-34. The government's decision to pursue both prosecutions simultaneously requires the Court to address and remedy the constitutional violations that now exist.

**A. Mr. Payne's Sixth Amendment Right to a Speedy Trial Will Be Violated if He is Forced to Litigate Both the Oregon and Nevada Cases Simultaneously.**

As an initial matter, Mr. Payne must clarify the point at which his constitutional rights to a speedy trial were triggered. Mr. Payne agrees with the government that his constitutional speedy trial rights under the Sixth Amendment were triggered on February 16, 2016, the date upon which the grand jury returned the indictment in this case. However, aside from agreeing when these rights were triggered, Mr. Payne disputes the government's position.

Rather than address the issues Mr. Payne has raised relative to his constitutional speedy trial rights, the government predicates the bulk of its response upon the parameters of Mr. Payne's statutory speedy trial rights under the Speedy Trial Act, 18 U.S.C. § 3161. *See, e.g.*, CR #414, pp. 6-11. In doing so, the government seeks to circumvent the proper analysis of Mr. Payne's constitutional speedy trial rights, claiming courts traditionally review claims of speedy trial violations under the Speedy Trial Act, due to the "imprecise nature of the Sixth Amendment." CR #414, p. 6. The government then cites to cases that have addressed the Speedy Trial Act under 18 U.S.C. § 3161 and raised claims distinct to those present here. CR #414, pp. 10-11.

4

The government's dismissal of Mr. Payne's *constitutional* speedy trial claim is imprudent. "[N]o provision of the Speedy Trial Act is intended to bar any sixth amendment speedy trial claim . . . ." *United States v. Nance*, 666 F.2d 353, 360 (9th Cir. 1982) (citations omitted). And, while "it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the sixth amendment right to speedy trial has been violated," Mr. Payne's case is "an unusual case."[1] *Id*. Mr. Payne requests the Court therefore analyze his speedy trial claims under the Sixth Amendment for purposes of this Motion to Dismiss.

While the government acknowledges the Supreme Court's decision *Barker v. Wingo*, 407 U.S. 514 (1972), is the guiding force underlying Mr. Payne's constitutional speedy trial claim, the government's discussion of *Barker* is flawed. First and foremost, the government is incorrect to suggest the delay that already exists in this case in insufficient to trigger the *Barker* inquiry. The Supreme Court noted in *Doggett v. United States*, that, "[d]epending on the nature of the charges, . . . courts have generally found delay 'presumptively prejudicial' at least as it approaches one year." 505 U.S. 647, n.1 (1992) (citing 2 W. LaFave & J. Israel, Criminal Procedure § 18.2, p. 405 (1984); Joseph, Speedy Trial Rights in Application, 48 Ford. L.Rev. 611, 623, n. 71 (1980) (citing cases)). *See also United States v. Simmons*, 536 F.2d 827, 831 (9th Cir. 1976) (finding six-month delay of trial a "borderline case" but holding delay sufficient to trigger inquiry into remaining *Barker* factors).

---

[1] By raising a constitutional speedy trial claim, Mr. Payne is not waiving any claims he may have in the future under the Speedy Trial Act.

5

The delay in this case approaches one year under the current trial schedule. The indictment was filed on February 17, 2016, and the trial is slated for February 6, 2017.[2] The first *Barker* factor is therefore satisfied.

Notably, the government failed to refute Mr. Payne's argument that this case satisfies the remaining *Barker* factors. *See* CR #291, pp. 15-16. The Court should construe the government's failure to address Mr. Payne's analysis of these factors as a concession to his argument that the remaining *Barker* factors weigh in his favor and require the Court to dismiss this case with prejudice.

**B. Mr. Payne's Sixth Amendment Right to Effective Assistance of Counsel Will Be Violated if He is Forced to Litigate Both the Oregon and Nevada Cases Simultaneously.**

The government's response to Mr. Payne's right to effective assistance of counsel under the Sixth Amendment is equally flawed. The government boldly claims that it "has done nothing pretrial to interfere with his right to counsel." CR #414, p. 11. To the contrary, and on the most basic level, the government sought and obtained Mr. Payne's detention in both the Oregon and Nevada cases. Mr. Payne is now being detained in Oregon, approximately 1,000 miles away from undersigned counsel, in a facility that has no resources or policies permitting Mr. Payne to view the 1.4 terabytes of electronic evidence expected to be produced in this case, shy of requiring undersigned counsel to visit Mr. Payne and review each byte of information with him.

