DANIEL G. BOGDEN
United States Attorney
STEVEN W. MYHRE
NICHOLAS D. DICKINSON
Assistant United States Attorneys
NADIA J. AHMED
ERIN M. CREEGAN
Special Assistant United States Attorneys
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada  89101
PHONE: (702) 388-6336
FAX: (702) 388-6698

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN D. CAVALIER,<br><br>Defendant. | 2:16-CR-00046-GMN-PAL<br><br>**GOVERNMENT'S MOTION TO FILE CORRECTED RESPONSE AND ITS CORRECTED RESPONSE IN OPPOSITION TO DEFENDANT BRIAN D. CAVALIER'S OBJECTIONS TO MAGISTRATE'S ORDER (ECF No. 314)** |

**CERTIFICATION**: Pursuant to Local Rule 12-1, this response is timely filed.

The United States, by and through the undersigned, respectfully moves to file its Corrected Response in Opposition to Defendant Brian D. Cavalier's ("Cavalier's") Objections to Magistrate's Order (ECF No. 314) (hereinafter "Defendant's Objections" or "Objections").

**POINTS AND AUTHORITIES**

In its original Response (ECF No. 403), the government improperly cited to the unpublished 9th Circuit decision in *United States v. Matta-Ballesteros*, 72 F.3d 136 (Table), 1995 WL 746007 (9th Cir. 1995), in violation of Ninth Circuit Rule 36-3 which prohibits citation to unpublished orders or decisions that were issued before

2007. Accordingly, the Corrected Response that follows redacts all citations to that decision. The content otherwise remains the same as the opening Response.

**WHEREFORE**, for all the foregoing reasons, the government respectfully requests that the Court grant its Motion and permit the government to file the Corrected Response as set forth below.

**CORRECTED RESPONSE IN OPPOSITION TO DEFENDANT BRIAN D. CAVALIER'S OBJECTIONS TO MAGISTRATE'S ORDER (ECF No. 314)**

The United States, by and through the undersigned, respectfully submits its Response in Opposition to Defendant Brian D. Cavalier's ("Cavalier's") Objections to Magistrate's Order (ECF No. 314) (hereinafter "Objections"). Cavalier objects to the Court's April 22, 2016, Order (ECF No. 310), to the continuation of the trial in this matter, and to his and his co-defendants return to the District of Oregon where they are awaiting trial. (ECF No. 314) As discussed below, Cavalier's objections lack any legal or factual merit and therefore should be overruled.

## BACKGROUND

On March 2, 2016, Cavalier and eighteen other defendants were charged in a Superseding Indictment by a grand jury sitting in the District of Nevada with numerous crimes of violence in connection with their alleged participation in a conspiracy to use force, violence and firearms to assault and extort federal officers on April 12, 2014, near Bunkerville, Nevada. The charges included assault with a deadly weapon on a federal law enforcement officer, threatening a federal law enforcement officer, obstruction of justice, extortion of a federal officer, use and

brandish a firearm in relation to a crime of violence, and conspiracy to commit same, all in violation of Title 18, United States Code, Sections 111(a)(1) and (b), 115, 924(c), 1503, 1951 and 371, respectively. Arrest warrants were issued for all nineteen defendants.

Before the filing of the Superseding Indictment, seven of the defendants involved in the instant case also participated in the armed takeover of the Malheur National Wildlife Refuge (MNWR) in eastern Oregon in January 2016. MNWR was held by heavily armed intruders for 41 days until the final occupiers surrendered. An indictment was returned in Oregon for the armed takeover and the common defendants were arrested between January 26, 2016, and February 11, 2016. These defendants include Ammon Bundy, Ryan Bundy, Ryan Payne, Brian Cavalier, Joseph O'Shaughnessy, Peter Santilli, and Blaine Cooper ("common defendants"). The seven defendants were charged in a Superseding Indictment in the Oregon case on March 8, 2016, with six counts including: conspiracy to impede a federal officer, in violation of 18 U.S.C. § 372, possession of firearms in a federal facility, in violation of 18 U.S.C. § 930(b), using and carrying firearms in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), theft of government property, in violation of 18 U.S.C. § 641, and depredation of government property, in violation of 18 U.S.C. § 1361.

