JOEL F. HANSEN, ESQ.
Nevada Bar No. 1876
**HANSEN RASMUSSEN, LLC**
1835 Village Center Circle
Las Vegas, Nevada 89134
(702) 385-5533
joelh@hrnvlaw.com
Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff(s),<br><br>v.<br><br>CLIVEN D. BUNDY<br><br>Defendant. | Case No.<br>2:16-CR-00046-GMN-PAL-1 |

**DEFENDANT CLIVEN BUNDY'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISQUALIFY
JUDGE GLORIA NARRAVARO UNDER 28 U.S.C. §144**

**I.    INTRODUCTION**

Pursuant to 28 U.S. Code § 144, Bundy Cliven D. Bundy hereby respectfully moves for disqualification of the Honorable Gloria Navarro and also respectfully asks Judge Navarro to recuse herself. Bundy hereby presents this Memorandum and files the attached declaration and corresponding certificate of filing in good faith by counsel. Bundy hereby respectfully demands the transfer of this case to a different judge, immediately, as provided by 28 U.S. Code § 144 and recusal of Judge Navarro in further proceedings.

/ / /

/ / /

II.  **STATEMENT OF FACTS RELEVANT TO MOTION**

As set forth in Cliven Bundy's 28 U.S.C. §144 Declaration attached as **Exh.** A, Bundy is in solitary confinement for no reason, which is abusive and cruel and unreasonable punishment under the circumstances, being detained without bail.

Judge Navarro is a defendant in litigation with Cliven Bundy.  Her husband is Chief Deputy District Attorney for Clark County, where both this prosecution and the underlying events took place.  Senator Harry Reid and his son Rory Reid have had a high priority for years to steal the Bundy's land so that they can bundle it with other land and sell it for a huge profit to a Chinese company to build a solar power farm.  The Reids own property near the Bundys' ranch. The Reids engineered this prosecution for their own personal profit by seizing the Bundys' ranch for their own use and lucrative project. They want to use the Bundy ranch to receive desert tortoises removed from the land where the energy farm is planned.

U.S. Senator Harry Reid has called upon the Office of the District Attorney for Clark County to prosecute Bundy and his family as "domestic terrorists."  That call for prosecution at the state level is still pending and is still an open item for decision by Judge Navarro's husband.  Judge Navarro has an incurable conflict of interest involving her husband, including possible impact upon her family (her spouse). This is a consideration under The Code of Conduct for United States Judges, Canon 2(B).  Any pressure upon her husband's career as a prosecutor with the same case involved would weigh upon the free and unrestrained decision-making of any reasonable and normal human being.  See Exh. B, article from Review Journal "Reid Calls Bundy Supporters Terrorists."  Harry Reid in that same article is quoted as saying that he called upon local officieals, specifically Sheriff  Doug Gillespie, to get involved in a task force to "deal with Bundy."  When law enforcement personnel set up a "task force" the idea is to investigate, arrest, and prosecute their

target, as well all know.  And see See Exh. C, "Watch: Harry Reid's Son Wants to See Cliven Bundy Taken Down."

      Because of these obvious intentions by Harry Reid to get Cliven Bundy prosecuted by local officials, Bundy's attorney Joel Hansen has sent a Request for Copies of Public Records to the Sheriff and the Clark County District Attorney asking them to produce any and all public records regarding the stand off and particularly any communications from Harry Reid asking for prosecution.  See **Exh. D**.  Once again, the Chief Deputy District Attorney is this Judge's spouse.

      Judge Navarro revealed her bias and prejudice (pre-judging the case in advance of the evidence) as well as *ex parte* communications and personal knowledge outside of court by asking in open court if Bundy's wife "was a defendant *yet*."

      Mrs. Bundy's husband is being held in solitary confinement on baseless charges, resulting from a political protest by hundreds of U.S. citizens who came of their own volition – not asked for by Bundy – to defend the rights of U.S. citizens to own and farm land free from abuses by the U.S. Government, Bureau of Land Management.  Despite the chaos of large crowds of peaceful protestors exercising their First Amendment rights guaranteed under the U.S. Constitution, making it impossible for the allegations to be proven, Judge Navarro has not only denied bail but engaged in cruel and unusual punishment of political prisoners by ordering Bundy in to solitary confinement.

      Bundy's sons are also imprisoned as political prisoners for baseless allegations. And then Bundy's wife and mother of those sons, under these heartbreaking circumstances, was left to take care of everything outside of jail in their absence, is hit with the horrifying remark by Judge Navarro "But she is not a defendant *yet*?"  After suffering the trauma of having her husband and sons in jail, Judge Navarro signaled on May 10, 2016, that she (Mrs. Bundy) would also be indicted and arrested.

