DANIEL G. BOGDEN
United States Attorney
STEVEN W. MYHRE
NICHOLAS D. DICKINSON
Assistant United States Attorneys
NADIA J. AHMED
ERIN M. CREEGAN
Special Assistant United States Attorneys
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada  89101
PHONE: (702) 388-6336
FAX: (702) 388-6698

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:16-cr-00046-GMN-PAL |
| Plaintiff, | **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT AMMON E. BUNDY'S OBJECTION TO MAGISTRATE JUDGE ORDER DENYING MOTION FOR EXTENSION OF TIME FOR DETENTION HEARING [ECF No. 365]** |
| vs. | |
| AMMON E. BUNDY, | |
| Defendant. | |

**CERTIFICATION:  Pursuant Local Rule 12-1, This Response is Timely Filed.**

The United States, by and through the undersigned, respectfully submits its Response In Opposition to Defendant Ammon E. Bundy's (hereinafter "A. Bundy") Objection to Magistrate Judge Order Denying Motion for Extension of Time For Detention Hearing (hereinafter "Objection") (ECF No. 365) as supplemented at ECF No. 426.  As explained below, the Objection should be overruled as moot.

A. Bundy is currently detained pending trial in the District of Oregon.  Thus, any objection to the Magistrate Judge's Detention Order is moot while he awaits trial on the Oregon charges.  Until such time as if and when the defendant is returned to

the District of Nevada to stand trial on the Superseding Indictment, A. Bundy may, at that time, either move to reopen the detention hearing before the United States Magistrate Judge or move to revoke the detention order before this Court.   At all events, however, the local rules – the authority upon which A. Bundy relies here – do not afford him the remedy he seeks: i.e., either revocation or a rehearing.

## BACKGROUND

On February 17, 2016, A. Bundy and four other co-defendants were charged by Indictment in the District of Nevada ("Nevada Indictment") with numerous crimes of violence in connection with their alleged participation in a conspiracy to use force, violence and firearms to assault and extort federal officers on April 12, 2014, near Bunkerville, Nevada.  The charges included assault with a deadly weapon on federal law enforcement officers, threatening federal law enforcement officers, obstruction of justice, extortion of federal officers, use and brandish a firearm in relation to a crime of violence, and conspiracy to commit same, all in violation of Title 18, United States Code, Sections 111(a)(1) and (b), 115, 924(c), 1503, 1951 and 371, respectively.   A warrant for A. Bundy's arrest and a writ of habeas corpus *ad prosequendum* issued from the Indictment.

Before the return of the Nevada Indictment, A. Bundy, along with many other co-defendants including some named in the Nevada Indictment, were charged by Indictment in the District of Oregon for felony violations arising from their alleged involvement in an armed takeover of the Malheur National Wildlife Refuge (MNWR) in Harney County, Oregon, in and around January 2016.   *See United States v. Ammon Bundy, et al.,* Case No. 3:16-cr-00051 (D. Oregon) (hereinafter referred to as

"Oregon case" or "Oregon Indictment").  Arrested on January 27, 2016, A. Bundy was detained in Oregon pending trial on the Oregon Indictment.

On March 2, 2016, the Superseding Indictment ("Nevada Superseding Indictment" or "Superseding Indictment") in this case was returned in the District of Nevada, joining A. Bundy with 14 additional defendants, bringing the total number of joined defendants to 19.  That same day and at the request of the government, the Court issued a writ *ad pros* requiring the United States Marshal Service (USMS) to transport A. Bundy from pretrial detention in Oregon to a detention facility in Nevada so that he could be arraigned on the Nevada Superseding Indictment and joined for trial with his co-defendants.  A. Bundy and four other co-defendants in this case – who had been arrested with Payne in Oregon on the Oregon Indictment (hereinafter referred to as the "common defendants")[1] – filed motions to stay the execution of the writs**.**

On March 22, 2016, United States District Court Judge Anna Brown, the presiding judge in the Oregon case, held a hearing on the motion to stay the writs and, following the hearing, ordered that A. Bundy (and other common defendants) be transported to Nevada for their initial appearances on the Nevada Superseding Indictment. She further ordered that A. Bundy and the other common defendants be returned to Oregon on or before April 25 to stand trial on the Oregon Indictment.

