DANIEL G. BOGDEN
United States Attorney
STEVEN W. MYHRE
NICHOLAS D. DICKINSON
Assistant United States Attorneys
NADIA J. AHMED
ERIN M. CREEGAN
Special Assistant United States Attorneys
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
PHONE: (702) 388-6336
FAX: (702) 388-6698

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>v. )<br><br>PETER T. SANTILLI, )<br><br>Defendant. ) | 2:16-CR-00046-GMN-PAL<br><br>**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT SANTILLI'S MOTION FOR BILL OF PARTICULARS** (ECF No. 376) |

**CERTIFICATION: This Response is timely filed.**

The United States, by and through the undersigned, respectfully submits its Response in Opposition to defendant Peter T. Santilli's ("Santilli") Motion for Bill of Particulars (ECF No. 376) (hereinafter "Motion"). As explained in detail below, the Motion should be denied. The detailed Superseding Indictment and the fulsome discovery provided in this case adequately address Santilli's requests for information.

/////

/////

////

## BACKGROUND

On March 3, 2016, Santilli was charged by Superseding Indictment ("SSI") (ECF No. 27) with numerous crimes of violence in connection with his alleged participation in a conspiracy to use force, violence and firearms to assault and extort federal officers on April 12, 2014, near Bunkerville, Nevada.  The charges included assault with a deadly weapon on a federal law enforcement officer, threatening a federal law enforcement officer, obstruction of justice, extortion of federal officers, and use and brandish a firearm in relation to a crime of violence, and conspiracy to commit same, all in violation of Title 18, United States Code, Sections 111(a)(1) and (b), 115, 1503, 1951, 924(c) and 371, respectively.  He is presently joined for trial with eighteen other co-defendants.

This is a conspiracy case arising from a massive assault against federal officers that occurred near Bunkerville, Nevada, on April 12, 2014.  The SSI is a 63-page document, consisting of 186 paragraphs that set out the counts charged, the defendants' roles in the conspiracy, and the overt acts committed in furtherance of the conspiracy.  It also details the events that led to the April 12 assault, the assault itself, and the post-assault events that kept the conspiracy alive. Regarding Santilli, the SSI describes him as a leader and organizer of the conspiracy who, among other things, recruited gunmen and other Followers for the conspiracy, led an assault on a BLM convoy on April 9 as part of the conspiracy, and participated in the assault and extortion of federal law enforcement officers on April 12 that was an object of the conspiracy.  SSI ¶ 63.

/////

2

On April 26, 2016, the Court entered a Case Management Order (ECF No. 321) that, among other things, ordered the government to produce Phases I and II of discovery, those phases consisting of, among other things, search warrants, search warrant returns, statements of the defendants, and Rule 16 information, including hundreds of hours of video and audio recordings and thousands of photographic images related to the charges in the SSI.

On May 6, 2016, the government produced Phases I and II of discovery, comprising approximately 1.4 terabytes of digitized information.  With its production, the government provided a detailed index describing the information and the digital folders where it is located.

Three days later, on May 9, 2016, Santilli filed this Motion seeking a Bill of Particulars, calling for information responsive to three questions, each of which is addressed in detail below.  The Motion should be denied.

## LEGAL STANDARD

Rule 7(f) of the Federal Rules of Criminal Procedure provides for a bill of particulars:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

The purpose of a bill of particulars is threefold: (1) to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial; (2) to avoid or minimize the danger of surprise at the time of trial; and (3) to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and

3

indefinite for such purposes. *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991) (quoting *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979)). Where an indictment, itself, provides the details of the alleged offense, a bill of particulars is unnecessary. *Giese*, 597 F.2d at 1180 (citation omitted).

The denial of a motion for a bill of particulars is within the discretion of the district court; its decision will not be disturbed absent an abuse of this discretion. *United States v. Clay*, 476 F.2d 1211, 1215 (9th Cir. 1973).  In exercising its discretion, the court should consider the totality of the information available to the defendants through the indictment and pretrial discovery and determine whether, in light of the charges the defendants must answer, the filing of a bill of particulars is warranted. *United States v. Reddy*, 190 F. Supp. 2d 558, 565 (S.D.N.Y. 2002); *United States v. Santiago*, 174 F. Supp. 2d 16, 34 (S.D.N.Y. 2001) (court should also consider the complexity of the offenses charged and the clarity of the indictment).  "[T]he crux of whether to order the prosecution to produce a bill of particulars is not whether it would be helpful to the defense, but whether it is necessary to adequately defend against the charges at trial." *United States v. Callahan*, 2016 WL 1755811, at *3 (D. Mont. May 2, 2016) (citing *United States v. Giffen*, 379 F. Supp. 2d 337, 346 (S.D.N.Y. 2004)). "The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." *United States v. Kendall*, 665 F.2d 126, 135 (9th Cir. 1981) (citing *United States v. Freeman*, 619 F.2d 1112, 1118 (5th Cir. 1980)).

