1  RENE L. VALLADARES
Federal Public Defender
State Bar No. 11479
2  SHARI L. KAUFMAN
Assistant Federal Public Defender
3  WILLIAM CARRICO
State Bar No. 003042
4  Assistant Federal Public Defender
RYAN NORWOOD
5  Assistant Federal Public Defender
411 E. Bonneville Avenue, Suite 250
6  Las Vegas, Nevada 89101
(702) 388-6577/Phone
7  (702) 388-6261/Fax

8  Attorneys for Ryan W. Payne

9

UNITED STATES DISTRICT COURT
10  DISTRICT OF NEVADA
-oOo-

11

12  UNITED STATES OF AMERICA,            )
                                          )            2:16-cr-046-GMN-PAL
13            Plaintiff,                  )
                                          )    **DEFENDANT RYAN W. PAYNE'S**
14        vs.                             )    **MOTION TO SEVER**
                                          )
15  RYAN W. PAYNE,                        )
                                          )
16            Defendant.                  )
                                          )
17  _____

18        **Certification**:  This Motion is timely filed.

19        Defendant  RYAN  W.  PAYNE,  through  his  counsel,  SHARI  L.  KAUFMAN,

20  WILLIAM CARRICO, and RYAN NORWOOD, Assistant Federal Public Defenders, moves for

21  severance of his trial from the trial of his co-defendants, as it is anticipated:  (1) a joint trial will

22  violate Mr. Payne's Sixth Amendment right to confront witnesses against him; (2) a joint trial

23  will violate Mr. Payne's Fifth Amendment right to due process; and (3) at a joint trial, one or

24  more co-defendants will present a mutually exclusive and/or impermissibly antagonistic defense

1  to Mr. Payne's anticipated trial defense.  The attached Memorandum of Points and Authorities is

2  submitted in support of this request.

3       DATED this 25th day of May, 2016.

4                                        RENE VALLADARES
                                         Federal Public Defender
5
                                      By: */s/ Shari L. Kaufman*
6                                         SHARI L. KAUFMAN
                                          Assistant Federal Public Defender
7
                                      By: */s/ William Carrico*
8                                         WILLIAM CARRICO
                                          Assistant Federal Public Defender
9
                                      By: */s/ Ryan Norwood*
10                                        RYAN NORWOOD
                                          Assistant Federal Public Defender
11

12

13

14

15

16

17

18

19

20

21

22

23                                          2

24

**Memorandum of Points and Authorities**

Defendant Ryan Payne and 18 co-defendants are charged in a 16-count superseding indictment that includes four forfeiture allegations.  ECF No. #27.  The charges stem from an alleged standoff with law enforcement agents near Bunkerville, Nevada in April 2014.  *Id.*  Not all of the co-defendants are charged in each count.  This case is schedule to go to trial in February of 2017.

Mr. Payne and 26 co-defendants are also charged in a six-count superseding indictment in the District of Oregon in *United States v. Payne*, D. Or., Case No. 3:16-cr-00051-BR-4 (hereafter "the Oregon case").  The charges in the Oregon case stem from an alleged incident at a federal wildlife refuge in early 2014.  Some of the co-defendants in the Oregon case are co-defendants in the instant case, namely:  Ammon Bundy, Ryan Bundy, Joseph O'Shaughnessy, Brian Cavalier, Peter Santilli, and Blaine Cooper.  The Oregon case is scheduled to go to trial in September of 2016.

The Court has ordered that severance motions be filed by May 27, 2016.  At present, however, Mr. Payne cannot state with particularity the grounds necessitating severance, as:

> (1) the discovery produced to date is voluminous[1] and defense counsel has not had the ability to review and analyze for purposes of identifying *Bruton*[2] issues and mutually exclusive and/or impermissibly antagonistic defenses between Mr. Payne and his co-defendants;

---

[1]    The government provided what is believed to be the first two phases of a three-phase disclosure on May 18, 2016.  This disclosure included 35 separate CDs containing law enforcement dashcam videos and a hard drive containing 1.34 terabytes of data.

[2]    *Bruton v. United States*, 391 U.S. 123 (1968)

(2) Mr. Payne has had no means to review any of the discovery where he is detained and there is no means to allow him to do so at present;[3]

(3) the government has not disclosed all of the relevant discovery to the defense; and

(4) the government has not yet identified which of the co-defendants' statements, if any, it intends to introduce at trial.

Nonetheless, due to the nature of the charges, the number of co-defendants, and the type of discovery that has been disclosed, it is anticipated the discovery may reveal that Mr. Payne's co-defendants have made statements against his interests—statements that may implicate *Bruton* and his Sixth Amendment right to confrontation. It is further anticipated the one or more co-defendants' trial defenses may be mutually exclusive to Mr. Payne's anticipated trial defense.

