CHRIS ARABIA, Esq.
Nevada Bar No. 9749
**LAW OFFICES OF CHRIS ARABIA, PC**
601 S. 10th St., Suite 107
Las Vegas, NV 89101
Phone: 702.701.4391
Fax: 877.858.7893
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-CR-00046-GMN-PAL |
| Plaintiff, | |
| vs. | **DEFENDANT McGUIRE'S MOTION FOR SEVERANCE** |
| MICAH L. McGUIRE, | |
| Defendant. | |

This motion is timely pursuant to the April 26, 2016 Order. ECF 321.

COMES NOW Defendant MICAH McGUIRE, by and through his attorney, CHRIS ARABIA, Esq., and hereby moves for severance. This motion is based on the attached points and authorities, memorandum of law, all pleadings and papers on file herein and any facts or arguments adduced at hearing.

1

# **STATEMENT OF FACTS**

Micah McGuire was indicted on March 2, 2016 for his alleged involvement in the events at Bunkerville, Nevada in April of 2014; numerous other persons were also indicted. ECF 27. The government claims that McGuire went from his home state of Arizona to Nevada "with the intent to commit the crimes set forth herein." Id. 7, ¶26.

The government asserts that McGuire was a conspirator and claims that McGuire was a "gunman who threatened, impeded, intimidated, interfered with, assaulted, and extorted federal law enforcement officers while in the performance of their duties, as described herein." Id. 15, ln. 4 and 17-18, ¶75.

In the 77-paragraph section of the Indictment detailing the alleged acts of the conspiracy (Id. 18, ¶77 through 37, ¶153), however, the only mention of McGuire is a very general assertion that he traveled from Arizona to Bunkerville with firearms and with the intent to commit the offenses alleged in the Indictment. Id. 28, ¶121. There are no specifics about possible interactions with other alleged conspirators and no specifics about communications with law enforcement officers, or federal agents, or the contractors hired by the federal agents. There is no allegation that McGuire had any involvement with the Bunkerville incident other than on or about April 12, 2014.

Counts Four, Seven, Ten, Eleven and Thirteen allege serious transgressions but neither mention nor accuse McGuire and therefore are inapplicable to McGuire.

//
//
//

## MEMORANDUM OF LAW

Fed. R. Crim. P. 14(a) provides in pertinent part:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

In deciding on a Rule 14 motion for severance, the court must balance judicial efficiency against possible prejudice. United States v. Hatcher, 680 F.2d 438, 442 (6th Cir. 1982).

"[I]f a defendant or the government is prejudiced by joinder," Rule 14 "permits the court to grant a severance or to 'provide whatever other relief justice requires.'" United States v. Breinig, 70 F.3d 850, 853 (6th Cir. 1995). "The rule leaves the determination of the risk of prejudice and appropriate remedy, if any, to the sound discretion of the trial judge." Id.

The government is charging that McGuire was present at Bunkerville on April 12, 2014 and has only alleged conduct relating to his presence on that one day. Despite this, the government has included him in an indictment that alleges a comprehensive 16-year conspiracy that both preceded and succeeded the April 12, 2014 date. ECF 27, 2 ¶3. The allegations regarding conduct at times both prior and subsequent to April 12 do not pertain to McGuire. Several serious counts, moreover, do not charge McGuire and have nothing to do with him.

McGuire will suffer severe and unfair prejudice if severance is not granted. Without severance, the vast majority of the trial will focus on serious allegations that have nothing to do with McGuire. Without severance, those allegations unrelated to McGuire will have an improperly harmful and prejudicial impact on McGuire. There is also the added possibility that the approach of co-defendants might hinder McGuire's chances of defending himself effectively.

Only severance can ensure that McGuire is able to have a fair trial, free of unending reference to, and discussion of, the numerous allegations of malfeasance and 16-year conspiracy that have nothing to do with him.

## **CONCLUSION**

For the reasons elucidated herein, this Court should grant the severance motion and therefore Defendant Micah McGuire respectfully prays that this Court enter an Order severing McGuire from the trial of the co-defendants in this matter, and setting a separate trial for McGuire.

RESPECTFULLY SUBMITTED this 26th day of May, 2016.

CHRIS ARABIA, Esq.
Nevada Bar No. 9749
**LAW OFFICES OF CHRIS ARABIA, PC**
601 S. 10th St., Suite 107
Las Vegas, NV 89101
702.701.4391
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of May, 2016, the undersigned served the foregoing DEFENDANT MCGUIRE'S MOTION TO SEVER on all counsel herein by causing a true and correct copy thereof to be filed with the Clerk via the CM/ECF system, which was served via electronic transmission by the Clerk pursuant to local order.

      /signed/
Employee or agent of Law Offices of Chris Arabia