LUCAS J. GAFFNEY, ESQ.
Nevada Bar No. 12373
ORONOZ, ERICSSON & GAFFNEY, LLC
1050 INDIGO DRIVE, SUITE 120
Las Vegas, Nevada 89145
Telephone: (702) 878-2889
Facsimile: (702) 522-1542
luke@oronozlawyers.com
*Attorney for Mel Bundy*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>MEL BUNDY,<br><br>      Defendant. | CASE NO.:   2:16-cr-0046-GMN-PAL<br><br>**DEFENDANT MEL BUNDY'S MOTION TO SEVER** |

Certification:  This Motion is timely filed.

Defendant MEL BUNDY, by and through his attorney, LUCAS J. GAFFNEY, ESQ., hereby moves this Court for an order to sever MEL BUNDY from the other co-defendants in the above-captioned case, and for leave to supplement this motion.

DATED this 27th day of May, 2016.

ORONOZ, ERICSSON & GAFFNEY, LLC

*/s/ Lucas Gaffney*
LUCAS J. GAFFNEY, ESQ.
Nevada Bar Number: 12373
INDIGO DRIVE, SUITE 120
Las Vegas, NV 89145
*Attorney for Mel Bundy*

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **BACKGROUND**

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment [Doc. # 27]. charging the Defendant, Mel Bundy (hereinafter "M. Bundy"), along with eighteen other co-defendants, with the following offenses:

- Count One – Conspiracy to Commit an Offense Against the United States in violation of 18 U.S.C. § 371. This charge arises from conduct that allegedly occurred sometime between March of 2014 and March of 2016.

- Count Two – Conspiracy to Impede or Injure a Federal Officer in violation of 18 U.S.C. § 372. This charge arises from conduct that allegedly occurred sometime between March of 2014 and March of 2016.

- Count Three – Use and Carry of a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c) and (2). This charge arises from conduct that allegedly occurred sometime between March of 2014 and March of 2016.

- Count Four – Assault on a Federal Officer in violation of 18 U.S.C. § 111(a)(1), (b) and (2). This charge arises from conduct that allegedly occurred on April 9, 2014.

- Count Five – Assault on a Federal Officer in violation of 18 U.S.C. § 111(a)(1), (b) and (2). This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Six – Use and Carry of a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c) and (2). This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Eight – Threatening a Federal Law Enforcement Officer in violation of 18 U.S.C. 115(a)(1)(B) and (2). This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Nine – Use and Carry of a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c) and (2). This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Eleven – Obstruction of the Due Administration of Justice in violation of 18 U.S.C. § 1503 and § 2. This charge arises from conduct that allegedly occurred on April 9, 2014.

- Count Twelve - Obstruction of the Due Administration of Justice in violation of 18 U.S.C. § 1503 and § 2. This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Thirteen – Interference with Interstate Commerce by Extortion in violation of 18 U.S.C. § 1951 and § 2. This charge arises from conduct that allegedly occurred between April 2, 2014, and April 9, 2014.

- Count Fourteen – Interference with Interstate Commerce by Extortion in violation of 18 U.S.C. § 1951 and § 2. This charge arises from conduct that allegedly on April 12, 2014.

- Count Fifteen – Use and Carry of a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c) and (2). This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Sixteen – Interstate Travel in Aid of Extortion in violation of 18 U.S.C. § 1952 and § 2. This charge arises from conduct that allegedly occurred sometime between April 5, 2014 and April 12, 2016.

Through its Superseding Indictment, the Government has accused M. Bundy of being a leader and organizer of an alleged conspiracy to recruit gunman and other followers for the purpose of interfering with the Bureau of Land Management's (hereinafter "BLM") impoundment operations. [Superseding Indictment, paragraph 64]. The Government has further alleged that M. Bundy assaulted and interfered with federal officers by participating in a "blockade" of BLM vehicles on April 9, 2014. [Id.]. The Government has also alleged that M. Bundy lead an armed assault against federal law enforcement officers on April 12, 2014, during which time M. Bundy supposedly delivered extortionate demands to law enforcement officers. [Id.].

On March 21, 2016, the Court detained M. Bundy pending trial based on its finding that he presented a danger to the community, and that he would likely disobey the Court's orders if released. [*See* Doc. #197; *also see* Transcript of Detention Hearing, pages 36-39].

