CAL J. POTTER, III, ESQ.
Nevada Bar No. 1988
C. J. POTTER, IV, ESQ.
Nevada Bar No. 13225
POTTER LAW OFFICES
1125 Shadow Lane
Las Vegas, NV 89102
Ph: (702) 385-1954
Fax: (702) 385-9081
cpotter@potterlawoffices.com
cj@potterlawoffices.com
*Attorneys for Defendant, Dave H. Bundy*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.   2:16-CR-00046-GMN-PAL |
| Plaintiff, | |
| v. | **DAVE BUNDY'S MOTION TO SEVER FROM CO-DEFENDANTS AND REQUEST FOR LEAVE TO SUPPLEMENT UPON REVIEW OF DISCOVERY** |
| DAVE H. BUNDY, erroneously referred to as DAVID H. BUNDY, et. al. | |
| Defendants. | |

**CERTIFICATION**: The undersigned certifies this motion is timely pursuant to the Case Management Order [ECF 321, p. 13].

COMES NOW the Defendant, DAVE H. BUNDY, erroneously named as DAVID H. BUNDY by and through his attorneys, CAL J. POTTER, III, ESQ. and C. J. POTTER, IV, ESQ., of the POTTER LAW OFFICES and hereby submits the following Motion.

. . .

. . .

. . .

. . .

This Motion is based upon discovery received, the following analysis, all papers and pleadings on file herein, as well as the arguments of counsel at the time of the hearing in this matter. In addition, Dave Bundy requests leave to supplement this motion as statements of co-defendants become available.

DATED this 27th day of May, 2016

                POTTER LAW OFFICES

                By   /s/ Cal J. Potter, III, Esq.
                CAL J. POTTER, III, ESQ.
                Nevada Bar No. 1988
                C.J. POTTER, IV, ESQ.
                Nevada Bar No. 13225
                1125 Shadow Lane
                Las Vegas, Nevada 89102
                *Attorneys for Defendant, Dave H. Bundy*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### FACTS

On April 6, 2014, Dave Bundy traveled from his home in Delta, Utah to the Bundy Ranch in Riverside, Nevada to give his mother flowers for her birthday. Dave was living in Delta, Utah with his wife and five children, but was working in Boulder City as a fixed wing pilot with Grand Canyon Airlines. Dave worked with Grand Canyon Airlines through April 28, 2014. While at the Ranch, Dave Bundy traveled on Nevada State Route 170 which is the only egress from the ranch. North 170 goes to Bunkerville and South 170 goes to I-15. The BLM had attempted to close the State Highway by posting signs that the highway was temporarily closed.

The BLM had arrived in Riverside, Nevada with agents dressed as paramilitary officers in SWAT gear. The agents were also accompanied with contracted cowboys who were utilizing a helicopter to round-up Dave's father Cliven Bundy's herd of cattle. The running of cattle is considered a cruel practice especially when the cows are with calves during calving season. Cattle cannot run like Mustangs. The Bundy family members witnessed backhoes being utilized and they believe the BLM were killing the cattle and burying them in mass graves on the range as the round-up was taking place on the open range.

Wielding tasers and using police dogs, the agency's law enforcement officers found themselves confronted by protesters who had gathered in defense of Cliven Bundy's cattle. A video of the incident, in which BLM agents violently threw Margaret Houston to the ground, threatened to turn a dog on a pregnant woman and tasered Ammon Bundy, leaving his white undershirt with a bloody spot. The excessive force used on Margaret Houston and Ammon Bundy made local and National News [1] and helped to precipitate the arrival of protestors some of which were armed. Dave Bundy did not recruit any of these protestors. Instead, the protectors arrived because of National Media Coverage.

The townspeople, including Margaret and Houston wanted to know if the BLM's backhoe was being used to bury the cows and calves that had died in the roundup. BLM agents also pointed assault rifles at two of Cliven Bundy's daughters Bailey and Stetisy and told them to either leave State Route 170 or face "deadly force."

Thereafter, BLM agents violently slammed Dave Bundy to the ground using excessive force, arrested him and falsely claimed that his vehicle was blocking traffic all in violation of his first and fourth amendment right to film the BLM's actions. Dave's car was parked off of the highway and he was leaning against his car filming the BLM agents.

Videos, photographs, and descriptions of the incidents went viral, and dozens of Oath Keepers and other members of similar groups from around the country flocked to Bunkerville in response to the publicity from National News Commentators including Fox New's, Sean Hannity in response to the heavy-handed actions of the highly milartiarized BLM. These acts were suggested to be reminiscent of the federal governments actions at WACO, Texas and Ruby Ridge, Idaho.

