**JOEL F. HANSEN, ESQ.**
Nevada Bar No. 1876
**HANSEN RASMUSSEN, LLC**
1835 Village Center Circle
Las Vegas, Nevada 89134
(702) 385-5533
joelh@hrnvlaw.com
Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                    Plaintiff(s),<br><br>        v.<br><br>CLIVEN D. BUNDY<br><br>                    Defendant. | Case No.:<br>2:16-CR-00046-GMN-PAL-1 |

## **DEFENDANT CLIVEN R. BUNDY'S MOTION TO SEVER**

COMES NOW, Defendant, Cliven D. Bundy, by and through his attorney, Joel F. Hansen, Esq., and moves for the severance of his trial from the trial of all his co-defendants for the reasons set forth in the Memorandum of Points and Authorities.

Dated: May 27, 2016                    **HANSEN RASMUSSEN, LLC**

                                        /s/ Joel F. Hansen, Esq.
                                        **JOEL F. HANSEN, ESQ.**
                                        Nevada Bar No. 1876
                                        Attorney for Defendant

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant, CLIVEN R. BUNDY, and eighteen co-defendants are charged in sixteen count superseding indictment that includes forfeiture allegations. The charges stem from an alleged "stand off" of law enforcement agents near Bunkerville, Nevada in April 2014. Not all of the co-defendants are charged in each count. This case is scheduled to go to trial in February 2017.

Mr. Cliven Bundy's case is significantly different from the cases of the other co-defendants. This is because 1) Mr. Cliven Bundy never carried a gun of any kind during the alleged "stand off"; 2) Mr. Cliven Bundy was never carrying a gun at any time when he allegedly may have spoken with any law enforcement officer or any agent of the BLM; 3) Mr. Cliven Bundy never threatened any law enforcement official or federal official in any way; 4) Mr. Cliven Bundy never pointed a gun at any law enforcement officer or BLM agent; 5) When the cowboys who supported Mr. Cliven Bundy went to the BLM barrier in the dry wash and demanded the return of the cattle, Cliven Bundy was at his home. He was never at the wash during the "stand off"; 6) Mr. Cliven Bundy never organized any group of cowboys or militia to come to his ranch and confront the BLM. When supporters would call he told them that they could come but that he was not in control or in charge of anything and that they were on their own. Cliven Bundy did not organize, direct or command the so-called "stand off". It was a spontaneous outpouring of support. 7) The government wants to bring all of the Defendants together so the prosecution can convict them all in a "guilt by association" trial. None of the volunteer cowboys owned any land at the Bundy ranch. None of them had their wives and children at the ranch. None of them had as much to lose as Cliven Bundy. Yet, they volunteered to help him because they understood the issue: Will America be run by democracy or bureaucracy? That was the issue that the volunteer cowboys were there for. But Cliven Bundy was there for additional and different reasons.

Cliven Bundy's family had ranched that land for generations, beginning in the 1800's. The ranch, its grazing rights, its water rights, its cattle, were all his. His ranch was invaded by an army of BLM agents and hired mercenaries, armed to the hilt and in full military array, who were bent on evicting him and his family from their ancestral home. The other defendants do not have this history and they do not have these defenses.

**The Jury May Find Cliven Bundy Guilty by Association.**

It is extraordinarily difficult for a jury to follow admonishing instructions and to keep separate evidence that is relevant only to co-defendants.

> A co-defendant in a conspiracy trial that occupies an uneasy seat. This generally will be evidence of wrongdoing by somebody. It is difficult for the individual to make his own case stand on its own merits in the minds of jurors who are ready to believe that birds of a feather flocked together.

*Krulevwitch v. United States*, 336 U.S. 440, 454 (1949). As shown above, Cliven Bundy's defense is wholly different from that of the other defendants.

At present, discovery in the case has just begun and so Mr. Cliven Bundy cannot state all of the grounds for which he may be able to argue for severance. Thus, he is not yet able to identify all of the *Bruton v. United States*, 391 U.S. 123 (1968) issues which he may be able to raise after discovery has been completed. Cliven Bundy moves for an extension of the deadline for filing Motions for Severance until discovery is completed.

**Cliven Bundy Should Be Severed From His Co-Defendants.**

The grounds for the severance of Cliven Bundy's trial from that of the other defendants is premised upon Federal Rule of Criminal Procedure 14. Rule 14 provides:

> <u>Relief from Prejudicial Joinder</u>. If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the Court may order an election or separate trials of counsel, grant a severance of defendants or provide whatever other relief justice requires.

Severance for prejudicial joinder under Rule 14 is discretionary. See e.g., *United States v Lutz*, 621 F.2d 940 (9th Cir. 1980).

Rule 14 of the Federal Rules of Criminal Procedure provides that if it appears that a defendant is prejudiced by joinder of defendants in an indictment or by joinder for trial together, the Court may grant a severance or provide whatever other relief justice requires. See e.g., *United States v. Escalante*, 637 F.2d 1197, 1201 (9th cir. 1980); *United States v. Lutz*, 621 F.2d 940 (9th Cir. 1980); *United States v. Tousant*, 619 F.2d 810.

In the alternative, the Court should consider recusing itself in fairness to all defendants. If the Court in its discretion chooses not to grant severance of the trial of Defendant Cliven Bundy, then, in the alternative, the Court should consider recusing itself, since the exchanges between the Court and Cliven Bundy's counsel may tend to prejudice the Court against the other eighteen defendants, and thus give those defendants grounds for appeal, that is, prejudice from Cliven Bundy's counsel in the case, as argued by co-defendant Santilli's attorney, Chris Rasmussen.

## **CONCLUSION**

Cliven Bundy's case is far different from all of the other defendants. He was not even on the scene at the time of the confrontation. Furthermore, trying Cliven Bundy together with all of the other defendants would be unfair and prejudicial to all of the defendants. Perhaps the Court should consider recusing itself to avoid these issues.

Dated: May 27, 2016           **HANSEN RASMUSSEN, LLC**

/s/ Joel F. Hansen, Esq.
**JOEL F. HANSEN, ESQ.**
Nevada Bar No. 1876
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2016, I electronically filed the foregoing DEFENDANT CLIVEN R. BUNDY MOTION TO SEVER with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to opposing counsel registered on CM/ECF.

/s/ Joel F. Hansen
Joel F. Hansen, Esq.