KRISTINE M. KUZEMKA, ESQ.
Nevada Bar No. 8836
KUZEMKA LAW GROUP
9345 W. Sunset Road, Suite 100
Las Vegas, Nevada 89148
(702) 949-9990
Email: kristine@kuzemkalaw.com
Attorney for Defendant, Jason Woods

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | )  2:16-CR-00046-GMN-PAL |
| v. | ) **DEFENDANT'S MOTION** |
| JASON WOODS, | ) **FOR SEVERANCE** |
| Defendant. | ) |

LCR 12-1 Certification: This Motion is timely filed pursuant to the Order dated April 26, 2016. [CMECF Doc. 321]

COMES NOW the Defendant, Jason Woods, by and through his attorney, Kristine M. Kuzemka, Esq., and hereby submits this Motion for Severance.[1]

This motion is based on the attached points and authorities, all pleadings and papers on file here and any oral argument requested by the Court at the time of hearing.

---

[1] Woods requests leave to supplement this motion as discovery becomes available and the statement of all of the potential defendants are disclosed.

## ATTENDANT FACTS JUSTIFYING SEVERANCE
## FROM CLIVEN BUNDY AND OTHER DEFENDANTS

Cliven Bundy's alleged trespassing started on public land in 1998, when Jason Woods was only a 12 year-old boy. Woods had no involvement with Bundy at any time prior to the public demonstration in Bunkerville, Nevada on April 12, 2014. Decades after Bundy's feud started with the federal government, Woods found himself in the Bundy / BLM vortex and feud, while attending the aforementioned public demonstration. Woods was indicted on March 2, 2016 for his alleged involvement at the public demonstration in Bunkerville on April 12, 2014. ECF 27. At worst, Woods is alleged to be a co-conspirator for this one brief moment in time – one day – April 12, 2014.

Since 1998, pursuant to the Government's Superseding Criminal Indictment, Cliven Bundy was under federal court order to remove his trespass cattle. Id. 2, ¶3.  Woods - via conspiracy theory - is being lumped into Bundy's 20-year feud, along with 17 other co-Defendants, for being present at the April 12, 2014 demonstration at the Bundy Ranch in Bunkerville, Nevada.  Id. 28, ¶121.

The Government claims that one of the goals of the alleged conspiracy was to thwart the seizure of Cliven Bundy's cattle from federal land and that Bundy had trespassed on the public lands for over 20 years, refusing to get permits or pay grazing fees to keep and graze his cattle on the land. Id. 2, ¶2.

In addition to lassoing Woods into the 20-year conspiracy that preceded the April 12, 2014 demonstration, the Government claims that Woods is responsible for the actions taken after April 12, 2014 up to the date of the Superseding Indictment, claiming:

> the leaders and organizers of the conspiracy organized armed security patrols and checkpoints in and around Bundy's property to deter and prevent any future law enforcement actions against BUNDY or his co-conspirators and to protect his cattle from future removal actions, cattle he continued to hold, graze and keep on federal public lands unlawfully and continues to do so as of the date of this Superseding Indictment.

Id. 4, ¶8.

The following timeline chronicles the government's assertions forming the basis of the subsequent counts in the Superseding Indictment:

March 28th to April 11th, paragraphs 78-120 detail acts in furtherance of alleged conspiracy. Id. 18-27, ¶78-120. **(There is no mention of Jason Woods, nor any acts attributed to him in any of the aforementioned paragraphs, 78-120 of the Superseding Indictment)**.

On or about April 11th – April 12th, 2014, paragraph 121 claims McGuire and Woods traveled from AZ to Bundy Ranch, NV with firearms and the intent to commit crimes set forth in Indictment. Id. 28, ¶121.

April 12, 2014 to the end of May, 2014 – Defendants established, organized, and maintained camps to provide housing and logistical support to armed gunmen who continued to travel to the Bundy Ranch.  Id. ¶147.

- Delemus, Cavalier, and Cooper – established armed checkpoints and security patrols to prevent ad deter law enforcement actions against the conspirators, including recovering the extorted cattle. Id. ¶148.

- Defendants - established armed checkpoints and security patrols to prevent ad deter law enforcement actions against the conspirators, including recovering the extorted cattle. Id. ¶149.

April 12, 2014 through September 2014, Defendants made statements to the SAC, threatening similar assaultive conduct in the event the BLM attempted further law enforcement actions against Bundy and his conspirators. Id. ¶150.

April 12, 2014 through Superseding Indictment, Defendants made public statements threatening that they would continue to interfere with federal law enforcement actions against them or the cattle. Id. ¶151.

April 12, 2014 through Superseding Indictment, Defendants continued to employ armed body guards, including CAVALIER, COOPER, to protect Bundy and other conspirators from federal law enforcement actions. Id. ¶152.

April 12, 2014 through Superseding Indictment, Defendants continued to take such actions as necessary to hold, protect, and prevent the impoundment of the extorted cattle and such other trespass cattle that are subject to the 2013 Court Orders. Id. ¶153.

There is no specific communication between Woods and any of the other co-Defendants to illustrate any kind of acts in furtherance of a conspiracy, just general assertions. There is a void of any overt acts in the Superseding Indictment as between Woods or any of the other co-Defendants after the public demonstration on April 12, 2014. Woods is also not charged with Counts IV, VII, X, XI, and XIII, thus those counts do not apply to him or his alleged actions.

Except for the charges springing from April 12, 2014, at the Bundy Ranch incident, Mr. Woods has never had any negative interactions with law enforcement. He has been a law-abiding citizen who served in the United States Air Force. To compel Mr. Woods to stand trial with Cliven Bundy and other co-Defendants more intimately involved in the 20-year feud and the period of time after April 12, 2014, would be so overwhelmingly prejudicial that it would violate basic tenets of fundamental fairness and due process.

