NGUYEN & LAY
MATTHEW LAY, ESQ.
Nevada State Bar Number 12249
732 South Sixth Street, Suite 102
Las Vegas, Nevada 89101
Telephone: (702) 383-3200
Facsimile: (702) 675-8174
Email: dml@lasvegasdefender.com
Attorney for Blaine Cooper

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:16-cr-00046-GMN-PAL |
| | ) | |
| Plaintiff, | ) | **DEFENDANT BLAINE COOPER'S** |
| | ) | **MOTION TO SEVER** |
| vs. | ) | |
| | ) | |
| BLAINE COOPER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CERTIFICATION**: This Motion is timely filed.

COMES NOW the defendant, BLAINE COOPER, by and through his court-appointed attorney of record, MATTHEW LAY, ESQ., of NGUYEN AND LAY, and hereby moves this Court to sever his trial from that of his co-defendants, and for leave to supplement this motion. This Motion is based on the attached Memorandum of Points and Authorities, all pleading and papers on file herein, and any facts or arguments adduced at a hearing on this matter.

DATED this 27th day of May, 2016.

NGUYEN & LAY

By: /s/ Matthew Lay
MATTHEW LAY, ESQ.
Nevada Bar Identification No. 12249

**MEMORANDUM OF POINTS AND AUTHORITIES**

On March 02, 2016, the Government filed a Superseding Indictment in the United States District Court for the District of Nevada. See ECF No. 27. The Indictment charged the defendant, Blaine Cooper, with the following: Count 1: Conspiracy to Commit an Offense attains the United States, in violation of 18 U.S.C. § 371; Count 2: Conspiracy to Impede and Injure a Federal Officer, in violation of 18 U.S.C. § 372; Count 5: Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1) and (b); Count 8: 18 U.S.C. Threatening a Federal Law Enforcement Officer, in violation of 18 U.S.C. § 115(a)(1)(B); Counts 3, 6, 9, and 15: Use an Carry of a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c); Count 12: Obstruction of the Due Administration of Justice, in violation of 18 U.S.C. § 1503; Count 14: Interference with Interstate Commerce by Extortion, a violation of 18 U.S.C. § 1951; and, Count 16: Interstate Travel in Aid of Extortion, a violation of 18 U.S.C. § 1952. ECF No. 27. The indictment also charges eighteen (18) co-defendants. Id. The indictment includes four (4) forfeiture allegations. Id. The charges stem from an alleged standoff with law enforcement agents near Bunkerville, Nevada, in April of 2014. Id. This case is scheduled for trial on February of 2017.

Mr. Cooper is also charged in a six (6) count superseding indictment in the District of Oregon, Portland Division, in United States v. Bundy et al., Case No. 3:16-cr-00051-BR. The charges in the Oregon case stem fro an alleged incident at the Malheur National Wildlife Refuge in early 2016. Some of the co-defendants in the Oregon case are co-defendants in the instant case, namely: Ryan Payne, Ammon Bundy, Ryan Bundy, Brian Cavalier, Joseph O'Shaughnessy, and Peter Santilli. The Oregon case is scheduled to go to trial in September of 2016.

On April 26, 2016, this Court issued a Case Management Order, which ordered that severance motions be filed by May 27, 2016. ECF No. 321. Additionally, this Court ordered the Government to provide the first two phases of a three-phase discovery disclosure by May 06, 2016. Id. The Government timely disclosed the first two phases of discovery to a discovery coordinator.

The discovery coordinator provided these phases of discovery to counsel on or around May 10, 2016, and May 18, 2016, respectively. The discovery in this matter is voluminous, and consists of thirty-five (35) separate compact discs containing law enforcement "dashcam" videos, as well as a hard drive containing 1.34 terabytes of additional data. Consequently, at this time, Mr. Cooper cannot state with particularity the grounds necessitating severance. However, based upon his current knowledge of the case, the alleged culpability of his co-defendants, and the respective positions that his co-defendants have adopted thus far, Mr. Cooper believes there exist grounds to

sever him from his co-defendants. Specifically, Mr. Cooper anticipates that one or more of his co-defendants' trial defenses may be mutually exclusive and/or impermissibly antagonistic to Mr. Cooper's anticipated trial defense. See Bruton v. United States, 391 U.S. 123 (1968).

