JESS R. MARCHESE, ESQ.
Nevada Bar No. 8175
**MARCHESE LAW OFFICES**
601 S. Las Vegas Blvd.
Las Vegas, NV  89101
(702) 385-5377 Fax (702) 474-4210
marcheselaw@msn.com
Attorneys for Defendant Eric Parker

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | Case No. 2:16-cr-046-GMN-PAL |
| Plaintiff, | |
| v. | |
| ERIC PARKER, | **DEFENDANT'S MOTION TO SEVER** |
| Defendant. | |

### DEFENDANT'S MOTION TO SEVER

**COMES NOW** the defendant, **ERIC PARKER,** by and through his attorney of record, **JESS R. MARCHESE, ESQ.**, hereby files his motion to sever from all of his other co-defendants other than O. Scott Drexler and Steven Stewart.

**DATED** this 29th day of May, 2016.

                                                            /S/ Jess R. Marchese
                                          **JESS R. MARCHESE, ESQ.**
                                          Nevada Bar No. 8175
                                          Attorney for Defendant

**STATEMENT OF FACTS**

Mr. Eric Parker is the subject of a 16 count indictment in which he is named in eleven of the counts.  The case derives from an armed standoff between a group of protestors and government officials and contractors in Bunkerville, Nevada on April 12, 2014.

Mr. Parker is a resident of Idaho.  On April 11, 2014, he and two of his friends, O. Scott Drexler and Steven Stewart, drove down from Idaho to protest actions by the government that they viewed as wrong such as setting up "First Amendment zones" and using force upon protestors.

Mr. Parker's involvement was simple.  He in Bunkerville for a period of less than twenty-four hours and was mainly on a bridge.  The aforementioned bridge is situated above a wash/basin where the standoff took place and is 100 yards or so east of a second bridge and directly above where most of the standoff took place.  Eric was on the eastern bridge with his two friends and to his knowledge did not speak with any other co-defendant other than Stewart and Drexler the entire time he was present.

During the point when the parties were waiting for the cattle to be released tensions mounted.  At this juncture, Eric was still on the bridge with Stewart and Drexler.  As the protestors moved towards the government officials and contractors, announcements were made by the officials that they were authorized to "use gas" and "lethal force" should the crowd keep converging forward. While this was transpiring, a stranger handed Eric binoculars and pointed out snipers that were on a ridge in the distance.

At this point, Eric laid down on his stomach between two jerseys barriers holding his AR rifle in the general direction of the government officials and contractors approximately 100 yards away. Mr. Drexler is also alleged to have taken a similar position about 20 yards away.  Mr. Stewart, although armed, did not hold his weapon and is alleged to have been a lookout or

spotter for Parker and Drexler.

At some time thereafter, the cattle were released, the tension died down and Eric and his two friends left the area. The trio then packed their belongings up and left to go back home to Idaho.

## ARGUMENT

Parker takes the position that he should be severed to stand trial with Drexler and Stewart.

Rule 14 of the Federal Rules of Criminal Procedure is the controlling law for this issue. The rule states in pertinent part that "if it appears that a defendant is prejudiced by a joinder of offenses or of defendants in an indictment or by such joinder for trial together, the Court may order separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires." Should a severance be considered, the consideration is discretionary. See United States vs. Lutz 621 F. 2d 940 (9th Circuit 1980). The defendant must demonstrate that a joint trial is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." United States vs. Doe 655 F.2d 920, 926 (9th Cir. 1980).

In Eric's case, the suggested remedy of severance is warranted. Given the volume of defendants and Parker, Stewart, and Drexler's involvement in the alleged conspiracy, severing them out for one "mini trial" would make the most sense given their roles and the evidence that the government would proffer. Simply put, judicial economy is best served by this remedy.

Further, severance would protect Eric and his co-defendants against guilty by association with the Bundy co-defendants. Although counsel is well aware of the intricacies of federal conspiracy law, Eric's general stance to the relevant parties is important to consider in this case. He literally did know any of the other co-defendants until after the April 12, 2014 events. Even

on the present day he still is not personally aware of who many of them are. The only reason he is aware of some of them and their roles is because he has been furnished with discovery, seen them in court, or been incarcerated with them.

Lastly, on page 36 of the Indictment, there are allegations that "the conspirators organized bodyguards, patrols, and checkpoints to prevent to prevent and deter future law enforcement actions." The record at trial will be completely be devoid of Parker, Stewart, or Drexler having anything to do with the post standoff security detail. As a result, this information would be completely irrelevant and more prejudicial than probative.

## CONCLUSION

Based on the aforementioned facts and circumstances, Eric Parker prays for an order for severance from the other co-defendants excluding O. Scott Drexler and Steven Stewart.

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the MARCHESE LAW OFFICES, and that on the 29TH day of May 2016, I served a copy of the foregoing: **MOTION TO SEVER** via the CM/ECF system upon the following.

**Government Counsel**:

Mr. Steven Mhyre, Esq.
Mr. Nicholas Dickinson, Esq.
Ms. Nadia Ahmed, Esq.
Ms. Erin Creegan, esq.

　　　　　　　　　　　　　　　　/s/　　　　　　　　　　　　　　．
　　　　　　　　　　　　　　　*an employee of Marchese Law Offices*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28