DANIEL J. HILL, ESQ.
NV Bar # 12773
WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN LLP
3556 East Russell Road, 2nd Floor
Las Vegas, Nevada 89120
Tel:   (702) 341-5200
Fax:   (702) 341-5300
DHill@wrslawyers.com
*Attorney for Defendant Ammon E. Bundy*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 2:16-CR-00046-GMN-PAL |
| Plaintiff, | |
| vs. | **DEFENDANT AMMON E. BUNDY'S REPLY IN SUPPORT OF HIS OBJECTIONS [ECF Nos. 365 & 426] TO MAGISTRATE JUDGE ORDER DENYING MOTION FOR EXTENSION OF TIME FOR DETENTION HEARING [ECF No. 289]** |
| AMMON E. BUNDY, *et al.*, | |
| Defendants. | |

**Certification: Ammon Bundy certifies that this Reply is timely filed.**

This is defendant Ammon E. Bundy's ("Ammon") Reply in support of his Objections (ECF No. 365, supplemented at ECF No. 426) to the Magistrate Judge's denial (ECF No. 289) of Ammon's Emergency Motion to Continue Detention Hearing (ECF No. 271). The government filed its Opposition (ECF No. 434) on May 23, 2016. A plain reading of the law and authority recited previously makes clear that the Magistrate Judge erroneously denied Ammon additional time to prepare for his detention hearing. Ammon therefore requests reversal of the subject pretrial order, which, as detailed in his original Objections, would require a new detention hearing before the Magistrate Judge.

//

# MEMORANDUM OF POINTS AND AUTHORITIES

**I.   ARGUMENT**

    **A.   Ammon was entitled to a continuance of his detention hearing**

Put simply, Ammon established good cause for a five-day continuance of his detention hearing and was entitled to a two-day continuance under the Bail Reform Act, but received neither. *See* 18 U.S.C. § 3142(f)(2)(B). Undersigned counsel responded to the government's arguments for detention without sufficient preparation. This was not the typical case of making proffers addressing criminal history and community ties. Instead, the detention hearing revolved extensively around the details of the allegations. The additional time sought was crucial for Ammon and undersigned counsel to investigate and build a complete picture of what happened at the Toquop Wash, and therefore rebut the government's proffer. The transcript of the hearing indicates that the undersigned made a diligent and good-faith effort to investigate the allegations. *See* Tr. of Proceedings, ECF No. 426, Exh. 2 at 32:21-48:19. But, without the brief extension, the undersigned was unable to complete his investigation. *See id.* at 46:1-3 ("[W]ith the limited time I've had to investigate, I simply don't have the benefit of characterizing further what occurred in the Toquop Wash.").

Under LR-IB 3-1(a) and 28 U.S.C. § 636(b)(1)(A), it is well within this Court's authority to reverse the Magistrate Judge's pretrial order denying the continuance. A ruling that Ammon should have had a few more days to prepare would have no effect if it does not result in <u>a new detention hearing</u>, and that is what Ammon requests.

//
//
//
//
//
//
//

### B. The Objections are not moot[1]

The government first suggests any issues regarding Ammon's detention are moot because he is currently in custody in Oregon awaiting a different trial there. Pretrial detention, however, "should be viewed as a serious matter." *United States v. Flores*, 856 F.Supp. 1400, 1406 (E.D. Cal. 1994). For this reason, for example, motions to reopen or revoke detention must be heard "promptly." *United States v. Fernandez-Alfonzo*, 813 F.2d 1571, 1573 (9th Cir. 1987). The same sovereign that moved to detain Ammon here in Nevada is holding Ammon in Oregon. Furthermore, the Magistrate Judge cited the Oregon detention order while detaining Ammon here. *See* Tr. of Proceedings, ECF No. 426, Exh. 2 at 51:16-25. As Ammon continues to seek release in both Oregon and Nevada, each respective court undoubtedly will continue to consider whether he is detained in the other case. Ammon should therefore be able to argue for release wherever he is ready to do so first. The fact that he is presently detained under a District of Oregon order, then, does not matter, and the government cites no legal authority to support its novel position. The law is clear, and Ammon is entitled to a prompt detention hearing after adequate time to prepare. Ammon was not afforded adequate time to prepare, and the only remedy in giving Ammon a retroactive continuance is a new detention hearing. That hearing should occur promptly.

