CHRIS ARABIA, Esq.
Nevada Bar No. 9749
**LAW OFFICES OF CHRIS ARABIA, PC**
601 S. 10th St., Suite 107
Las Vegas, NV 89101
Phone: 702.701.4391
Fax: 877.858.7893
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-CR-00046-GMN-PAL |
| Plaintiff, | |
| vs. | **MOTION FOR BILL OF PARTICULARS** |
| MICAH L. McGUIRE, | |
| Defendant. | |

This motion has not been brought within the 14-day period specified in Fed. R. Crim. Pro. 7(f). However, defendants are permitted to file a request for a bill of particulars after the 14 days, if the court allows. The reasons for the later filing are as follows: this case has been designated as complex, there is voluminous discovery, and the government has only recently begun providing discovery.

COMES NOW Defendant MICAH McGUIRE, by and through his attorney, CHRIS ARABIA, Esq., and hereby moves for a Bill of Particulars pursuant to Rule 7(f). This motion is based on the attached points and authorities, memorandum of law, all pleadings and papers on file herein, and any facts or arguments adduced at any hearing.

# STATEMENT OF FACTS

Micah McGuire was indicted on March 2, 2016 for his alleged involvement in the events at Bunkerville, Nevada in April of 2014; numerous other persons were also indicted. ECF 27. The government claims that McGuire went from his home state of Arizona to Nevada "with the intent to commit the crimes set forth herein." Id. 7, ¶26. The government asserts that McGuire was a conspirator and claims that McGuire was a "gunman who threatened, impeded, intimidated, interfered with, assaulted, and extorted federal law enforcement officers while in the performance of their duties, as described herein." Id. 15, ln. 4 and 17-18, ¶75.

At present, the only specific information on McGuire provided by the government is the memorandum in support of pretrial detention, which includes alleged depictions (and government characterizations thereof) of McGuire standing around, carrying a holstered sidearm, standing in front of a stage, riding in the back of a pickup, and standing around some more; the government also alleges that McGuire posted some Facebook comments. ECF 130, 10-23.

**Particulars Requested**

1. Paragraph 75 of the Indictment alleges that "Defendant **McGUIRE** was a gunman who threatened, impeded, intimidated, interfered with, assaulted, and extorted federal law enforcement officers while in the performance of their duties, as described herein." Please provide the specific alleged acts or conduct that constitute(s) the alleged threats, impediments, intimidation, interference, assault, and extortion described in Paragraph 75.

2. Paragraph 75 of the Indictment alleges that "Defendant **McGUIRE** was a gunman who threatened, impeded, intimidated, interfered with, assaulted, and extorted federal law

enforcement officers while in the performance of their duties, as described herein." Please provide the names, job titles, descriptions, employers, and duties of the law enforcement officers referenced in Paragraph.

3. Paragraph 121 of the Indictment alleges, "On or about April 11 and 12, 2014, **McGUIRE, WOODS,** and **Burleson** traveled from Arizona to Bundy Ranch in Nevada with firearms and with the intent to commit the crimes set forth herein." Please provide the specific alleged acts or conduct that constitute(s) the alleged offense described in Paragraph 121, and please also specify to which purported crimes the phrase "commit the crimes" describes.

4. Count One of the Indictment asserts that McGuire "did conspire, confederate, and agree" with all of the co-defendants. Please describe the specific acts or conduct of McGuire that would establish that he "did conspire, confederate, and agree" with the co-defendants, and please describe McGuire's relationship with each and every co-defendant.

5. Count Two claims that McGuire conspired with the co-defendants "to induce by force, intimidation, and threats, federal law enforcement officers to leave the place where their duties were required to be performed..." Please describe the specific acts of conduct alleged against McGuire that would constitute either conspiring "to induce by force, intimidation, and threats, [the] federal law enforcement officers" described in Count Two, or that would simply constitute inducing by force, intimidation, and threats.

6. Count Two claims that McGuire conspired with the co-defendants "to induce by force, intimidation, and threats, federal law enforcement officers to leave the place where their duties were required to be performed..." Please state the names, descriptions, employers, job titles, and duties of any of the federal law enforcement officers referenced in Count Two.

[the] federal law enforcement officers" described in Count Two, or that would simply constitute inducing by force, intimidation, and threats.

7. Count Two claims that McGuire conspired with the co-defendants "to induce by force, intimidation, and threats, federal law enforcement officers to leave the place where their duties were required to be performed..." Please describe the location of any federal law enforcement officers at the time such officers were allegedly induced, intimidated, and/or threatened, as referenced in Count Two, and where any such officers went after the alleged inducement, intimidation, and/or threats.

8. Count Three asserts that McGuire engaged in a "conspiracy to impede and injure an officer" at least in part through the brandishing of firearm(s). Please describe the specific acts or conduct by McGuire that would constitute a "conspiracy to impede and injure an officer," that would constitute impeding or injuring an officer, and that would constitute brandishing a firearm.

9. Count Three asserts that McGuire engaged in a "conspiracy to impede and injure an officer" at least in part through the brandishing of firearm(s). Please state the names, descriptions, employers, job titles, and duties of any of the federal law enforcement officers referenced in Count Three, and please distinguish the allegations in this count from those in Count Six.

