CHRIS ARABIA, Esq.
Nevada Bar No. 9749
**LAW OFFICES OF CHRIS ARABIA, PC**
601 S. 10th St., Suite 107
Las Vegas, NV 89101
Phone: 702.701.4391
Fax: 877.858.7893
Attorney for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No.  2:16-CR-00046-GMN-PAL |
| Plaintiff, | ) |
| | ) **DEFENDANT'S MOTION FOR** |
| vs. | ) **REVIEW OF DETENTION ORDER** |
| | ) |
| MICAH L. McGUIRE, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| _____ | ) |

        COMES NOW the Defendant Micha McGuire, by and through his counsel, Chris Arabia,

Esq., and pursuant to 18 U.S.C. §3145(b) hereby moves this Honorable Court to review the

detention order in this case.  This motion is based on the facts, points and authorities, and

memorandum of law elucidated herein, and on any additional facts, argument, and evidence that

may be adduced in any hearing pertaining to this motion.

//

//

//

1

## STATEMENT OF FACTS

Defendant Micah McGuire ("McGuire") was indicted on March 2, 2016 for his alleged involvement in the events in or near Bunkerville, Nevada on or about April 12, 2014; numerous other persons were also indicted. ECF 27. The government claims that McGuire went from his home state of Arizona to Nevada "with the intent to commit the crimes set forth herein." Id. at 7 ¶ 26. The government asserts that McGuire was a conspirator and claims that McGuire was a "gunman who threatened, impeded, intimidated, interfered with, assaulted, and extorted federal law enforcement officers while in the performance of their duties, as described herein." Id. at 15, ln. 4 and at 18, ¶75.

After waiting just under two years to bring the indictment, the government waited another two months to begin providing discovery and therefore discovery is in its nascent stages.

At present, the only specific information on McGuire provided by the government is in the memorandum in support of pretrial detention, which includes alleged depictions (and government characterizations thereof) of McGuire allegedly engaged in the following activity: standing around, carrying a holstered sidearm, standing in front of a stage, riding in the back of a pickup, standing around some more, sitting around, and posting some comments on Facebook after he had left the Bunkerville area. ECF 130, 10-23. There is nothing about communications between McGuire and any federal law enforcement officers on April 12, 2014.

On March 18, 2016, there was a detention hearing before the Honorable Magistrate Judge Leen; after that hearing, Judge Leen ordered the continued detention of McGuire.

//

//

2

## **MEMORANDUM OF LAW**

McGuire hereby moves for the District Court to review McGuire's detention status and to grant him pretrial release.

Title 18 U.S.C. § 3145 provides in pertinent part as follows:

> **(b) Review of a Detention Order.—**
> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.
>
> **(c) Appeal from a Release or Detention Order.—**
> An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

District Court review of the magistrate's detention findings should be de novo, *United States v. Leon*, 766 F.2d 77 (2d Cir. 1985), and District Court review should be sought by a defendant before the defense appeals to the Court of Appeals. *United States v. Harrison*, 396 F.3d 1280 (2d Cir. 2005).

Review and release are appropriate because McGuire poses no threat to public safety, is a devoted father and husband, is an honorably discharged veteran of the Second Iraqi War, and has no criminal record.

//

The presumption of detention is rebuttable under 18 U.S.C. § 3142(e).   To rebut, McGuire merely must provide some credible evidence that he is neither a flight risk nor a danger to the community.   *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986) (the burden is not large but some credible evidence must be presented).

McGuire's status as a devoted family man with no criminal record and the attached letters exceed the requirements for presenting credible evidence that he is neither a flight risk nor a danger to the community.

"Family ties" are expressly cited as a positive factor under 18 U.S.C. § 3142(g).   The attached letter from McGuire's wife Alysia, who has known McGuire since his teenage years, confirms that he is a devoted and caring father to three children and also a loving husband. Exhibit A.

The letter from Billy Broderson, his business partner and friend, confirms that Micah is a diligent, hard worker who is ready, willing, and able to resume supporting his family.   Exhibit B. Further confirmation of his willingness and ability to be a productive member of society and support his family comes from Dana Young, an administrator and instructor at the private investigator school that McGuire attended on a VA grant.   Exhibit C.

Another revealing insight into McGuire's character comes from John Amon, who served with McGuire during the Second Iraq War.   Mr. Amon extols McGuire's virtues as the kind of "brother" who would be welcome on St. Crispin's Day.   Mr. Amon credits McGuire with keeping his fellow soldiers motivated and in good spirits.   Exhibit D.

McGuire's history and characteristics demonstrate that he overcomes the rebuttable presumption and should be released; he has no criminal record, is a devoted family man, is a veteran respected for his devotion to his fellow soldiers, and has been and would be again (if

granted pre-trial release) a dedicated provider for his family.  He clearly poses no risk of flight or danger to the community.  Even though the charges are serious, he has clearly rebutted the presumption and therefore exceeds the requirements of 18 U.S.C. § 3142.

## **CONCLUSION**

WHEREFORE, defendant Micah McGuire respectfully prays that this Honorable Court review the Detention Order and grant him release with appropriate conditions.

RESPECTFULLY SUBMITTED this 1st day of June, 2016.

CHRIS ARABIA, Esq.
Nevada Bar No. 9749
**LAW OFFICES OF CHRIS ARABIA, PC**
601 S. 10th St., Suite 107
Las Vegas, NV 89101
702.701.4391
Attorney for Defendant

**<u>CERTIFICATE OF ELECTRONIC FILING AND SERVICE</u>**


I hereby certify that on the 1st day of May, 2016, the undersigned served the foregoing DEFENDANT'S MOTION FOR REVIEW OF DETENTION ORDER on all counsel herein by causing a true and correct copy thereof to be filed with the Clerk of Court using the CM/ECF system, which was served via electronic transmission by the Clerk of Court pursuant to local order.


By:

Chris Arabia
Attorney for Micah McGuire

E X H I B I T   A