TERRENCE M. JACKSON, ESQ.
Nevada Bar No. 00854
Law Office of Terrence M. Jackson
624 South Ninth Street
Las Vegas, NV 89101
T: 702-386-0001 / F: 702-386-0085
Terry.jackson.esq@gmail.com

*Counsel for Defendant, Gregory P. Burleson*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,           Plaintiff,   v.  GREGORY P. BURLESON,           Defendant. | CASE NO.: 2:16-CR-00046-GMN-PAL-16   **MOTION TO SEVER** |

COMES NOW the defendant, Gregory P. Burleson, by and through counsel, Terrence M. Jackson, Esq., and moves this Honorable Court pursuant to Federal Rules of Criminal Procedure 14 that his case be severed from that of the other co-defendants because joinder to them prejudices both the defendant and the government. This motion is based upon the accompanying Points and Authorities and such further facts as will come before the court on a hearing on this motion.

Respectfully submitted this 3rd day of June, 2016.

                                     */s/ Terrence M. Jackson*
                                     Terrence M. Jackson, Esquire
                                     Nevada Bar No.: 00854
                                     Law Office of Terrence M. Jackson
                                     624 South Ninth Street
                                     Las Vegas, NV 89101
                                     T: 702-386-0001 / F: 702-386-0085
                                     terry.jackson.esq@gmail.com
                                     Counsel for Defendant, *Gregory P. Burleson*

# POINTS AND AUTHORITIES

**I.     Burleson Should be Severed From The Other Co-Defendants Because Their Notoriety and Extensive Prejudicial Pretrial Publicity Will Unfairly Prejudice Gregory Burleson.**

The grounds for the severance of Burleson's trial from that of the other defendants is premised upon Federal Rules of Criminal Procedure, Rule 14. Rule 14 provides:

> <u>Relief from Prejudicial Joinder</u>.  If it appears <u>that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the Court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires</u>. (Emphasis added)

Severance for prejudicial joinder under Rule 14 is discretionary. *See e.g., United States v. Lutz*, 621 F.2d 940 (9th Cir. 1980).

Rule 14 of the Federal Rules of Criminal Procedure provides that if it appears that a defendant is prejudiced by joinder of defendants in an indictment or by joinder for trial together, the Court may grant a severance or provide whatever other relief justice requires. *See e.g., United States v. Escalante,* 637 F.2d 1197, 1201 (9th Cir. 1980); *United States v. Lutz*, 621 F.2d 940 (9th Cir. 1980); *United States v. Tousant,* 619 F.2d 810 (9th Cir. 1980). A motion for severance is addressed to the trial court's discretion. *United States v. Doe,* 655 F.2d 920, 926 (9th Cir. 1980); *United States v. Seifert,* 648 F.2d 557, 563 (9th Cir. 1980). The defendant must demonstrate that a joint trial is "<u>so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever.</u>" *Doe,* 655 F.2d at 926.

Burleson's trial should be severed from that of all the Bundys and the other defendants that identify closely with the Bundys for two main reasons:

First, the jury is likely to find Burleson guilty by any association with Cliven Bundy and his family and any  close associates who have been subjected to the extraordinary negative publicity

from both the electronic and print media. Second, Burleson will be denied access to any exculpatory testimony of his other co-defendants if the case is not severed.

### A. Because of the Massive Negative Pretrial Publicity The Jury May Wrongly Find Burleson Guilty by Mere Association With Other Individuals.

It will be extraordinarily difficult for the jury in this case to follow even the strictest admonishment to view the evidence as to each defendant separately and to keep separate evidence that is relevant only to co-defendants. It has long been known to trial lawyers that defendant's in conspiracy trials face particular difficulties because of their connection to co-defendants.

> A co-defendant in a conspiracy trial occupies an uneasy seat. This generally will be evidence of wrongdoing by somebody. It is difficult for the individual to make his own case stand on its own merits in the minds of jurors who are ready to believe that birds of a feather flocked together. *Krulewitch v. United States,* 336 U.S. 440, 454 (1949).

Burleson's defense will be significantly different from that of the other co-defendants. His defense of mere presence may be antagonistic to other defendants upon whom the government has focused. Antagonistic defenses have often been held to be a legitimate ground for a severance especially when raising an antagonistic defense may prejudice a defendant's chance to a fair trial. In this case it appears that some of the other defendants have expressed their intent to fight for a noble cause. Assuring a fair trial for all the defendants in this case will be very difficult. While Defendant Burleson may support many of the views of his co-defendants he wishes only to be tried for his own deeds and actions, not the actions or words of other individuals, many of whom have sought publicity for themselves or their cause. Many of the co-defendants, including the local defendant Cliven Bundy and his sons, have also been charged with offenses in the state of Oregon. The incident in Oregon actually resulted in the untimely death of Robert "LaVoy" Finicum.

