CAL J. POTTER, III, ESQ.
Nevada Bar No. 1988
C. J. POTTER, IV, ESQ.
Nevada Bar No. 13225
POTTER LAW OFFICES
1125 Shadow Lane
Las Vegas, NV 89102
Ph:  (702) 385-1954
Fax: (702) 385-9081
*cpotter@potterlawoffices.com*
*cj@potterlawoffices.com*
*Attorneys for Defendant David H. Bundy*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.:   2:16-CR-00046-GMN-PAL |
| Plaintiff, | **DEFENDANT DAVID H. BUNDY'S MOTION FOR REVOCATION OF PRETRIAL DETENTION ORDERS** |
| v. | |
| DAVE H. BUNDY, erroneously referred to as DAVID H. BUNDY, et. al. | |
| Defendants. | |

Comes now the Defendant, DAVE H. BUNDY, erroneously named as DAVID H. BUNDY by and through his attorneys, CAL J. POTTER, III, ESQ. and C.J. POTTER, IV, ESQ, and respectfully moves this Court to revoke the detention Orders from both the District of Utah and the District of Nevada pursuant to 18 U.S.C. §3142(F), and to order the release of Mr. Bundy with the necessary conditions as articulated in 18 U.S.C. §3142(B).

. . .

. . .

. . .

. . .

. . .

. . .

. . .

This motion is based upon discovery received, the following analysis, all papers and pleadings on file herein, as well as the arguments of counsel at the time of the hearing in this matter, and all exhibits previously provided to the Courts and attached hereto as appendix Exhibits 4 & 5. (Defendant is using numbers to avoid confusion with the previously lettered exhibits).

DATED this 14th day of June, 2016

By: /s/ Cal J. Potter, III, Esq.
CAL J. POTTER, III, ESQ.
Nevada Bar No. 1988
C.J. POTTER, IV, ESQ.
Nevada Bar No. 13225
POTTER LAW OFFICES
1125 Shadow Lane
Las Vegas, Nevada 89102

## I.
## INTRODUCTION

Mr. Bundy hereby moves this Court to Revoke the Utah District Court's Order entered on March 9, 2016, detaining Dave Bundy and the District of Nevada's Order on May 16, 2016. (See, Exhibit 1 Transcript of Detention Hearing and Exhibit 2 Notice of Appeal of Detention Order from the District of Utah) because a letter that Dave Bundy wrote to a county sheriff in Oregon and his purported refusal to leave the roadside do not provide a sufficient basis to detain Mr. Bundy, but rather are protected First Amendment activities.

## II.
## ARGUMENT

Title 18, United States Code, Section 3142(f) provides for review of a detention hearing. It states that:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing in the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

. . .

It is worth noting that of the four overarching factors to be considered under 18 U.S.C. § 3142(g), the weight of the evidence is considered to be the least important factor by courts. *United States v. Motamedi,* 767 F.2d 1403, 1408 (9th Cir. 1985). Further, while there is a presumption of detention in this case given the serious nature of the charges, such presumption is rebuttable. 18 U.S.C. § 3142 (e). Once the presumption is involved, the Defendant only need to present some credible evidence that they are not a flight risk or danger to the community to overcome the presumption of detention. *See e.g. United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). (Defendant's burden of production is not heavy, but must produce some evidence). In this case the attached letters clearly are more than just some credible evidence that Mr. D. Bundy is not a flight risk or danger to the community. According to 18 U.S. C. § 3142 (g), "family ties" are specifically cited as criteria to consider when a court is to assess an individual's history and characteristics.

Title 18 U.S.C. §3142, et seq., provides that an individual facing trial should be released with the least restrictive condition or combination of conditions reasonably necessary to ensure the safety of the community and secure the appearance of the defendant throughout the proceedings. 18 U.S.C. §3142(c)."Only in rare circumstances should release be denied, and **doubts regarding the propriety of release should be resolved in the defendant's favor**." *United States v. Gebro,* 948 F.2d 1118, 1121 (9th Cir. 1991) (Emphasis added), citing *United States v. Motamedi,* 767 F.2d 1403 (9th Cir. 1985).

