# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:16-cr-0046-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| AMMON E. BUNDY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Ammon E. Bundy's Objection (ECF No. 365) to the Magistrate Judge's Order (ECF No. 289) denying Defendant's Motion for Extension of Time for Detention Hearing. Defendant subsequently filed an Unopposed Motion for Leave to File a Supplement to this Objection. (ECF No. 426).[1] The Government filed a Response to Defendant's Objection and Supplement (ECF No. 434), and Defendant filed a Reply (ECF No. 483).

## I.   BACKGROUND

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging Defendant and eighteen other defendants with eleven counts related to a confrontation with Bureau of Land Management (BLM) Officers in Bunkerville, Nevada, on April 12, 2014. (ECF No. 27). On April 15, 2016, Defendant made his initial appearance and was arraigned. (ECF No. 248). At that hearing, Defendant requested a continuance of the pretrial detention hearing. (*See id.*). Magistrate Judge George Foley, Jr. granted Defendant's request and set the detention hearing for April 20, 2016. (*Id.*). On April

---

[1] The Court grants Defendant's Unopposed Motion for Leave to File a Supplement (ECF No. 426) and considers Defendant's Supplement as part of Defendant's Objection.

19, 2016, Defendant filed an Emergency Motion to Continue Detention Hearing, requesting an additional five-day continuance. (ECF No. 271).  At the detention hearing on April 20, 2016, Judge Foley first heard argument on the Emergency Motion to Continue. (Mot. Tr. 4:22–11:22, Ex. 10 to Def.'s Supp., ECF No. 426).  Judge Foley denied the motion, but he explained that if Defendant obtained additional material evidence, then Defendant could file a motion to reopen the detention hearing. (*Id.* at 11:24–13:15).  The detention hearing proceeded, and Judge Foley ultimately ordered that Defendant "be detained pending trial as both a risk of nonappearance and a substantial risk of danger to the community." (*Id.* at 48:24–53:13).  Defendant filed the instant Objection. (ECF No. 365).[2]

## II.     LEGAL STANDARD

When reviewing the order of a magistrate judge, a district judge should only set aside the order if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); D. Nev. R. IB 3–1(a).  A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See Burdick v. Comm'r IRS,* 979 F.2d 1369, 1370 (9th Cir. 1992).  When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell,* 245 F.R.D. 443, 446 (C.D. Cal. 2007) (citation omitted).  The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City & Cty. of San Francisco,* 951 F.2d 236, 241 (9th Cir. 1991).

---

[2] Defendant's objection solely pertains to Judge Foley's denial of the detention hearing's continuance.  Title 18, United States Code, Section 3145(b) provides jurisdiction for the Court to review a magistrate judge's detention order de novo. (*See also* D. Nev. IB 3-5).  While Defendant references this statute in his Reply brief, at no point has he requested this Court to perform a de novo review of the Magistrate Judge's Detention Order.  Further, district courts may disregard arguments first raised in a reply brief because the timing of the argument deprives the opposing party of the opportunity to respond. *See, e.g.*, *Provenz v. Miller,* 102 F.3d 1478, 1483 (9th Cir. 1996); *USF Ins. Co. v. Smith's Food & Drug Ctr., Inc.*, 921 F. Supp. 2d 1082, 1090 n. 1 (D. Nev. 2013).

### III. **DISCUSSION**

Defendant argues that he was "entitled to the full five-day extension the [Bail Reform Act] allows without any showing of good cause." (Def. Obj. 4:1–2, ECF No. 365). Defendant further contends that he "established good cause for a five-day extension to prepare for the detention hearing." (*Id.* at 4:11–12).

The Bail Reform Act states in pertinent part:

> The [detention] hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance. Except for good cause, a continuance on motion of such person *may not exceed* five days (not including any intermediate Saturday, Sunday, or legal holiday).

18 U.S.C. § 3142(f)(2) (emphasis added). From the plain language of the statute, it is clear that a five-day continuance is not an entitlement, but rather, a discretionary maximum amount of time the Court may continue the detention hearing upon a defendant's motion. Defendant fails to provide any legal basis for an interpretation to the contrary. (*See* ECF No. 365). Accordingly, the Court finds that Judge Foley's denial of Defendant's Emergency Motion to Continue was not in clear error or contrary to law.

This ruling does not foreclose Defendant's opportunity to file a motion to reopen the detention hearing with the magistrate judge based on any new and material information. 18 U.S.C. § 3142(f)(2) ("The [detention] hearing may be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue [of detention]"). Defendant cites *United States v. Bararia*, No. 2:12-cr-00236-MMD-GWF, 2013 WL 1907782, at *4 (D. Nev. March 12, 2013) for the proposition that a reopened detention hearing is "limited in scope." (Def. Reply 4:5–7, ECF No. 483). This case, however, only provides the standard for reopening a detention hearing—new and material information—and explains that the court receives "any information, within reason, not submitted at the original detention hearing . . . to be considered

in context." *Bararia*, 2013 WL 1907782, at *4 (internal quotations omitted).  Once the magistrate judge determines it is proper to reopen the detention hearing, there exists no different standard at the reopened detention hearing compared with the original detention hearing. *See* 18 U.S.C. § 3142(f)(2); *see also United States v. Motamedi*, 767 F.2d 1403, 1406–07 (9th Cir. 1985) (outlining the pretrial detention standard that the Government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, or by clear and convincing evidence, that the defendant poses a danger to the community).

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Objection (ECF No. 365) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Unopposed Motion for Leave to File a Supplement to this Objection (ECF No. 426) is **GRANTED**.

**DATED** this __20__ day of June, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court