CHRIS ARABIA, Esq.
Nevada Bar No. 9749
**LAW OFFICES OF CHRIS ARABIA, PC**
601 S. 10th St., Suite 107
Las Vegas, NV 89101
Phone: 702.701.4391
Fax: 877.858.7893
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  2:16-CR-00046-GMN-PAL |
| Plaintiff, | |
| vs. | **DEFENDANT McGUIRE'S REPLY TO THE GOVERNMENT'S OPPOSITION TO DEFENDANT McGUIRE'S MOTION FOR BILL OF PARTICULARS** |
| MICAH L. McGUIRE, | |
| Defendant. | |

**Certification:** this reply is timely filed.

COMES NOW Defendant MICAH McGUIRE, by and through his attorney, CHRIS ARABIA, Esq., and hereby respectfully files this reply based on the attached points and authorities, pleadings and papers on file, and facts or arguments adduced at hearing.

The vague, overbroad, and ephemeral allegations against McGuire leave him without sufficient ability to understand and defend against the charges, regardless of whether the government has commenced and/or completed the provision of discovery.  Therefore, McGuire respectfully requests that this Court grant his motion for a bill of particulars as contemplated by Fed. R. Crim. Pro. 7(f).

1

## POINTS AND AUTHORITIES

## STATEMENT OF FACTS

Micah McGuire was indicted on March 2, 2016 for his alleged involvement in the events at Bunkerville, Nevada in April of 2014; numerous other persons were also indicted. ECF 27. The government claims that McGuire went from his home state of Arizona to Nevada "with the intent to commit the crimes set forth herein." Id. 7, ¶26. The government asserts that McGuire was a conspirator and claims that McGuire was a "gunman who threatened, impeded, intimidated, interfered with, assaulted, and extorted federal law enforcement officers while in the performance of their duties, as described herein." Id. 15, ln. 4 and 17-18, ¶75.

The government has been providing discovery during the period immediately preceding and following the filing of McGuire's motion for a bill of particulars. This case has been deemed complex and the discovery is voluminous.

Despite the provision of discovery, the allegations against McGuire are vague, overbroad, and ephemeral. The SSI is a bevy of rote generalities and the government's memorandum in support of pretrial detention contains additional legalese generalities and factual allegations of McGuire standing around, carrying a holstered sidearm, standing in front of a stage, riding in the back of a pickup, and standing around some more; the government also alleges that McGuire posted some Facebook comments. ECF 130, 10-23.

//
//
//

# LAW

Federal Rule of Criminal Procedure 7(f) permits this Court to direct the government to file a bill of particulars. According to the Ninth Circuit, such a bill serves three purposes:

> The bill of particulars has three functions: "**to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial**, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." <u>United States v. Birmley,</u> 529 F.2d 103, 108 (6th Cir. 1976).

*United States v. Giese*, 597 F2d 1170, 1180 (9th Cir. 1979).

*Giese* holds that a bill of particulars is unnecessary **if the government provides the details of the alleged offense in the indictment.** *Id.* In upholding the denial of a motion for bill of particulars, however, the *Giese* Court explained its finding that the indictment was neither vague nor overbroad: "[The indictment] apprised the appellant of the federal offense with which he was charged **and of the overt acts which allegedly contributed to his participation in the conspiracy.**" *Id.* [Emphasis added.]

# ARGUMENT

**1. The government has not passed the *Giese* test.**

The information provided by the government is inadequate under two of the three prongs elucidated by *Giese*, 597 F.2d 1170, 1180, *supra*. First, there is not "sufficient precision to

3

enable [McGuire] to prepare for trial" and, second, there is not enough precision "to avoid or minimize surprise at the time of trial…." *Id*. The government's indictment does not apprise McGuire of the overt acts purportedly constituting his involvement in the conspiracy; this deficiency distinguishes *Giese*, in which the indictment apprised the defendant of the overt acts.

**2. Allegations against McGuire are scarce and vague.**

The government seems to have substituted mere presence and tautological allegations for apprising McGuire of the overt acts.

With respect to the description of the conspiracy at ¶¶ 55-59 of the SSI, McGuire is not mentioned.

With respect to the roles of the alleged conspirators at ¶¶ 60-76, McGuire is only mentioned in ¶ 75. This paragraph alleges as follows and in full: "Defendant **McGUIRE** was a gunman who threatened, impeded, intimidated, interfered with, assaulted, and extorted federal law enforcement officers while in the performance of their duties, as described herein."

This is incredibly vague and given the severe vagueness, the provision of "fulsome" discovery is no more a feature than a bug.

Moreover, the allegation is a tautology, i.e. the defendant extorted, assaulted etc. because he engaged in extortion, assault, etc. The paucity of references to McGuire in the SSI only exacerbates this problem. Similarly, the conspiracy allegation in Count One is also tautological, i.e. it seems to allege that McGuire engaged in a conspiracy because he conspired.

Paragraphs 122-145 regarding alleged overt acts on April 12, 2014 contain no mentions of McGuire. Paragraphs 146-153 regarding over acts after April 12, 2014 contain no mentions of McGuire.

**3. McGuire simply seeks to be apprised per *Giese* of what his alleged overt acts or conduct were (according to the government); some of the government's complaints and concerns are responses to arguments that nobody is making.**

Especially given the "fulsome" discovery consisting of at least 1.4 *terabytes* of information, the government's vague and generalized indictment is not sufficiently precise and will maximize the chances of unfair surprise at trial. This is unacceptable under *Giese*.

The government insinuates on page 6 of its opposition (ECF No. 552) that McGuire is seeking to have the government walk McGuire through its case. That is nonsense. What McGuire wants is to have some idea (some details of the overt acts, as were present in *Giese*, *supra*) of the alleged actual conduct that undergirds the government's charges.

Contrary to another insinuation of the government (ECF No. 552, p. 7), McGuire is not seeking the who, what, when , why, where, and how of every alleged act; he merely seeks some specificity beyond rote recitations regarding what he allegedly did.

The government complains about McGuire's request for information regarding certain of the alleged victims. ECF 552, p. 8. McGuire would be satisfied for the time being with the requested information other than the names. Such information is relevant to the defense; the government evinces no interest in providing it.

//
//
//
//
//
//

## **CONCLUSION**

For the reasons elucidated herein, this Court should grant the defendant's Motion for a Bill of Particulars and enter an Order directing the government to provide responses to the requested particulars, or providing other appropriate relief to the defendant.

RESPECTFULLY SUBMITTED this 26th day of June, 2016.

CHRIS ARABIA, Esq.
Nevada Bar No. 9749
**LAW OFFICES OF CHRIS ARABIA, PC**
601 S. 10th St., Suite 107
Las Vegas, NV 89101
702.701.4391
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of June, 2016, the undersigned served the foregoing DEFENDANT MCGUIRE'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR BILL OF PARTICULARS on all counsel herein by causing a true and correct copy thereof to be filed with the Clerk via the CM/ECF system, which was served via electronic transmission by the Clerk pursuant to local order.

                                                      /signed/
                                       Employee or agent of Law Offices of Chris Arabia