MOT
BRIAN J. SMITH, ESQ.
State Bar Number 11279
9525 Hillwood Dr., Suite 190
Las Vegas, Nevada 89134
702-380-8248
brian@bjsmithcriminaldefense.com
Attorney for DELEMUS

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No.: 2:16-cr-00046-GMN-PAL |
| GERALD A. DELEMUS, | ) | DEFENDANT GERALD A. DELEMUS MOTION TO SEVER |
| Defendant. | ) | |

**Certification:** This Motion is timely filed.

Defendant GERALD DELEMUS, through his counsel, BRIAN J. SMITH, ESQ., moves to sever his trial from the trial of his co-defendants, as it is anticipated: (1) a joint trial will violate DELEMUS'S Six Amendment right to confront witnesses against him; (2) a joint trial will violate DELEMUS'S Fifth Amendment right to due process; and (3) at a joint trial, one or more co-defendants will present a mutually exclusive and/or impermissibly antagonistic defense to the anticipated trial defense of DELEMUS. The attached Memorandum of Points and Authorities is submitted in support of this request.

DATED this 27th day of June, 2016.

Brian J. Smith, Esq.
State Bar Number 11279
9525 Hillwood Dr., Suite 190
Las Vegas, NV 89134
702-380-8248

_/s/ Brian J. Smith_
BRIAN J. SMITH, ESQ.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant GERALD DELEMUS and 18 co-defendants are charged in a 16-count superseding indictment that includes four forfeiture allegations. ECF No. #27. The charges stem from an alleged standoff with law enforcement agents near Bunkerville, Nevada in April 2014. *Id.* Not all of the co-defendants are charged in each count. This case is scheduled to go to trial in February of 2017.

The Court has ordered that this severance motion be filed by June 27, 2016. At present, however, DELEMUS cannot state with particularity the grounds necessitating severance, as:

(1) the discovery produced to date is voluminous and defense counsel has not had the ability to review and analyze for purposes of identifying *Bruton*[1] issues and mutually exclusive and/or impermissibly antagonistic defenses between DELEMUS and his co-defendants;

(2) the government has not disclosed all of the relevant discovery to the defense; and;

(3) the government has not yet identified which of the co-defendants' statements, if any, it intends to introduce at trial.

Nonetheless, due to the nature of the charges, the number of co-defendants, and the type of discovery that has been disclosed, it is anticipated the discovery may reveal that Mr. DELEMUS'S co-defendants have made statements against his interests---- statements that may implicate *Bruton* and his Sixth Amendment right to confrontation. It is

---
[1] *Bruton v. United States,* 391 U.S. 123 (1968)

2

further anticipated that one or more co-defendants' trial defenses may be mutually exclusive to the anticipated trial defense of DELEMUS.[2]

This severance request is therefore submitted to comply with the Court's filing deadline and to set forth the legal grounds upon which a severance may be granted. It will be necessary for DELEMUS to supplement this Motion when the defense completes its review and analysis of the entirety of the discovery in this case. Thus, DELEMUS respectfully requests the opportunity to supplement this Motion.

**A. The Trial of DELEMUS May Need to Be Severed From the Trial of His Co-Defendants Pursuant to *Bruton*, The Sixth Amendment's Confrontation Clause, and the Fifth Amendment's Due Process Clause.**

The Supreme Court held in *Bruton v. United States* that admission of a co-defendant's confession that implicated defendant Bruton at a joint trial constituted prejudicial error, even though the trial court gave clear instructions to the jury to disregard the inadmissible hearsay inculpating Bruton, 391 U.S. at 123, 136-37 (1968). The Supreme Court reversed Bruton's conviction because the admission of his co-defendant's statement against him violated Bruton's Sixth Amendment right to confrontation and the opportunity to cross-examine witnesses against him. *Id* at 126.

