DANIEL G. BOGDEN
United States Attorney
District of Nevada
STEVEN W. MYHRE
NICHOLAS D. DICKINSON
Assistant United States Attorneys
NADIA J. AHMED
ERIN M. CREEGAN
Special Assistant United States Attorneys
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada  89101
(702) 388-6336
steven.myhre@usdoj.gov
nicholas.dickinson@usdoj.gov
nadia.ahmed@usdoj.gov
erin.creegan@usdoj.gov

Attorneys for the United States.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>    v.<br><br>GERALD A. DELEMUS,<br><br>       Defendant. | 2:16-CR-00046-GMN-PAL<br><br>**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO REOPEN DETENTION HEARING (ECF No. 546)** |

**Certification: This response is timely filed pursuant to LR (CR) 12-1.**

The United States, by and through the undersigned, respectfully submits its Response in Opposition to Defendant Gerald A. DeLemus's ("DeLemus") Motion to Reopen his Detention Hearing, pursuant to 18 U.S.C. § 3142(f) (ECF No. 546) (hereinafter "Motion" or "Motion to Reopen").  For the reasons set forth below, the Motion should be denied.  DeLemus offers no new and material information that was not already known to the movant at the time of his detention hearing or otherwise considered at his initial detention hearing.

## BACKGROUND

On March 2, 2016, a federal grand jury seated in the District of Nevada returned a Superseding Criminal Indictment, charging DeLemus and 18 other defendants with, among other things, conspiring to assault federal officers, obstruct justice, extort federal officers, and use and brandish a firearm in relation to a crime of violence, and the substantive offenses that comprise the objects of the conspiracy, all in violation of Title 18, United States Code, Sections 371; 372 111(a)(1) and (b); 1503; 1951; and 924(c).

On March 3, 2016, DeLemus was arrested in the District of New Hampshire pursuant to an arrest warrant issued from the Superseding Indictment.  DeLemus made his initial appearance in New Hampshire on March 3, 2016, at which time the government moved for detention both as a risk of non-appearance and danger to the community, filing a detailed memorandum in support of detention.  Case No. 1:16-mj-24 (District of New Hampshire), attached as Exhibit 1.

On March 7, 2016, the Court in New Hampshire held a detention hearing presided over by United States Magistrate Judge ("Magistrate Judge") Andrea K. Johnstone. *See* Transcript of Detention Hearing of March 7, 2016, attached at Exhibit 2. At the detention hearing, both parties proffered evidence and presented argument.  Specifically, DeLemus proffered that he has a large number of supporters, many of whom occupied elected positions in New Hampshire government and who believed him to be a peaceful individual. He also presented three elected officials at the hearing as witnesses to DeLemus's character and standing in the community:  State Representatives Warren Groen, John Burt, and

2

David Bates. His neighbor Stephanie Monza also testified in support of his release.

After careful consideration of the evidence and the arguments presented by both parties, Magistrate Judge Johnstone granted the government's motion, entering a 13-page Order of Detention Pending Trial (hereinafter "Detention Order" or "Order"), finding no conditions or combination of conditions that could reasonable assure the safety of any person or the community. Exhibit 3. The Court, however, did not find that DeLemus presented a risk of flight. *Id.*

On March 9, 2016, DeLemus moved to stay removal to Nevada in order to appeal Judge Johnstone's Order before a district judge in New Hampshire. On March 10, 2016, DeLemus moved for an extension of time to file an appeal of the Order. On March 16, 2016, Magistrate Judge Johnstone denied the motion for extension of time without prejudice noting that appeal of the Order was properly venued in the District of Nevada.

On April 4, 2014, DeLemus made his initial appearance before United States Magistrate Judge Carl W. Hoffman in the District of Nevada and was arraigned on the Superseding Indictment. On April 7, 2016, Judge Hoffman continued DeLemus's detention on the basis of Judge Johnstone's Order of Detention. *See* Exhibit 4.

