# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                                                       )<br>                    Plaintiff,         )<br>      vs.                                       )<br>                                                       )<br>CLIVEN D. BUNDY,                 )<br>                                                       )<br>                    Defendant.      )<br>_____) | Case No.: 2:16-cr-046-GMN-PAL<br><br>**ORDER** |

Pending before the Court is Defendant Cliven D. Bundy's Motion to Extend Time to File Notice of Appeal on Motion to Disqualify. (ECF No. 571).

On May 10, 2016, the Court held a hearing on Defendant's Appeal from Magistrate Judge's Detention Order. (ECF No. 389). At this hearing, Defendant made an oral Motion to Disqualify[1] seeking the Court's recusal and requesting the proceeding be stayed pending resolution of this Motion. (*Id.*). The Court set an expedited briefing schedule, completed the detention hearing, and held its decision in abeyance pending the outcome of the Motion to Disqualify. (*Id.*). Defendant then filed a written Motion to Disqualify (ECF No. 427), and the Government filed a Response (ECF No. 435). Upon Defendant's request, the Court also allowed Defendant to file a Supplement to his Motion to Disqualify. (ECF Nos. 436, 443); (*see also* Order 1 n.1, ECF No. 446).

On May 24, 2016, the Court denied Defendant's Motion to Disqualify. (ECF No. 446). The next day, the Court orally denied Defendant's Appeal from Magistrate Judge's Detention Order (ECF No. 217) and ordered Defendant remained detained. (ECF No. 452). On May 31, 2016, the Court filed a written Order of Detention. (ECF No. 489).

---

[1] The Motion to Disqualify is also referred to as "Motion for Recusal" on the docket. (*See* ECF No. 389).

On June 16, 2016, Defendant filed a Notice of Appeal, specifically appealing the Court's "Order of Detention (DK 452) dated May 25, 2016." (Not. Appeal 1:17, ECF No. 533). On July 1, 2016, Defendant filed the instant Motion to Extend Time to File Notice of Appeal for the Court's Order (ECF No. 446) denying Defendant's Motion to Disqualify. (ECF No. 571).

Pursuant to Federal Rule of Appellate Procedure 4(b)(4), the district court may grant an extension of time to file a notice of appeal upon a finding of excusable neglect or good cause. Federal Rule of Appellate Procedure 4(b)(4) states:

> Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b)(4).

The district court has jurisdiction to consider Defendant's Motion for Extension of Time because his Notice of Appeal was filed within thirty days after the fourteen-day deadline to file his notice of appeal. *Id.*; *United States v. Stolarz*, 547 F.2d 108, 112 n.5 (9th Cir. 1976).

The district court evaluates "excusable neglect" by considering four factors: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the moving party's conduct was in good faith. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

In this Motion to Extend Time, Defendant requests until July 8, 2016, to file his Notice of Appeal.[2] (Mot. Extend Time, ECF No. 571). Defendant argues that "excusable neglect" caused him to file the Notice of Appeal untimely. He explains that, "due to a

---

[2] Although Defendant's Motion cites Federal Rule of Civil Procedure 4, it is clear to the Court that Defendant meant to cite to Federal Rule of Appellate Procedure 4. As such, the Court will consider Defendant's Motion under Federal Rule of Appellate Procedure 4.

miscommunication in the office of [Defendant's attorney], it was understood that this Notice of Appeal [of the Order of Detention] applied not only to the appeal of the detention order but also to the appeal from Judge Navarro's Order denying Defendant's Motion to Disqualify." (*Id.* 2:4–7). Defendant contends that "confusion arose" because the hearings on the two Motions "were held on the same day . . . May 10, 2016," and failing to file two separate Notices of Appeal "was simply a mistake on the part of counsel." (*Id.* 2:7–14).

Here, the equitable factors weigh in favor of granting the extension of time. First, there appears no prejudice to the Government in the delay. The length of the delay was short, in that Defendant filed his Motion within the thirty days provided by Rule 4(b). While the reason for the delay—counsel's mistake—is not compelling, the Ninth Circuit has recognized that "[the United States Supreme Court] cautioned against 'erecting a rigid barrier against late filings attributable in any degree to the movant's negligence.'" *Pincay*, 389 F.3d at 855 (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395 n.14). Finally, it appears that the moving party's conduct was in good faith.

Accordingly, the Court finds that Defendant's time to file a Notice of Appeal shall be extended to July 8, 2016, which constitutes the allowable additional thirty days from the fourteen-day time prescribed by Rule 4(b). *See* Fed. R. App. P. 4(b)(4).

**IT IS HEREBY ORDERED** that Defendant's Motion to Extend Time to File Notice of Appeal (ECF No. 571) is **GRANTED**. Defendant shall have until July 8, 2016, to file a Notice of Appeal on the Court's Order (ECF No. 446) denying Defendant's Motion to Disqualify.

The Clerk of the Court shall send a copy of this Order to the Ninth Circuit.

**DATED** this 6th day of July, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court