RENE L. VALLADARES
Federal Public Defender
State Bar No. 11479
SHARI L. KAUFMAN
Assistant Federal Public Defender
WILLIAM CARRICO
State Bar No. 003042
Assistant Federal Public Defender
RYAN NORWOOD
Assistant Federal Public Defender
411 E. Bonneville Avenue, Suite 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Ryan_Norwood@fd.org

Attorneys for Ryan W. Payne

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:16-cr-046-GMN-PAL |
| Plaintiff, | **EMERGENCY MOTION TO RECONSIDER DENIAL OF DEFENDANT RYAN W. PAYNE'S MOTION TO COMPEL ELECTRONIC ACCESS TO LEGAL MATERIALS AND THE ABILITY TO COMMUNICATE TELEPHONICALLY WITH DEFENSE COUNSEL IN A CONFIDENTIAL MANNER (ECF NO. 442)** |
| vs. | |
| RYAN W. PAYNE, | |
| Defendant. | |
| | **(Expedited Hearing Requested)** |

**Certification**: This Motion is timely filed.

Defendant RYAN W. PAYNE, through his counsel, SHARI L. KAUFMAN, WILLIAM CARRICO, and RYAN NORWOOD, Assistant Federal Public Defenders, respectfully requests the Court to reconsider the denial of his Motion to Compel the U.S. Marshals Service to provide him meaningful electronic access to his legal materials and the ability to communicate with his defense counsel by phone in a confidential manner. Mr. Payne submits,

for the reasons set forth in the attached Memorandum of Points and Authorities, that he must have the ability to review his legal materials electronically and to speak confidentially with defense counsel by telephone in order to preserve his Fifth Amendment right to due process and to facilitate effective assistance of counsel under the Sixth Amendment.

DATED this 12th day of July, 2016.

        RENE VALLADARES
        Federal Public Defender

By: */s/ Shari L. Kaufman*
    SHARI L. KAUFMAN
    Assistant Federal Public Defender

By: */s/ William Carrico*
    WILLIAM CARRICO
    Assistant Federal Public Defender

By: */s/ Ryan Norwood*
    RYAN NORWOOD
    Assistant Federal Public Defender

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **INTRODUCTION**

Defendant Ryan Payne, joined by seven co-defendants, filed a motion to compel access to his discovery and effective telephonic communication with his attorneys. ECF No. 442. The Motion explains that Payne is unable to either view his discovery or effectively communicate with his attorneys at the state facility in Oregon where he is currently detained, the Multnomah County Inverness Jail ("MCSO") in Portland, Oregon, in connection with his parallel federal prosecution in the District of Oregon. Payne asked the Court to remedy the situation by directing the U.S. Marshal's Office (USMS) to house him at a facility where he can effectively communicate with his attorneys and review discovery.

The government filed a response, in which it did not take a position on the requested remedy, and advised that "this matter is best resolved in a pretrial conference with the Court (as opposed to motion)." ECF No. 517.

Yet this Court neither granted the Motion nor held a conference. Instead, the Court summarily denied the motion in a two-page order. In the operative paragraph, the Court contended that the District Court of Oregon had made "extraordinary accommodations" to accommodate defendants Ryan and Ammon Bundy with respect to their prosecution in that district, and faulted Payne motion's for purportedly failing to explain "what, if anything, has been done to work with MCSO, his Oregon counsel, the USMS, or Judge Jones" (a senior judge in the district of Oregon).

Respectfully, the Court's reasoning is either mistaken or irrelevant. As detailed in the Motion, Payne made extensive efforts to resolve his issues with MCSO before filing the Motion. Likewise, Payne asks this Court to direct the USMS to house him in a different facility because

it is plain the USMS will not do so without a Court order. And contrary to the Court's assumption, it is not the responsibility of Payne's Oregon counsel or an Oregon judge to remedy Payne's discovery issues with respect to his Nevada case. Rather, the issue has been properly raised by his Nevada counsel in *this* Court, and must be properly remedied by *this* Court—just as the Oregon courts have actively worked to address the discovery issues that have arisen in the Oregon case.

Mr. Payne's inability to consult with his Nevada attorneys about his Nevada discovery is actively prejudicing him. The Court must either grant his Motion, or immediately hold a conference to resolve the issues raised therein.

