UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00046-GMN-PAL |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| CLIVEN BUNDY, et al., | |
| Defendants. | |

The government filed a Motion for Protective Order (ECF Nos. 354, 357).   The Defendants opposed entry of a protective order.   In a separate written order, the court reviewed and considered the moving and responsive papers and explained why it found good cause to issue a protective order restricting dissemination of pretrial discovery produced by the government.   The court also found the government's form of proposed protective order lacked clarity.   This order replaces the Temporary Protective Order (ECF No. 392) entered on an interim basis while briefing on the motion was completed.

**IT IS ORDERED** that:

1. All materials produced by the government in discovery in this case, including, but not limited to: grand jury transcripts, agency reports, witness statements, memoranda of interviews, and any documents and tangible objects produced by the government shall be treated as confidential documents.   Information and documents in the public domain are not confidential documents.

2. "Public domain" means information which is published and which is generally accessible or available to the public, *see United States v. Gowadia*, 760 F.3d 989, 996 (9th Cir. 2014):

    a.   Through information available through the internet;

b. At libraries open to the public or from which the public can obtain documents;

c. Through sales at newsstands and bookstores;

d. Through subscriptions which are available without restriction to any individual who desires to obtain or purchase the published information;

e. Through second class mailing privileges granted by the U.S. Government;

f. Through patents available at any patent office;

g. Through unlimited distribution at a conference, meeting, seminar, trade show, or exhibition, generally accessible to the public, in the United States;

h. Through fundamental research in science and engineering at accredited institutions of higher learning in the United States where the resulting information is ordinarily published and shared broadly in the scientific community;[1] and

i. Through public release (*i.e.*, unlimited distribution) in any form (*e.g.*, not necessarily in published form) after approval by the cognizant United States government department or agency.

3. All materials provided by the government in discovery may be utilized by the defendants and their counsel solely in connection with the defense of this case, and Case No. 3:16-cr-00051-BR in District of Oregon for those defendants who are also charged in that district, and for no other purpose.

4. Discovery materials and any of their contents shall not be disclosed either directly or indirectly to any person or entity other than the defendants, defendants' counsel in this criminal case and the District of Oregon case, persons assisting in the defense of this criminal case, and persons who are interviewed or consulted during the course of

---

[1]  Fundamental research is defined to mean basic and applied research in science and engineering where the resulting information is ordinarily published and shared broadly within the scientific community, as distinguished from research the results of which are restricted for proprietary reasons or specific United States government access and dissemination controls.  University research will not be considered fundamental research if: (i) The University or its researchers accept other restrictions on publication of scientific and technical information resulting from the project or activity, or (ii) The research is funded by the United States government and specific access and dissemination controls protecting information resulting from the research are applicable.

the investigation and preparation of this case.  Any notes or records of any kind that defense counsel or defendants may make relating to the contents of discovery provided by the government shall not be disclosed to anyone other than the defendants' counsel and persons employed to assist the defense.

5. Discovery materials shall not be copied or reproduced except to provide copies of the material for use by each defendant and defense counsel and such persons counsel employs to assist in the defense, and such copies and reproductions shall be treated in the same manner as the original.

6. The restrictions set forth in this order do not apply to documents that are publicly filed in the court's record, including hearings transcripts, trial transcripts, documents that are received in evidence, or documents that are otherwise in the public domain.

7. Confidential documents, as defined by this order, shall not be filed on the public docket by any party seeking the court's review of such confidential documents as an exhibit to a motion or brief.  Instead, the party shall (i) file its underlying brief or motion in CM/ECF on the public docket, and (ii) separately file the confidential documents in CM/ECF under seal as "Sealed Exhibit(s)" and link the sealed exhibit(s) to the underlying brief or motion.  This order authorizes filing confidential documents under seal and no further application for a sealing order shall be required.

8. Counsel shall follow the court's electronic filing procedures for filing under seal any confidential documents attached as an exhibit to a motion, brief, or pleading.  *See, e.g.*, LR IA 10-5; LR IC 2-2.

9. Counsel shall redact all personal identification information from motions or briefs filed with the court in strict compliance with Fed. R. Crim. P. 49.1 and LR IC 6-1. This includes:

   a. Personal identifying information of any individual, including, without limitation, any person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license

/ / /

number, professional license number, family members' names, or criminal histories;

b. Financial information of any individual or business, including, without limitation, bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers; and

c. Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPAA);

10. Defendants' counsel shall inform anyone to whom any confidential documents are disclosed, and that individual's attorney, if any, that the disclosure is made pursuant to the terms of this order.  Before having access to confidential documents, defendants' counsel shall provide each of these individuals with a copy of this order, and shall direct each of these individuals to comply with the terms of this order.  The individual must sign a copy of this order, and by doing so, acknowledges that he or she has read, understands, and is bound by the terms of this order.

11. This order may be modified by the agreement of the parties with the permission of the court, or by further order of the court.  Any agreement of the parties shall be memorialized in writing in a stipulation and proposed order.

12. Before filing a motion to modify, the parties shall meet and confer in a good faith effort to resolve any dispute about the need to modify this protective order.  *See* LR IA 1-3(f) (governing the parties' meet and confer obligations).

Dated this 15th day of July, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

4