DANIEL G. BOGDEN
United States Attorney
District of Nevada
STEVEN W. MYHRE
NICHOLAS D. DICKINSON
Assistant United States Attorneys
NADIA J. AHMED
ERIN M. CREEGAN
Special Assistant United States Attorneys
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
steven.myhre@usdoj.gov
nicholas.dickinson@usdoj.gov
nadia.ahmed@usdoj.gov
erin.creegan@usdoj.gov

*Attorneys for the United States*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | 2:16-CR-00046-GMN-PAL |
|---|---|
| Plaintiff, | **GOVERNMENT'S MOTION TO STRIKE, OR IN THE ALTERNATIVE, RESPONSE IN OPPOSITION TO DEFENDANT BURLESON'S MOTION TO SUPPRESS VIDEO TAPED INTERVIEW (ECF No. 876)** |
| v. | |
| GREGORY P. BURLESON, | |
| Defendant. | |

**CERTIFICATION:  This Response is timely filed.**

The United States, by and through the undersigned, respectfully submits its Motion to Strike, or in the Alternative, Response in Opposition to defendant Gregory Burleson's Motion to Suppress Video Taped (sic) Interview (ECF No. 876), (referred to herein as "Motion" or "Motion to Suppress").

For the reasons explained below, the Motion should be denied.

**BACKGROUND**

This is a conspiracy case arising from a massive assault against federal officers that occurred near co-defendant Cliven Bundy's ranch in Bunkerville, Nevada, on April 12, 2014. On March 2, 2016, a federal Grand Jury seated in the District of Nevada returned a Superseding Criminal Indictment ("SSI"), charging defendant Gregory Burleson ("Burleson") and 18 other defendants with, among other things, conspiring to assault federal officers, obstruct justice, extort federal officers, and use and brandish a firearm in relation to a crime of violence, and the substantive offenses that comprise the objects of the conspiracy, all in violation of Title 18, United States Code, Sections 371; 372; 111(a)(1) and (b); 1503; 1951; and 924(c).  The SSI generally details the events that led up to the April 12 assault and the assault itself, including that Burleson traveled from Arizona to Nevada with firearms in furtherance of the conspiracy.  ECF No. 27, ¶¶ 24, 74, and 121.

On October 27, 2014, Federal Bureau of Investigations (FBI) agents, acting in an undercover capacity as independent documentary filmmakers interviewed Burleson in a hotel room in Phoenix, Arizona.  Burleson signed a release form, provided background information about himself, and discussed his role in the April 12, 2014, events.

On March 3, 2016, Burleson was arrested in the District of Arizona pursuant to an arrest warrant issued from the SSI.  Burleson was transferred to this district and appointed counsel, Terrence Jackson, on March 16, 2016.  ECF No. 193. Counsel for the government met and conferred with Burleson's counsel, and

Burleson, through counsel, agreed to continue the trial date and was one of twelve defendants that had agreed to the proposed October 3, 2016, pretrial motions deadline. ECF No. 321, pp. 2-3. On April 26, 2016, the Court entered a "Case Management Order," setting the pretrial motions deadline for October 3, 2016. *Id.* at p. 1.

Burleson failed to file any pretrial motions by the October 3, 2016, deadline nor did he seek an extension of the October 3, 2016, date. *See* Docket, Case No. 2:16-cr-00046-GMN-PAL, generally. On October 6, 2016, Burleson filed a Motion for Joinder to another defendant's motion. ECF No. 821. On October 13, 2016, nearly two weeks after the pretrial motions deadline, Burleson filed the instant motion to suppress, certifying, incorrectly, that the motion was timely filed. ECF No. 876, p. 1. Nowhere in the instant motion does Burleson explain or make any showing of good cause for the untimely filing. *See* ECF No. 876. Instead, Burleson seeks to suppress voluntary statements made by him in October 21, 2014, to law enforcement officers acting in an undercover capacity, claiming that he was "extremely intoxicated" and that government agents knew and "took advantage of" "his weakness." *Id.* at pp. 1-2. Burleson also seeks an evidentiary hearing. *Id.*

