# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,                )
                                         )
                    Plaintiff,           )          Case No.: 2:16-cr-46-GMN-PAL
                                         )
        vs.                              )
                                         )                    **ORDER**
GREGORY P. BURLESON,                     )
                                         )
                    Defendant.           )
_____ )

Pending before the Court is the Report and Recommendation (ECF No. 1277) entered by Magistrate Judge Peggy A. Leen on January 11, 2017, denying Defendant Gregory P. Burleson's ("Defendant's") Motions to Suppress (ECF Nos. 876, 982).  Defendant timely filed his Objection (ECF No. 1344), to which the Government timely filed a Response (ECF No. 1477).

## I.   BACKGROUND

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging Defendant with eleven counts related to a confrontation on April 12, 2014, with Bureau of Land Management ("BLM") Officers in Bunkerville, Nevada. (ECF No. 27).

In his first Motion to Suppress, Defendant seeks to suppress statements that he made in a videotaped interview with Longbow Productions Company ("Longbow Productions") on October 27, 2014, because he was "extremely intoxicated." (First Mot. to Suppress 1:17–19, ECF No. 897)  Defendant's second Motion to Suppress then seeks to suppress a recorded phone call on January 16, 2015, between Defendant and a Federal Bureau of Investigation ("FBI") Special Agent because this conversation was the "direct product of the earlier

1  unconstitutional admissions he made to the 'Longbow' agents." (Second Mot. to Suppress

2  1:22–23, ECF No. 982).  Defendant requested an evidentiary hearing in both Motions to

3  Suppress.  In her Report and Recommendation, Judge Leen rejected these arguments and

4  recommended denial of both Motions without an evidentiary hearing. (R. & R. 6:19–27, 10:5–

5  12:2, ECF No. 1277).

6  **II.    LEGAL STANDARD**

7       A party may file specific written objections to the findings and recommendations of a

8  United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B);

9  D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo*

10  determination of those portions of the Report to which objections are made. *Id.*  The Court may

11  accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate

12  Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

13  **III.   DISCUSSION**

14       Defendant asserts several objections to Judge Leen's Report and Recommendation

15  denying his Motion to Dismiss. (Obj., ECF No. 1344).  First, Defendant argues that Judge Leen

16  erred in not allowing an evidentiary hearing. (*Id.* 2:1–3:22).  Second, Defendant contends that

17  Judge Leen erred in finding Defendant's statements to Longbow Productions voluntary under

18  the totality of the circumstances. (*Id.* 3:23–5:25).  Third, Defendant asserts Judge Leen erred in

19  not finding his phone call with the FBI Special Agent to be fruit of the poisonous tree as "the

20  product of the illegal and unconstitutional Longbow [Productions] interrogation." (*Id.* 5:26–

21  6:24).  As such, these objections do not present new or rebuttal legal arguments, but rather

22  request that this Court reject Judge Leen's determinations.

23       Having reviewed the record in this case *de novo*, the Court agrees with the analysis and

24  findings of Judge Leen in her Report and Recommendation (ECF No. 1277) denying the

25  Motions to Suppress and incorporates them by reference in this order.  Regarding Defendant's

first objection, the Court agrees with Judge Leen that no evidentiary hearing is necessary.  A motion to suppress requires an evidentiary hearing "only when the moving papers allege with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000).  Further, "[a] hearing will not be held on a defendant's pre-trial motion to suppress merely because a defendant wants one." *Id.* at 621 (citation omitted).  Defendant argues that he should have been allowed an evidentiary hearing to demonstrate that the agents filming the Longbow Productions video "deliberately got him drunk and then subtly coerced him by using sophisticated psychological manipulation." (Obj. 2:15–16).[1]  However, upon review of the Longbow Productions video, the Court agrees with Judge Leen that "the video belies [Defendant's] unsupported claims [that] he was plied with alcohol by the agents or grossly intoxicated." (R. & R. 6:25–26).  Defendant asserts that he would testify at an evidentiary hearing as to the "amount" and "effect" of the alcohol, specifically that he was "too intoxicated to think clearly" (Obj. 2:27–28, 3:18–19), but these assertions are clearly contradicted by the video itself, in which Defendant speaks coherently and without slurring his words (*see* Video, Ex. A to Gov't Resp., ECF No. 1072).  Accordingly, the Court finds that an evidentiary hearing is not required.

As to Defendant's second objection, the Court agrees with Judge Leen that Defendant's statements in the Longbow Productions video were voluntary.  The Government bears the burden of demonstrating voluntariness by a preponderance of the evidence. *United States v. Jenkins*, 938 F.2d 934, 937 (9th Cir. 1991).  A statement is voluntary "if it is the product of a rational intellect and a free will whether [or not] a confession is the product of physical intimidation or psychological pressure [or] a drug- [alcohol-] induced statement." *Medeiros v. Shimoda*, 889 F.2d 819, 823 (9th Cir. 1989) (internal quotation marks omitted) (insertions in

---

[1] Additionally, Defendant contends: "The government agents also knew of the defendant's proclivity for alcohol knowing of this prior conviction for DUI." (*Id.* 5:10–11).  However, Defendant presents no foundation for this assertion.

original).  Courts must consider the "totality of the circumstances," including such factors as "the degree of police coercion; the length, location and continuity of the interrogation; and the defendant's maturity, education, physical condition, mental health, and age." *Brown v. Horell*, 644 F.3d 969, 979 (9th Cir. 2011).  "Ultimately, the voluntariness 'determination depends upon a weighing of the circumstances of pressure against the power of resistance of the person confessing.'" *United States v. Preston*, 751 F.3d 1008, 1016 (9th Cir. 2014) (quoting *Dickerson v. United States*, 530 U.S. 428, 434 (2000)).

Here, there was no police coercion, as Defendant was clearly open and willing to share his thoughts, views, and experiences.  Additionally, despite partaking in alcoholic beverages, Defendant spoke clearly, demonstrating his "rational intellect and free will." *See Medeiros*, 889 F.2d at 823.  After considering the totality of the circumstances, the Court finds that by providing the Longbow Productions video, the Government sufficiently demonstrated Defendant's voluntariness by a preponderance of the evidence.  As Judge Leen explained, "The record simply does not support Burleson's claim that he was physically or mentally impaired, or 'grossly intoxicated' at any point during the interview.  [Rather,] [t]he video depicts a person who is eager to talk about the events" in Bunkerville. (R. & R. 11:10–12).  Accordingly, the Court find that Defendant's statements made to Longbow Productions were voluntary.

Lastly, Defendant's third objection regarding the phone call is moot because it necessarily requires the original interview to have been an unconstitutional interrogation.  Because Defendant's statements to Longbow Productions were voluntary, the January 2015 phone call with the FBI Special Agent cannot be fruit of the poisonous tree.  Further, upon review of the phone call, it is clear that the FBI Special Agent is returning Defendant's call, so nothing about the phone call indicates involuntariness or coercion. (*See* Phone Call Recording, Ex. B to Gov't Resp., ECF No. 1072).

Accordingly, Defendant's Objection (ECF No. 1344) is overruled.  The Court accepts and adopts Judge Leen's Report and Recommendation (ECF No. 1277) to the extent that it is not inconsistent with this opinion and denies Defendant's Motions to Suppress (ECF Nos. 876, 982).

## IV.   <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 1277) is **ACCEPTED and ADOPTED in full**.

**IT IS FURTHER ORDERED** that Defendant's Motions to Suppress (ECF Nos. 876, 982) are **DENIED**.

**DATED** this _____6_____ day of February, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court