STEVEN W. MYHRE
Acting United States Attorney
NADIA AHMED
DANIEL SCHIESS
Assistant United States Attorneys
ERIN CREEGAN
Special Assistant United States Attorney
501 Las Vegas Boulevard, South, Suite 1100
Las Vegas, Nevada 89101
(702)388-6336
steven.myhre@usdoj.gov
nadia.ahmed@usdoj.gov
dan.schiess@usdoj.gov
erin.creegan@usdoj.gov

Attorneys for the United States



# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>     v.<br><br>MICAH McGUIRE,<br><br>           Defendant. | 2:16-cr-00046-GMN-PAL<br><br>**PLEA AGREEMENT** |

The United States, by and through the undersigned, and the defendant, MICAH McGUIRE and his attorney, Randall Roske, respectfully submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A) and (B).

### I.   SCOPE OF AGREEMENT

The parties to this Plea Agreement are the United States of America and the defendant, MICAH McGUIRE. This Plea Agreement binds the defendant and the United States Attorney's Office for the District of Nevada. It does not bind any other prosecuting, administrative, or regulatory authority, the United States Probation

Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, restitution and forfeiture. It does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the defendant.

## II. DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A. <u>Guilty Plea</u>. The defendant knowingly and voluntarily agrees to plead guilty to Count Two of the Superseding Indictment filed on March 2, 2016, charging Conspiracy to Impede or Injure a Federal Officer, in violation of Title 18, United States Code, Sections 372.

B. <u>Waiver of Trial Rights</u>. The defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the defendant is giving up:

1. The right to proceed to trial by jury on all charges, or to a trial by a judge if the defendant and the United States both agree;

2. The right to confront the witnesses against the defendant at such a trial, and to cross-examine them;

3. The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

4. The right to testify in his own defense at such a trial if he so chooses;

  5. The right to compel witnesses to appear at such a trial and testify in the defendant's behalf; and

  6. The right to have the assistance of an attorney at all stages of such proceedings.

 C. <u>Withdrawal of Guilty Plea</u>. The defendant will not seek to withdraw his guilty plea after he has entered it in court.

 D. <u>Dismissal of Charges</u>. After the Court has adjudged a sentence in this case, the government will move to dismiss all remaining charges and forfeiture allegations in the Superseding Indictment.

 E. <u>Additional Charges</u>. The United States agrees not to bring any additional charges against the defendant arising out of the investigation in the District of Nevada which culminated in this Plea Agreement or for conduct known to the United States at the time of this Agreement.

## III. ELEMENTS OF THE OFFENSE

The elements of Conspiracy to Impede or Injure a Federal Officer in violation of Title 18, United States Code, Section 372 are as follows:

1. From on or about March 28, 2014, to on or about March 2, 2016, there was an agreement between two or more persons to:

 a. prevent, by force, intimidation, or threats, federal law enforcement officers from discharging the duties of their office under the United States, or

 b. induce, by force, intimidation, or threats, any federal law enforcement officer of the United States to leave the place where

their duties were required to be performed; and

2. That the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

IV. **FACTS SUPPORTING GUILTY PLEA**

A. The defendant will plead guilty because he is, in fact and under the law, guilty of the crime charged.

B. The defendant acknowledges that if he elected to go to trial instead of pleading guilty, the United States could prove his guilt beyond a reasonable doubt. The defendant further acknowledges that his admissions and declarations of fact set forth below satisfy every element of the charged offense.

C. The defendant waives any potential future claim that the facts he admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offense.

D. The defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

1. Beginning on or around March 28, 2014, federal law enforcement officers from the United States Department of Interior, Bureau of Land Management and National Park Service were engaged in the official duties of executing federal court orders to remove and impound cattle trespassing upon federal public lands in and around Bunkerville, Nevada, the cattle belonging to Cliven Bundy, a local rancher.

2. Defendant McGuire knew that Cliven Bundy and his sons, Ammon, Dave, Mel, and Ryan, (collectively, "the Bundys"), Ryan Payne, and others associated with them, planned to thwart, impede and interfere with the impoundment operations.

3. Defendant McGuire knowingly entered into a conspiracy with the Bundys, Payne, and others associated with them, to impede federal law enforcement

4

officers through a show of force and intimidation in order to prevent the officers from performing their duties in relation to the impoundment and to induce them to leave the area.

4. Defendant McGuire furthered the conspiracy by, among other things: serving on a personal security detail for Cliven Bundy; and entering a closed area, the Toquop wash, where law enforcement officers were conducting their duties, with a firearm on April 12, 2014.