---

[2] The government incorrectly claims Mr. Payne did not seek to pursue the original trial date of May 2, 2016. CR #414, p. 9. Rather, Mr. Payne previously stated that, because the government had not disclosed a single page of discovery to any of the defendants in this case, it was impossible to ascertain whether the May 2, 2016 trial date was practical.

6

Additionally, Mr. Payne is unable to call undersigned counsel from his detention facility and undersigned counsel have sustained difficulty in initiating calls to Mr. Payne.[3]

Far from seeking unlimited access to counsel, Mr. Payne is seeking *meaningful* access to counsel—access which cannot occur under his current detention regime. Likewise, undersigned counsel are not suggesting it is merely inconvenient to consult with Mr. Payne. Undersigned counsel submit Mr. Payne's detention in Oregon has rendered meaningful consultation with Mr. Payne illusory.

On a more fundamental level, however, the government offers no substantive response to the harsh reality that Mr. Payne must simultaneously prepare for trial in both Oregon and Nevada at the same time, somehow splitting his case review among two different sets of voluminous discovery, two different defense teams, two separate lines of defense preparation, and two different sets of court proceedings. CR #291, pp. 17-18. The government's suggestion that Mr. Payne is somehow benefitting by proceeding in this way distorts the realities of defense trial preparation and ignores that Mr. Payne's attention is now divided between two criminal cases, each of which pose a substantial risk to his liberty. The government's other suggestion, that Mr. Payne "can always attempt to show cause why he should be severed from the Oregon case and transported to Nevada so he can stand trial on a date of his choosing – and the Court can then rule," CR #414, p. 13, ignores the apparent jurisdictional limits of the courts. *See* Order, CR #308 (denying Mr. Payne's Motion to Stay Transport to Oregon Pending Adjudication for failing to

---

[3] Mr. Payne remains housed at the Multonomah County Jail in Portland, Oregon. Successfully initiating a call to Mr. Payne at this jail requires counsel to have the good fortune to call at a time when the phone at his "pod" is not being used by an inmate, or otherwise unavailable because of issues at the jail. One recent attempt to contact Mr. Payne, which is typical of the communication difficulties involved, required counsel to call five times over a period of 45 minutes before counsel was able to speak to Mr. Payne.

provide the legal basis for the district court's jurisdiction and why the motion should not be heard by the Oregon district judge). A meaningful proceeding in this case is not feasible.

It is for these reasons Mr. Payne submits the government's decision to simultaneously prosecute him in Oregon and Nevada violates his right to effective assistance of counsel.

### C. Mr. Payne's Fifth Amendment Right to Due Process Will Be Violated if He is Forced to Litigate Both the Oregon and Nevada Cases Simultaneously.

Finally, the government's response to Mr. Payne's Fifth Amendment Due Process claim is unavailing. The government asserts only that because longer delays have been upheld before, *ipso facto*, the delay here should be upheld. The Due Process Clause cannot be cast with such a wide net. The Supreme Court long ago stated it left courts "the task of applying the settled principles of due process that we have discussed to the particular circumstances of individual cases." *United States v. Lovasco*, 431 U.S. 783, 797 (1977). What may have satisfied due process in one case is not determinative of what satisfies due process in *all* cases. The Court must therefore adjudicate Mr. Payne's due process claims under the particular circumstances present here.

**II.     Conclusion**

For each of the reasons set forth in Mr. Payne's Motion to Dismiss (CR #291), and set forth herein, Mr. Payne requests the Court dismiss the instant case with prejudice.

Dated this 16th day of May, 2016.

Respectfully Submitted,

RENE VALLADARES
Federal Public Defender

By: /s/ Shari L. Kaufman
     SHARI L. KAUFMAN
     Assistant Federal Public Defender

By: /s/ William Carrico
     WILLIAM CARRICO
     Assistant Federal Public Defender

By: /s/ Ryan Norwood
     RYAN NORWOOD
     Assistant Federal Public Defender

## CERTIFICATE OF ELECTRONIC SERVICE

The undersigned hereby certifies that she is an employee of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on May 16, 2016, she served an electronic copy of the above and foregoing **DEFENDANT RYAN W. PAYNE'S REPLY IN SUPPORT OF MOTION TO DISMISS** by electronic service (ECF) to the person named below:

>DANIEL G. BOGDEN
>United States Attorney
>ERIN M. CREEGAN
>Assistant United States Attorney
>NADIA JANJUA AHMEN
>Assistant United States Attorney
>NICHOLAS DICKINSON
>Assistant United States Attorney
>STEVEN MYHRE
>Assistant United States Attorney
>501 Las Vegas Blvd. South
>Suite 1100
>Las Vegas, NV 89101

*/s/ Karen Meyer*
Employee of the Federal Public Defender