At the request of the government, the Court in Nevada issued a writ of habeas corpus *ad prosequendum* (hereinafter "writ" or "writ *ad pros*") requiring the United States Marshal Service (USMS) to transport Cavalier from pretrial

detention in Oregon to a detention facility in Nevada so that he could be arraigned on the Nevada Superseding Indictment and joined for trial with his co-defendants.

Cavalier, and the other common defendants detained in Oregon fought to stay execution of the writs and to remain in Oregon, filing motions to stay and asserting at a hearing held before United States District Court Judge Anna Brown, the presiding judge in the Oregon matter, that they should not be transferred until the Oregon matter was resolved. Judge Brown denied the common defendants' motion to stay and ordered that they be transported to Nevada for arraignment and appointment of counsel and then returned to Oregon to prepare for trial. At least one of the defendants appealed Judge Brown's order to the Ninth Circuit and the appeal is currently pending.

On April 15, 2016, Cavalier appeared in the District of Nevada and was appointed counsel. (ECF No. 250) On April 22, 2016, all defendants in the case attended a status conference that was set in order to determine whether the case was complex and when trial could be set, amongst other things.

At that hearing, the government stated that the case should be declared complex on the following bases: (1) discovery was voluminous; (2) nineteen defendants had been joined for trial; and (3) seven of the nineteen defendants were pending trial in Oregon and were under court order to return to Oregon on or before April 25, 2016 to prepare for a September 2016 trial.

The government further explained the nature of the discovery in this case, describing for the Court the volume of evidence adduced during the course of the investigation, culminating in approximately 1.4 terabytes of digital data comprised

4

mostly of audio and video recordings. (ECF No. 327) That same day, Magistrate Judge Leen issued a written order vacating the May 2, 2016, trial date and indicating that the Court would set forth in a subsequent written order the court's ruling on the motion to declare the case complex. (ECF No. 310)

On April 25, 2016, Cavalier filed his objections to the Court's April 22, 2016, Order, incorrectly asserting that this Order declared the case complex. (ECF No. 314) Cavalier objected specifically to the order, to the continuation of the trial date, and to his transfer back to the District of Oregon. The stated basis for Cavalier's objections is that these events violate his Sixth Amendment right to a speedy trial. (ECF No. 314)

Subsequent to the filing of Cavalier's objections, and on April 26, 2016, Magistrate Judge Leen entered a 14-page Case Management Order, finding the case complex under Title 18, United States Code, Section 3161(h)(7)(B)(ii) and setting trial for February 6, 2017, as to all defendants, including Cavalier. (ECF No. 321). In her Order, Judge Leen made specific findings regarding exclusions of time under the Speedy Trial Act, excluding all time between arraignment and the February trial date and setting milestone dates for the production of discovery and pretrial motions. (ECF No. (Judge Leen's Case Management Order of April 26, 2016).)

For the reasons discussed below, Cavalier's Objections should be overruled and Judge Leen's Case Management Order should be upheld. Cavalier cannot establish a speedy trial violation solely on the basis that he has been joined for trial with his co-defendants in this case or that he has been returned to the

5

District of Oregon to await trial in that case.

## LEGAL STANDARD

The Sixth Amendment right to speedy trial attaches at the time the case is indicted. *United States v. Lovasco*, 431 U.S. 783, 788-89 (1977). A defendant's right to speedy trial under the Sixth Amendment is a "more vague concept than other procedural rights." *Barker v. Wingo*, 407 U.S. 514, 527 (1972). "The nature of the speedy trial right does make it impossible to pinpoint a precise time in the process when the right must be asserted or waived." *Id.*

In assessing whether a Sixth Amendment violation occurred, the Court weighs the following factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) the prejudice resulting from the delay. *Id. at* 531-33.  Courts presume prejudice after a delay of more than one year from indictment. *Doggett v. United States*, 505 U.S. 647, 652 (1992).