In addition to the profound insult of this remark, it reveals the obvious pre-judging of the merits of the allegations, such that Judge Navarro would imagine that Mrs. Bundy would of course be indicted, too, because Judge Navarro assumes that the allegations must be true. Clearly, Judge Navarro has already made up her mind that Cliven Bundy and his sons are guilty already.

But this remark also indicates that Judge Navarro may have had out-of-court, *ex parte* communications about this case, most likely with her own husband as Chief Deputy District Attorney for Clark County, leading Judge Navarro to believe that Mrs. Bundy will be indicted also or at least that there is discussion about making a decision to indict Mrs. Bundy. In this regard, it is irrelevant whether the prediction turns out to materialize or not. The fact that Judge Navarro is privy to out-of-court discussions about the possibility that Mrs. Bundy might be indicted violates the canons of conduct and creates a conflict of interest and disqualification in having out-of-court information, *ex parte*, on the merits of the allegation and the evidence. At the very least, the requirement to give public confidence and avoid the appearance of bias requires recusal.

Judge Navarro was appointed by President Barack Obama on the official nomination of Senator Harry Reid. Both Obama and Reid have very strongly signaled their pre-judgment that the Bundys are guilty and are "domestic terrorists." While Obama and even Reid counsel caution, to wait for the evidence, on those whom they favor, Obama and Reid have already decided that the Bundys are guilty. And they have communicated that conclusion in the strongest possible terms, with extreme harshness and intensity, to Judge Navarro through public remarks.

Judge Navarro knows that her chief patron and the one who appointed her want her to come down in this case a certain way. And the cruel and unusual punishment of treating Bundy like a political prisoner, denying bail and leaving him to rot in solitary confinement, reveals that Judge Navarro has received the instructions of Reid and Obama loud and clear and is carrying out those

marching orders.

### III. ARGUMENT

#### A. The Governing Law

Pursuant to 28 U.S. Code § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

#### B. Governing Legal Precedents and Principles

An impartial judiciary is a fundamental component of the system of justice in the United States. The right to a "neutral and detached judge" in any proceeding is protected by the Constitution and is an integral part of maintaining the public's confidence in the judicial system. *Ward v. City of Monroeville*, 409 U.S. 57, 61-62 (1972). *See also Marshall v. Jerrico, Inc.*, 446 U.S. 238, 243 (1980) ("powerful" constitutional interest in fair adjudicative procedure). Congress has sought to secure the impartiality of judges by requiring them to step aside, or in some instances, disqualify themselves, in various circumstances.

In order to preserve the integrity of the judiciary, and to ensure that justice is carried out in each individual case, judges must adhere to high standards of conduct." *York v. United States*, 785 A.2d 651, 655 (D.C. 2001). "A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned. . . ." ABA Code Of Judicial Conduct Canon 3(C)(1) *see also Scott v. United States,* 559 A.2d 745, 750 (D.C. 1989) (en banc).

The language of the Judicial Code leaves no doubt that that recusal process is to be self-executing, as the judge should not unethically wait for a recusal motion to be filed. **"It is intended to be used by a judge at the start of each case as a checklist to assist in deciding whether at that point he should disqualify himself from any participation in the proceedings . . . [E]ven before appraising participation in the case under the [Judicial Code], the judge should first consult his own emotions and conscience, and pass an 'internal test of freedom' from disabling conflicts."** Leslie W. Abramson, Judicial Disqualification Under Canon 3 of the Code of Judicial Conduct 10 (2d ed. 1992).

Here, of course, the case has embarked on a dramatically new phase quite unrelated to the past history of the case. At this juncture, the analysis should be applied.

Recusal is required when there is even the appearance that the court's impartiality may be called into question, and "could suggest, to an outside observer, such a 'high degree of favoritism or antagonism' to defendants' position that 'fair judgment is impossible.' *Liteky v. United States*, 510 U.S. 540, 555, 127 L. Ed. 2d 474, 114 S. Ct. 1147 (1994)); *See also Jackson v. Microsoft Corp.*, 135 F. Supp. 2d 38, 40 (D.D.C. 2001) (recusal was proper because the judge "ha[d] created an appearance of personal bias or prejudice").