Pursuant to Judge Brown's Order, A. Bundy was transferred to the District of Nevada on April 13, 2016.  On April 15, he made his initial appearance on the

---

[1]   Those defendants are:  Ammon and Ryan Bundy, Blaine Cooper, and Brian Cavalier.  In addition, Joseph O'Shaughnessy and Peter Santilli are also common defendants, having been arrested on the Oregon Indictment but subsequently released on terms and conditions.  Both of them were later arrested and detained pending trial in the Nevada case.

Nevada Superseding Indictment before United States Magistrate Judge George

Foley, at which time Bundy was arraigned, entered pleas of not guilty to all charges,

and was joined for trial with the other 18 co-defendants named in the Nevada

Superseding Indictment.    Following arraignment, the government moved for

detention under the Bail Reform Act and represented that it was prepared to proceed

with the detention hearing.  Bundy then moved for a continuance which Magistrate

Judge Foley granted, setting the detention hearing for April 20, 2016, at 1:30 p.m.

Bundy did not object to that setting.

Before the hearing, and on April 19, 2016, Bundy filed a motion seeking an

additional five-day continuance.  At the hearing on April 20, Magistrate Judge Foley

addressed Bundy's motion and inquired of Bundy's counsel whether he was asking for

a five-day or two-day continuance:

> Court:   Just so I'm clear here, would you be ready to proceed about the
> detention hearing if I continued this two more days to give you the
> full five days?  Are you requesting more time than that?
>
> Counsel: We are requesting five days from today, Your Honor.  If the Court is
> not inclined to do that, we would definitely ask – you know, two days
> would certainly – like I said, we have indications of what I've
> represented coming in just last night and the night before.  I don't – I
> still wouldn't feel comfortable proceeding in two days . . . .  With that
> concern in mind, my concern would be if we don't have the full five
> days . . . the government coming and arguing . . . it existed at the time
> that the detention hearing was had . . . that would be my concern and
> **why we would ask for the full five days.**

Transcript of hearing of April 20; Supplement to Objections, Exhibit 4, ECF No. 426

at 9-10 (emphasis added) (hereinafter "Tr.").

After hearing from the defendant on the motion for continuance, the Court

stated:

4

If it appeared to the Court that continuing this two more days to the full five days . . . that the defendant is entitled to request without having to show good cause for that, the Court would be willing to continue the hearing two more days.  That does not appear likely. . . . [t]he Bail Reform Act [ ] states that the hearing may be reopened before or after a determination by the judicial officer at any time before trial if the judicial officer finds that information exists that was not known to the movant [ ] at the time of the hearing . . . **I would certainly at this point contemplate that to include the defendant's right to move to reopen the detention hearing should that become necessary on the basis that there was evidence and information that he does not presently have but that he believes he may be able to obtain or could obtain, and if he in fact obtains that evidence that was not available to him at the time of the detention hearing**, that he could move to reopen the detention hearing on that basis . . . .

Tr. 12 – 13 (emphasis added).

Judge Foley then held the detention hearing.  Following proffers and arguments by the government and the defendant, Judge Foley ordered the defendant detained pending trial, finding that A. Bundy presented both a risk of nonappearance and a danger to the community using the appropriate evidentiary standard.  Tr. 14 – 53. Thereafter, he entered a written detention order.  ECF No. 299 (hereinafter "Detention Order").

On April 25, 2016, A. Bundy was transported to the District of Oregon, as Ordered by Judge Brown, to await trial on the Oregon charges.  On May 4, 2016, defendant Bundy filed the instant Objection claiming that Judge Foley should have granted the five-day continuance and seeking revocation of the Detention Order and a new hearing.