/////

/////

4

**ARGUMENT**

The Motion should be denied because Santilli has the benefit of a very detailed SSI and fulsome discovery – all of which obviate the need for a Bill of Particulars.  As a threshold matter, the SSI fully informs Santilli of the nature of the charges against him and the theory of his criminal liability:

| | |
|---|---|
| SSI ¶¶ 55 – 59: | Details the objects of the conspiracy and the manner and means used to achieve them. |
| SSI ¶¶ 60 – 76: | Describes the role of each of the conspirators, including Santilli. |
| SSI ¶¶ 78 – 121: | Delineates the overt acts committed in furtherance of the conspiracy between March 28, 2014 and April 11, 2014. |
| SSI ¶¶ 122 – 145: | Delineates the overt acts committed in furtherance of the conspiracy on April 12, 2014, describing the assault and extortion in detail. |
| SSI ¶¶ 146 – 153: | Delineates the overt acts committed in furtherance of the conspiracy after the assault to the date of the SSI. |

This level of detail is, alone, sufficient to deny the requests for information that Santilli seeks in his Motion.  *See Giese*.  But Santilli also has the benefit of discovery – which he apparently never consulted before filing this motion a mere three days after production – which is not only fulsome (hundreds of hours of recordings, thousands of images, etc.) but was accompanied by a detailed index.  A Bill of Particulars is not a vehicle for a defendant to have the government walk through its case.  *See Giese*. All that is required is that a defendant has enough

5

information to understand what he is charged with, to avoid surprise at trial, and to assert jeopardy at a later time. *Id.* Those requirements are more than met by the level of detail provided in the SSI.

Santilli claims, however, that the SSI relies on "generalized statements" and does not "outline" his conduct "other than the broad statement that he conspired with known and unknown people." Mot. at 4. Thus, in his request No. 2 he demands:

> Detail how Santilli can be an organizer or support a conspiracy as a member of the media that is recording the events that unfolded on April 9th and 12th of 2014.

Santilli is wrong. There is no requirement under the guise of a Bill of Particulars for the government to explain its evidence or set out its theory of the case before trial – which is what Santilli is requesting here. That said, the SSI does, in fact, set out the details of Santilli's role and activities in the conspiracy.

- Recruited, incited, and encouraged gunmen and other Bundy Followers to travel to Bundy Ranch for the unlawful purpose of interfering with law enforcement officers, obstructing justice, threatening and assaulting law enforcement officers and extorting law enforcement officers ¶¶ 63, 92 (April 8, 2014 call to arms over the internet), 93 (April 8 threat over the internet), 100 (travel to Bundy Ranch); 109 (April 9 threat to SAC); 104, 106, 108 (April 9 calls to arms over the internet), 110, 111 (April 10 calls to arms over the internet).
- Intercepted and blocked a convoy of BLM vehicles engaged in impoundment operations; with others collided an ATV into a truck in the convoy in order to stall it; with others attempted to gain entry to the truck by force; and with others threatened harm to federal officers charged with providing security to the convoy by brandishing a rock as if to throw it and making physical contact with a law enforcement officer (¶ 63; 107; and Count 11).
- Threatened the SAC of the Impoundment on April 11 (¶ 115 and Count 7).

Thus, the SSI is fully responsive to Santilli's request and there is no requirement that the government produce more information through a Bill of Particulars.

Santilli further claims, however, that he never possessed a firearm and therefore is "being prosecuted for speech that is protected under the First Amendment." Mot. at 3. He falsely states that the government "concedes" that its theory of prosecution supposedly is unlawful speech (*id.*) and that he was never in the wash.

Santilli is wrong again. Santilli is not charged for being a blog host, for making speeches or for using offensive language – he is charged with conspiracy. The government's theory of the case is that Santilli knowingly joined a criminal conspiracy, some of the objects of which included assaulting federal officers with a deadly weapon and extorting them through force and violence on April 12.

Whether Santilli did or did not carry a firearm, or was or was not in the wash, is beside the point. As a member of a criminal conspiracy, Santilli is criminally responsible for all the natural and foreseeable acts carried out in furtherance of the conspiracy. There is nothing about the First Amendment that immunizes him from conspiracy liability based on his supposed status as a blogger. There is nothing about the First Amendment that shields him from prosecution for using the internet to recruit gunmen to threaten federal law enforcement officers. There is nothing about the First Amendment that magically transforms the language he used to further a criminal conspiracy and to threaten federal officers into protected speech.

Thus, his other two requests –

Detail all of the speech that the government is claiming is unlawful.

Which episodes of the Pete Santilli Show contain unlawful speech that is being prosecuted.

-- are irrelevant to the charges contained in the SSI and hence not appropriate requests under a Bill of Particulars.

The SSI details Santilli's numerous calls to arms and threats, including quoting specific language used in the course of making the threats or issuing the calls to arms. Thus, to the extent that Santilli is seeking information about the language used to conduct unlawful activity, the SSI adequately addresses that issue. SSI ¶¶ 92, 93, 102, 104, 106, 108, 110, 111, and 115. To the extent, Santilli requests details about the shows where he issued his call to arms or made threats, that information is contained in the indexed disclosures made on May 6.

**WHEREFORE**, for all the foregoing reasons, the government respectfully requests that the Court deny Santilli's Motion.

**DATED** this 25th day of May 2016.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

_____//s//_____
STEVEN W. MYHRE
NICHOLAS D. DICKINSON
Assistant United States Attorneys
NADIA J. AHMED
ERIN M. CREEGAN
Special Assistant United States Attorneys

Attorneys for the United States

8

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT SANTILLI'S MOTION FOR BILL OF PARTICULARS (ECF No. 376)** was served upon counsel of record, via Electronic Case Filing (ECF).

Dated this 25th day of May, 2016.

/s/ Steven W. Myhre
_____
STEVEN W. MYHRE
Assistant United State Attorney

9