This severance request is therefore submitted to comply with the Court's filing deadline and to set forth the legal grounds upon which a severance may be granted. It will be necessary for Mr. Payne to supplement this Motion when the defense completes its review and analysis of the May 18th discovery disclosure and, again, when the government discloses the remainder of the discovery and the defense completes its review and analysis of it. Only then will Mr. Payne be in a position to identify for the Court with particularity the propriety of severance in this case. Thus, Mr. Payne respectfully requests the opportunity to supplement this Motion.

---

[3]   Mr. Payne has pending before the Court a Motion to Compel to address his inability to review the discovery. ECF No. #442.

1   **A. Mr. Payne's Trial May Need to Be Severed From the Trial of His Co-Defendants Pursuant to *Bruton*, The Sixth Amendment's Confrontation Clause, and the Fifth Amendment's Due Process Clause.**

2

3      The Supreme Court held in *Bruton v. United States* that admission of a co-defendant's

4   confession that implicated defendant Bruton at a joint trial constituted prejudicial error, even

5   though the trial court gave clear instructions to the jury to disregard the inadmissible hearsay

6   inculpating Bruton. 391 U.S. at 123, 136-37 (1968).  The Supreme Court reversed Bruton's

7   conviction because the admission of his co-defendant's statement against him violated Bruton's

8   Sixth Amendment right to confrontation and the opportunity to cross-examine witnesses against

9   him.  *Id*. at 126.

10      In *Richardson v. Marsh*, the Supreme Court held the *Bruton* rule applies to confessions of

11   non-testifying co-defendants that are facially incriminating to another co-defendant.  481 U.S.

12   200, 201 (1987).  Additionally, in *Gray v. Maryland*, the Supreme Court held a co-defendant's

13   statements that are redacted to exclude explicit references to another co-defendant are forbidden

14   at a joint trial if the redaction is done in such a way as to make the identity of the omitted person

15   obvious to the jury.  523 U.S. 185, 192 (1998).

16      A joint trial in which Mr. Payne is tried along with one or more co-defendants may give

17   rise to violations of Mr. Payne's Sixth Amendment constitutional to confrontation and to cross-

18   examine witnesses against him.  The Federal Rules of Criminal Procedure allow the joint trial of

19   defendants.  S*ee* Fed. R. Crim. P. 8, 14.  However, a defendant's constitutional confrontation

20   rights trump the government's right to insist on such joinder when the "defendant may be

21   prejudiced by the admission in evidence against a co-defendant of a statement or confession made

22   by that co-defendant. This prejudice cannot be dispelled by cross-examination if the co-defendant

23

24

1  does not take the stand," and "[l]imiting instructions to the jury may not in fact erase the

2  prejudice." *Bruton*, 391 U.S. at 132 (quoting Fed. R. Crim. P. 14 advisory committee's notes).

3  Once the government complies with its discovery obligations and identifies what

4  inculpatory statements co-defendants are alleged to have made against Mr. Payne, the defense

5  will be able to discern whether any of those statements require severance.  Such statements would

6  unduly prejudice Mr. Payne in the eyes of the jury if presented at trial and if the co-defendant

7  who made the respective statement does not testify at trial.

8  Spillover is also a viable threat in this case.  Spillover exists when evidence against one

9  co-defendant enables transference of guilt to another co-defendant.  *See Kotteakos v. United*

10  *State*s, 328 U.S. 750, 774 (1946) ("The dangers for transference of guilt from one to another

11  across the line separating conspiracies, subconsciously or otherwise, are so great that no one really

12  can say prejudice to substantial right has not taken place.").  Spillover implicates Mr. Payne's

13  Fifth Amendment due process rights.  *See Spencer v. Texas*, 385 U.S. 554, 563-64 (1967) ("[T]he

14  Due Process Clause guarantees the fundamental elements of fairness in a criminal trial."); *cf.*

15  *United States v. Bruno*, 383 F.3d 65, 91 (2d Cir.2004) (recognizing spillover effect that warranted

16  vacatur of counts other than those primarily infected with error).

17  In complex cases, the jury may not be able to compartmentalize evidence offered against

18  the respective co-defendants. The Ninth Circuit has stated that, "[w]hile a great disparity in proofs

19  may be sufficient to allow a severance in certain cases, the prime consideration is whether the

20  jury can reasonably be expected to compartmentalize the evidence as it relates to separate

21  defendants in the light of its volume and the limited admissibility." *United States v. Monks*, 774

22  F.2d 945, 949 (9th Cir. 1985) (internal quotation marks and citation omitted).

6

23

24

1    Here, not all co-defendants are named in each count.  The government's proof at trial will

2    therefore not be identical for each co-defendant.  Compounding these issues is the possible

3    admission of a co-defendant's statements against other co-defendant.  The jury would therefore

4    be asked to separately consider evidence the government presents for each of the 16 counts against

5    the respectively named co-defendants and, possibly, be asked to consider statements co-

6    defendants made against each other only against certain co-defendants and not others.  The

7    onerous and confusing nature of such tasks would unduly prejudice Mr. Payne and deny him his

8    Fifth Amendment right to a fair trial.  *See United States v. Lan*e, 474 U.S. 438, 446 n.8 (1986)

9    (misjoinder constitutes a constitutional violation "if it results in prejudice so great as to deny a

10   defendant his Fifth Amendment right to a fair trial").