On April 26, 2016, the Court issued its Case Management Order, which indicated that motions for severance were due no later than May 27, 2016. [Doc. #321, page 13, line 13]. This

Court also ordered the Government to turn over the first two phases of discovery by May 6, 2016. It is counsel's understanding that the Government timely disclosed the first two phases of discovery to the discovery coordinator, who in turn provided the discovery to counsel on May 10, 2016, and May 18, 2016, respectively. M. Bundy is still waiting to receive the third phase of discovery.

As this Court knows, the discovery in this case is voluminous, consisting of hundreds of hours of audio and video evidence, as well as 1.34 terabytes of additional data. Counsel is still in the beginning stages of analyzing the discovery received thus far. Accordingly, at this time, M. Bundy cannot state with particularity the grounds necessitating a severance However, based on his current knowledge of the case, alleged culpability of the co-defendants, and the respective positions the co-defendants have adopted thus far, M. Bundy believes that grounds to sever him from the co-defendants exist based on anticipated Bruton issues and potentially mutually exclusive and/or impermissible antagonistic defenses. *See* Bruton v. United States, 391, U.S. 123 (1968). As such, this request for a severance is submitted to comply with the Court's filing deadline, however, it will be necessary for M. Bundy to supplement the instant motion once all of the discovery has been received and reviewed.

**II.    ARGUMENT**

    **A. Mel Bundy's Trial May Need to Be Severed from the Trial of his Co-Defendants Pursuant to Bruton, The Sixth Amendment Confrontation Clause, and the Fifth Amendment Due Process Clause.**

The grounds for the severance of M. Bundy's trial from that of the other defendants is premised upon Rule 14 of the Federal Rules of Criminal Procedure (hereinafter "Rule 14"). Rule 14(a) provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the

Page 4

> court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14.

To obtain a severance, M. Bundy must demonstrate that a joint trial is so manifestly prejudicial that the Court must order a separate trial. *See* United States v. Abushi, 682 F.2d 1289, 1296 (9th Cir.1982); United States v. Escalante, 637 F.2d 1197, 1201 (9th Cir.), *cert. denied*, 449 U.S. 856, 101 S.Ct. 154, 66 L.Ed.2d 71 (1980). M. Bundy must also show the violation of one of his substantive rights by reason of the joint trial, such as 1) unavailability of full cross-examination, 2) lack of opportunity to present an individual defense, 3) denial of Sixth Amendment confrontation rights, 4) lack of separate counsel among defendants with conflicting interests, or 5) failure properly to instruct the jury on the admissibility of evidence as to each defendant. Escalante, 637 F.2d at 1201.

The prime consideration in assessing the prejudicial effect of a joint trial is whether the court may reasonably expect the jury to collate and appraise the independent evidence against each defendant in view of its volume and the court's limiting instructions. Id.; *See* United States v. Douglass, 780 F.2d 1472, 1479 (9th Cir.1986); United States v. Brady, 579 F.2d 1121, 1128 (9th Cir.1978), *cert. denied*, 439 U.S. 1074, 99 S.Ct. 849, 59 L.Ed.2d 41 (1979); *See also* United States v. Sherlock, 962 F.2d 1349, 1359-60 (9th Cir. 1989).

Pursuant to Bruton, the admission of a co-defendant's confession that implicates M. Bundy in a joint trial constitutes prejudicial error, even if the Court provides a clear, curative instruction. Bruton, 391 U.S. at 136-137. The mandates of Bruton apply to confessions of non-testifying co-defendants that are facially incriminating to another co-defendant. Richardson v. Marsh, 481 U.S. 200, 201 (1987). Even if the Government redacts the co-defendant's statements to exclude the specific names of other defendants, there is still a danger that the jury

can infer which defendant the statement references based on the type of redaction and the context of the statement. Gray v. Maryland, 523 U.S. 185, 192 (1998).

Here, M. Bundy's trial must be severed from that of his codefendants for four reasons. First, in a joint trial M. Bundy will be denied access to the exculpatory testimony of his codefendants. For example, the allegation that M. Bundy acted in a leadership role is premised on his communication with certain co-defendants. As such, testimony from the co-defendants that they travelled to Bunkerville on their own accord, and once there, that they did not act under M. Bundy's direction would be exculpatory. However, the co-defendants will likely assert their Fifth Amendment right to remain silent if the defendants are tried together. As such, a joint trial where M. Bundy is tried along with one or more co-defendants may give rise to a violation of M. Bundy's Sixth Amendment constitutional right to present this potentially exculpatory testimony.