The Video's, not the Bundy Brother's was the catalyst for the arrival of hundreds of protesters. Consequently, it was the actions of the BLM that caused outsiders to respond to

---

[1] Margaret Houston is Ammon Bundy's aunt and lives in the Bunkerville -Mesquite Area. She is not charged in this case and will be a witness for Dave Bundy. She is a cancer survivor and the mother of 12 children. She was 57 years old when she was attacked by a BLM agent on National broadcast television.

3

Bunkerville to protest the BLM, whose actions caused the federal agents to be perceived as officers escalating the incident. In addition, the BLM had also fenced off First Amendment Corrals or bull-pens which were also criticized by Governor Brian Sandoval and other civil rights activists.

The following day, a small line of flak-jacketed BLM rangers with assault rifles, backed up by similarly armed Park Service ranges faced protestors that had traveled from many areas of the United States. BLM Agent, Dan Love requested Dave Bundy's assistance in directing the protestor to back-up from the BLM's corrals which held the cattle of Cliven Bundy.

At this same time, County Under Sheriff, Joe Lomardo solicited Dave Bundy to negotiate a truce and the Federal Officers decided to release the Bundy Cattle and vacate the compound. Thereafter, the Las Vegas Metro Police helped dismantle the BLM corrals and return the cattle to the Bundy Ranch. In the aftermath, the Bundy family members found calves that had died while in the custody of the Federal Agent. The cattle had been denied adequate water and the calves had not been nursed as new born. Consequently many of the calves had died.

Neither Dave, nor any of the other Bundy's were armed. None of the Bundy Brothers solicited the protesters, who were armed and were exercising their second amendment rights. Although the Bundy family had posted signs of no alcohol and no firearm.

The conduct of the armed protestors is vastly different from the peaceful protest of Dave Bundy and his brothers. Consequently, the risk of prejudice to Dave Bundy and his brothers is great by being joined with defendants who was armed. Similarly, Dave Bundy had no control of the armed defendants pictured on I-15. Joinder with the said defendants is extremely prejudicial.

Patriarch Cliven Bundy has now asserted a defense that includes filing a civil rights action against Federal Officials and recusal of their Honorable Court. Dave Bundy is not a party to the civil rights action and did absolutely nothing to solicit the protestors that came to Riverside, Nevada to his Father's ranch. Dave Bundy submits that the tactics employed by his Father's attorneys is also antagonistic to his own defense. Consequently, Dave Bundy respectfully requests that he be tried with his brother's, who were similarly situated at the time of the protest at the Bundy Ranch.

## II.

## ARGUMENT

**A.   STANDARD FOR SEVERANCE OF DEFENDANTS**

A motion for severance is addressed to a trial court's discretion. United States v. Lutz, 621 F.2d 940, 945 (9th Cir. 1980). Fed.R.Crim.P 14 provides that the Court may sever Defendants "if it appears that a defendant or the government is prejudiced by a joinder of offenses defendants." The Defendant bears the burden of demonstrating prejudice. Lutz, 621 F.2d at 945. The Defendant must demonstrate that joinder of Defendants is so prejudicial that it outweighs the interests of judicial economy and efficiency. United States v. Douglass, 780 F.2d 1472, 1478 (9th Cir. 1986).

**B.   MUTUALLY ANTAGONISTIC DEFENSES**

Mutually antagonistic defenses occur by the "effort of one defendant to shift blame from himself to a co-defendant." Zafiro v. United States, 506 U.S. 534, 536 (1993). The effect is that "the acceptance of one party's defense precludes the acquittal of the other defendant[s]." Id. Yet, mere inconsistences in defense positions is not enough to require severance of defendants. United States v. Tootick, 952 F.2d 1078, 1081 (9th Cir. 1991).

A showing of prejudice is required for severance based upon mutually antagonistic defenses. Prejudice means a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent a jury from making a reliable judgment about guilt or innocence. Zafiro, 506 U.S. at 539. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, the risk of prejudice is heightened. Kotteakos v. United States, 328 U.S. 750 (1946).

The Government has conceded that it is unable to try all Defendants at the same time. Dave Bundy submits that he should be tried with his Brothers, Ammon, Mel and Ryan. None of the brothers were armed. In addition, none of the brothers have a financial interest in the Bundy Ranch and were not parties with the protracted litigation instituted by the BLM when they were children and young adults.

. . .

### C. THE JURY MAY FIND BUNDY GUILTY BY ASSOCIATION

It is extraordinarily difficult for a jury to follow admonishing instructions and to keep separate evidence that is relevant only to co-defendants.

> A co-defendant in a conspiracy trial occupies an uneasy seat. This generally will be evidence of wrongdoing by somebody. It is difficult for the individual to make his own case stand on its own merits in the minds of jurors who are ready to believe that birds of a feather flocked together.