## ARGUMENT

### A. Woods Will Suffer Extreme Prejudice if Compelled to be Tried in the Same Case as the Co-Defendants in This Matter.

Mr. Woods will suffer extreme and unfair prejudice if severance is not granted. Without severance from the co-Defendants, Woods will face a multitude of serious allegations and charges that have nothing to do with him both as to time and acts in furtherance of the alleged conspiracy. Federal Rule of Criminal Procedure 14(a) governs relief from prejudicial joinder, providing in pertinent part:

> Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

In deciding a Rule 14 motion for severance, the court must balance judicial efficiency against the potential for prejudice.  United States v. Hatcher, 680 F.2d 438, 442 (6th Cir. 1982). The decision whether to sever pursuant to Rule 14 is committed to the discretion of the Court. See United States v. Vasquez-Velasco, 15 F.3d 833, 845 (9th Cir. 1994).

Under Rule 8(b), defendants who are 'indicted together, [ordinarily] should be tried together.'" United States v. Breinig, 70 F.3d 850, 852 (6th Cir. 1995) (quoting United States v. Warner, 971 F.2d 1189, 1196 (6th Cir. 1992)). "Notwithstanding the strong preference for joint trials, if a defendant or the government is prejudiced by joinder, [Fed. R. Crim. P.] 14 permits the court to grant a severance or to 'provide whatever other relief justice requires.'" Breinig, 70 F.3d at 853 (citing Fed. R. Crim. P. 14). "The rule leaves the determination of the risk of prejudice and appropriate remedy, if any, to the sound discretion of the trial judge." Id. at 853.  In United States v. Chavis, 296 F. 3d 450 (6th Cir. 2002), the Court concluded that drug and firearm offenses, which were committed two years apart, were impermissibly joined because the government did not demonstrate that the crimes were part of the same act or transaction. Id. at 458. While it is certainly expedient for the government to lump all 19 Defendants together into one trial, it exacts an extreme toll of prejudice to Woods. Efficiency, whether judicial or governmental, at the expense of Mr. Woods' right to a fair trial is not justified.

In this case, Woods' presence at the public demonstration with possession of his unconcealed firearm on April 12, 2014 – for one day only – necessarily excise him from the alleged acts during the period of time between 1998 up to April 12, 2014. Further, Woods had no involvement with the Bundy Ranch after April 12, 2014. None of the other activities or prior conduct before April 12, 2014 have anything to do with Jason Woods.  Further, as outlined above, many of the charges themselves in this case have nothing to do with Woods, who again, was 12 years-old at the time Cliven Bundy started feuding with the federal government.

Essentially, the charged misconduct against Woods factually relates to him for one day only – April 12, 2014. It is fundamentally unfair to lump all 19 co-Defendants into one trial. The

prejudicial effect of the other charges bleeding into Woods' defense is tantamount to the evisceration of the defense of his presence at the public demonstration in Bunkerville, Nevada on April 12, 2014.

### B. Woods May Be Found Guilty by Association Due to the Lengthy Feud Between Cliven Bundy and the Bureau of Land Management.

It is extraordinarily difficult for a jury to follow admonishing instructions and to keep separate evidence that is relevant only to co-defendants. A co-defendant in a conspiracy trial occupies an uneasy seat. This generally will be evidence of wrongdoing by somebody. It is difficult for the individual to make his own case stand on its own merits in the minds of jurors who are ready to believe that birds of a feather flocked together. Krulewitch v. United States, 336 U.S. 440, 454 (1949).

Cliven Bundy's decades-long feud with the Bureau of Land Management, and the other 17 Co-Defendants' roles in the alleged 20 year-long conspiracy both before and after the April 12, 2014 demonstration in Bunkerville, put Woods in the untenable position of defending himself regarding the events of April 12, 2014, separate and apart from both aforementioned time periods. It is foreseeable that the jury will draw inculpatory conclusions about Woods in contravention of any admonishing instructions given by the court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

Jason Woods was a 12 year-old boy when Cliven Bundy's alleged trespassing started on public land in 1998, and only 8 years-old when Bundy's decades-long feud for refusing to pay grazing fees to the BLM commenced in 1993. Woods' only involvement in this matter consisted of his presence in Bunkerville, Nevada on April 12, 2014, at a public demonstration. In the interest of fundamental fairness and due process and for the aforementioned reasons, Mr. Woods respectfully requests this Honorable Court grant Defendant's Motion for Severance.

DATED this 27th day of May, 2016.

Respectfully submitted,

BY:   /s/   Kristine M. Kuzemka
      KRISTINE M. KUZEMKA, ESQ.
      Nevada Bar No.: 8836
      Kuzemka Law Group
      9345 W. Sunset Road, Suite 100
      Las Vegas, Nevada 89148
      T: 702-949-9990
      kristine@kuzemkalaw.com
      Counsel for Defendant, *Jason Woods*

**CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

I hereby certify that service of the above entitled DEFENDANT'S MOTION FOR REVOCATOIN OF DETENTION ORDER was made this 27th day of May, 2016, by CM/ECF (Electronic Filing) as follows:

DANIEL G. BOGDEN

United States Attorney

STEVEN MYHRE

First Assistant United States Attorney

NADIA AHMED

Special Assistant United States Attorney

NICHOLAS D. DICKINSON

Assistant United States Attorney

By: /s/ Kristine M. Kuzemka
Attorney for Defendant