This severance request is submitted to comply with the Court's filing deadline and to set forth the legal grounds upon which a severance may be granted. However, it will be necessary for Mr. Cooper to supplement the instant motion once all of the discovery has been disclosed, and once defense counsel has completed reviewing and analyzing it. Therefore, Mr. Cooper requests the opportunity to supplement this Motion.

### I. MR. COOPER MAY NEED TO BE SEVERED FROM THE TRIAL OF HIS CO-DEFENDANTS PURSUANT TO *BRUTON*, THE SIXTH AMENDMENT CONFRONTATION CLAUSE, AND THE FIFTH AMENDMENT DUE PROCESS CLAUSE.

Federal Rule of Criminal Procedure 8(b) allows for joinder of defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."

Federal Rule of Criminal Procedure 14(a) provides pertinent part that, "[i]f the joinder of … defendants in an indictment … appears to prejudice a defendant …, the court may … sever the defendants' trials, or provide any other relief that justice requires." Thus, "'[e]ven if joinder is permissible under Rule 8, a party who feels prejudiced by joinder may move to sever pursuant to [Rule] 14.'" United States v. Jawara, 474 F.3d 565, 572 (9th Cir. 2007) (quoting United States v. Smith, 795 F.2d 841, 850 (9th Cir. 1986), cert. denied, 481 U.S. 1032, 107 S. Ct. 1964, 95 L. Ed. 2d 535 (1987)).

In Bruton, the United States Supreme Court held that admission of a co-defendant's confession that implicated defendant Bruton at a joint trial constituted prejudicial error, even though the trial court gave clear instructions to the jury to disregard the inadmissible hearsay inculpating Bruton. 391 U.S. at 123, 136-37. The Court reversed Bruton's conviction because the admission of his co-defendant's statement against him violated Bruton's Sixth Amendment right to confrontation and the opportunity to cross-examine witnesses against him. Id. at 126.

In Richardson v. Marsh, 481 U.S. 200, 201 (1987), the Supreme Court held that the Bruton rule applies to confessions of non-testifying co-defendants that are facially incriminating to another co-defendant. Additionally, even if the Government redacts the co-defendants' statements to exclude the explicit references to another co-

defendant, there is still a danger that the jury can infer which defendant the statement references based upon the type of redaction and the context of the statement. Gray v. Maryland, 523 U.S. 185, 192 (1998).

A defendant "'may be prejudiced by the admission in evidence against a co-defendant of a statement or confession made by that co-defendant.'" Bruton, 391 U.S. at 132 (quoting 34 F.R.D. 419). This prejudice "cannot be dispelled by cross-examination if the co-defendant does not take the stand." Id. Additionally, "[l]imiting instructions to the jury may not in fact erase the prejudice." Id. Conversely, "a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial." Zafiro v. United States, 506 U.S. 534, 539 (1993).

Here, this Court should sever Mr. Cooper's trial from that of his co-defendants, because Mr. Cooper will be denied access to the exculpatory testimony of his co-defendants. For example, the Government alleges that Mr. Cooper was a "mid-level leader and organizer of the conspiracy who, among other things: recruited and organized gunmen and other Followers; … [and] recruited Followers …." ECF No. 27, p. 16, ¶ 66. Testimony that co-defendants traveled to Bunkerville on their own accord, and, once there, did not act under Mr. Cooper's direction, would be exculpatory. However, at a joint trial, Mr. Cooper's co-defendants will likely assert their Fifth Amendment right to remain silent if the defendants are tried together. Therefore, a joint trial of Mr. Cooper and his co-defendants may violate his Sixth Amendment right present exculpatory testimony.

Additionally, this Court should sever Mr. Cooper's trial, because based upon representations made by certain co-defendant's in their respective motions to sever, Mr. Cooper anticipates that he will present a defense that is mutually exclusive and/or antagonistic to those of his co-defendants. Thus, Mr. Cooper raises this particular severance ground out of an abundance of caution and for purposes of preserving this issue for future review by this court.