The government also argues Ammon's Objections to the denial of more time are moot both because he can move to revoke the detention order before this Court, and because the government will not oppose reopening detention before the Magistrate Judge. Certainly, Ammon acknowledges and appreciates the government's willingness not to oppose any future motion to reopen. Neither that

---

[1] The plain language of the statute requires that Ammon "shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise." 18 U.S.C. § 3142(f)(2)(B). These statutory rights cannot be deemed "moot" because of inconvenience or be repackaged at a later, more restrictive hearing. A failure to afford Ammon these statutory rights in the first instance causes the detention order to run afoul of Constitutional due process protections. *See United States v. Salerno*, 481 U.S. 739, 750, 107 S. Ct. 2095, 2103 (1987) (A pretrial detention order is only valid where the government proves the required statutory factors to a "neutral decision-maker by clear and convincing evidence" after a fair and "full-blown adversary hearing.") Contrary to the government's position, due process rights have to be afforded Ammon in advance of the pretrial detention order, not afterwards. *See e.g. Mathews v. Eldridge*, 424 U.S. 319, 333–34, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

1  willingness nor Ammon's ability to move for review before this Court, though, necessarily cures the
2  defective detention hearing for three reasons.
3      First, it is in this Court's discretion whether to receive additional evidence on review of a
4  detention order under 18 U.S.C. § 3145(b). *See, e.g., United States v. Koenig*, 912 F.2d 1190, 1192
5  (9th Cir. 1990). Second, when a magistrate judge reopens detention for new evidence under 18 U.S.C.
6  § 3142(f)(2)(B), the new hearing is also limited in scope. *See, e.g., United States v. Bararia*, 2013 WL
7  1907782 at *4 (D. Nev. March 12, 2013). The prejudice created by the Magistrate Judge's denial of
8  more time permeated the entirety of Ammon's detention hearing argument, and an entirely new
9  detention hearing is warranted. Both § 3145(b) and § 3142(f) of the Bail Reform Act contemplate
10 limits on any new hearing. A brand new hearing is the only sufficient remedy if this Court reverses the
11 Magistrate Judge's order denying a brief continuance.  Third, the United Supreme Court has made
12 clear that a pretrial detention under the Bail Reform Act is "consistent with the Due Process Clause"
13 only when the court follows "Congress' careful delineation of the circumstances under which
14 detention will be permitted," and when the court ensures that the process followed complies with the
15 Act's "extensive safeguards." *Salerno*, 481 U.S. at 751.
16     In sum, the government's position is legally insufficient, and courts should "be alert to factors
17 that may undermine the fairness of the fact-finding process" in Bail Reform Act proceedings and to
18 "place out of bounds practices that threaten to dilute the presumption of innocence." *United States v.*
19 *Brutus*, 505 F.3d 80, 85 (2007) (quoting in part, *Estelle v. Williams*, 425 U.S. 501, 503, 96 S.Ct. 1691,
20 48 L.Ed.2d 126 (1976) & *United States v. Gaines*, 457 F.3d 238, 245–46 (2d Cir.2006)).  Here, by
21 denying Ammon the continuance requested, after good cause was shown, the Magistrate erred against
22 Ammon's presumption of innocence and overran Congress' "carefully delineated" guidelines for these
23 proceedings and the "extensive safeguards" required to avoid violation of basic due process principles.
24 Thus, the remedy sought by Ammon is both valid and meaningful.
25 //
26 //
27 //
28 //

## II. CONCLUSION

Ammon did not receive a detention hearing compliant with the Bail Reform Act and basic principles of due process because he did not have adequate time to prepare. After reversal of the Magistrate Judge's denial of Ammon's request for a brief continuance, the only remedy is a new detention hearing. Accordingly, Ammon Bundy respectfully requests that the Court reverse the Magistrate Judge's order denying a continuance, and order a new detention hearing to be held promptly.

Respectfully submitted this 31st day of May 2016.

**WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP**

By: */s/ Daniel Hill*
DANIEL J. HILL, ESQ.
Nevada Bar No. 12773
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
*Attorney for Defendant Ammon Bundy*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of May 2016, a true and correct copy of **DEFENDANT AMMON E. BUNDY'S REPLY IN SUPPORT OF HIS OBJECTIONS [ECF Nos. 365 & 426] TO MAGISTRATE JUDGE ORDER DENYING MOTION FOR EXTENSION OF TIME FOR DETENTION HEARING [ECF No. 289]** was served via the United States District Court CM/ECF system on all parties or persons requiring notice

By  */s/ Jennifer Finley*
Jennifer Finley, an Employee of
WOLF, RIFKIN, SHAPIRO, SCHULMAN &
RABKIN, LLP