10. Count Five alleges that McGuire "did use a deadly and dangerous weapon and forcibly assault, resist, oppose, impede, intimidate and interfere with federal law enforcement officers…" Please describe the specific conduct or acts by McGuire that would constitute use of a deadly and dangerous weapon to forcibly assault, resist, oppose, impede, intimidate, and interfere with federal law enforcement officers.

11. Count Five alleges that McGuire "did use a deadly and dangerous weapon and forcibly assault, resist, oppose, impede, intimidate and interfere with federal law enforcement officers…" Please state the names, descriptions, employers, job titles, and duties of any of the federal law enforcement officers referenced in Count Five.

12. Count Six asserts that McGuire "brandished" a firearm "during and in relation to a crime of violence," to wit, "assault on a federal officer." Please provide all information on the specific acts or conduct by McGuire that would constitute the brandishing, against whom any brandishing too place, the alleged crime of violence, and the alleged assault on a federal officer.

13. Count Six asserts that McGuire "brandished" a firearm "during and in relation to a crime of violence," to wit, "assault on a federal officer." Please state the names, descriptions, employers, job titles, and duties of any of the federal law enforcement officers referenced in Count Six.

14. Count Eight alleges that McGuire "did threaten to assault the SAC, a federal law enforcement officer, and such other federal law enforcement officers..." Please describe the specific acts or conduct by McGuire that constitute the alleged threat to assault the SAC or any other federal law enforcement officer(s).

15. Count Eight alleges that McGuire "did threaten to assault the SAC, a federal law enforcement officer, and such other federal law enforcement officers..." Please state the names, descriptions, employers, job titles, and duties of any of the federal law enforcement officers referenced in Count Six.

16. Count Nine charges that McGuire "brandished" a firearm as part of his alleged misconduct charged in Count Eight. Please describe the specific conduct or acts that constitute brandishing, and against whom any such brandishing occurred.

17. Count Nine charges that McGuire "brandished" a firearm as part of his alleged misconduct charged in Count Eight. Please state the names, descriptions, employers, job titles, and duties of any of the federal law enforcement officers referenced in Count Nine, or anyone allegedly subjected to the alleged brandishing.

18. Count Twelve claims that McGuire assaulted and extorted federal officers via "threats and force" and "threatening communications." Please describe the specific acts or conduct that constitute such threats, force, and threatening communications.

19. Count Twelve claims that McGuire assaulted and extorted federal officers via "threats and force" and "threatening communications." Please describe the specific acts or conduct that constitute such threats, force, and threatening communications. Please state the names, descriptions, employers, job titles, and duties of any of the federal law enforcement officers referenced in Count Twelve.

20. Count Fourteen asserts that McGuire engaged in interference with interstate commerce via extortion. Please describe the specific conduct or acts by McGuire that would constitute interference with interstate commerce, please describe the specific interstate commerce referenced in Count Fourteen, please detail any commerce related transactions relating to the approximately 400 heard of cattle referenced in Count Fourteen, and please describe the specific acts or conduct that would constitute the extortion referenced in Count Fourteen.

21. Count Fifteen accuses McGuire of brandishing a firearm. Please describe the specific acts or conduct that constitute this alleged brandishing, and please distinguish this alleged brandishing from those referenced in Count Six and Count Nine.

22. Count Fifteen accuses McGuire of brandishing a firearm. Please state the names, descriptions, employers, job titles, and duties of any of the federal law enforcement officers or other persons subjected to the interference with interstate commerce and/or extortion referenced in Count Fifteen.

23. Count Sixteen alleges that McGuire "traveled in interstate commerce and willfully used a facility in interstate commerce, namely the internet or worldwide web, with the intent to commit a crime of violence to further an unlawful activity, that is, extortion…" Please describe the specific acts or conduct by McGuire that constitute the alleged use of the internet/web, the alleged intent to commit a crime of violence to further an unlawful activity, and the alleged extortion.

24. Forfeiture Allegation Three seeks a $3 million in personam criminal forfeiture money judgment. Please describe the property of McGuire's wanted for forfeiture under this allegation, and how the $3 million amount was determined.

25. Forfeiture Allegation Four seeks a $3 million in personam criminal forfeiture money judgment. Please describe the property of McGuire's wanted for forfeiture under this allegation, and how the $3 million amount was determined; please also distinguish any property sought under allegation Four from property sought under allegation Three.

26. Forfeiture Allegation Four seeks a $3 million in personam criminal forfeiture money judgment. Please describe the property of McGuire's wanted for forfeiture under this allegation, and how the $3 million amount was determined; please also distinguish any property sought under allegation Five from property sought under allegations Three and Four.

//

//

## CONCLUSION

For the reasons elucidated herein, this Court should grant the defendant's Motion for a Bill of Particulars and enter an Order directing the government to provide responses to the requested particulars, or providing other appropriate relief to the defendant.

RESPECTFULLY SUBMITTED this 1st day of June, 2016.

CHRIS ARABIA, Esq.
Nevada Bar No. 9749
**LAW OFFICES OF CHRIS ARABIA, PC**
601 S. 10th St., Suite 107
Las Vegas, NV 89101
702.701.4391
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of June, 2016, the undersigned served the foregoing DEFENDANT MCGUIRE'S MOTION FOR BILL OF PARTICULARS on all counsel herein by causing a true and correct copy thereof to be filed with the Clerk via the CM/ECF system, which was served via electronic transmission by the Clerk pursuant to local order.

        /signed/
Employee or agent of Law Offices of Chris Arabia