Defendant Burleson believes he will be especially prejudiced if he is tried jointly along with those other defendants who also are charged with the completely unrelated counts involving the

criminal act of violence resulting in death in the State of Oregon. The Oregon incident, in which others are charged, actually resulted in the death of Robert Finicum. That death occurred when Oregon State Police used deadly force against Finicum because of his protest activity, which were allegedly linked to actions of Bundy co-defendants and other co-defendants in this indictment.

The prejudicial effect of the tragic Oregon slaying of Robert LaVoy Finicum, which has generated tremendous negative publicity, may likely effect Gregory P. Burleson even though he is not charged with any of the Oregon offenses and has no connection whatsoever with the Oregon charges.

The government in this case will likely present highly prejudicial 404(b) evidence against the Bundys and others based on the Oregon incident, which will be highly prejudicial not just to the Bundys, but to Burleson as well. *Michelson v. United States,* 335 U.S. 469 (1948).

**B.     Burleson will likely be denied access to the exculpatory testimony of co-defendants if denied a severance.**

It is respectfully submitted that at a separate trial Burleson's co-defendants may be prepared to offer exculpatory testimony for Burleson, but at a jury trial they may likely assert their Fifth Amendment right to remain silent. Upon filing of an affidavit to this effect, Burleson should be entitled to severance of his case from that of his co-defendants. *United States v. Vigil*, 561 F.2d 1316 (9th Cir. 1977); *United States v. Echeles,* 352 F.2d 892 (7th Cir. 1965). Burleson respectfully reserves the right to provide the Court with an affidavit which satisfies the requirements of *Vigil,* and thus supports the granting of a severance.

If the Court grants Burleson's motion to sever, Burleson requests that his trial be continued until after that of the co-defendants. If the co-defendants trial were to proceed after Burleson's, they would likely assert their Fifth Amendment right to remain silent at the first trial. The Ninth Circuit has recently re-emphasized that it may "be[ing] an abuse of discretion for the district court to grant severance expressly to enable a co-defendant witness to offer exculpatory testimony and then to deny the continuance which would have deterred the witness from invoking the Fifth Amendment." *United States v. Tham,* 948 F.2d 1107 (9th Cir. 1991), *superseded,* 960 F.2d 1391 (9th Cir. 1992); *United States v. Gay,* 567 F.2d 916, 921, n.8 (9th Cir. 1978). Accordingly, Burleson requests that

-4-

he be tried after the co-defendants. Burleson is of course aware that other co-defendants also want everyone else to go last [Dkt. 429] and that is impossible.

Even if the co-defendants will not voluntarily testify at his separate trial, Burleson has a constitutional right to call them as witnesses. If a co-defendant is called as a witness and refuses to answer questions based on Fifth Amendment privilege, Burleson may seek to compel that testimony by requesting immunity as to statements made in court. At that time, Burleson may seek an order requiring the government to grant use immunity to the co-defendant's testimony under 18 U.S.C. § 6003(b)(1). Such use of this statute is compelled by the Sixth Amendment's guarantee of compulsory process and by the Fifth Amendment's due process considerations of fairness. *See, United States v. Leonard,* 494 F.2d 955, 985 n.79 (D.C. Cir. 1974) (concurring and dissenting opinion of J. Bazelon).

If statutory immunity is not appropriate, the Court can confer immunity independent of the prosecutor's statutory power because Burleson would be "prevented from presenting exculpatory evidence which is crucial to [his] case." *Government of the Virgin Islands v. Smith,* 615 F.2d 964, 969-70 (3d Cir. 1980); *see United States v. Alessio,* 528 F.2d 1029 (9th Cir. 1976). Burleson's rights to compulsory process and to due process of law entitle him to a separate trial if other co-defendants refuse to testify at a joint trial.

The main allegations against Burleson are that he came to Bundy Ranch on April 12, 2014, and conspired with other to cause an armed showdown with the BLM.  Furthermore, defendant believes many witness/defendants will testify that Burleson never conspired with anyone, that he was not a leader or an organizer of any protest, or demonstration, that he was merely an observer of actions at the  Bundy ranch.

**II.     The Extreme Likelihood of Mutually Antagonistic Defenses Occurring During Trial Compels Severance In This Case.**

Mutually antagonistic defenses occur by the "<u>effort of one defendant to shift the blame from himself to a co-defendant</u>." The effect is that "the acceptance of one party's defense precludes the acquittal of the other defendant." *Zafiro v. United States,* 113 S.Ct. 933, 937 (1993) (citations omitted). Mere inconsistencies in defense positions is not enough to require severance of defendants. *United States v. Tootick,* 952 F.2d 1078, 1081(9th Cir. 1991).