The statute articulates the factors that must be considered in determining whether conditions exist that will address the government's concerns for safety and appearance. The factors include: (1) the nature and circumstances of the offense or offenses charged; (2) the weight of the evidence against the defendant; (3) the defendant's personal characteristics, including but not limited to family ties, employment status, community ties, and criminal history; and (4) the nature and seriousness of the danger to persons or the community that would be present upon release of the individual. 18 U.S.C. §3142(g). Although the nature of the charges may create a presumption that no conditions or combination of conditions will meet the

. . .

1  government's regulatory interest in community safety or the defendant's future appearance, that
2  presumption is **rebuttable.** 18 U.S.C. §3142(e)(2).
3        In support of their argument to detain Mr. D. Bundy, the government focuses large
4  portions of their arguments both with the District Court of Utah and this Court describing the
5  beliefs and actions of Mr. D. Bundy's father and co-defendant, Cliven Bundy. At the heart of the
6  government's argument is the presumption that Mr. D. Bundy benefits from the actions of the
7  others because he is related to the owner of the ranch where the cattle run and is, therefore,
8  inextricably intertwined with all of the alleged actions that occurred in April, 2014. The facts and
9  exhibits suggest otherwise. Indeed Mr. D. Bundy never was armed and never went to Oregon
10 with his family members.
11       While Mr. D. Bundy loves his extended family and expresses an understanding of their
12 stated cause, that does not mean that he supports all tactics employed. This was never more
13 evident than when he became the conduit between the Citizen Protesters, the Clark County
14 Sheriff and the Federal agents on April 12, 2014. It is clear from the exhibits, both government
15 and defense, that Mr. D. Bundy was the reason and the means by which the matter was peacefully
16 de-escalated and the people dispersed without any injuries. Significantly, then Assistant Sheriff
17 Lombardo indicated that, although the situation was tense and individuals were angry, Mr. D.
18 Bundy did not yell, use profanity, or point a gun during the negotiations. Mr. D. Bundy
19 adamantly disagrees with the government's allegations and characterizations of the events and
20 statements leading up to these charges. While he will zealously defend against these charges,
21 there can be little disagreement that, at all times relevant to this matter, Mr. D. Bundy remained
22 unarmed and calmly helped bring the protest to a conclusion.
23 **A.   THE MAGISTRATE ERRED**
24       On or May 16, 2016 the Accused Dave Bundy, appeared before the Honorable Magistrate
25 Judge Ferenbach, regarding Dave Bundy's Motion to Re-Open Detention Hearing. The Court
26 allowed the Detention Hearing to be re-opened (Exhibit 1, p.60, ln. 24) but denied release upon
27 . . .
28 . . .

any conditions because *inter alia*, Mr. Bundy had written a letter to the Sheriff in Harney County, Oregon that the government interpreted as demonstrating that Mr. Bundy would not comply with this Court's Orders of pre-trial release. (Id. p. 60 ln. 18).

The Magistrate-judge erroneously found that Dave "helped create the situation. Maybe not as one of the primary leaders, but he cooperated." (Id. p. 59, lns.12-13). The Court then confused the issues about the snipers on the high ground and the snipers on the interstate that were pointing their long-arms at Metro and the BLM agents.

Dave Bundy, at the request of Sheriff Lombardo and Dan Love asked Dave Bundy to get the protestors, both armed and unarmed out of the dry wash. The protesters that went to the high ground are not the snipers who had their long arm rifle pointed at the individual officers from the interstate over pass several hundred yards from the wash and banks of the wash. (Id. p. 61).

The Court then focused upon a January 5, 2015 letter to a Sheriff Ward in Oregon, which the Court noted to not be criminal and protected speech under the First Amendment (Id. p. 60, lns. 16-25, pg. 61, lns. 1-4 ).

**B    NEW MATERIAL**

The Sheriff of Millard County, Utah Robert Decker, is willing to take custody and assist the United States Government to fashion a monitors release of Dave Bundy (Id. pgs. 5 & 6). Mr. Bundy's children also submitted letters to the Court outlining the day to day activities with his wife.

**C.    CLARIFICATION OF DAVE BUNDY'S ROLE FROM THE UTAH HEARING**

Mr. Dave Bundy was not blocking the highway or impeding any of the hauling of cattle by the contract cowboys. Mr. Bundy's sister took a picture showing that Mr. Bundy on April 06, 2014 was actually on the shoulder of the road off of the pavement. This was prior to the date of the stand-off on April 12, 2014.