In *Richardson v. Marsh*, the Supreme Court held the *Bruton* rule applies to confessions of non-testifying co-defendants that are facially incriminating to another co-defendant. 481 U.S. 200, 201 (1987). Additionally, in *Gray v. Maryland,* the Supreme Court held a co-defendant's statements that are redacted to exclude explicit references to

---

[2] There are, upon information and belief, several hundred thousand pages taken from the social media accounts of the co-defendants in this case. Therefore, it is impossible to ascertain what, if anything, the co-defendants may have said regarding Mr. DELEMUS.

another co-defendant are forbidden at a joint trial if the redaction is done in such a way as to make the identity of the omitted person obvious to the jury. 523 U.S. 195, 192 (1998).

A joint trial in which DELEMUS is tried along with one or more co-defendants may give rise to violations of DELEMUS'S Sixth Amendment constitutional to confrontation and to cross-examine witnesses against him. The Federal Rules of Criminal Procedure allow the joint trial of defendants. *See* Fed. R. Crim. P. 8, 14. However, a defendant's constitutional confrontation rights trump the government's right to insist on such joinder when the "defendant may be prejudiced by the admission in evidence against a co-defendant of a statement or confession made by that co-defendant. This prejudice cannot be dispelled by cross-examination if the co-defendant does not take the stand," and "[l]imiting instructions to the jury may not in fact erase the prejudice." *Bruton*, 391 U.S. at 132 (quoting Fed. R. Crim. P. 14 advisory committee's notes).

Once the government complies with its discovery obligations and identifies what inculpatory statements co-defendants are alleged to have made against DELEMUS, the defense will be able to discern whether any of those statements require severance. Such statements would unduly prejudice DELEMUS in the eyes of the jury if presented at trial and if the co-defendant who made the respective statement does not testify at trial.

Spillover is also a viable threat in this case. Spillover exists when evidence against one co-defendant enables transference of guilt to another co-defendant. *See Kotteakos v. United States*, 328 U.S. 750, 744 (1946) ("The dangers for transference of guilt from one to another across the line separating conspiracies, subconsciously or otherwise, are so great that no one really can say prejudice to substantial right has not taken place."). Spillover implicates DELEMUS' Fifth Amendment due process rights. *See Spencer v. Texas*, 385 U.S. 554, 563-64 (1967) ("[T]he Due Process Clause guarantees the

fundamental elements of fairness in a criminal trial.") *cf. United States v. Bruno*, 383 F.3d 65, 91 (2d Cir. 2004) (recognizing spillover effect that warranted vacated of counts other Than those primarily infected with error.

In complex cases, the jury may not be able to compartmentalize evidence offered against the respective co-defendants. The Ninth Circuit has stated that, "[w]hile a great disparity in proofs may be sufficient to allow a severance in certain cases, the prime consideration is whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants in the light of its volume and the limited admissibility." *United States v. Monks,* 774 F.2d 945, 949 (9th Cir. 1985) (internal quotation marks and citation omitted).

Here, not all co-defendants are named in each count. The government's proof at trial will therefore not be identical for each co-defendant. Compounding these issues is the possible admission of a co-defendant's statements against other co-defendant. The jury would therefore be asked to separately consider evidence the government presents for each of the 16 counts against the respectively named co-defendants and, possibly, be asked to consider statements co-defendants made against each other only against certain co-defendants and not others. The onerous and confusing nature of such tasks would unduly prejudice DELEMUS and deny him his Fifth Amendment right to a fair trial. *See United States v. Lane,* 474 U.S. 438, 446 n.8 (1986) (misjoinder constitutes a constitutional violation "if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial.").

For these reasons, DELEMUS requests the Court to allow him to supplement this Motion, once the defense has completed its discovery review, to identify for the Court evidence that supports severance of DELEMUS'S trial from that of his co-defendants.