On April 26, 2016, DeLemus moved the District Court to review Judge Johnstone's Order pursuant to Title 18, United States Code, Section 3145(b) (ECF No. 319) and requested expedited briefing on unspecified grounds. The government filed its response on May 6, 2016, (ECF No. 374).

On June 8, 2016, the Court denied the request as untimely in violation of

Local Rule IB 3-5. ECF No. 503. On June 17, 2016, DeLemus filed the instant motion to reopen the detention hearing offering the following information in support: (1) a Youtube video which DeLemus claims will show him as acting peacefully in Burns, Oregon, during the occupation of the Malheur National Wildlife Refuge ("Malheur") during January and February 2016, and (2) additional letters of support.  As shown below, none of this information is new and material and the Motion should be denied.

### ARGUMENT

A detention hearing may be reopened at any time before trial if information, not known to the movant at the time of the first hearing, is discovered, and the new information has a material bearing on the issue of detention.  *See* 18 U.S.C. § 3142(f)(2).[1]  Courts strictly interpret this provision.  *United States v. Turino*, No. 2:09–cr–132–JAD–GWF, 2014 WL 5261292, at *1 (D. NV Oct. 15, 2014) ("if evidence was available at the original hearing, no rehearing is granted").

DeLemus provides nothing *new and material* within the meaning of 18 U.S.C. § 3142(f) to support reopening his detention hearing.  DeLemus claims that his proffered video will show that he acted peacefully with regard to the armed takeover of a federal facility in Oregon.  This is not new – DeLemus made this very same argument before Judge Johnston at his initial detention hearing:

> Another thing that I think is very significant that happened in the last two years is that there was -- as you're aware, there was an incident in

---

[1] DeLemus's claim that this Court may only consider whether DeLemus presents a danger to the community is wrong.  Mot. at 3.  The court is currently considering whether to reopen the hearing. If the court does reopen the hearing, it may give further consideration to whether DeLemus presents a risk of non-appearance.

Oregon at the Mueller Federal Wildlife Reserve in Harney County, Oregon, wherein some of the associates of Mr. Bundy tookover a wildlife preserve. [...]

He then went to the wildlife preserve and he told the people, you need to leave; this is wrong; you need to deal with this in the court system; and he tried to act as a go-between. It didn't work, but he tried to act as a go-between. He went -- while he was out there, he went there twice and he had the same conversation with these people.

Exhibit 3, p. 17.

Thus, the argument – that DeLemus did not advocate violence at Malheur – has already been made to Judge Johnstone, who considered it and nevertheless found that DeLemus presented a risk of danger to the community warranting continued detention.  The fact that DeLemus now offers a video that he claims shows him advocating a peaceful resolution to Malheur does not advance any new and material argument; at best, it merely bolsters an argument already made and rejected by Judge Johnstone.

Moreover, Delemus's video was made well in advance of DeLemus's arrest and detention for Bundy Ranch.  Thus, he was well aware of its existence before his initial detention hearing and could have easily presented that evidence then. The fact that his attorney in Nevada may or may not have been aware of it – as DeLemus argues – is beside the point:  DeLemus was aware of it.  Further, it was referenced in the government motion for detention at his initial detention hearing:

Despite his stated purpose to help stop the occupation, DeLemus instead produced a number of sympathetic videos which he posted to Facebook. Videos titled "The rest of the story," "the Untold Story-Jerry DeLemus interview with ranchers" and "the Untold Story with Jerry DeLemus in Harney County Oregon-Burns daily 2." These videos show DeLemus in Burns, Oregon, interviewing local ranchers and the recounts their self-serving views of the BLM. Another video, titled "the Untold Story-Ammon with Jerry DeLemus extended cut," shows an interview on the

MNWR between Ammon Bundy and DeLemus.

Exhibit 1 at 18.

As shown above, and contrary to DeLemus's claims, the videos were known to DeLemus and, in fact, are incriminating, not exculpatory: they show DeLemus's intent to aid the armed occupiers and produce propaganda in support of their cause. Thus, DeLemus does not advance any evidence that is material to his release.