**ARGUMENT**

"No precise 'rule' governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding." United States v. Lopez-Cruz, 730 F.3d 803, 811 (9th Cir. 2013). But "as long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 889 (9th Cir. 2001); see also Luce v. United States, 469 U.S. 38, 41-42 (1984) ("Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

The Court should reconsider its denial of Payne's Motion to Compel. The Court claims that Mr. Payne has failed to indicate that he has "work[ed] with" (1) the MCSO, (2) the USMS, (3) Oregon counsel, or (4) Senior Judge Robert E. Jones of the U.S. District Court in Oregon to resolve his discovery issues, and thus concluded that Payne has failed to show that he could not procure access to counsel and discovery materials without this Court's intervention. The Court

was incorrect to fault Payne for not working with these agencies and people to resolve the issue. Payne addresses each in turn.

**(1) The MCSO**

As Payne stated in his Motion, he has extensively discussed and sought to resolve his issues with the MCSO. See ECF No. 442, pp. 3-4 (discussing issues with Payne's access to a private phone and representing that MCSO "does not have the resources to resolve this issue"); Id. pp. 5-6 (explaining that counsel "has attempted to work with MCSO staff" to allow Payne access to means to review his electronic discovery). As explained in the Motion, MCSO cannot or will not fix these issues.

The Court notes footnote 2 of the Motion, where Payne represents that the MCSO, in response to Payne's concerted efforts to work with the facility, finally "agreed to allow to visits with Payne at prearranged dates and times." ECF No. 590, pg. 2. This concession regarding personal visits in no way fixes the issues with electronic discovery and phone access raised in the Motion. To effectively represent Payne, his Nevada lawyers must be able to speak with him privately by phone, and Payne must be able to review his Nevada discovery. At present, neither is possible.

**(2) The USMS**

The policies regarding Payne's detention are set by the MCSO, not the U.S. Marshal's Office. The USMS can address the issues in Payne's motion by moving him to a different facility, which is the primary relief sought in Payne's motion. However, the USMS will not do this without an order from a court. This is the primary relief sought in Payne's Motion. It is not reasonable for the Court to fault Payne for failing to convince the USMS to provide the relief he seeks in the Motion.

**(3) Oregon counsel**

The Court's finding that Payne's Motion should be denied because he has not sufficiently "work[ed] with" Oregon counsel is unfounded for several reasons.

First, Oregon counsel, like Nevada counsel but unlike the MCSO, the USMS, or the Court, have no power to change Payne's conditions of detention on their own. Oregon counsel are in no better position than Nevada counsel to persuade the MCSO to change their policies, or persuade the USMS to move Payne to a different facility. As represented above, Nevada counsel's efforts to effect change via those agencies have been unsuccessful, and the intervention of this Court is now required.

Second, Oregon counsel are not responsible for fixing Payne's discovery issues with respect to his Nevada case. Nevada counsel represent that they have been in regular communication with Payne's Oregon counsel since their appointment, and that Oregon counsel are quite busy litigating their own case. The Oregon case, which is still set to go to trial in September, involves its own set of complex legal and discovery issues. See e.g., ECF No. 699 in United States v. Bundy, Case no.: 3:16-cr-00051-BR (D. Or.) (detailing the voluminous discovery that has been released in that case and the numerous outstanding issues involving that discovery). Payne's Oregon counsel have their hands full with their own case, and are no more responsible for litigating discovery issues relating to Payne's Nevada case than they are responsible for litigating his legal issues or conducting the trial in Nevada.

**(4) The District of Oregon**

Finally, the Court states that Payne's Nevada counsel are at fault for not "work[ing] with" a senior judge in the district of Oregon to resolve his discovery issues. This criticism is unfounded as well.

It is certainly true that the Oregon courts have taken an active role in managing discovery issues that have arisen in the Oregon prosecution. The District Court of Oregon, for example, has required monthly joint status reports on discovery issues (see e.g., ECF No. 699, noted supra), and held monthly status conferences to resolve outstanding issues. On May 24, 2016, a number of defendants (including Payne) submitted a joint status report in the Oregon case describing numerous communication and discovery issues arising from their confinement. See ECF No. 601. Since then, the Oregon courts have taken some action to address these issues. As claimed in the Oregon order cited at ECF No. 590, ph. 2, Senior Judge Robert E. Jones has "lent his personal and continuing assistance . . . in engaging with jail authorities to address issues related to discovery review and attorney client contact." Oregon counsel has represented that Payne has been transported to the Oregon court on at least two occasions to review discovery pertinent to his Oregon case.[1]

But those measures are confined *to the Oregon case.* The District of Oregon is not responsible for addressing discovery and communication issues in this case, any more than this Court is responsible for addressing litigation concerning discovery issues in the Oregon case. So long as Payne is detained and facing trial by order of this Court, this Court has a responsibility to protect his constitutional right to meaningful access to his counsel and his discovery. See e.g., Ching v. Lewis, 895 F.2d 608, 609 (9th Cir. 1990) (recognizing that prison policies are unconstitutional if they "unnecessarily abridge the defendant's meaningful access to his attorney and the courts," and that the "opportunity to communicate privately with an attorney is an important part of that meaningful access."); Halvorsen v. Baird, 146 F.3d 680, 689-90 (9th Cir.