## LEGAL STANDARD

If seeking to suppress evidence, a party must file a pretrial motion. Fed. R. Crim. P. 12(b)(3)(C). "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely." *Id.* at 12(c)(3). Such untimely motion may be considered only if the "party shows good cause." *Id.* "The decision whether to

grant an exception to a Rule 12 waiver lies in the discretion of the district court." *United States v. Tekle*, 329 F.3d 1108, 1113 (9th Cir. 2003) (affirming district court's denial of untimely motion to suppress because defendant had not shown good cause for relief from his waiver) (citations omitted).

A confession can be voluntary even if it is the product of a drug or alcohol induced statement. *Medeiros v. Shimoda*, 889 F.2d 819, 823 (9th Cir.1989), *cert. denied*, 496 U.S. 938 (1990).

## ARGUMENT

### A. The Court Should Strike Burleson's Untimely Motion, Filed Late and Without Good Cause

The Court should strike Burleson's Motion because he fails to provide any explanation, let alone good cause, for his untimely filing. *See* Fed. R. Crim. P. 12(c)(3). The Case Management Order set firm deadlines for pretrial motions, in a case that currently has 17 defendants who have indicated that they wish to proceed to trial on February 6, 2017. ECF No. 321. Burleson was aware of, and even before entry of the Case Management Order, in agreement with the October 3, 2016, deadline. *Id.* at p. 3. Given the number of defendants and the numerous pretrial motions that were anticipated and indeed filed by the October 3, 2016, deadline, adherence to the Court's Case Management Order is essential to ensuring fair and efficient case management. *See United States v. Trobee*, 551 F.3d 835, 838 (8th Cir. 2009) (affirming district court's refusal to consider untimely motion to suppress, noting, "[c]ourts have a legitimate interest in the enforcement of scheduling deadlines, both to manage a pending case and to retain the credibility of these

4

deadlines in future cases") (citation omitted). "The absence of prejudice or delay in the trial may be relevant to whether the district court is willing to grant relief, but those factors themselves do not require a finding of 'good cause.'" *Id*. Similarly, "[t]he possibility that other parties and the court could accommodate a late-filed motion does not mandate that the court grant an exception to the deadline where the movant fails to make an adequate showing of good cause." *Id*.

Burleson was well aware of the pretrial motions deadline in this case. He failed to meet this deadline. Yet a few days after this deadline, he filed a motion for joinder to another defendant's motion without leave of court. ECF No. 821. Then a week after that, and without seeking leave of court to do so, he filed the instant Motion. Yet he fails to provide *any* explanation for his late filing, let alone any reason establishing good cause, and instead incorrectly certified that it was timely filed. ECF No. 876. Given this record, the Court should strike this untimely motion, without consideration of the content, so to "retain the credibility of these deadlines" both in this and future cases. *Trobee*, 551 F.3d at 838.

### B. Burleson's Videotaped Admissions Were Freely and Knowingly Made and Should Not Be Suppressed.

Burleson asserts that statements he made willingly in a recorded interview should be suppressed because the undercover law enforcement officers conducting the interview supplied him with alcohol so to deliberately induce incriminating statements. ECF No. 876 pp. 1-3. Burleson's motion lacks legal and factual support and should be denied.

Burleson makes general factual assertions without any evidentiary support that the undercover agents took "extraordinary efforts" "to ply the defendant with copious amounts of alcohol before and during the video interrogation process." ECF No. 876. He later states that an evidentiary hearing "will conclusively establish that" his "statements were not the product of a rational intellect and that he had been manipulated" into making the statements on tape. *Id.* at p. 3. Even these general and conclusory allegations are inconsistent with the facts alleged in his motion. As an initial matter, there was no "interrogation process." Burleson voluntarily met and spoke with undercover agents, posing as documentary filmmakers. They met in a hotel room under circumstances designed to make Burleson believe that he was participating in the documentary by recounting his experiences at the April 12, 2014, assault. None of this is outrageous conduct or worthy of pretrial review based on this Motion.