5. All of the above took place within the State and Federal District of Nevada.

## V.   COLLATERAL USE OF FACTUAL ADMISSIONS

The facts set forth in Section IV of this Plea Agreement shall be admissible against the defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If the defendant does not plead guilty or withdraws his guilty pleas, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on the defendant's behalf. The defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

## VI.   APPLICATION OF SENTENCING GUIDELINES PROVISIONS

A.   <u>Discretionary Nature of Sentencing Guidelines</u>.  The defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG, "Sentencing Guidelines," or "Guidelines") in determining the defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

B.   <u>Offense Level Calculations</u>.  The parties stipulate to the following

calculation of the defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not bind the Court, and agree that they will not seek to apply any other specific offense characteristics, enhancements or reductions under the Sentencing Guidelines:

| | |
|---|---|
| Base offense level (USSG §§ 2X1.1, 2A2.4(a)) | 10 |
| Special Offense Characteristics | |
| Official victim (USSG § 3A1.2(b)) | +6 |
| Offense was calculated to influence or affect the conduct of the government by intimidation or coercion (USSG § 3A1.4, comment n. 4)) | +5 |
| **Adjusted Offense Level** | **21** |
| Acceptance (USSG §§ 3E1.1(a) and (b)) | (2) |
| **Total Adjusted Offense Level** | **19** |

The defendant acknowledges that the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions.

C. <u>Reduction of Offense Level for Acceptance of Responsibility</u>. Under USSG § 3E1.1(a), the United States will recommend that the defendant receive a two-level downward adjustment for acceptance of responsibility unless he (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when he enters his guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the

6

Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw his guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release. These Sentencing Guidelines provisions, if applied, will result in a total adjusted offense level of 19, as stated above.

D. <u>Criminal History Category</u>. The defendant acknowledges that the Court may base its sentence in part on his criminal record or criminal history and that the Court will determine the defendant's Criminal History Category under the Sentencing Guidelines.

E. <u>Relevant Conduct</u>. The Court may consider all relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

F. <u>Additional Sentencing Information</u>. The stipulated Sentencing Guidelines calculations are based on information now known to the parties. The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the defendant's criminal conduct and any aggravating or mitigating facts or circumstances. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for the defendant to withdraw his guilty plea.

The parties further agree that other than the stipulated guidelines calculations, neither party will argue for additional adjustments, enhancements, or departures under the Sentencing Guidelines. The defendant, however, is free to

argue for further variances from the Guideline calculations under Title 18, United States Code, Section 3553.

The defendant acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its investigation. The defendant also acknowledges that the Court may rely on this and other additional information as it calculates the Sentencing Guidelines range and makes other sentencing determinations as appropriate, and that the Court's reliance on such information shall not be grounds for the defendant to withdraw his guilty plea.

## VII. APPLICATION OF SENTENCING STATUTES

A. <u>Maximum Penalty</u>. Count 2: The maximum penalty for Conspiracy to Impede or Injure a Federal Officer under 18 U.S.C. § 372 is six (6) years imprisonment, a fine of $250,000, or both.

B. <u>Factors Under 18 U.S.C. § 3553</u>. The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence. However, the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence.

C. <u>Parole Abolished</u>. The defendant acknowledges that his prison sentence cannot be shortened by early release on parole because parole has been abolished.

D. <u>Supervised Release</u>. In addition to imprisonment and a fine, the defendant will be subject to a term of supervised release not greater than three (3) years. 18 U.S.C. § 3583(b)(1). Supervised release is a period of time after release

from prison during which the defendant will be subject to various restrictions and requirements. If the defendant violates any condition of supervised release, the Court may order the defendant's return to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum prison sentence.

  E. <u>Special Assessment</u>. The defendant will pay a $100 special assessment per count at the time of sentencing.

## VIII. POSITIONS REGARDING SENTENCE

The government is free to argue for any period of imprisonment within the guideline range as determined by the Court. The defendant may argue that the Section 3553(a) factors call for a period of imprisonment equal to the amount of time served regardless of the final guideline calculation by the Court. The government may oppose any such argument.

The defendant acknowledges that the Court does not have to follow the recommendation if either party.

## IX. RESTITUTION

The parties agree that restitution is not mandatory based on the crimes to which he has pleaded guilty. As a further part of this plea agreement, the government does not intend to seek non-mandatory restitution in connection with the events giving rise to the Superseding Indictment.

. . .

. . .

. . .

## X.   FORFEITURE

The government agrees to dismiss any forfeiture counts following imposition of sentence in this case and will not pursue any forfeiture in connection with the events giving rise to the Superseding Indictment.