Because of the imprecise nature of the Sixth Amendment analysis, courts traditionally review claims of speedy trial violations within the context of the Speedy Trial Act (STA), Title 18, United States Code, Sections 3161-3174.  The Ninth Circuit has noted that "it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth Amendment right to speedy trial has been violated." *United States v. Nance*, 666 F.2d 353, 360 (9th Cir. 1982). This is so because the "Speedy Trial Act affords greater protection to a defendant's right to a speedy trial than is guaranteed by the Sixth Amendment, and therefore a trial

which complies with the Act raises a strong presumption of compliance with the Constitution." *United States v. Baker*, 63 F.3d 1478, 1497 (9th Cir. 1995).

The Speedy Trial Act provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

Pursuant to 18 U.S.C. § 3161(h)(1)-(8) there are eight circumstances when a period of delay shall be excluded. Section 3161(h)(7)(A) allows a delay to be excluded when an ends of justice continuance is requested *sua sponte*, by defense, or by the government. Before granting a continuance, the judge must consider whether a continuance is justified under § 3161(h)(7)(B). A continuance may be granted when the case is "so unusual or so complex, due to the number of defendants, the nature of prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself." 18 U.S.C. § 3161(h)(7)(B)(ii). A court may also grant an ends of justice continuance if, "the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would unreasonably deny . . . the attorney for the Government the reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). "In setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress

twice recognized the importance of adequate pretrial preparation time [See § 3161(h)(7)(B)(ii) and § 3161(h)(7)(B)(iv)]." *Bloate v. United States*, 559 U.S. 196, 210-11 (2010).

**ARGUMENT**

Cavalier's objections allege a number of grievances relating to Judge Leen's April 22, 2016, Order. (ECF No. 314) As an initial matter, Cavalier's Objections, filed on April 25, 2016, incorrectly asserts that Judge Leen's April 22, 2016, Order declared the case complex. (ECF No. 314) However, the April 22, 2016, Order merely vacated the May 2 trial date and associated calendar call date. Judge Leen's April 26, 2016, Order, issued the day after Cavalier filed his objections declared the case complex and set the February 2017 trial date. (ECF No. 321) Cavalier therefore filed his objections without the benefit of reviewing Judge Leen's fourteen-page, detailed Case Management Order, which articulated the factual and legal bases for declaring the case complex.

Accordingly, Cavalier's "objections" fail to articulate any arguments supported by law or fact opposing Judge Leen's reasoning for declaring the case complex or for setting the February 2017 trial date. Instead, Cavalier raises objections unsupported by either the facts or the law, arguing in sum that because the government "chose" to indict two cases around the same time, took nearly two years to investigate and charge the Nevada case, and because the defendant could not both obtain an immediate trial and prepare adequately for trial at the same time, his Sixth Amendment rights have been violated. (ECF No. 314)

Judge Leen considered all of the arguments Cavalier raises in his objections as they were all raised at the April 22 hearing both by Cavalier and the other defendants. (ECF No. 327) Additionally, Judge Leen's April 26, 2016 Order was filed after Cavalier filed these objections and the Court was thus able to consider such objections in deciding and issuing the Order. (ECF No. 321) As discussed below, Cavalier raises nothing new that the Court did not have an opportunity to consider before issuing the April 26 Order, and certainly nothing that has not already been addressed and rejected by the law.

First, Cavalier has properly been joined for trial with eighteen (18) other co-defendants charged with serious crimes of violence arising in Nevada. The government acted diligently and properly in seeking writs *ad pros* to compel Cavalier to be transported to Nevada so he could be joined for trial with his co-defendants. No Sixth Amendment violation occurred as a result and Cavalier can cite no authority to the contrary.

Cavalier's Sixth Amendment right to a speedy trial was triggered on March 2, 2016, when the Superseding Indictment was returned in this case. Thus, upon indictment, the Sixth Amendment placed "the primary burden on the courts and the prosecutors to assure that [his case is] brought to trial." *Barker*, 407 U.S. at 527. To meet that burden, the government took the post-indictment steps necessary – among them seeking a writ *ad pros* on Cavalier – to join all of the defendants for trial.