> The disqualification statute, 28 U.S.C. §144, is **mandatory and automatic**, requiring only a timely and sufficient affidavit alleging personal bias or prejudice of the judge. The judge is a silent defendant, unable to make findings on the truth or falsity of the affiant's allegations, and truth must be presumed. *United States v. Hanrahan*, 248 F. Supp. 471, 474 (D.D.C. 1965)(Emphasis added); and the allegations may be based upon information and belief, *Berger v. United States*, 255 U.S. 22, 34, 65 L. Ed. 481, 41 S. Ct. 230 (1920).

*Brotherhood of Locomotive Firemen & Enginemen v. Bangor & Aroostook Railroad Co.*, 380 F.2d 570, 576 (D.C. 1967).

Courts have also held that a jurist is subject to disqualification when a conflict of interest or extra-judicial bias toward the client's attorney becomes manifest. *Souder v. Owens-Corning*

*Fiberglas Corp.*, 939 F.2d 647, 653 (8th Cir. 1991). ("Bias against an attorney can reasonably be imputed to a party."). In *Foster*, the court held that an attorney who files a motion for change of judge in good faith is not required to prove actual prejudice by the judge. *State ex. rel. Strain v. Foster*, 537 P.2d 547 (Ore. 1975). In *Hulme*, a judge who had a prior negative interaction with litigant's counsel in other cases was held to be disqualified in a mandamus proceeding. *Hulme v. Woleslagel*, 493 P.2d 541 (Kan. 1972). More importantly, however, courts have held that the facts are legally sufficient to disqualify a judge where there has been prior conflict between the judge and counsel, where there was severe antipathy on the part of the judge toward counsel, and where an attorney filed a complaint or charges against the judge.

In *James*, a judge was required to disqualify himself when an attorney for a litigant in the medical malpractice case filed a motion alleging that the judge was biased against him because the attorney had previously represented a client who had sued the judge when he was in private practice. *James v. Theobald*, 557 So. 2d 591 (Fla. 1990). In *Brewton*, the court held that the judge should be disqualified in an election-misconduct case because the partners of defendant's counsel had brought about a bill of impeachment against the judge, and counsel for the plaintiffs had appeared for the judge at the same impeachment trial. The court, in issuing a writ of prohibition disqualifying the judge, said that prejudice of a judge toward counsel for a party may be of such a degree as to effect a prejudice against the party itself. *Brewton v. Kelly*, 166 So. 2d 834 (Fla. 2d DCA 1964). In *Hahn*, the court held that a change of judge should have been granted for bias when the prosecuting attorneys in the action had previously prosecuted the judge and obtained a conviction. *State v. Hahn*, 660 N.E.2d 606 (Ind. Ct. App. 1996).

Finally, in *Roberts*, a judge recused himself even though he stated he had no personal bias against the litigant's attorney. The court there stated that the issue of what a reasonable person

would think about a judge's impartiality should be approached from the viewpoint of the party to the action. Recusal was necessary because the functioning of the justice system would be impaired if counsel were to go to trial before a judge that counsel thought had a conflict of interest and was biased against him. *Roberts v. Ace Hardware, Inc.*, 515 F. Supp. 29 (N.D. Ohio 1981).

Providing further definition and guidance, 28 U.S. Code § 455 also requires:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> * * *
>
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
>> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>>
>> (ii) Is acting as a lawyer in the proceeding;
>>
>> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>>
>> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.
>
> * * *

Moreover, the Code of Conduct for United States Judges

**CANON 2** requires:
> * * *
>
> (B) Outside Influence. A judge should not allow family, social, political, financial, or other relationships to influence judicial conduct or judgment. A judge should neither lend the prestige of the judicial office to advance the private interests of the judge or others nor convey or permit others to convey the impression that they are in

a special position to influence the judge. A judge should not testify voluntarily as a character witness.

**CANON 3** requires:
* * *
(C) Disqualification.
(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:
(a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
* * *
(c) the judge knows that the judge, individually or as a fiduciary, or the judge's spouse or minor child residing in the judge's household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be affected substantially by the outcome of the proceeding;
(d) the judge or the judge's spouse, or a person related to either within the third degree of relationship, or the spouse of such a person is:
* * *
(iii) known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; or
(iv) to the judge's knowledge likely to be a material witness in the proceeding;

## C. CASE MUST BE TRANSFERRED TO ANOTHER JUDGE IMMEDIATELY

Nothing can create more of the appearance of a conflict of interest than when a presiding judge has a personal interest in the litigation or matters related to it. The applicable standard for recsual is whether a judge's participation in a lawsuit will create the *appearance* of bias and prejudice. *See Liteky v. United States*, 510 U.S. 540, 555, 127 L. Ed. 2d 474, 114 S. Ct. 1147 (1994)); *Jackson v. Microsoft Corp.*, 135 F. Supp. 2d 38, 40 (D.D.C. 2001), *supra*.