The Objection should be overruled.  The local rules do not provide for revoking a detention order and, at all events, the Objection is mooted by the defendant's transfer

to the District of Oregon.

## ARGUMENT

The Bail Reform Act provides two clear avenues for the review of a detention order: either appeal to the District Court pursuant to Title 18, United States Code, Section 3145(c), or move to reopen the detention hearing before the judicial officer that heard the matter based on new and material information that was unavailable to the movant at the time of the original hearing.   18 U.S.C. § 3142(f)(2).   A. Bundy does neither.

Bundy claims that at some undefined point after the detention hearing, he obtained evidence that he believes is material to the issue of detention.   And, although he makes gratuitous and self-serving claims about what these exhibits supposedly show, he has not moved to reopen the detention hearing before Judge Foley – an option that Judge Foley stated that he would favorably consider.   *See* Tr. 13.

Instead, A. Bundy appears to appeal to this Court under Local Rule 1B 3-1, challenging Judge Foley's denial of his request for a 5-day continuance.  However, he does not ask this Court for a continuance – the relief he sought before Judge Foley and which was denied him by his ruling.  Rather, he asks the Court to vacate the Detention Order and remand for a new hearing – neither of which remedies is authorized by LR 1B 3-1 and neither of which remedies he has pursued under the applicable provisions of the Bail Reform Act for seeking revocation of a detention order. *See* 18 U.S.C. § 3145(b).

Because the LR 1B 3-1 does not provide for a review by this Court of the

Detention Order, the Objection should be overruled.  The local rules cannot revise the procedures provided by statute and, thus, the Court should refuse A. Bundy's invitation to rewrite the statute and the local rules to grant him relief that neither expressly affords him.

Whatever the reasons for seeking revocation of the Detention Order under the local rules as opposed to the Bail Reform Act, the issue is moot at all events.  Bundy has been returned to the District of Oregon to stand trial on the Oregon charges.  He is detained there pending trial in that case and is not available for a continued detention hearing, a reopened detention hearing, or revocation hearing here until such time as if and when he is returned to District of Nevada to stand trial on the Superseding Indictment.

Further, if and when Bundy is returned to the District of Nevada, the government will not object to a hearing on a motion to reopen the detention hearing before Judge Foley – as Judge Foley suggested – to thus allow A. Bundy the opportunity to argue to that court how the evidence he intends to advance is new and material and why the hearing should be reopened.

1      **WHEREFORE**, for all the foregoing reasons, the government respectfully

2 requests that the Court overrule the Objection as moot.

3      DATED this 23rd day of May, 2016.

4

5                              Respectfully submitted,

6                              DANIEL G. BOGDEN
                             United States Attorney

7

8                              _____//s//_____
                             STEVEN W. MYHRE

9                              NICHOLAS D. DICKINSON
                             Assistant United States Attorneys

10                              NADIA J. AHMED
                             ERIN M. CREEGAN

11                              Special Assistant United States Attorneys

12

13

14

15

16

17

18

19

20

21

22

23

24

1

**CERTIFICATE OF SERVICE**

2

I certify that a copy of the foregoing **GOVERNMENT'S RESPONSE IN**

3

**OPPOSITION TO DEFENDANT AMMON E. BUNDY'S OBJECTION TO**

4

**MAGISTRATE JUDGE ORDER DENYING MOTION FOR EXTENSION OF**

5

**TIME FOR DETENTION HEARING [ECF No. 365]** was served upon counsel of record,

6

via Electronic Case Filing (ECF).

7

Dated this 23rd day of May, 2016.

8

9

/s/ Steven W. Myhre

_____

10

STEVEN W. MYHRE
Assistant United State Attorney

11

12

13

14

15

16

17

18

19

20

21

22

23

24

9