11       For these reasons, Mr. Payne requests the Court to allow him to supplement this Motion,

12   once the defense has completed its discovery review, to identify for the Court evidence that

13   supports severance of Mr. Payne's trial from that of his co-defendants.

14

15       **B.   Mr. Payne May Present a Mutually Exclusive Defense to that of His Co-**
             **Defendants.**

16

17       Rule 14 of the Federal Rules of Criminal Procedure gives trial courts broad discretion to

18   order severance if it appears that a defendant is prejudiced by a joinder of the parties even if the

19   joinder is technically proper under Rule 8.  Fed. R. Crim. P. 14; *see Zafiro v. United State*s, 506

20   U.S. 534, 541 (1993).  Thus, courts should grant a defendant's motion for severance when "'there

21   is a serious risk that a joint trial would compromise a specific trial right of one of the defendants,

22   or prevent the jury from making a reliable judgment about guilt[] or innocence.'"  *United States*

23

24

7

1    *v. Angwin*, 271 F.3d 786, 795 (9th Cir. 2001) (quoting *Zafiro v. United States*, 506 U.S. 534, 538-

2    39 (1993)); *see also* Fed. R. Crim. P. 14(a) (permitting relief from joinder).

3             A joint trial is not permitted when co-defendants present inconsistent or conflicting

4    defenses, often referred to as mutually exclusive defenses. *Angwin*, 271 F.3d at 795; *United States*

5    *v. Tootick*, 952 F.2d 1078, 1080-82 (9th Cir. 1991).  This is because, when co-defendants present

6    mutually exclusive defenses, the jury often cannot assess the guilt or innocence of the co-

7    defendants on an individual and independent basis.  *Tootick*, 952 F.2d at 1082.  And, "[co-

8    defendants] who accuse each other bring the effect of a second prosecutor into the case with

9    respect to their co-defendant . . . [c]ross examination of the government's witnesses becomes an

10   opportunity to emphasize the exclusive guilt of the other defendant . . . [c]losing arguments allow

11   a final opening for co-defendant's counsel to portray the other defendant as the sole perpetrator

12   of the crime." *Id.*

13            Mr. Payne proffers at this time that his defense at trial will be that of innocence.  However,

14   in light of the volume of discovery, the presence of co-defendants, and the present inability to

15   ascertain whether the co-defendants' defenses will be mutually exclusive or impermissibly

16   antagonistic to his, Mr. Payne raises this possible severance ground in an abundance of caution

17   and for purposes of preserving this issue for future review by this Court.  Mr. Payne requests the

18   Court to allow him to supplement this Motion, once the defense has completed its discovery

19   review, and identify for the Court evidence that supports severance of Mr. Payne's trial from that

20   of his co-defendants.

21

22

23                                                     8

24

1    **C.  <u>Conclusion</u>**

2           Due to the complex and extensive nature of the allegations in this case, it may be necessary

3    to sever Mr. Payne's trial from that of his co-defendants to preserve Mr. Payne's constitutional

4    rights.   Mr. Payne, with the Court's permission, will supplement arguments in support of

5    severance once the government satisfies its statutory and constitutional discovery obligations and

6    Mr. Payne has an opportunity to review that discovery.

7           Dated this 25th day of May, 2016.

8                                                     Respectfully Submitted,

9                                                     RENE VALLADARES
                                                      Federal Public Defender

10
                                                      By: */s/ Shari L. Kaufman*
11                                                         SHARI L. KAUFMAN
                                                           Assistant Federal Public Defender
12

13                                                    By: */s/ William Carrico*
                                                          WILLIAM CARRICO
14                                                        Assistant Federal Public Defender

15                                                    By: */s/ Ryan Norwood*
                                                          RYAN NORWOOD
16                                                        Assistant Federal Public Defender

17

18

19

20

21

22

23                                                    9

24

1

## **CERTIFICATE OF ELECTRONIC SERVICE**

2     The undersigned hereby certifies that he is an employee of the Federal Public Defender for

3 the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

4     That on May 25, 2016, he served an electronic copy of the above and foregoing

5 **DEFENDANT RYAN W. PAYNE'S MOTION TO SEVER** by electronic service (ECF) to the

6 person named below:

7

8       DANIEL G. BOGDEN
        United States Attorney
        ERIN M. CREEGAN
9       Assistant United States Attorney
        NADIA JANJUA AHMEN
        Assistant United States Attorney
10      NICHOLAS DICKINSON
        Assistant United States Attorney
11      STEVEN MYHRE
        Assistant United States Attorney
        501 Las Vegas Blvd. South
12      Suite 1100
        Las Vegas, NV 89101

13

14
                                */s/ Brandon Thomas*
15                              Employee of the Federal Public Defender

16

17

18

19

20

21

22

23                    10

24