Second, the Government has indicated that certain co-defendants have made incriminating statements against M. Bundy. Again, the co-defendants will likely assert their Fifth Amendment right to remain silent if the defendants are tried together, which would prevent M. Bundy from confronting and cross-examining his accusers in violation of the Sixth Amendment. Although Rule 14 allows the joint trial of defendants, a defendant's Constitutional confrontation rights trump the Government's right to insist on joinder when the "defendant may be prejudiced by the admission in evidence against a co-defendant of a statement or confession made by that co-defendant." Bruton, 391 U.S. at 132.

Third, the danger of spillover prejudice also exists in the instant case due to the disparity in evidence against M. Bundy and his co-defendants. M. Bundy submits that the evidence of certain co-defendants' guilt is stronger than the evidence against him. With the number of defendants and the voluminous nature of discovery, a jury may find it extremely difficult to

compartmentalize the evidence offered against the respective defendants. *See* United States v. Monks, 774 F.2d 945, 949 (9th Cir. 1985). The disparity in evidence at trial, if not properly compartmentalized by the jury, could spill over to M. Bundy allowing for the unjust transference of the co-defendants' guilt to M. Bundy based on his mere association with them. This spillover implicates M. Bundy's Fifth Amendment due process rights. *See* Spencer v. Bruno, 385 U.S 65, 91 (2nd Cir.2004).

Fourth, based on the discovery reviewed so far, and the positions adopted by certain co-defendants in their respective motions to sever, M. Bundy anticipates that he and certain co-defendants will present mutually exclusive and/or antagonistic defenses. When co-defendants present mutually exclusive defenses, the jury often cannot assess the guilt or innocence of the defendants on an individual basis. United States v. Tootick, 952 F.2d 1078, 1080-82 (9th Cir.1991). At this time, M. Bundy is unable to confirm whether the co-defendants will present mutually exclusive/antagonistic defenses until he completes his review of all discovery. Thus, M. Bundy requests that the Court allow him to supplement the instant motion once his discovery review is complete.

Here, because not all the defendants are named in all counts, the evidence presented at trial against them will vary causing spillover prejudice. This problem is compounded by the confrontation issues discussed above. When taken in conjunction, these issues will be manifestly prejudicial to M. Bundy and may warrant severance because M. Bundy will not be able to adequately cross-examine the witnesses against him in violation of the Sixth Amendment; M. Bundy will likely not have an opportunity to present an individual defense due to the constraints placed on his ability to cross-examine and present witnesses. As such, a jury cannot be reasonably expected to collate and appraise the independent evidence against each defendant in view of its volume and the court's potential limiting instructions. Id.*; See*

Page 7

Douglass, 780 F.2d at 1479 (9th Cir.1986). Based on the foregoing, M. Bundy anticipates that a joint trial will be manifestly prejudicial due to the adverse impact on his substantive rights. Therefore, M. Bundy respectfully will be adversely impacted by a joint trial, and therefore severance is warranted under Rule 14.

## CONCLUSION

Due to the complex and extensive nature of the allegations in this case, it may be necessary to sever Mel Bundy's trial from that of his co-defendants to preserve his Constitutional rights. Mel Bundy, with the Court's permission, will supplement arguments in support of severance once he has the opportunity to review all of the discovery provided by the Government.

DATED this 27th day of May, 2016.

ORONOZ, ERICSSON & GAFFNEY, LLC

*/s/ Lucas Gaffney*
LUCAS J. GAFFNEY, ESQ.
Nevada Bar Number: 12373
INDIGO DRIVE, SUITE 120
Las Vegas, NV 89145
*Attorney for Mel Bundy*

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of ORONOZ, ERICSSON & GAFFNEY LLC and on this 27th day of February 2015, I did serve a true and correct copy of the foregoing by U.S. District Court CM/EMF Electronic Filing, to:

DANIEL BOGDEN
United States Attorney
STEVEN MYHRE
Assistant United States Attorney
ERIN M. CREEGAN
Assistant United States Attorney
NICHOLAS DICKINSON
Assistant United States Attorney
NADIA JANJUA AHMED
Assistant United States Attorney
501 Las Vegas Blvd. South
Suite 110
Las Vegas, Nevada 89101

By  */s/ Lucas Gaffney*
An employee of Oronoz, Ericsson & Gaffney LLC