Krulewitch v. United States, 336 U.S. 440, 454 (1949). Dave Bundy's defense is wholly different than the armed defendants. Bundy and neither he nor his brothers were invloved in his Father's protracted civil litigation with the BLM. Hence, Dave Bundy also does not share the same standing of his Father about the jurisdiction of State Law Enforcement and Federal Law Enforcement. this theory of law would confuse the jury as to the Bundy brothers and particularly Dave Bundy's role as a peacemaker and a man of reason.

## III.

## CONCLUSION

Thus, this Court should sever Bundy from the other defendants. Dave Bundy respectfully requests that he be tried with his brother's, who were similarly situated at the time of the protest at the Bundy Ranch.

DATED this 27th day of May, 2016

POTTER LAW OFFICES

By   /s/ Cal J. Potter, III, Esq.
CAL J. POTTER, III, ESQ.
Nevada Bar No. 1988
C.J. POTTER, IV, ESQ.
Nevada Bar No. 13225
1125 Shadow Lane
Las Vegas, Nevada 89102
*Attorneys for Defendant, Dave H. Bundy*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that pursuant to FRCP 5(b), I did serve at Las Vegas, Nevada on this 27th day of May, 2016, a true and correct copy of **DAVE BUNDY'S MOTION TO SEVER FROM CO-DEFENDANTS AND REQUEST FOR LEAVE TO SUPPLEMENT UPON REVIEW OF DISCOVERY** on all parties to this action via CM/ECF system addressed as follows:

Joel F. Hansen
HANSEN RASMUSSEN
1835 Village Center Circle
Las Vegas, Nevada 89134
*Attorney for Cliven Bundy*

Ryan Norwood
William C. Carrico
Rene Villadares
Shari Kaufman
FEDERAL PUBLIC DEFENDERS OFFICE
411 E. Bonneville Ave.
Las Vegas, Nevada 89101
*Attorneys for Ryan Payne*

Chris T. Rasmussen, Esq.
RASMUSSEN & KANG
330 South Third Street, Ste. 1010
Las Vegas, NV 89101
*Attorney for Peter T. Santilli, Jr.*

Lucas Gaffney
ORONOZ, ERICSSON & GAFFNEY LLC
1050 Indigo Drive, Suite 120
Las Vegas, Nevada 89145
*Attorney for Melvin Bundy*

Brian James Smith
LAW OFFICE OF BRIAN J. SMITH, LTD.
9525 Hillwood Drive, Ste. 190
Las Vegas, Nevada 89134
*Attorney for Gerald A. Delemus*

Jess R. Marchese
LAW OFFICE OF JESS R. MARCHESE
601 South Las Vegas Blvd.
Las Vegas, Nevada 89101
*Attorney for Eric J. Parker*

. . .

. . .

. . .

1  Craig W. Drummond
   DRUMMOND LAW FIRM
2  228 South Forth Street First Floor
   Las Vegas, Nevada 89101
3  *Attorney for O. Scott Drexler*

4  Shawn R. Perez
   LAW OFFICE OF SHAWN R. PEREZ
5  626 South Third Street
   Las Vegas, Nevada 89101
6  *Attorney for Richard R. Lovelien*

7  Richard E. Tanasi
   601 South Seventh Street, 2nd Floor
8  Las Vegas, Nevada 89101
   *Attorney for Steven A. Stewart*

9

10 Julian R. Gregory
   LAW OFFICE OF JULIAN GREGORY
   324 S. 3rd Street, Ste. 200
11 Las Vegas, Nevada 89101
   *Attorney for Todd C. Engel*

12

13 Terrence M. Jackson
   LAW OFFICE OF TERRENCE M. JACKSON
   624 South Ninth Street
14 Las Vegas, Nevada 89101
   *Attorney for Gregory P. Burleson*

15

16 Andrea Lee Luem
   LAW OFFICE OF ANDREA L. LUEM
   499 South 4th Street, Ste. 280
17 Las Vegas, Nevada 89101
   *Attorney for Joseph D. O'Shaughnessy*

18

19 Chris Arabia
   601 S. 10th Street
   Las Vegas, Nevada 89101
20 *Attorney for Micah L. Mcguire*

21 Kristine M. Kuzemka
   KUZEMKA LAW GROUP
22 9345 W. Sunset Road, Suite 100
   Las Vegas, Nevada 89148
23 *Attorney for Jason D. Woods*

24 . . .

25

26 . . .

27

28 . . .

Erin M. Creegan, Esq.
Nadia Janjua Ahmed, Esq.
Nicholas D. Dickinson, Esq.
Daniel Bogden, Esq.
U.S. ATTORNEY'S OFFICE
333 Las Vegas Blvd. South Suite 5000
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

                                              /s/ Stacie Comerio
                                 An Employee of Potter Law Offices