## II. MR. COOPER WILL BE PREJUDICED BY EXPOSURE TO "EVIDENTIARY SPILLOVER," AND THE JURY WILL NOT BE CAPABLE OF COMPARTMENTALIZING THE EVIDENCE AS IT RELATES TO EACH DEFENDANT.

"A defendant's substantial rights may be prejudiced if he is exposed to 'evidentiary spillover.'" United States v. Duran, 189 F.3d 1071, 1081 (9th Cir. 1999). "Spillover" occurs where a jury "'might have been unable to separate offenders and offenses and easily could have transferred the guilt from one alleged co-schemer to another.'" United States v. Schurr, 775 F.2d 549, 557 (3d Cir. 1985) (quoting United States v. Camiel, 689 F.2d 31, 38 (3d Cir. 1982)). Evidentiary spillover is prejudicial where "it is 'highly probable that it had substantial and injurious effect or influence in determining the jury's verdict.'" Duran, 189 F.3d at 1081 (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)).

Courts should grant a defendant's motion for severance when "'there is a serious risk that a joint trial could compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" Zafiro, 506 U.S. at 538-39.

The primary consideration in assessing the prejudicial effect of a joint trial is "whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants, in view of its volume and the limited admissibility of some of the evidence." United States v. Escalante, 637 F.2d 1197, 1201 (9th Cir. 1980) (internal citations omitted).

Here, there are nineteen (19) co-defendants. Not all co-defendants are named in each count. Presumably, the evidence of certain co-defendants' guilt is stronger than the evidence against Mr. Cooper. Therefore, the Government's proof at trial will not be identical for each co-defendant. Thus, Mr. Cooper will be at risk for the danger of evidentiary spillover. Further compounding these issues is the possible admission of a co-defendant's statement against his other co-defendants. The jury would be asked to separately consider the evidence that the Government presents for each the sixteen (16) counts against nineteen (19) respectively named co-defendants. Additionally, the jury may be asked to consider statements made by the various co-defendants against some, but not all, of their co-defendants. The confusing nature of these tasks would unduly prejudice Mr. Cooper and deny him the right to a fair trial afforded by the Fifth Amendment. See United States v. Lane, 474 U.S. 438, 446 n.8 (1986) (misjoinder constitutes a constitutional violation "if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial"); see also Kotteakos, 328 U.S. at 776 ("The greater looseness generally allowed for

specifying the offense and its details, for receiving proof, and generally in the conduct of the trial, becomes magnified as the numbers involved increase.").

Mr. Cooper requests this Court allow him to supplement this Motion, once defense counsel has received and been afforded a sufficient opportunity to review all of the discovery in this matter, to identify for the Court specific evidence that supports severance of Mr. Cooper's trial from that of his co-defendants.

### **CONCLUSION**

Due to the complex and extensive nature of the allegations in this case, it may be necessary to sever Mr. Cooper's trial from that of his co-defendants to preserve Mr. Cooper's constitutional rights. Mr. Cooper, with this Court's permission, will supplement arguments in support of severance once he has the opportunity to review all of the discovery provided by the Government.

DATED this 27th day of May, 2016.

NGUYEN & LAY

By: /s/ Matthew Lay
    MATTHEW LAY, ESQ.
    Nevada Bar Identification No. 12249

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of May, 2016, I caused a true and correct copy of this DEFENDANT BLAINE COOPER'S MOTION TO SEVER to be sent through the CMECF system to the following parties:

DANIEL G. BOGDEN
United States Attorney

STEVEN MYHRE
First Assistant United States Attorney

NADIA JANJUA AHMEN
Special Assistant United States Attorney

ERIN M. CREEGAN
Assistant United States Attorney

NICHOLAS DICKINSON
Assistant United States Attorney

By: /s/ Matthew Lay
MATTHEW LAY, ESQ.
Nevada Bar Identification No.: 12249
Attorney for Defendant
BLAINE COOPER