1    A showing of prejudice is required for severance based upon mutually antagonistic defenses.
2    Prejudice has been held to mean "<u>a serious risk</u> that a joint trial would compromise a specific trial
3    right of one of the defendants, <u>or prevent the jury from making a reliable judgment about guilt or</u>
4    <u>innocence</u>." *Zafiro,* 113 S.Ct. at 938; *United States v. Mayfield,* 189 F.3d 895, 899 (9th Cir. 1999)
5    (citing, *United States v. Throckmorton,* 87 F.3d 1069, 1072 (9th Cir. 1996). Prejudice must be
6    determined by the facts of each case and may be established by the following:

> When many defendants are tried together in a complex case and they have markedly different degrees of culpability, the risk of prejudice is heightened. *See, Kotteakos v. United States,* 66 S.Ct. 1239, 1252-53, 90 L.Ed. 1557 (1946). Evidence that is probative of a defendant's guilt but technically admissible only against a co-defendant also might present a risk of prejudice. *See, Bruton v. United States,* 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968). Conversely, a <u>defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial</u>. *See, e.g., Tifford v. Wainwright,* 588 F.2d 954 (CA 5 1979) (per curiam).
>
> *Zafiro,* 113 S.Ct. at 938. (Emphasis added)

20   In *Mayfield,* the Ninth Circuit reversed the defendant's conviction for possession with intent
21   to distribute crack because co-defendant's counsel was permitted to act as a second prosecutor by
22   eliciting prejudicial evidence that would not have been deemed admissible against the defendant in
23   a separate trial. In essence, co-defendant's counsel was permitted to shift the blame from his client
24   to the defendant through the use of a prejudicial inadmissible statement made by the co-defendant
25   after his arrest. *Mayfield,* 189 F.3d at 902. Again, in *United States v. Breinig,* 70 F.3d 850 (1995),
26   the Sixth Circuit reversed the trial court's denial of the motion to sever based on mutually
27   antagonistic defenses. The court found that a joint trial had permitted evidence of the defendant's
28   bad character to be admitted in the co-defendant's case that would not have been admissible against

the defendant. As such, the court ruled that "the jury's consideration of categorically inadmissible evidence was manifestly prejudicial, and unfairly so." *Breinig,* 70 F.3d at 853.

In this case many of the defendants, as well as their attorneys, have already shown a strong antipathy toward the United States government and the court system. Their defense strategy may differ substantially in substance as well as in tone from Defendant Burleson's strategy. It is respectfully submitted a joint trial may therefore severely prejudice Gregory Burleson. Burleson believes his minimal role during the controversy will be magnified and distorted if he is forced into a joint trial with the eighteen other defendants, many of who have totally different defenses to the charges in the indictment. Defendant Burleson will not be able to present his defense without being severely prejudiced as his strategy will be totally contrary to many of the other defendants.

**III. The Defendant's Acute Medical Problems and Needs Compel Severance. His Status of Being Totally Blind and In a Wheelchair With Numerous Other Health Problems Make His Appearing In a Joint Trial With Eighteen Other Defendants a Potential Logistical Nightmare.**

Relief from prejudicial joinder is discretionary under Rule 14. It is not just the Defendant Burleson who will be prejudiced by Burleson's medical problems but also the other defendants and even the government who will likely be severely inconvenienced and prejudiced by special arrangements necessary to accommodate Burleson during a trial. Because of Burleson's severe medical conditions, i.e., blindness and a seizure disorder, his worsening medical condition could result in a mistrial during trial with tremendous inconvenience for all participants.

Defendant because of his condition, has need of medical personnel, braille translators and other special correctional staff to protect his health and ensure he gets a fair trial and all of his Sixth Amendment rights. Being tried with a large mass of other defendants may be impossible logistically because of his numerous health problems. Defendant's medical conditions have been deteriorating while he is in custody. He has lost 25 pounds since his incarceration. He asks leave of this Honorable Court to supplement this motion with further medical records to show how his medical issues will adversely affect him during trial. [See, Dkt. 214].

1  Does the government really want the other defendants to possibly benefit from the jury's
2  feeling of sympathy that might be generated for Burleson because of his obvious health problems?
3  The only just solution to ensure a fair trial for all the parties is to grant severance to Burleson which
4  will eliminate the real possibility of a much greater inconvenience to many people if things go
5  wrong.

## **CONCLUSION**

While severance is discretionary considering the interests of judicial economy joinder of defendants is often preferred, in this case however severance is the only reasonable and just procedure to guarantee a fair trial for all parties in this case.

Respectfully submitted this 3rd day of June, 2016.

                    */s/ Terrence M. Jackson*
                    Terrence M. Jackson, Esquire
                    Nevada Bar No.: 00854
                    Law Office of Terrence M. Jackson
                    624 South Ninth Street
                    Las Vegas, NV 89101
                    T: 702-386-0001 / F: 702-386-0085
                    terry.jackson.esq@gmail.com
                    Counsel for Defendant, *Gregory P. Burleson*

. . .

. . .

# **CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

I hereby certify that service of the above entitled <u>MOTION TO SEVER</u> was made this 3rd day of June, 2016, upon the parties in this action by CM/ECF (electronic filing) as follows:

DANIEL G. BOGDEN

United States Attorney


NICHOLAS D. DICKINSON

STEVEN W. MYHRE

Assistant United States Attorneys


NADIA J. AHMED

ERIN M. CREEGAN

Special Assistant United States Attorneys



    By:    <u>/s/ Ila C. Wills</u>

    Legal Assistant to Terrence M. Jackson