Mr. Dave Bundy and his family members had seen the back hoes that he believed were being used to buy the cattle and calves that had been killed during the helicopter round-up of the cattle and that several cows had lost their calves. (Id. pg. 8).

. . .

1    Secondly, Dave Bundy does not have a financial interest in the Bundy Ranch which is
2 located in Riverside, Nevada. Dave Bundy left the family ranch when he graduated high school
3 and went on a two-year mission for the LDS Church in Oregon and Southern Washington State.
4    In addition, Dave Bundy is licensed as a pilot with the Federal Aviation Administration
5 has a TSA clearance and has also cooperated with the BLM to obtain water from his home in
6 Delta, Utah where he lives with his wife and 6 children ages 15-1 years of age.
7    Dave Bundy currently lives with his in-laws in Delta, Utah while he is building his family
8 a home near his in-law's home. Mr. Dave Bundy is also a licensed underground contractor in
9 Nevada, Utah, and Arizona and did underground work in the tri-state area.
10   The government also incorrectly stated that Dave Bundy quit his job at Grand Canyon
11 Airlines to participate in the protest at his Father's Ranch. In reality, Dave Bundy worked until
12 April 28, 2012 well past the date of the stand-off.
13   Similarly, the Government also implied that Dave Bundy was involved in a helicopter
14 that was alleged to fly over the grazing land to monitor the round-up. Mr. Bundy is not licensed
15 to fly helicopters and does not fly helicopters.
16   The Magistrate-Judge also recognized that any statements that Dave Bundy made about
17 the injuries that he sustained at the hands of the BLM rangers was protected by the first
18 amendment and was not criminal conduct. Like the letter written to the Harney County Sheriff.
19 (Id. pgs. 41-42) was also protected speech. (Id. pgs. 42-43) (Id. pg 47).
20   The Government also concedes that Dave Bundy followed the request of SAC Love's
21 request that Dave Bundy request that crowd push back off of the fence and get some room and
22 that SAC Love would need 30 minutes to accomplish the move as a peacemaker Dave Bundy
23 honor SAC Love's Order and as a peacemaker had the crowd honor request. It should also be
24 noted Dave Bundy was not armed during the time of the protest and stand-off (Id. pg. 38).
25   The Government acknowledged that facebook posts that were made after Dave Bundy
26 was arrested could not have been made by Dave Bundy. Instead the Government seeks detention
27 of Dave Bundy because whomever was posting on the Bundy Ranch Facebook page; clearly not
28 Dave Bundy on his Utah family was critical of the Utah Sheriff in Millard County assisting the

1  United States Marshals in arresting Dave Bundy. (Id. pg. 45). Dave Bundy cooperated with the
2  Federal and State Authorities when he was arrested in Delta, Utah. Hence the Court could take
3  judicial notice when Federal Action was taken against Dave Bundy in the case at bar, his actions
4  were non violent and appropriate. (Id. pg. 51).
5      Ultimately, the Court recognized that the charges are indeed serious charges, but the
6  Court also noted that Mr. Dave Bundy is not as culpable as a lot of the other defendants. (Id. pg.
7  57). Similarly Dave does not have a criminal record. Dave also is a respected family man, a
8  licensed contractor and a licensed pilot and that Dave Bundy is a good family man.
9      The Court erroneously found that Dave Bundy has demonstrated a willingness to defy this
10 Court's Order using treats of violence. The Court further erred in finding by clear and convincing
11 evidence that, should law enforcement be required to enforce any imposed conditions of release
12 they will be met with armed resistance.
13     The Court then made a conclusory finding, by a preponderance of the evidence, that no
14 conditions or combination of conditions will reasonably assure the safety of other persons or the
15 community (Id. pg. 61-62), and that Magistrate Judge Wells' ruling in Salt Lake City, Utah
16 should not be disturbed.
17     However, the detention decision of Magistrate Judge Wells in the District of Utah's
18 Central Division, impermissibly relied upon Dave Bundy's protected First Amendment activities
19 in sitting by the side of the road and his letter to a county sheriff in Oregon as his basis for
20 detention. (Exhibit 3, Transcript of Utah Detention Hearing, p. 41).  Specifically Judge Wells
21 articulated that: "the evidence before me related to his position in terms of his resistence to a
22 lawful arrest in another occasion constitutes his lack of respect and continued lack of respect for
23 officers in their official duties." (Id.).  The District of Utah's decision relied upon the
24 government's  pre-packaged boilerplate PowerPoint that impermissibly group all Defendants
25 without an attempt to differentiate their conduct. (Exhibit 4, Defendant's Exhibits from Utah
26 Detention Hearing). The Defendant submits that the following conditions will assure Dave's
27 appearance and the safety of the community.
28 . . .