### B. DELEMUS May Present a Mutually Exclusive Defense to that of His Co-Defendants.

Rule 14 of the Federal Rules of Criminal Procedure gives trial courts broad discretion to order severance if it appears that a defendant is prejudiced by a joinder of the parties even if the joinder is technically proper under Rule 8. Fed. R. Crim. P. 14; *see Zafiro v. United States,* 506 U.S. 534, 541 (1993). Thus, courts should grant a defendant's motion for severance when " 'there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt[] or innocence.'" *United States v. Angwin*, 271 F.3d 786, 795 (9th Cir. 2001) (quoting *Zafiro v. United States*, 506 U.S. 524, 538-39 (1993)); *see also* Fed. R. Crim. P. 14(a) (permitting relief from joinder).

A joint trial is not permitted when co-defendants present inconsistent or conflicting defenses, often referred to as mutually exclusive defenses. *Angwin*, 271 F.3d at 795; *United States v. Tootick*, 952 F.2d 1078, 1080-82 (9th Cir. 1991). This is because, when co-defendants present mutually exclusive defenses, the jury often cannot assess the guilt or innocence of the co-defendants on an individual and independent basis. *Tootick*, 952 F.2d at 1082. And, "[co-defendants] who accuse each other bring the effect of a second prosecutor into the case with respect to their co-defendant… [c]ross examination of the government's witnesses becomes an opportunity to emphasize the exclusive guilt of the other defendant…[c]losing arguments allow a final opening for co-defendant's counsel to portray the other defendant as the sole perpetrator of the crime." *Id.*

DELEMUS proffers at this time that his defense at trial will be that of innocence. **Moreover, it is critical to the defense that one of the most salient facts in favor of DELEMUS'S defense is the fact that he did not arrive at the location of the alleged**

6

**standoff until after it was over.**[3] However, in light of the volume of discovery, the presence of co-defendants, and the present inability to ascertain whether the co-defendants' defenses will be mutually exclusive or impermissibly antagonistic to his, DELEMUS raises this possible severance ground in an abundance of caution and for purposes of preserving this issue for future review by this Court. DELEMUS requests the Court to allow him to supplement this Motion, once the defense has completed its discovery review, and identify for the Court evidence that supports severance of DELEMUS'S trial from that of his co-defendants.

### C. Conclusion

Due to the complex and extensive nature of the allegations in this case, it may be necessary to sever DELEMUS'S trial from that of his co-defendants to preserve DELEMUS'S constitutional rights. DELEMUS, with the Court's permission, will supplement arguments in support of severance once the government satisfies its statutory and constitutional discovery obligations and DELEMUS has an opportunity to review that discovery.

DATED this 27th day of June, 2016.

>Brian J. Smith, Esq.
>State Bar Number 11279
>9525 Hillwood Dr., Suite 190
>Las Vegas, NV 89134
>702-380-8248
>
>   /s/  Brian J. Smith
>BRIAN J. SMITH, ESQ.

---

[3] DeLemus arrived in Bunkerville, Nevada in the early morning hours of April 13, 2014. This was after the so-called standoff had ended.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee of the Law Office of BRIAN J. SMITH, LTD., and is a person of such age and discretion as to be competent to serve papers. That on June 27, 2016, she served an electronic copy of the above and foregoing **DEFENDANT GERALD A. DELEMUS MOTION TO SEVER**, by electronic service (ECF) to the persons named below and via United States Postal Service, first class mail, to the defendant:

DANIEL G. BOGDEN
United States Attorney
District of Nevada
NICHOLAS D. DICKINSON
NADIA JANJUA AHMED
STEVEN W. MYHRE
ERIN M. CREEGAN
501 Las Vegas Blvd. South
Suite 1100
Las Vegas, Nevada 89101
steven.myhre@usdoj.gov

GERALD DELEMUS
ID# 15263049
Nevada Southern Detention Center
2190 E. Mesquite
Pahrump, NV 89060

                                  /s/ Bridget Figueroa
                                  Employee of the
                                  Law Office of BRIAN J. SMITH, LTD.