Lastly, none of the letters of support that DeLemus seeks to adduce at a re-opened hearing is new and material.  DeLemus knew that he had supporters in his community at the time of his initial detention hearing. In fact, he asked four of them to testify on his behalf.  Moreover, as revealed in the letters themselves, the authors were well-known to DeLemus long before the events that gave rise to his detention hearing. Indeed, two of the letters referenced in DeLemus's motion are from witnesses who testified in support of DeLemus in his initial detention hearing: Messrs. Burt and Groen.

Not only was this information known and available DeLemus at the time, but he argued it at his detention hearing and the Court specifically considered it. Notwithstanding, Magistrate Judge Johnstone found that DeLemus presented a risk of danger to the community, particularly, law enforcement officers, after hearing from DeLemus's supporters.

> The court accepts the witnesses' testimony as to their individual experiences with the defendant as true for the purposes of this Order. However, in determining whether the defendant is a danger to the community, the court must consider whether the defendant "would be a danger to any person or subset of the community" – including pretrial

officers, federal agents, and United States Marshals. [...] Consequently, even if the court in this case could find a condition or a combination of conditions that would reasonably assure the safety of some in the community, no conditions will alleviate the danger to government officers in monitoring and enforcing those conditions. Importantly, the defendant has demonstrated a willingness to use lethal force against federal officers, and recruit others to participate, without regard to lawful court orders.

Exhibit 3 at 11.

The record is clear that there is nothing new about the information DeLemus seeks to advance here – Magistrate Judge Johnstone considered either the same information or information just like it when evaluating the § 3142 factors, and, notwithstanding, found that the nature and circumstances of the charged offenses, the weight of the evidence, and the nature of the danger posed by DeLemus's release warranted detention.   There being nothing new and material, the Court should deny the Motion.   *See United States v. Masters*, No. 2:12–cr–00145–MMD, 2012 WL 4612665, at *2, n.1 (D. NV Oct. 1, 2012) (finding that magistrate judge properly concluded the defendant had failed to present material evidence not known at the time of the detention that would warrant reopening the hearing and noting that the defendant conceded in his reply brief that the magistrate judge's decision was correct because no new evidence was presented); *United States v. Dillon*, 938 F.2d 1412, 1145 (1st Cir. 1991) (affirming district court's denial of motion to reopen detention hearing where the proffered new evidence consisted of 18 character affidavits from family, friends, and employers; "this was available to the appellant at the time of the [original hearing]"); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir 1989) (affirming refusal to reopen detention hearing because "testimony of [defendant's] family and

7

friends in not new evidence").

In the event the Court re-opens the hearing, the government seeks to advance all the evidence and arguments proffered in its opening memorandum at the initial hearing, which it incorporates herein in full.  See Exhibit 1.  To the extent the Court takes additional evidence at a re-opened hearing, the government reserves the right to present and proffer additional evidence and argument in support of detention.

**WHEREFORE,** for all the foregoing reasons, the government respectfully requests that the Court deny the Motion.

**DATED** this 5th day of July, 2016.

Respectfully,

DANIEL G. BOGDEN
United States Attorney

// s //
_____
STEVEN W. MYHRE
NICHOLAS D. DICKINSON
Assistant United States Attorneys
NADIA J. AHMED
ERIN M. CREEGAN
Special Assistant United States Attorneys

Attorneys for the United States

8

## <u>CERTIFICATE OF SERVICE</u>

I certify that I am an employee of the United States Attorney's Office. A copy of the foregoing **Government's Response in Opposition to Defendant's Motion to Reopen Detention Hearing (ECF No. 546)** was served upon counsel of record, via Electronic Case Filing (ECF).

Dated this 5th day of July, 2016.

<u>/s/ Mamie A. Ott</u>
MAMIE A. OTT
Legal Assistant