---

[1] Payne makes no representation in this Motion as to adequacy of any attempts to resolve his discovery issues with respect to his Oregon case. Any such representations are properly made via his Oregon counsel who are most familiar with the issues.


1998) (prisoner has constitutional right to communicate with his attorney); Bell v. Wolfish, 441 U.S. 520 (1979) (pre-trial confinement practices amount to unconstitutional punishment when the government cannot show they stem from a "legitimate government objective.")

Respectfully, this Court is taking the wrong lesson from the District of Oregon. From the beginning, the District of Oregon has recognized that the complex, recurring discovery issues in that case would require the active management and involvement of the court. The discovery and communication issues in this case, in which Payne and several co-defendants are housed in another state almost a thousand miles away from their lawyers, are even more complex and require at least as much involvement from this Court to properly address and resolve. The Court, however, has not held any status hearing since the initial hearing held on April 22, 2016, has not taken any steps to actively manage discovery issues since its initial order setting discovery deadlines, and has now summarily denied Payne's Motion in which he seeks to address his discovery and communications issues, despite representations from both parties that the issues merited at least a conference. The matter should be reconsidered.

**CONCLUSION**

As noted in the Motion (ECF No. 442), Payne's Reply (ECF No. 530), and most recently in Payne's unopposed request for an Emergency Status Hearing (ECF No. 560), Payne continues to be actively prejudiced by his inability to review discovery and effectively communicate with his Nevada attorneys. Payne's case in this District is set for trial in February 2017. The resolution of these matters cannot wait until the resolution of the case in Oregon, which will not go to trial until at least September 2016, and may not finally resolve until months thereafter. Much less is

it appropriate for this Court to deny the complex discovery issues raised in Payne's pleadings "on paper" without even affording the parties a hearing or conference on the matter.[2]

Finally, undersigned counsel submit there are time-sensitive matters that require immediate attention in this litigation. For all the reasons noted above and in his prior pleadings, Payne's Nevada attorneys cannot effectively consult with Payne about any of these matters unless they can effectively communicate and review discovery with their client. The Court should take immediate action to address this matter.

If the Court, despite all of the concerns noted above, believes it cannot effectively remedy the discovery issues because Payne is incarcerated and facing a parallel prosecution in another District in another State, then it should dismiss the indictment against Payne. Alternatively, and if the Court denies this Motion for Reconsideration, Payne requests that the Court toll the period for appealing the denial (ECF No. 590) until the issuance of the Court's ruling.

---

[2] Most recently, this Court denied Payne's Motion for an Emergency Status Hearing. (ECF Nos. 597, 560). In that order, the Court noted that motions concerning the government's proposed protective order for the discovery – a complex issue involving numerous objections from the defendants and an intervention by the *Las Vegas Review-Journal* – would be decided on paper without affording the parties oral argument. ECF No. 597.

DATED this 12th day of July, 2016.

                                   Respectfully Submitted,

                                   RENE VALLADARES
                                   Federal Public Defender

By: */s/ Shari L. Kaufman*
     SHARI L. KAUFMAN
     Assistant Federal Public Defender

By: */s/ William Carrico*
     WILLIAM CARRICO
     Assistant Federal Public Defender

By: */s/ Ryan Norwood*
     RYAN NORWOOD
     Assistant Federal Public Defender

**CERTIFICATE OF ELECTRONIC SERVICE**

The undersigned hereby certifies that she is an employee of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on July 12, 2016, he served an electronic copy of the above and foregoing **EMERGENCY MOTION TO RECONSIDER DENIAL OF DEFENDANT RYAN W. PAYNE'S MOTION TO COMPEL ELECTRONIC ACCESS TO LEGAL MATERIALS AND THE ABILITY TO COMMUNICATE TELEPHONICALLY WITH DEFENSE COUNSEL IN A CONFIDENTIAL MANNER (ECF NO. 442) (expedited hearing requested)** by electronic service (ECF) to the person named below:

DANIEL G. BOGDEN
United States Attorney
ERIN M. CREEGAN
Assistant United States Attorney
NADIA JANJUA AHMEN
Assistant United States Attorney
NICHOLAS DICKINSON
Assistant United States Attorney
STEVEN MYHRE
Assistant United States Attorney
501 Las Vegas Blvd. South
Suite 1100
Las Vegas, NV 89101

*/s/ Lauren Pullen*
Employee of the Federal Public Defender