Other than general statements about alcohol consumption, Burleson fails to provide any details about the questions asked of him or any of his responses that were irrational or involuntary. Alleging simply that Burleson was drinking alcohol, even in supposed copious amounts, does not mean that his statements were made involuntary such that they require suppression. It is not sufficient to simply claim that an evidentiary hearing may turn up something, the defendant must allege specific facts that are at issue. "An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of

fact exist." *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000) (affirming denial of evidentiary hearing on motion to suppress where defendant's initial motion seeking a hearing failed to provide any such specific, definite and clear allegation of facts). "A hearing will not be held on a defendant's pretrial motion to suppress merely because a defendant wants one. Rather, the defendant must demonstrate that a 'significant disputed factual issue' exists such that a hearing is required." *Id.* at 621.

Here, Burleson offers nothing, not even references to the recording of the interview or submission of the recording as a whole, to show where his responses were lacking in rational intellect or free will. The government does not dispute that Burleson was offered and consumed alcohol before the start of and at the conclusion of the interview. But that alone fails to establish that Burleson's answers were anything other than coherent, freely given responses to the questions posed. *See United States v. McKee*, 157 F. Supp.3d 879, 892 (D. NV 2016) (declining to suppress intoxicated defendant's statements to officers during interrogation even though officers knew defendant was intoxicated). In reaching its decision, the *McKee* court noted that the defendant was able to follow officers' orders and provide cogent answers to their questions, and thus concluded that his statements were the product of a rational intellect and free will. *Id.*; *see also United States v. France*, 666 F. Supp. 1421, 1422 (D. Haw 1987) (declining to suppress statements voluntarily made by defendant to military police while she was detained in her home and allowed to drink several beers).

As the court in *McKee* found, intoxication does not necessarily render a statement involuntary. *McKee*, 157 F. Supp. 3d at 892; *United States v. Casal*, 915 F.2d 1225, 1229 (8th Cir.1990), *cert. denied*, 499 U.S. 941, 111 (1991) ("The state of intoxication does not automatically render a statement involuntary."). "The test is whether the person's will was overcome, or whether the statement was freely made." *United States v. Muniz*, 1 F.3d 1018, 1022 (10th Cir. 1993), *citing Casal*, 915 F.2d at 1229 (noting defendant's intoxicated statements to officers were not the product of interrogation but rather freely made and there were no threats or physical abuse of any kind).

Burleson cannot establish any coercive police activity was used to elicit his statements given the context of the undercover operation or that the officers prevented Burleson from walking away from the conversation at any time. In reality, review of the interview reflects that the answers provided by Burleson from beginning to end are coherent and responsive to the questions posed and consistent with other voluntary statements made both subsequently to law enforcement and on social media.

Burleson offers nothing to support his assertion that his statements to undercover officers were involuntary. Accordingly, his Motion should be denied without hearing.

/////

/////

/////

# CONCLUSION

**WHEREFORE,** for all the foregoing reasons, the government respectfully requests that the Court enter an Order, denying defendant's Motion to Suppress and related joinders.

**DATED** this 2nd day of November, 2016.

        Respectfully submitted,

        DANIEL G. BOGDEN
        United States Attorney

        *//s//*
        _____
        STEVEN W. MYHRE
        NICHOLAS D. DICKINSON
        Assistant United States Attorneys
        NADIA J. AHMED
        ERIN M. CREEGAN
        Special Assistant United States Attorneys

        Attorneys for the United States

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the United States Attorney's Office. A copy of the foregoing **GOVERNMENT'S MOTION TO STRIKE, OR IN THE ALTERNATIVE, RESPONSE IN OPPOSITION TO DEFENDANT BURLESON'S MOTION TO SUPPRESS VIDEO TAPED INTERVIEW (ECF No. 876)** was served upon counsel of record, via Electronic Case Filing (ECF).

DATED this 2nd day of November, 2016.

*/s/ Steven W. Myhre*
_____
STEVEN W. MYHRE
Assistant United State Attorney