## XI.   FINANCIAL INFORMATION AND DISPOSITION OF ASSETS

Before or after sentencing, or upon request by the Court, the United States, or the Probation Office, the defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning his assets. The defendant will release such funds and property under his control in order to pay any assessment and/or fine imposed by the Court.

## XII.   RELEASE PENDING IMPOSITION OF SENTENCE

As of the date of this Agreement, the defendant remains subject to an Order of pretrial detention. Following the entry of defendant's pleas of guilty pursuant to the terms of this agreement, the government will recommend to the Court that the defendant be released from pretrial detention on his own recognizance pending the imposition of sentence and subject to an Order of Release that includes, but is not limited to, the following agreed upon terms and conditions:

1. The defendant will not violate any federal, state or local law.
2. The defendant must immediately advise the court, defense counsel, and the U.S. Attorney in writing before changing address or telephone number.
3. The defendant must appear in court as required.
4. The defendant must report to the United States Pretrial Services Office for the District of Nevada as directed.

5. The defendant must actively seek and/or maintain employment and notify U.S. Pretrial Services before making any change in employment.

6. The defendant will not use or possess any illegal or controlled substances and will not knowingly associate or reside with anyone who does.

7. The defendant will refrain from the use of alcohol.

8. The defendant will participate in a program of inpatient or outpatient substance abuse therapy and counseling as deemed appropriate by U.S. Pretrial Services.

9. The defendant will submit to drug/alcohol testing as directed by U.S. Pretrial Services.

10. The defendant will not possess a firearm, destructive device, or other dangerous weapon.

11. The defendant will surrender any passport to U.S. Pretrial Services and will not obtain any passport or other travel documents.

12. The defendant will have no contact with any co-defendants named in the Superseding Indictment except in the presence of his attorney and for the purposes of preparing for future proceedings involving this case.

13. The defendant will have no contact with a person listed as a witness on the Government's Witness List filed in this case.

The government is free to argue for such additional terms and conditions as it deems appropriate to insure the safety of the community and that the defendant is present for all future proceedings. The defendant understands that the Court is not bound by the recommendation of the government regarding pretrial release and is free either to continue detention or impose such other terms and conditions of release as it deems appropriate under the circumstances. The government will stipulate that pretrial detention is no longer necessary because the government

believes, under the circumstances, acceptance of responsibility demonstrates that McGuire will not reoffend and therefore is not a danger to the community or a risk of flight.

## XIII. THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS

A. <u>Plea Agreement and Decision to Plead Guilty</u>. The defendant acknowledges that:

1. He has read this Plea Agreement and understands its terms and conditions;

2. He has had adequate time to discuss this case, the evidence, and this Plea Agreement with his attorney;

3. He has discussed the terms of this Plea Agreement with his attorney;

4. The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

5. He was not under the influence of any alcohol, drug, or medicine that would impair his ability to understand the Agreement when he considered signing this Plea Agreement and when he signed it.

The defendant understands that he alone decides whether to plead guilty or go to trial, and acknowledges that he has decided to enter his guilty plea knowing of the charges brought against him, his possible defenses, and the benefits and possible detriments of proceeding to trial. The defendant also acknowledges that he decided to plead guilty voluntarily and that no one coerced or threatened him to enter into this Plea Agreement.

12

B. <u>Waiver of Appeal and Post-Conviction Proceedings</u>. The defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

The defendant reserves only the right to appeal any portion of the sentence that is an upward departure from the Sentencing Guidelines range determined by the Court.

The defendant acknowledges that the United States is not obligated or required to preserve any evidence obtained in the investigation of this case.

C. <u>Removal/Deportation Consequences</u>. The defendant understands and acknowledges that if he is not a United States citizen, then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this Plea Agreement. The defendant has also been advised if his conviction is for an offense described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future. The defendant desires to plead guilty regardless of any immigration consequences that may result from his guilty

plea, even if the consequence is automatic removal from the United States with no possibility of returning. The defendant acknowledges that he has specifically discussed these removal/deportation consequences with his attorney.

## XIV. ADDITIONAL ACKNOWLEDGMENTS

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the entire agreement negotiated and agreed to by the parties. No promises, agreements or conditions other than those set forth in this agreement have been made or implied by the defendant, the defendant's attorney, or the United States, and no additional promises, agreements or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

STEVEN W. MYHRE
Acting United States Attorney

_11-9-17_
DATE

NADIA AHMED
DANIEL SCHIESS
Assistant United States Attorneys
ERIN CREEGAN
Special Assistant United States Attorney
Counsel for the Government

_11/8/2017_
DATE

RANDALL ROSKE
Counsel for Defendant

_11/8/17_
DATE

MICAH McGUIRE
Defendant