Contrary to Cavalier's argument, while the Sixth Amendment guarantees Cavalier's right to a speedy trial, it does not guarantee that he can never be charged in a conspiracy case while he is pending charges in another district. Were it otherwise, the government would be forced to forebear from ever charging and joining all defendants for trial whenever a single co-defendant is pending trial someplace else -- even if it meant losing the charges to the statute of limitations. There simply is no authority for the proposition that the Sixth Amendment dictates when or where a case will be indicted. To the contrary, it is well established that prosecutorial discretion extends not only to whom to prosecute, see *Town of Newton v. Rumerv*, 480 U.S. 386, 396 (1987); *Wayte v. United States*, 470 U.S. 598, 607 (1985), but when to prosecute. *See United States v. Lovasco*, 431 U.S. 783, 790 (1977). And, as a general matter, decisions made within prosecutorial discretion are beyond judicial review. *See United States v. Bauer*, 84 F.3d 1549, 1560 (9th Cir. 1996).

Here, nineteen defendants – including Cavalier – have been charged jointly by a grand jury in an alleged conspiracy to commit serious crimes of violence against federal law enforcement officer in Nevada. The law places no obligation on the government to wait to indict Cavalier and his co-conspirators until such time as when and if Cavalier completes his trial in Oregon. That is an enormous price for the victims and the community to pay for the vague and wholly unsupported notion that criminal charges must proceed one at a time.

Second, the Sixth Amendment guarantees Cavalier a speedy trial – not an immediate one. The fact that Cavalier is now joined for trial with his co-defendants in Nevada – by virtue of the writs *ad pros* – does no violence to his right to speedy trial as long as the government makes good faith efforts to bring him to trial timely in the Nevada case. Here, all indications are that the case is proceeding forward toward trial in a timely manner.

Cavalier's trial date is set for February 6, 2017 – less than the one year from the initial Nevada indictment, the period of time that *Barker v. Wingo* (five years delay did not violate the Sixth Amendment) and its progeny contemplated as triggering the inquiry into whether a trial occurs sufficiently speedily. *Doggett*, 505 U.S. at 505. At less than one year, there is no need even to balance the *Barker* factors. *United States v. Waters*, No. 2:15-CR-80-JCM-VCF, 2016 WL 1688622, at *4 (D. Nev. Apr. 5, 2016) ("The length of the delay is to some extent a triggering mechanism.").

Moreover, any delay contemplated by the Court's trial setting has been addressed and specifically excluded under the STA – the starting point for any speedy trial analysis under current case law. Magistrate Judge Leen held a two-hour hearing to determine whether the nature of the case was complex and to ascertain all defendants' proposed trial dates, some of whom had agreed to a February 2017 trial date. At that hearing, Judge Leen considered the government's showing, Cavalier's arguments, and those of his eighteen co-defendants. None of the defendants, including Cavalier, sought trial on the original setting of May 2 and

the only other date that was proposed to Judge Leen at the hearing was February 6, 2017, a date agreed upon by some of the co-defendants.

Following the hearing and in a very detailed and well-reasoned Order, Judge Leen designated this case as complex and set the February 2017 trial date. (ECF No. 321)  In so doing, she found that all time between Cavalier's arraignment on April 15, 2016, and the trial setting was excluded under the STA, making very specific and detailed findings, including Cavalier's joinder with other co-defendants who sought a February 6, 2017, trial date and the complex nature of the case. (ECF No. 321 at pp. 7-13.)

This hardly evidences a lackadaisical attempt to get Cavalier to trial which is what *Barker v. Wingo* attempts to prevent in the first place.  To the contrary, Magistrate Judge Leen set very clear milestones for the government's production of discovery and the filing of motions, including motions for severance.  The case is proceeding to trial along the lines outlined in the Order and the exclusions of time identified in the Order are consistent with the STA and, hence, the Sixth Amendment.

Further in this same vein, any delay in the Nevada case that is attributed to Cavalier's trial on the charges in Oregon is specifically addressed in the STA. Section 3161(h)(1)(B) allows for excludable time due to "delay resulting from trial with respect to other charges against the defendant."  This provision encompasses not only "the trial itself but also the period of time utilized in making necessary

preparations for trial." *United States v. Lopez-Osuna*, 242 F.3d 1191, 1198 (9th Cir. 2001) (internal quotations and citation omitted).