Pursuant to 28 U.S. Code § 455(a), Judge Navarro's impartiality may reasonably be questioned, because the Judge has a personal interest

- 9 -

Pursuant to 28 U.S. Code § 455(b)(1), Judge Navarro has personal knowledge of disputed evidentiary facts concerning the proceeding.

To the extent that the Court determines the topic to be relevant at all, pursuant to 28 U.S. Code § 455(b)(5)(iv), Judge Navarro's husband could be a witness as to events in Clark County.

IV. **CONCLUSION**

Pursuant to 28 U.S.C. § 144, the case must be transferred to a different judge, immediately, and Judge Navarro should cease work on the case as required by the statute.

Dated: May 20, 2016

Respectfully submitted,
/s/ Joel F. Hansen, Esq.
**JOEL F. HANSEN, ESQ.**
Nevada Bar No. 1876
**HANSEN RASMUSSEN, LLC**
1835 Village Center Circle
Las Vegas, Nevada 89134
(702) 385-5533
joelh@hrnvlaw.com
Attorney for Defendant


/s/ Larry Klayman, Esq.
Larry Klayman, Esq.
Washington, D.C. Bar No. 334581
Freedom Watch, Inc.
2020 Pennsylvania Avenue N.W., Suite 345
Washington, D.C. 20006
(310) 595-0800
leklayman@gmail.com
Of Counsel
*(Pro Hac Vice Application Pending)*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2016, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to opposing counsel registered on CM/ECF.

1                                           /s/ Joel F. Hansen, Esq.
                                      **JOEL F. HANSEN, ESQ.**

JOEL F. HANSEN, ESQ.
Nevada Bar No. 1876
**HANSEN RASMUSSEN, LLC**
1835 Village Center Circle
Las Vegas, Nevada 89134
(702) 385-5533
joelh@hrnvlaw.com
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

UNITED STATES OF AMERICA

                Plaintiff(s),

v.

CLIVEN D. BUNDY

                Defendant.

Case No.
2:16-CR-00046-GMN-PAL-1

**CERTIFICATE OF COUNSEL OF FILING IN GOOD FAITH
IN SUPPORT OF CLIVEN D. BUNDY'S 28 U.S.C. 144 MOTION
FOR RECUSAL OF JUDGE GLORIA NAVARRO**

Pursuant to 28 U.S. Code § 144, in support of the affidavit and motion filed by Defendant Cliven D. Bundy for the disqualification of the Honorable Gloria Navarro and immediate transfer of the case to another judge, I hereby file this certificate that his affidavit is filed in good faith.

Cliven D. Bundy's affidavit, and corresponding motion with supporting exhibits are filed in good faith. He and his counsel sincerely believe that he has been targeted improperly for investigation and prosecution and that Judge Navarro has conflicts of interest prohibited by the rules of judicial ethics and harbors an extrajudicial bias and prejudice against him.

Bundy's motion and affidavit are timely. He was arrested on February 11, 2016, and has been in indefinite detention without bond and indeed in solitary confinement. He has been hindered

in assembling his legal team by rulings of Judge Navarro. These restrictions, especially being in solitary confinement, have hindered his ability to prepare his legal defense. Some details supporting and completing his statutory demand under 28 U.S.C. § 144 for recusal arose only on May 3, 2016, and May 10, 2016.

Dated: May 20, 2016

Respectfully submitted,
    /s/ Joel F. Hansen, Esq.
**JOEL F. HANSEN, ESQ.**
Nevada Bar No. 1876
**HANSEN RASMUSSEN, LLC**
1835 Village Center Circle
Las Vegas, Nevada 89134
(702) 385-5533
joelh@hrnvlaw.com
Attorney for Defendant

Larry Klayman, Esq.
Washington, D.C. Bar No. 334581
Freedom Watch, Inc.
2020 Pennsylvania Avenue N.W., Suite 345
Washington, D.C. 20006
(310) 595-0800
leklayman@gmail.com
Of Counsel
*(Pro Hac Vice Application Pending)*

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2016, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to opposing counsel registered on CM/ECF.

    /s/ Joel F. Hansen, Esq.
**JOEL F. HANSEN, ESQ.**