7

## III.

## CONCLUSION

Wherefore, Defendant Dave Bundy respectfully requests that this Court Revoke the Pretrial Detention Orders from the District of Utah and the District of Nevada and fashion appropriate conditions of pretrial release.

DATED this 14th day of June, 2016

        POTTER LAW OFFICES

        By: /s/ Cal J. Potter, III, Esq.
        CAL J. POTTER, III, ESQ.
        Nevada Bar No. 1988
        C.J. POTTER, IV, ESQ.
        Nevada Bar No. 13225
        1125 Shadow Lane
        Las Vegas, Nevada 89102
        *Attorneys for Defendant, Dave H. Bundy*

. . .

. . .

. . .

. . .

. . .

. . .

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that pursuant to FRCP 5(b), I did serve at Las Vegas, Nevada on this 14th day of June, 2016 a true and correct copy of **DEFENDANT DAVID H. BUNDY'S MOTION FOR REVOCATION OF PRETRIAL DETENTION ORDERS** on all parties to this action via CM/ECF system addressed as follows:

Joel F. Hansen
Hansen Rasmussen
1835 Village Center Circle
Las Vegas, Nevada 89134
*Attorney for Cliven Bundy*

Ryan Norwood
William C. Carrico
Rene Villadares
Federal Public Defenders Office
411 E. Bonneville Ave.
Las Vegas, Nevada 89101
*Attorneys for Ryan Payne*

Chris T. Rasmussen, Esq.
RASMUSSEN & KANG
330 South Third Street, Ste. 1010
Las Vegas, NV 89101
*Attorney for Peter T. Santilli, Jr.*

Lucas Gaffney
Oronoz, Ericsson & Gaffney LLC
1050 Indigo Drive, Suite 120
Las Vegas, Nevada 89145
*Attorney for Melvin Bundy*

Brian James Smith
Law Office of Brian J. Smith, Ltd.
9525 Hillwood Drive, Ste. 190
Las Vegas, Nevada 89134
*Attorney for Gerald A. Delemus*

Jess R. Marchese
Law Office of Jess R. Marchese
601 South Las Vegas Blvd.
Las Vegas, Nevada 89101
*Attorney for Eric J. Parker*

Craig W. Drummond
Drummond Law Firm
228 South Forth Street First Floor
Las Vegas, Nevada 89101
*Attorney for O. Scott Drexler*

. . .

```
Shawn R. Perez
Law Office of Shawn R. Perez
626 South Third Street
Las Vegas, Nevada 89101
```
*Attorney for Richard R. Lovelien*

```
Richard E. Tanasi
601 South Seventh Street, 2nd Floor
Las Vegas, Nevada 89101
```
*Attorney for Steven A. Stewart*

```
Julian R. Gregory
Law Office of Julian Gregory
324 S. 3rd Street, Ste. 200
Las Vegas, Nevada 89101
```
*Attorney for Todd C. Engel*

```
Terrence M. Jackson
Law Office of Terrence M. Jackson
624 South Ninth Street
Las Vegas, Nevada 89101
```
*Attorney for Gregory P. Burleson*

```
Andrea Lee Luem
Law Office of Andrea L. Luem
499 South 4th Street, Ste. 280
Las Vegas, Nevada 89101
```
*Attorney for Joseph D. O'Shaughnessy*

```
Chris Arabia
601 S. 10th Street
Las Vegas, Nevada 89101
```
*Attorney for Micah L. Mcguire*

```
Kristine M. Kuzemka
Kuzemka Law Group
9345 W. Sunset Road, Suite 100
Las Vegas, Nevada 89148
```
*Attorney for Jason D. Woods*

```
Erin M. Creegan, Esq.
Nadia Janjua Ahmed, Esq.
Nicholas D. Dickinson, Esq.
Daniel Bogden, Esq.
U.S. Attorney's Office
333 Las Vegas Blvd. South Suite 5000
Las Vegas, Nevada 89101
```
*Attorneys for Plaintiff*

      /s/ Stacie Comerio
An Employee of Potter Law Offices