The exclusion is most often applied when a delay has been caused by a separate trial (and the preparation necessary for that separate trial) on other charges, even when the charges are before another court. *See United States v. Drake*, 542, F.3d 1080 (9th Cir. 2008). The provision would not exist at all if Congress considered it unconscionable for a defendant's trial to be delayed while he answers for other crimes. *Zedner v. United States*, 547 U.S. 489, 497 (2006) ("[T]he Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases.").

Nor have courts found anything improper under the Sixth Amendment in applying the exclusion. *See United States v. Lopez-Espindola,* 632 F.2d 107, 110 (9th Cir. 1980) (accommodating a delay in a federal trial while state proceedings were ongoing); *United States v. Allsup*, 573 F.2d 1141, 1144 (9th Cir. 1978) (same); *Lopez-Osuna, 242 F.3d* 1191 (upholding a delay in proceedings where the defendant was charged separately in the same federal district); *United States v. Arellano-Rivera*, 244 F.3d 1119, 1123 (9th Cir. 2001) (same).

Here, Judge Leen carefully weighed the factors that Congress has proscribed in designating the case complex and setting trial ten months from the last defendant's first appearance. Judge Leen cited numerous factors that supported her conclusion, including the number of defendants, the severity and number of charges, the voluminous nature of discovery, the large number of potential

13

witnesses, and other charges pending in another district against 7 of the 19 defendants. (ECF No. 321 at pp 7-11.)

Judge Leen's Order is consistent not only with the STA but cases similar to the instant cases in severity of charges, number of defendants, and voluminous nature of discovery which have been found to be appropriately designated complex time and time again by the Ninth Circuit. *See, e.g., United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993) (upholding the district court's exclusion of time in a case charging seven defendants with conspiracy based upon the complexity of the case which indicated that counsel would need extra time to conduct discovery, file pretrial motions, and prepare defenses to the charges —finding that complexity "outweigh[s] the interests of individual defendants"); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir.1985) (upholding the district court's exclusion of time because of the complexity of the case, the ongoing nature of the investigation, and the potential multiplicity of defendants); *United States v. Lu*, 174 F. App'x 390, 397 (9th Cir. 2006) (multiple defendants, severity of charges); *United States v. Castellon*, 80 F. App'x 562, 563-64 (9th Cir. 2003) (number of defendants, volume of discovery); *United States v. Lewis*, 611 F.3d 1172, 1175-76 (9th Cir. 2010) (voluminous discovery, large number of counts, several defendants, ongoing investigation).

Finally, Cavalier is set for trial in Oregon in September 2016 and, pursuant to Court Order in that case, he has been ordered to remain detained in Oregon to prepare for trial in that case and is unavailable for trial in Nevada. Nevertheless, if Cavalier truly desires to go to trial in Nevada before September 2016, he can always

attempt to show cause why he should be severed from the Oregon case and transported to Nevada so he can stand trial on a date of his choosing – and the Court can then rule. Ultimately it is the courts, and not the government, that will set trial dates in both cases, consistent with both the right to a speedy trial and the needs of counsel to adequately prepare. *United States v. Kimberlin*, 805 F.2d 210, 226 (7th Cir. 1986) (defendant charged in two federal district courts has no right to choose which case will be tried first).

Because Cavalier has articulated no valid reason that the case should not be considered complex, or that trial should not proceed in February of 2017, the government respectfully requests that his objections be overruled.

**WHEREFORE**, for all the foregoing reasons, the government requests that the Court enter an Order overruling Cavalier's Objections and Affirming Judge Leen's April 26, 2016, Case Management Order.

DATED this 17th day of May, 2016.

Respectfully,

DANIEL G. BOGDEN
United States Attorney

_____//s//_____
STEVEN W. MYHRE
NICHOLAS D. DICKINSON
Assistant United States Attorneys
NADIA J. AHMED
ERIN M. CREEGAN
Special Assistant United States Attorneys

Attorneys for the United States

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **GOVERNMENT'S CORRECTED RESPONSE IN OPPOSITION TO DEFENDANT BRIAN D. CAVALIER'S OBJECTIONS TO MAGISTRATE JUDGE ORDER** was served upon counsel of record, via Electronic Case Filing (ECF).

Dated this 17th day of May, 2016.

/s/ Nadia Ahmed
NADIA AHMED
Special Assistant United States Attorney